UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IN RE:
CHRISTOPHER D. WYMAN
*Debtor(s),*

CASE NO. 12-32264

CHAPTER 7

_____\

## JOINT OBJECTION TO TRUSTEE'S MOTION DEEMING CLAIM NO. 1 TO BE SATISFIED DE 302

Now come Partial Assignee MICHAEL E. TINDALL, in pro per, and Partial Assignor BARBARA DUGGAN, by and through her attorney Elie Bejjani Esq., "hereinafter Claimants", and for their JOINT OBJECTION TO DE 302, filed by Trustee Sweet November 12, 2019 state:

1. Duggan was a state court Judgment creditor in Case No. 09-4485 GC, 53rd District Court, Howell MI, pursuant to Judgment dated January 5, 2010, amended nunc pro tunc, April 24, 2012.

2. Duggan perfected a Judgment Lien, under Michigan statute so providing, *MCL 600.2801 et seq.*, against certain real property owned and occupied by Debtor commonly known as 1011 Jones Rd, Howell MI. on May 3, 2012.

3. Debtor initiated this case under Chapter 7 of the Code on May 24, 2012 on the eve of a hearing scheduled May 25, 2012 at 9AM before the 53rd District Court to:

    A. Set aside/void various fraudulent transfers, under MCL 566.31 et seq., between the Debtor and various family members, insiders and affiliates, made to defraud creditors.

    B. Recover back various pieces of real and personal property transferred by Debtor to these related transferees.

    C. Adjudge and determine Debtor and various insiders to be in contempt of the order(s) of the state court and the statutory injunction imposed under MCL 600.6116 and 6119 for: (i) transferring property in violation of the injunction; and, (ii) violating state court subpoenas.

4. Duggan appeared in this matter as a secured creditor on May 29, 2012. DE 13.

5. Duggan filed her proof of secured claim, Claim 1, in the amount of $27,389.24 on November 24, 2014. DE 186, 12/18/18, PP 7, 8 of 8. Such claim became an allowed secured claim under Code Section 502 and 506(a).

6. From May 29, 2012 through October 30, 2017, Duggan incurred $28,642.93 in post-petition attorney fees and costs in this and the numerous related adversary proceedings. From and after November 1, 2017, Duggan has and continues to incur post-petition attorney fees in this matter to enforce her rights, in the amount of $3,597.41 .

7. On February 25, 2019, Duggan assigned fifty (50%) percent of her outstanding claim to Partial Assignee. DE 201.

8. On March 13, 2019, this Court approved Trustee Sweet's modified motion to sell 1011 Jones Rd. for the amount of $65,000.00, and, ordered Duggan's lien transferred to the proceeds of the sale. DE 212.

9. Trustee Sweet paid $32,288.91 as principal and interest on the Judgment, but failed to pay any post-petition attorney fees incurred by Duggan. DE 268. According to Trustee Sweet:

> "Further, Tindall claims Duggan is entitled to attorney fees under §506 of the Bankruptcy Code. Duggan had a Judgment Lien. There is no provision for attorney fees in the Judgment Lien Act." DE 271, No. 7, P1, 7/5/19.

10. *11 USC 506(b)* provides, in relevant part:

> "(b) To the extent that an allowed secured <u>claim</u> is **secured by property the value of which, after any recovery under subsection (c) of this section, is greater than the amount of such <u>claim</u>, there shall be allowed to the holder of such <u>claim</u>, interest on such <u>claim</u>, and any <u>reasonable fees, costs, or charges</u> provided for under the agreement or <u>State</u> statute <u>under which such claim arose</u>**.

11. Trustee Sweet sold the subject property for $65,000.00. Duggan's secured claim, as filed, was $27,389.24. Duggan's claim was, therefore, an over secured claim[1] and entitled to be paid post-petition attorney fees and costs under *11 USC 506(b)*.[2]

12. A "Claim" is a defined term in *11 U.S.C. § 101(5)(A)*:

> "(5) The term "claim" means —
> (A) **right to payment,** whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured;"

13. As clearly set forth in the Michigan Judgment Lien statute, a Judgment Lien is an encumbrance, not a claim or right to payment.[3] Rather, under Michigan law, the Judgment is the "claim" under Section 506(b).

   A. Michigan law, *MCL 600.2801* provides:

   > "**600.2801 Definitions.**
   > As used in this chapter:
   >
   > **(a) "Judgment" means a final judgment of 1 of the following:**
   >   (i) A court of record of this state.
   >   (ii) A United States district court or bankruptcy court.
   >   (iii) A foreign judgment filed under the uniform enforcement of foreign judgments act, 1996 PA 502, MCL 691.1171 to 691.1179.
   > (b) "Interest in real property" means an interest enumerated in section 6018.
   > **(c) "Judgment lien" means an encumbrance** in favor of a judgment creditor against a judgment debtor's interest in real property, including, but not limited to, after acquired property."

---

[1] *In re Gift, 469 BR 800, 804 (MD Tenn 2012)*(the over secured creditor, having a claim allowed in an amount pursuant to section 502 as of the date of the petition, looks to section 506(b) for what amounts <u>may be added</u> <u>on</u> because it is over secured)(Because Metro's claim is measured "as of the date of the filing of the petition," Metro is entitled to interest, penalties, attorney fees, and costs that accrued prepetition <u>as part of their allowed secured claim</u> pursuant to section 502(b)(2)).

[2] *In re Dow Corning Corp., 456 F. 3d 668, 681 (6th Cir 2006)* (Claims for post-petition legal fees may also be allowed for creditors who hold claims which are over secured.)

[3] *In re Bain, 527 F.2d 681, 685 (6th Cir. 1975)* (upholding a claim for fees and stating, "The validity and construction of a secured obligation to pay attorney's fees is a question of state law," without reference to whether any state law litigation occurred in bankruptcy court)); *Travelers Cas. & Sur. Co. of Am. v. Pac. Gas and Elec. Co., 549 US 443, 127 S. Ct. 1199, 1205, 167 L. Ed. 2d 178 (2007)*( treatment of post-petition attorneys' fees incurred by a party who, <u>under non-bankruptcy law</u>, would be entitled to recover such fees, <u>whether by contract, or by statute, or otherwise</u>.)

B. *MCL 600.2817* provides:

> **600.2817 Judgment lien; additional and separate from remedy or interest created by law or contract.**
>
> A judgment lien is **in addition to** and **separate from** any other remedy or **interest** created **by law** or contract."

C. *MCL 600.2401* provides:

> **600.2401 Taxation of costs; regulation by supreme court.**
>
> Except as otherwise provided by statute, the supreme court shall by rule regulate the taxation of costs. **When costs are allowed in any action or proceeding in the supreme court, the circuit court or the district court the items and amount thereof shall be governed by this chapter** except as otherwise provided in this act."

D. *MCL 600.2421b* provides:

> **600.2421b Definitions.**
>
> (1) "Costs and fees" means the normal costs incurred in being a party in a civil action after an action has been filed with the court, those provided **by law** or court rule, and include **all of the following:**
>
> (a) The reasonable and necessary expenses of expert witnesses as determined by the court.
>
> (b) The reasonable cost of any study, analysis, engineering report, test, or project which is determined by the court to have been necessary for the preparation of a party's case.
>
> **(c) Reasonable and necessary attorney fees including** those for purposes of appeal."

14. Generally, Michigan follows the American Rule regarding the recovery of attorney fees in litigation. An exception to this rule permits a plaintiff such as Duggan to recover attorney fees plaintiff was forced to incur because of the wrongful/fraudulent acts of third parties.[4] This exception is recognized by

---

[4] *Bonner v Chicago Title Ins Co*, 194 Mich App 462, 468; 487 NW2d 807 (1992), citing *Warren v McLouth Steel Corp*, 111 Mich App 496, 508; 314 NW2d 666 (1981). *State Farm Mut. Automobile Ins. Co. v. Allen*,

Michigan bankruptcy courts.[5] Duggan's post-petition attorney fees were incurred litigating claims caused by the fraudulent acts of third parties Linck, Pichler and Gentry and therefore qualify under the Michigan exception permitting recovery of attorney fees.

15. For the reasons stated, Duggan's allowed secured claim has not and cannot be "deemed" paid and DE 302 must be denied. Duggan's claim is an over secured claim and she is entitled to be paid post-petition attorney fees and costs under *11 USC 506(b)*.

Respectfully Submitted,

Dated: 11/22/19

/s/
MICHAEL E. TINDALL
18530 MACK AVE., STE 430
DETROIT, MI 48236
(248)250-8819
**Direct Email: met@comcast.net**

**BEJJANI LAW PLLC**

DATED: November 22, 2019

/s/ Elie Bejjani
Elie Bejjani (P74626)
Attorney for Secured Creditor
6 Parklane Blvd, Suite 600
Dearborn, MI 48126
(313) 757-0036
elie@bejjanilaw.com

---

50 Mich.App. 71, 212 N.W.2d 821 (1973) (reasonable attorney fees incurred in prior litigation with a third party — not the defendant — may be recoverable).
[5] *IN RE STALLMAN*, 588 BR 780, 789 (BC WD Michigan 2018)(The Plaintiffs may be permitted to recover attorney fees from prior proceedings, and the other out-of-pocket expenses reasonably incurred to redress the harm resulting from Ms. Stallman's fraudulent conduct or breach of fiduciary duty (if established) are also likely compensable.)