UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IN RE:
CHRISTOPHER D. WYMAN
    *Debtor(s),*

ADV. NO: 20-03012

_____\

SAMUEL D. SWEET, Trustee,
    Plaintiff,

CASE NO. 12-32264
CHAPTER 7

v.

MICHAEL E. TINDALL, Individually and as 100% Assignee of
Barbara Duggan

    Defendant.

_____\

## DEFENDANT'S ANSWER, AFFIRMATIVE DEFENSES, COUNTER COMPLAINT AND JURY DEMAND IN RESPONSE TO TRUSTEE SWEET'S FIRST AMENDED COMPLAINT

MICHAEL E. TINDALL, (hereinafter "Claimant"), Assignee of all [100%] claims of BARBARA DUGGAN ($32,240.34), and a party in interest holding a secured attorney lien ($34,100.00/$21,869.33) against the proceeds of the Realty (hereinafter collectively "allowed secured claim"), states:

## ANSWER

1. Admit.
2. Denied.
3. Paragraph 3 recites an allegation of law not requiring answer.
4. Admit.
5. Admit.

6. Admit.
7. Admit.

## FACTS

8. Paragraph 8 recites an allegation of law not requiring answer.
9. Claimant neither admits nor denies the allegations of paragraph 9 as not requiring answer.
10. Admit.
11. Admit.
12. Admit.
13. Admit.
14. Denied. In further answer, Claimant affirmatively states that no such request was made to MICHAEL E. TINDALL and Mr. Benji was not his counsel.
15. Claimant admits the wire transfer of funds described, but denies said wire satisfied the claim, denies Trustee Sweet's allegation of "belief", and, affirmatively states any such belief was unreasonable.
16. Denied.

## COUNT I-PROMISSORY ESTOPPEL

17. Claimant neither admits nor denies the allegations of paragraph 17 as not requiring answer.
18. Denied.
19. Paragraph 19 is an allegation of law not requiring answer.
20. Denied.
21. Denied.
22. Claimant admits partial payment of principal and interest only as to claim No. 1.
23. Denied.

24. Denied.

## COUNT II - CONTRACT

25. Claimant neither admits nor denies the allegations of paragraph 25 as not requiring answer.
26. Denied.
27. Denied.
28. Denied.
29. Denied.
30. Denied.

Wherefore, Defendant respectfully requests Trustee Sweet's Amended Complaint be DISMISSED on the pleadings, under *FRCP 12(c)*, and that Defendant be awarded costs and actual attorney fees wrongfully incurred in defending this action under *28 USC 1927*.

## AFFIRMATIVE DEFENSES

Now comes Defendant and for his Affirmative Defenses to Trustee Sweet's Amended Complaint states as follows:

1. Defendant pleads the Affirmative Defense of Statute of Frauds.
2. Defendant pleads the Affirmative Defense of False Pretense.
3. Defendant pleads the Affirmative Defense of no express or implied "promise".
4. Defendant pleads the Affirmative Defense of lack of "reliance".
5. Defendant pleads the Affirmative Defense that any claimed "reliance" was unreasonable.
6. Defendant pleads the Affirmative Defense of waiver, by Trustee Sweet.
7. Defendant pleads the Affirmative Defense of estoppel, by Trustee Sweet.

8. Defendant pleads the Affirmative Defense of "judicial estoppel," by Trustee Sweet.

9. Defendant pleads the Affirmative Defense of Intentional Breach of Fiduciary Duty, and Gross Negligence, by Trustee Sweet both as Trustee, and, as attorney for Trustee.

10. Trustee Sweet's Amended Complaint fails to state a cause of action and Defendant is entitled to Judgment on the pleadings under *FRCP 12(c)*.

11. Trustee Sweet's Amended Complaint is knowingly and intentionally frivolous and was intentionally filed, in violation of *28 USC 1927*, to wrongfully multiply proceedings unreasonably and vexatiously.

## COUNTER COMPLAINT

Now comes Defendant and for his Counter Complaint against Trustee Sweet, individually, states:

1. On August 26, 2014, Samuel Sweet succeeded Michael Mason, as Trustee, in Case No. 12-32264, In re CHRISTOPHER D. WYMAN.

2. At the time of his appointment, the Trustee was represented by; (a) General Counsel, R. GLUSAC; and. (b) Special Counsel, Claimant M. E. TINDALL.

3. On November 17, 2014, by defective "AFFIDAVIT OF DISINTEREST", Sweet purported to be "appointed" attorney for Trustee. Case No. 12-32264, DE 154.

    A. Sweet did not comply with 11 USC 327 governing appointment of counsel for a bankrupt estate;

    B. Sweet did not comply with Fed. R. Bank. 2014 governing mandatory requirements for appointment of counsel for a bankrupt estate;

C. Sweet did not file the mandatory APPLICATION to employ counsel for a bankrupt estate, and, did not state a reason for, necessity for, or, any benefit to the estate from the appointment, as required by law.

D. As set forth in Exhibit 1, Sweet did not comply with the procedure established in the case for appointment of counsel for the bankrupt estate.

E. Sweet did not give notice or opportunity to be heard to any interested party(s) to the bankrupt estate.

F. Sweet did not serve the US Trustee with notice of the proposed appointment, nor did the US Trustee file consent to the appointment of Sweet.

G. Counter Plaintiff is aware that the issue of the validity of Sweet's appointment, as attorney for Trustee, has previously been decided by this Court in Case No. 12-32264. Although not binding in this separate adversary proceeding, Counter Plaintiff nevertheless asserts, pursuant to Fed. R. Bank. 9011(b)(2), that the previous decision by this Court was wrongly decided and should be modified by reversal and the extension and establishment of new law.

4. From November 17, 2014 to and through October 30, 2017, Sweet failed to appear – as attorney for the estate- in any proceeding or as to any issue presented to the Court.

5. Notwithstanding the defects in his appointment, as of November 17, 2014, Sweet, as attorney for the estate, became an agent of the estate and all third party creditors of the estate and assumed the fiduciary duties of loyalty, fidelity, undivided allegiance, good faith and fair

dealing, care, skill, diligence and full disclosure to all creditors, secured and unsecured, both collectively and individually.

6. On May 17, 2018, acting as Trustee, and, as attorney for Trustee, Sweet entered into a written contract, See, Exhibit 2, Case No. 12-32264, DE 176, P 10 of 19, with DIANA GENTRY, an opposing party in litigation whose interests were adverse to the bankrupt estate and its creditors, to take the following action(s) prejudicial and detrimental to the best interests of the secured and unsecured creditors of the estate to whom Sweet owed fiduciary duties in his capacity as Trustee; and, separately in his capacity as attorney for Trustee:

   A. To dismiss valid claims of fraudulent conveyance, preference, fraud and objection and revocation of discharge against GENTRY, her related entities, Debtor, and, related third parties, without recovering assets or profits for the benefit of the estate or its unsecured creditors;

   B. To "remove" the allowed secured lien(s) of Claimant;

   C. To sell the primary asset of the estate, the Realty, for inadequate consideration and without any attempt to market, advertise or obtain a fair and adequate price/value for the property;

   D. To convey/transfer to Gentry certain fraudulently transferred commercial construction equipment valued at a minimum of $50,000.00, previously recovered by special counsel in June 2014, for the benefit of the bankrupt estate and its unsecured creditors, for no consideration.

7. Sweet's agreement and his actions pursuant thereto violated his fiduciary duties, as Trustee, to Claimant and to all unsecured creditors of the bankrupt estate.
8. Sweet's agreement and his actions pursuant thereto violated his fiduciary duties, as attorney for Trustee, to Claimant and to all unsecured creditors of the bankrupt estate.
9. Sweet, both as Trustee and as attorney for Trustee, failed to disclose and actively concealed, from all creditors of the bankrupt estate and from the US Trustee, relevant and material facts and information necessary to reveal both the mismanagement and breach of fiduciary duties inherent in the transaction with Gentry.
10. The transaction with Gentry represented prohibited self-dealing by Sweet, as Trustee; and, as attorney for Trustee.
11. On January 24, 2019, Trustee Sweet belatedly objected to allowed secured claim No. 1, including post-petition attorney fees, secured by the Realty, Case No 12-32264, DE 198, to carry out his illegal agreement with Gentry.
12. On March 13, 2019, this Court approved Trustee Sweet's modified motion to sell the Realty, including the unvalued personal property, for the total amount of $65,000.00, and, ordered all liens transferred to the proceeds of the sale. Case No 12-32264, DE 212.
13. On March 18, 2019, Trustee filed a Complaint, in Adv. Pro. 19-03018, objecting to allowed secured claim No. 1, including post-petition attorney fees. Case No 12-32264, DE 218 to carry out the illegal agreement with Gentry.
14. On March 20, 2019, Trustee Sweet filed a Motion to Surcharge allowed secured claim No. 1, including post-petition attorney fees,

pursuant to Section 506(c), Case No 12-32264, DE 220, to carry out his illegal agreement with Gentry, and, to create excess funds, from proceeds of Claimant's secured collateral, to pay himself Trustee fees and attorney fees. At the time he filed this frivolous motion, Sweet, as Trustee and as attorney for Trustee, knew and/or had every reason to know that he had not made ANY expenditure of funds required by Section 506(c), and, could not satisfy the "benefit of the secured creditor" requirement of Section 506(c), yet failed to disclose this to Claimant and to the unsecured creditors of the estate.

15. On March 20, 2019, Trustee Sweet filed a MOTION TO SUBORDINATE TAX LIENS, Case No. 12-32264, DE 221, to subordinate state tax liens to priority administrative expenses, under Section 724 of the Code, to create excess funds, from the proceeds of Claimant's secured collateral, to pay himself Trustee Fees and attorney fees otherwise prohibited by law. At the time he filed this motion, Sweet, as Trustee and as attorney for Trustee, knew and/or had every reason to know that proceeds of secured collateral could not be used to pay administrative expenses; that his attempt to surcharge secured collateral under Section 506(c) was frivolous; and, that, in any event, Claimant's allowed secured claim was senior to the state tax liens and must be paid before any payment of fees to Sweet, as Trustee or as attorney for Trustee. Trustee Sweet failed to disclose this to Claimant or the unsecured creditors of the bankrupt estate.

16. On March 23, 2019, Trustee Sweet objected to DE 257, Notice of Presentment of Order, purporting to resolve Trustee Sweet's Motion to Surcharge pursuant to Section 506(c) [DE 220], DE 261 and DE 263. No order entered and the motion remains in active dispute.

17. On May 6, 2019, this Court entered its Order, Case No 12-32264, DE 244, subordinating real property tax liens, in the amount of $31,877.64, to administration expenses in Case No 12-32264 **"pursuant to Section 724 of the Bankruptcy Code"**. Case No 12-32264, DE 268.

18. On May 29, 2019, Trustee Sweet sold the Jones Rd. property for $65,000.00. Trustee Sweet paid $32,288.91, as principal and interest toward allowed secured claim No.1, producing a surplus of $32,316.09 in excess collateral proceeds subject to Claimant's liens. Case No 12-32264, DE 268.

19. Trustee Sweet failed to pay the balance of the allowed secured claim from secured proceeds, under *11 USC 506(b)*, on May 29, 2019 due to his outstanding surcharge dispute. Case No 12-32264, DE 268. According to Trustee Sweet:

    **"Further, Tindall claims Duggan is entitled to attorney fees under §506 of the Bankruptcy Code. Duggan had a Judgment Lien. There is no provision for attorney fees in the Judgment Lien Act."** Case No 12-32264, DE 271, No. 7, P1, 7/5/19.

20. On January 9, 2020 this Court determined the Realty was "over secured", under *11 USC 506(b)*, thereby requiring payment of post-petition attorney fees from the secured proceeds of sale. Case No 12-32264, DE 316. However, to accommodate Trustee Sweet's belated claim of **"promissory estoppel"**, this Court ordered Trustee Sweet to file his Amended Complaint in this adversary by February 7, 2020.

## COUNT I: DECLARATORY JUDGMENT- FORFEITURE OF COMPENSATION, FOR BREACH OF FIDUCIARY DUTY, UNDER THE FAITHLESS SERVANT RULE

21. Defendant incorporates herein, by reference, the allegations contained in paragraphs 1- 20 above.

22. Trustee Sweet, as Trustee and as attorney for Trustee, is a fiduciary to all creditors of the bankrupt estate, both secured and unsecured, and acts as the agent of the creditors.

23. An agent is a person having express or implied authority to represent or act on behalf of another person.

24. A fiduciary/agent owes duties of good faith and loyalty to those on whose behalf he acts, and, is under the duty to use care, skill and diligence, and to act solely for the benefit of the creditors.

25. A fiduciary/agent forfeits all right to compensation because of fraud, breach of fiduciary duty, misconduct or gross neglect in the performance of his duties, under the "faithless servant rule".

Wherefore, Defendant respectfully request this Court grant Judgment, in favor of Defendant and against Trustee Sweet declaring that Trustee Sweet has forfeited all compensation and all claims for compensation in this bankruptcy and all adversary cases due to his various breaches of fiduciary duty and, award Defendant costs and attorney fees wrongfully incurred.

## COUNT II: BREACH OF FIDUCIARY DUTY: WASTE

26. Defendant incorporates by reference herein the allegations contained in paragraphs 1 through 25 above.

27. Trustee Sweet is a fiduciary with the obligation, under *11 USC 704,* to protect and preserve property of the Bankrupt Estate for the benefit of creditors.

28. The Realty has been occupied solely by the Debtor since the filing of the Petition on May 24, 2012.
29. From the date of the Petition, to and through the current date, Debtor has paid noting to continue to occupy the property.
30. Trustee Mason inspected the property in July 2014, on the first occasion that access to the property could be had, and discovered the property was not being maintained and that the Debtor was causing waste to the property and devaluing its value.
31. Despite the continuing damage being caused to the property by the Debtor, Trustee Mason obtained an offer to purchase the Realty [realty only] for $82,000.00 on July 14, 2014, at least $50,000.00 more than the amount of the allowed secured lien.
32. Thereafter, in August – September 2014, Trustee Mason was succeeded by Trustee Sweet.
33. Despite actual knowledge of the continuing decline in the condition of the property, Trustee Sweet intentionally continued to let Debtor occupy the property, without compensation; intentionally took no action to protect the property from further destruction or to preserve its value; and, literally, continued to intentionally ignore the continuing damage and devaluation of the property throughout the five (5) year period 2014 through 2019.
34. Trustee Sweet sold the subject real property and a significant amount of heavy industrial construction equipment, to Gentry Sales, Inc., for $65,000.00 through private sale. Neither the equipment nor the real property has ever been listed with a broker or subjected to other forms of public bidding/auction/sale.

35. In 2017, Trustee Sweet testified, on the record in this Court, that, after inspection of the subject construction equipment, the estimated value of the equipment was $50,000.00.

36. Upon information and belief, and, based on the documented offer obtained in 2014 by Trustee Mason; and, Trustee Sweet's own testimony, the value of the real property only ($65,000 - $50,000 ) had been reduced to a mere $15,000.00 between 2014 and 2019, far less than the amount of the allowed secured lien.

37. Trustee Sweet intentionally suffered waste to the subject real property in the amount of at least $67,000 ($82,000 - $15,000).

38. Trustee Sweet and his bonding company are liable to Defendant for at least $67,000.00 for waste to the real property.

39. *MCL 600.2919* provides, in relevant part:

> "(2)(a) Any guardian ... who commits or suffers any waste, during his term or estate, to the lands, tenements or hereditaments, without having a lawful license to do so, is liable for double the amount of actual damages....."

40. As part of the sale of the subject real property, Trustee Sweet conveyed to Gentry Sales industrial construction equipment, valued at $50,000.00 or more, for no consideration whatsoever. This transfer of valuable construction equipment for no consideration constitutes embezzlement by a fiduciary, breach of fiduciary duty to all creditors and conversion under *MCL 600.2919a*.

41. *MCL 600.2919a* provides, in relevant part, as follows:

> "(1) A person damaged **as a result of either** or both of the following may recover **3 times the amount of actual damages sustained, plus costs and reasonable attorney fees:**
>
> (a) Another person's stealing or embezzling property ...

(2) The remedy provided by this section is **in addition to** any other right or remedy the person may have at law or otherwise."

Wherefore, Defendant respectfully requests this Court enter Judgment in favor of Defendant and against Trustee Sweet and his bonding company for breach of fiduciary duty and waste, together with statutory double damages; and, embezzlement and breach of fiduciary duty, together with treble damages, costs and attorney fees wrongfully incurred, under *MCL 600.2919a.*

### COUNT III: BREACH OF FIDUCIARY DUTIES OF LOYALTY, FIDELITY AND AND SELF-DEALING

42. Defendant incorporates herein, by reference, the allegations contained in paragraphs 1-41 above.
43. There are certain well-defined duties and liabilities which a fiduciary/agent owes to his beneficiaries. These include the duties of good faith and loyalty. The fiduciary/agent is also under the duty to use care, skill and diligence, and to refrain from all forms of self-dealing.
44. In addition to forfeiture of all compensation, a beneficiary may recover all damages resulting necessarily, immediately and directly from a fiduciary/agent's breach of fiduciary duties.
45. By entering into a contract to act to the detriment of and against the best interests of a secured creditor holding the allowed secured claim, Trustee Sweet, as Trustee and attorney for Trustee, breached his fiduciary duty of loyalty.

46. By acting for the benefit of Gentry, at the expense of the secured creditor, Trustee Sweet, as Trustee and attorney for Trustee, breached his fiduciary duty of fidelity.

47. By conveying to Gentry valuable construction equipment owned by the bankrupt estate for no consideration, Trustee Sweet violated his fiduciary duties of loyalty and fidelity, and, committed embezzlement by a Trustee and attorney for Trustee.

48. By attempting to misappropriate secured collateral to the illegal payment of Trustee fees and Trustee attorney fees, Trustee Sweet engaged in prohibited self-dealing.

Wherefore, Defendant respectfully requests this Court grant Judgment to Defendant against Trustee Sweet and, award Defendant costs and attorney fees wrongfully incurred.

## COUNT IV: BREACH OF FIDUCIARY DUTY OF FULL DISCLOSURE BY FALSE PRETENSE

49. Defendant incorporates herein by reference the allegations contained in paragraphs 1 through 48 above.

50. A "false pretense" involves an implied misrepresentation or conduct intended to create or foster a false impression. A false pretense has been defined to include a 'mute charade,' where the actor's conduct is designed to convey an impression without oral representation.

51. Usually, but not always, a false pretense is the product of multiple events, acts or representations undertaken by an actor which purposely create a contrived and misleading understanding of a transaction.

52. The failure to disclose a material fact can form the basis of either a material misrepresentation or false pretense.

53. That deception takes the form of an intentional nondisclosure of a material fact, or, an implied representation makes no difference.
54. The acts and events above described in paragraphs 6 through 19 above constitute "false pretense", for the benefit of Trustee Sweet, as Trustee and attorney for Trustee, at the expense and to the detriment of Claimant and the unsecured creditors of the bankrupt estate.

Wherefore, Defendant respectfully requests this Court grant Judgment to Defendant against Trustee Sweet and, award Defendant costs and attorney fees wrongfully incurred.

## JURY DEMAND:

Defendant/Claimant demands trial by jury of all issues so triable.

Defendant/Claimant affirmatively states, in support of this jury demand, that Trustee Sweet's AMENDED COMPLAINT and Claimant's COUNTER COMPLAINT raise/assert related non-core tort claims/counter claims created and arising under Michigan law that exist and are actionable outside of bankruptcy and are not core proceedings under *28 USC 157(2)(A), (B) or (K)*. Defendant/Claimant further states he does not consent to the entry of a final order or judgment, or, the conduct of a jury trial by the Bankruptcy Court.

Respectfully Submitted,

/s/
MICHAEL E. TINDALL
18530 MACK AVE., STE 430
DETROIT, MI 48236
(248)250-8819
**Direct Email: met@comcast.net**

Dated: 2/25/20

IN RE CHRISTOPHER D. WYMAN    CASE NO: 12-32264

Debtor(s)

ADV. NO. 20-03012

# EXHIBIT NO: 1

*Exhibit 1*

## CASE NO. 12-32264 DOCKET ENTRIES REGARDING APPOINTMENT OF COUNSEL FOR TRUSTEE

05/30/2012 18 (2 pgs) Application to Employ Bealde Smith PLC as Counsel Filed by Trustee Michael A Mason (Mason, Michael) (Entered: 05/30/2012)

06/12/2012 20 (1 pg) Notice of Withdrawal *of Application for Approval of Employment of Beadle Smith, PLC* Trustee Michael A Mason (RE: related document(s)18 Application to Employ). (Mason, Michael) (Entered: 06/12/2012)

06/14/2012 21 (2 pgs) Application to Employ Bernardi, Ronayne & Glusac, P.C. - Rodney M. Glusac as Counsel for the estate Filed by Trustee Michael A Mason (Mason, Michael) (Entered: 06/14/2012)

06/14/2012 22 (1 pg) Declaration Filed by Trustee Michael A Mason (RE: related document(s)21 Application to Employ Bernardi, Ronayne & Glusac, P.C. - Rodney M. Glusac as Counsel for the estate ). (Mason, Michael) (Entered: 06/14/2012)

06/19/2012 39 (1 pg) Statement of Consent by United States Trustee to the Employment of Bernardi, Ronayne & Glusac, PC as Counsel for the Chapter 7 Trustee Filed by Trustee Michael A Mason. (Mason, Michael) (Entered: 06/19/2012)

06/19/2012 40 (1 pg) Order Approving Trustee's Employment Of Bernardi, Ronayne And Glusac, P.C. Counsel For The Estate (Related Doc # 21). (kcm) (Entered: 06/19/2012)

07/16/2012 63 (5 pgs) Application to Employ Michael E. Tindall and the Tindall Law Firm as Special Counsel Filed by Trustee Michael A Mason **(Glusac, Rodney) (Entered: 07/16/2012)**

07/18/2012 66 (1 pg) Concurrence *of Office of U.S. Trustee* Filed by Trustee Michael A Mason (RE: related document(s)63 Application to Employ Michael E. Tindall and the Tindall Law Firm as Special Counsel ). **(Glusac, Rodney) (Entered: 07/18/2012)**

07/18/2012 67 (1 pg) Order Approving Application For Employment Of Tindall Law Firm As Special Counsel For The Estate. (Related Doc # 63). (KHM) (Entered: 07/18/2012)

07/24/2012 68 (2 pgs) Affidavit Re: *Declaration of Disinterestedness* Filed by Special Counsel Michael Tindall (RE: related document(s)63 Application to Employ Michael E. Tindall and the Tindall Law Firm as Special Counsel ). **(Mason, Michael)** (Entered: 07/24/2012)

11/17/2014 154 (1 pg) Affidavit to Employ Trustee's Firm Filed by Attorney Samuel D. Sweet. (Sweet, Samuel) (Entered: 11/17/2014)

IN RE CHRISTOPHER D. WYMAN     CASE NO: 12-32264

Debtor(s)

ADV. NO. 20-03012

# EXHIBIT NO: 2

Exhibit 2

PAGE 1 OF 1

# ADDENDUM #1

In reference to the ☒ PURCHASE AGREEMENT, ☐ EXCHANGE AGREEMENT, ☐ LEASE, ☐ COUNTER OFFER- covering the ☒ real property, ☐ business, ☐ premises - commonly known as __1011 JONES ROAD HOWELL MI 48855__

dated __05/17/18__, between __GENTRY SALES INC__

and __EASTERN MICHIGAN BANKRUPTCY COURT__

the undersigned parties hereby agree as follows:
1. Offer to be conditionally accepted by SAM SWEET, Eastern Michigan Bankruptcy Trustee with final approval by Judge Opperman of Eastern Michigan Bankruptcy Court
2. Upon approval it is agreed that the Eastern Michigan Bankruptcy Court, Judge Opperman and Sam Sweet will dismiss all cases now pending before the court that involve DIANA GENTRY, CHRIS WYMAN and GENTRY SALES INC and all other corporations and DBA'S related to DIANA GENTRY with the following case numbers of:
Chris Wyman #12-03341, 12-03226, 12-03347 and 14-03017
Diana Gentry #12-03340, 12-03337, 14-03017 and 09-36472
Additionally, in case #12-03347, counts II and IV which are to be heard in the US District Court per Final Pre trial order dated 1/31/2015, Doc 78 will be dismissed.
3. Bankruptcy Trustee will have removed a "Claim of Interest" filed by BARBARA DUGGAN 5/5/2012 and recorded 5/3/12 in the Livingston County Register of deeds Liber 2012R-015343
4. Pending final approval of this agreement and purchase agreement SAM SWEET will have trials scheduled for June 11, 2018 indefinitely adjourned.
5. Upon acceptance of this agreement by Sam Sweet, all restrictions against Diana Gentry and Gentry Sales Inc to use, move, maintain, repair or any other incidential activities of any and all kind of the equipment listed in current bankruptcy court filings shall be removed.
6. Upon acceptance of this agreement by Sam Sweet, Gentry Sales Inc will order a proper title search on 1011 Jones Road through Select Title Agency, Brighton, Mi and charge of same to be paid by Bankruptcy Court upon close of sale.

The herein agreement, upon its execution by both parties, is herewith made an integral part of the aforementioned Agreement of Sale.

DATED: 5-17-18 TIME: 3pm    DATED: 6/4/__ TIME: ____
__Gentry Sales Inc__ Purchaser    _____ Seller
__Diana Gentry, President__ Purchaser   _____ Seller
Witness _____ Agent    Witness _____ Agent

2/95                                                                Form 4