**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION - FLINT**

IN RE:

CHRISTOPHER D. WYMAN,

        DEBTOR,
_____/

CASE NO. 12-32264-dof
CHAPTER 7
HONORABLE DANIEL S. OPPERMAN

Samuel D. Sweet, Trustee,
        Plaintiff,
v.

Michael E. Tindall, Individually and as 100%
assignee of Barbara Duggan,
        Defendant.
_____/

Adv. No. 20-03012

### TRUSTEE'S COMBINED RESPONSE AND BRIEF RELATED TO THE REQUEST FOR JUDGMENT ON THE PLEADINGS PURSUANT TO FRCP 12(c) AND A REQUEST FOR JUDGMENT BY THE TRUSTEE PURSUANT TO FRCP 56

**NOW COMES** Trustee, Samuel D. Sweet, ("Trustee"), by and through his counsel, Samuel D. Sweet, PLC, and hereby states as follows:

Facts

On September 20, 2017 Michael Tindall, was disbarred by the Michigan State Bar. Upon Mr. Tindalls disbarment, Samuel D. Sweet, PLC, acted as counsel for the Trustee in handling this case. The Trustee entered into an agreement with Michelle Pichler by which Ms. Pichler deeded any and all interest in the real property located at 1011 Jones Road, Howell, Michigan to the Bankruptcy Estate. Next the Trustee entered into an agreement with Diana Gentry by which Ms. Gentry would purchase the real property at Jones Road for a specified purchase price and resolve all other outstanding claims as specifically provided in the Motion and documents filed with this court [DE 176]. The motion and documents were served on all parties including Mr. Tindall and Ms. Duggan [DE 176]. The Trustee subsequently filed an amended motion to specifically transfer the lien of Michael Tindall and Barbara Duggan to the proceeds of sale [DE 182]. Mr. Tindall and Ms. Duggan filed objections to this motion that specifically they did not

agree that their liens should be transferred to the proceeds of sale pursuant to Section 363(f) of the Bankruptcy Code. No other objection was filed by the parties. [DE 185, 186].

Upon hearing in this case this Court entered an Order that specifically provided that those liens were transferred to proceeds and that the motion was approved in full [DE 212].

The Trustee in attempting to close the sale of the Jones Road property to Diana Gentry specifically requested pursuant to Exhibit A a payoff from the Duggan secured claim. Both Mr. Tindall and Mr. Bejjani specifically provided a payoff amount and wiring instructions for the payoff of this secured claim. (See Exhibit B). As a result, at the closing of this matter the funds specifically requested were wired to Mr. Bejjani in full and final satisfaction of the claim and secured lien of Ms. Duggan. Attached hereto as Exhibit D is the closing statement which specifically provides the monies transferred to Mr. Bejjani's Trust Account. Additionally, Mr. Bejjani specifically provided that this claim was in fact paid pursuant to an email sent on October 9, 2019 in which he specifically provided that, "you satisfied the approved secured claim, and the statutory lien was discharged." (See Exhibit C).

Only after receiving these funds did Mr. Tindall begin arguing that additional "other" amounts were owed relative to the Duggan claim or secured lien in this matter. Unfortunately the Trustee believes that after these funds were paid and not returned that this claim is deemed satisfied and paid in full.

<u>Legal Response to Defendants Motion for Judgment on the Pleadings</u>

The Defendant in this case is arguing that the "statute of frauds" prohibits the Trustee from arguing that either a contract existed and was breached by the Duggan group or that promissory estoppel does not afford the Trustee the opportunity to argue satisfaction of claim. Unfortunately statute of frauds does specifically provide just that, however, as attached to this pleading one can clearly see the emails forwarded back and forth between the parties and identify that these constitute the very basis of the writing which defeats the statute of frauds argument.

As specifically identified in the facts above the parties exchanged emails relative to the payoff of certain monies owed to claimant to satisfy said claim. Pursuant to Michigan Uniform Electronic Transactions Act MCL 450.831 et seq. electronic communications constitutes writings and are binding upon the parties which forwarded said electronic communications. Additionally Eerdman v Maki 226 Mich App 360 (1997) specifically provided that email or text

communications can provide the required elements of a contract. It is the Trustees contention that the emails attached hereto as Exhibits A, B, and C specifically provide the salient terms to form a contract and identify the current breach of contract.

To form a contract in the State of Michigan the parties must have written assent or a meeting of the minds on all essential terms. <u>Eerdman</u>. The meeting of minds required in Eerdman can be specifically identified relative to the performance and acquiescence in the performance of the parties to the terms of the contract. Sanchez v Eagle Alloy Inc. 254 Mich App 651 (2003). In determining the specific terms of the contract courts should use an objection standard to determine that a meeting of the minds has occurred. A court should look at a specific and express words of the parties and visisble acts not their subjective states of mind. Calhoun Co. v Blue Cross Blue Shield of Michigan 297 Mich App 1 (2012).

As the emails attached hereto specifically provide, the Trustee requested a payoff amount to be provided. Exhibit A. Elie Bejjani on behalf of Ms. Duggan specifically provided the amount of the payoff and the wiring instructions directly to the title company pursuant to his email attached hereto as Exhibit B. Exhibit D specifically provides that the funds transferred via wire to Mr. Bejjani's Trust Account as requested. Further, Mr. Bejjani specifically provided in the email attached hereto as Exhibit C that the claim was satisfied and the lien discharged and paid in full.

As a result, Exhibit A constitutes an offer wherein the Trustee specifically requested a payoff and wiring instructions from the parties. Mr. Bejjani's email which is Exhibit B specifically constitutes the acceptance or providing of the payoff and wiring instructions. Exhibit D specifically provides for consideration and that funds were in fact transferred to Mr. Bejjani. As agreed. Exhibit C specifically provides an admission that in fact the funds were received and that the claim is satisfied and the lien discharged and paid in full.

As a result of the foregoing the Trustee respectfully requests a Judgment on the pleadings pursuant to FRCP 12(c) and FRCP 56. As section 12(c) of the Federal Rules of Civil Procedure specifically provide that upon response to a request for Judgment on the pleadings this matter is to be treated as a Motion for Summary Judgment under Section 56 of the Federal Rules of Civil Procedure. As such the Trustee has provided facts that are undisputed and that specifically make up the terms of a contract and breach of said contract. As a result the Trustee requests Judgment on his Complaint and deem this claim satisfied and paid in full.

Respectfully submitted,

SAMUEL D. SWEET, PLC

By: /s/ Samuel D. Sweet
Samuel D. Sweet (P48668)
Attorneys for Trustee
P.O. Box 757
Ortonville, MI 48462-0757
Dated: 3/9/2020    (248) 236-0985
ssweet@trusteesweet.us

# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION - FLINT

IN RE:

CHRISTOPHER D. WYMAN,

        DEBTOR,
_____/

CASE NO. 12-32264-dof
CHAPTER 7
HONORABLE DANIEL S. OPPERMAN

Samuel D. Sweet, Trustee,
        Plaintiff,

v.

Michael E. Tindall, Individually and as 100% assignee of Barbara Duggan,
        Defendant.
_____/

Adv. No. 20-03012

## **CERTIFICATE OF SERVICE**

*The undersigned hereby certifies that a copy of the following:*

    Trustee's Combined Response and Brief Related to the Request for Judgment on the Pleadings Pursuant to FRCP 12(c) and a Request for Judgment by the Trustee Pursuant to FRCP 56, along with a copy of this Certificate of Service

*was electronically served on the 9th day of March, 2020, upon:*

| | |
|---|---|
| Dennis L. Perkins | Elie Bejjani |
| Attorney for Debtor | Attorney for Barbara Duggan |
| bkperk@sbcglobal.net | elie@bejjanilaw.com |
| (Via ECF Only) | (Via ECF Only) |

*was served via First Class Mail, pre-paid postage, on this 9th day of March, 2020, addressed as follows:*

| | |
|---|---|
| Christopher D. Wyman | Michael E. Tindall |
| 6241 Grand River Road | 18530 Mack Ave., Ste. 430 |
| Brighton, MI 48114 | Detroit, Michigan 48236 |

        /s/ Jessica A. Will
        SAMUEL D. SWEET, PLC
        Jessica A. Will, Legal Assistant
        P.O. Box 757
        Ortonville, MI 48462-0757
        (248) 236-0985
        jwill@trusteesweet.us