UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IN RE:
    CHRISTOPHER D. WYMAN
        *Debtor(s),*

ADV. NO: 20-03012

_____\

SAMUEL D. SWEET, Trustee,
    Plaintiff,

CASE NO. 12-32264
CHAPTER 7

v.

MICHAEL E. TINDALL, Individually and as 100% Assignee of
Barbara Duggan

    Defendant.
_____\

## CLAIMANT'S REPLY TO TRUSTEE'S RESPONSE AND BRIEF, DE18, IN OPPOSITION TO CLAIMANT'S MOTION TO DISMISS AMENDED COUNTER COMPLAINT, DE 10, FOR LACK OF SUBJECT MATTER JURISDICTION UNDER FRCP 12(b)(1) AND 12(h)(3)

    MICHAEL E. TINDALL, (hereinafter "Claimant"), Assignee of all [100%] claims of BARBARA DUGGAN ($32,240.34), and a party in interest holding a secured attorney lien ($34,100.00/$21,869.33) against the proceeds of the sale of Realty (hereinafter collectively "**allowed secured claim**"), states:

    On March 3, 2020, Trustee Sweet filed his RESPONSE to Claimant's MOTION TO DISMISS, DE 13. The RESPONSE is completely incoherent, fails to meet the Trustee's burden of proof, and, as set forth below, does not even accurately recite the applicable state or federal bankruptcy law.

    The filing of a Chapter 7 Petition is a "**Kodak Instamatic - Freeze-Frame**" moment. While life continues "**post-petition**", much of what results in a Chapter 7 bankruptcy administration is permanently anchored to "**the date of filing of the petition**". To be a creditor in bankruptcy, one must have a "**claim**" that arose at or before the "**order for relief**". That claim can only be "**allowed**" and "**secured**" in the amount

"**as of the date of filing the petition**". Property taxes, real or personal, perfectly illustrate this principle.

"Pre-petition taxes" are those which are incurred, **before** the date of the filing of a taxpayer's bankruptcy petition. Their status and character is determined by state law, **as of the date of the petition.** One must file a Proof of Claim pursuant to Fed R. Bank 3002 to have the claim, secured or unsecured, "**allowed**" in order to participate in distributions of assets from the bankruptcy. A taxing authority may, instead, rely exclusively on their security (the real estate) or non-dischargeable status (in Chapter 7) rather than file a proof of claim. It will not receive any distribution from the bankruptcy estate,[1] but it has the right to collect, by executing on the collateral pursuant to state law, after the bankruptcy is concluded.[2]

"Post-petition taxes" are those which are incurred, **after the date of the filing of the bankruptcy petition**. Post-petition taxes, like other ordinary course debts and obligations incurred during the bankruptcy case, are considered part of the administrative costs of maintaining and administering the bankruptcy estate.[3] For individual Chapter 7 debtors, post-petition taxes are not dischargeable.[4] If an individual Chapter 7 debtor does not pay post-petition taxes, the taxing authority can collect them, under state law, after the bankruptcy is concluded.[5]

---

[1] *In re Matteson, 535 BR 156 BAP 6th Cir 2015:* "**Secured creditors "are not required to file a proof of claim solely to preserve their lien."** *In re Nwonwu, 362 B.R. 705, 708 (Bankr. E.D.Va.2007)* (examining late filed proof of claim). **And § 506(d) provides that a lien securing a claim is void if the claim is not an allowed secured claim, unless the claim "is not an allowed secured claim due only to the failure ... to file a proof of such claim...." 11 U.S.C. § 506(d);...**";

[2] *Dewsnup v. Timm, 502 U.S. 410, 112 S.Ct. 773, 779, 116 L.Ed.2d 903 (1992)* **(failure to file proof of claim does not affect a lien's validity);** *Interstate Fin. Corp. v. Scrogham, 265 F.2d 889, 892 (6th Cir.1959)* **(secured creditor is "not required to file a proof of claim in order to protect its security.");** *PCFS Fin. v. Spragin (In re Nowak), 586 F.3d 450, 455 (6th Cir. 2009)* **(citing § 506(d) and Bankruptcy Rule 3002(a) in observing that a "secured creditor is usually not required to file a proof of claim to maintain its interest in the collateral to which its security interest attaches.");**

[3] *11 USC 503(b)(1)(B)* "any tax— (i) incurred by the estate, **whether secured or unsecured, including property taxes for which liability is in rem, in personam, or both,** except a tax of a kind specified in section 507(a)(8) of this title:..."

[4] Section 727(b).

[5] *In re Kressler, 252 B.R. 632, 633 (Bankr.E.D.Pa.2000) aff'd, 40 Fed. Appx. 712 (3d Cir.2002)* **("[T]he failure of a secured creditor to file a proof of claim will not result**

With this in mind, the following illustrates Trustee Sweet's lack of standing, and, the mootness of the issues raised by the Amended Complaint.

## I.   STANDING:

Tellingly, Sweet completely ignores the considerable case law establishing that proceeds of secured collateral may NOT be used to pay administrative expenses. Instead, Sweet argues he has standing under *11 USC 704(5)*. Yet, as the motion clearly and repeatedly sets forth, the issue raised by the motion is constitutional "**Article III**" standing, not statutory "**party in interest**" standing. A bankruptcy trustee must have and must prove all three forms of standing.[6]

The Subordination Order entered by this Court subordinated payment of state property tax liens **below** [junior to] unsecured priority administrative expenses. Those unsecured priority administrative expenses are **below** [junior to] Claimant's **allowed secured claim** that considerably exceeds – in amount – the remaining proceeds of the secured collateral.[7] Therefore, neither Sweet nor the unsecured creditors he claims to represent under Section 704(5) have the necessary "stake" to support Article III standing to bring this action.

## II.   MOOTNESS:

1. *MCL 211.60a*, cited by Trustee Sweet, is limited by its express terms to "**taxes levied after December 31, 1997 and before January 1, 1999**".[8]

**Ad valorem taxes** must be levied in Michigan on all property, real and personal,[9] except that specifically exempted by law.[10] The tax status of taxable property in Michigan

---

**in the loss of the creditor's lien and generally speaking, after the bankruptcy case is concluded, the creditor may pursue the collateral to satisfy its lien[.]**").

[6] *Rajamin v. Deutsche Bank Nat'l Tr. Co.*, 757 F.3d 79, 84 (2d Cir. 2014). See *Scott v. Residential Capital, LLC (In re Residential Capital, LLC)*; No. 14 Civ. 761(ER), 2015 WL 629416, at *3 (S.D.N.Y. Feb. 13, 2015) ("**To have standing in bankruptcy court, a party must meet three requirements: (1) Article III's constitutional requirements; (2) federal court prudential standing requirements; and (3) the "party in interest" requirements under Section 1109(b) of the Bankruptcy Code.**"); *In re Old Carco LLC*, 500 B.R. 683, 690 (Bankr. S.D.N.Y. 2013).

[7] The unpaid amount of the **allowed secured claim**, in excess of the remaining proceeds of secured collateral, would become an unsecured claim against the bankrupt estate. *In re Dow Corning Corp.*, 456 F. 3d 668 (6th Cir 2006); *In re Welzel*, 275 F. 3d 1308 (11th Circuit 2001); *In re Gencarelli*, 501 F. 3d 1(1st Cir 2007).

[8] *MCL 211.60a(1), (2), and (3).*

for any given year is determined on the December 31 immediately preceding the taxable year. December 31 is commonly referred to as "tax day."[11] Taxes become a lien on the December 1 following the prior December 31st tax day.[12]

> 2. Even if *MCL 211.60a* were NOT so limited, Claimant's **allowed secured claim** was the sole lien against the Realty on **the date of the Petition,** May 24, 2012. All outstanding property taxes against the Realty became liens **AFTER** Claimant's allowed secured claim was perfected, and, **AFTER** the Petition was filed [post-petition]. Therefore, Livingston County is/was NOT a creditor in this bankruptcy, and, NONE of the outstanding property taxes satisfy the **"secures an allowed claim for a tax"** requirement of *11 USC 724(b)(1)*.

Section *101(10)* states, in relevant part: "The term "creditor" means "(A) entity that has a claim against the debtor **that arose at the time of or before** the order for relief concerning the debtor...". Section *101(15)* states: **"The term "entity" includes .... governmental unit ..."**. Section *101(53)* states: The term **"statutory lien"** means lien arising solely by force of a statute **on specified circumstances or conditions ..."**. On May 24, 2012, the **"specified circumstances"** [i.e. December 1, 2012] had not occurred. Therefore, no tax claim and no tax creditor existed; no tax lien existed, and, Claimant was the sole and most senior lien claimant.

Section 502 controls whether a creditor's claim will be **"allowed or disallowed."**[13] Section 502(a) of the Code provides: "[a] claim or interest, **proof of which is filed under section 501 of this title"** is deemed **allowed**. Section 502(b) provides the amount

---

[9] The Michigan Constitution directs the legislature to provide for **"uniform general ad valorem taxation of real and tangible personal property not exempt by law."** *Mich Const 1963 art 9, §3*. Ad valorem tax means **"a tax or duty upon the value of the article or thing subject to taxation."** *Continental Cablevision of Michigan, Inc v Roseville, 430 Mich 727, 730 n1, 425 NW2d 53 (1988); Meijer Inc v City of Midland, 240 Mich App 1, 3 n1, 610 NW2d 242 (2000).*
[10] *M.C.L 211.10*
[11] *MCL 211.2. In re Holly's, Inc., 172 BR 545 (BC WD Mi 1994)*
[12] *MCL §211.40; United States v. Michigan, 429 F. Supp. 8, 10-11 (E.D.Mich.1977), In re Shoreham Paper Co., 117 B.R. 274, 275-76 (Bankr.W.D.Mich.1990); Boekeloo v. Hodel, 828 F.2d 727, 729 (Fed.Cir.1987)(*in **Michigan the lien on real property that is consistent with express statutory language arises on December 1st of any given year in relation to the taxes assessed on December 31st of the preceding year.)**
[13] *In re Gift, 469 BR 800 (BC MD Tenn 2012); Gencarelli v. UPS Capital Business Credit, 501 F.3d 1, 6 (1st Cir.2007).*

4

of an allowed claim is the amount "**as of the date of filing of the petition**".[14] A secured claim is defined by § 506(a)(1) as **"[a]n allowed claim of a creditor secured by a lien on property..."**.§ 506(d) provides that **a lien securing a claim is void** if the claim is not **an allowed secured claim**.[15] No claim was filed for real property taxes under Section 501 for any year. See, Exhibit 1. No lien existed on May 24, 2012, the petition date. Therefore, no claim for real property taxes could be "allowed" under 502, secured under Section 506, and, no such **"allowed secured claim"** existed, as required by Section 724(b).

Section 724(b) governs the order of distribution of both real and personal property subject to **valid, non-voidable** federal, state, and local tax liens in a Chapter 7 case. In a Chapter 7 liquidation case, upon any sale of property, **the claims of secured creditors must be satisfied in full before any payment is made to claimants with a statutory priority or to general unsecured creditors**. Section 724(b) deviates from the general rule that **unsecured priority claims** do not trump perfected secured claims where **non-avoidable federal, state, and local tax liens** exist at **the date of the petition**. The provision enables **unsecured priority claimants** occupying the first through seventh rungs on the priority ladder "to step into the shoes of the tax collector" and to receive distributions from property of the estate IF and only IF **the tax claim is properly allowed and secured.** To the extent that the tax lien is subordinated, it is treated as a special category of **unsecured claim** that is payable prior to any distribution to the general creditors.[16] Where, as here, no tax claim existed **at the date of the petition**; no lien existed **at the date of the petition**; no tax claim was allowed; and, no allowed tax claim was secured, under Section 506, Section 724(b) does not permit subordination.

    *3.* Michigan real property taxes are "**ad valorem**" taxes and are not subject to subordination under *11 USC 724(b)(1)*.

---

[14] *In re Schaffer, 173 BR 393 (BC ND Ill 1994)* (**An allowed claim is one that is filed pursuant to Section 501. 11 U.S.C. § 502(a)... Therefore, the only legitimate outcome is that for both secured and unsecured claims to be allowed, they must be filed under Section 501. To reach any other result would be absurd.**)
[15] *In re Matteson, 535 BR 156 (BAP 6th Circuit 2015)*
[16] *Michigan Municipal League, Bankruptcy 101 Manual for Michigan Municipalities, Louis P. Rochkind, September 2010*

*119 STAT. 124, PUBLIC LAW 109–8, Title VII, Sec 701, APR. 20, 2005, Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 (BAPCPA),* amended section 724(b)(1) to provide that tax liens arising in connection with **ad valorem taxes** will **not** be subordinated under Section 724. *11 U.S.C. § 724(b)(1)(as amended)* provides:

> "(b) Property in which the estate has an interest and **that is subject to a lien that is not avoidable** under this title (*other than to the extent that there is a properly perfected unavoidable tax lien arising in connection with an ad valorem tax on real or personal property of the estate*) **and** that secures **an allowed claim** for a tax, or proceeds of such property, shall be distributed— "

Section 724(f) confirms this exclusion "**Notwithstanding the exclusion of ad valorem tax liens under this section…**".

For the reasons above stated, Trustee Sweet lacks Article III standing to maintain this action; and, the issues presented by the Amended Complaint are moot.

Respectfully Submitted,

MICHAEL E. TINDALL
18530 MACK AVE., STE 430
DETROIT, MI 48236
(248)250-8819
**Direct Email: met@comcast.net**

Dated: 3/9/20

# EXHIBIT NO: 1

# Eastern District of Michigan
# Claims Register

## 12-32264-dof Christopher D Wyman

**Judge:** Daniel S. Opperman.Flint  **Chapter:** 7
**Office:** Flint  **Last Date to file claims:**
**Trustee:** Samuel D. Sweet  **Last Date to file (Govt):**

| Creditor: (21178407)<br>Michael Tindall<br>Attorney at Law<br>P.O. Box 46564<br>Mount Clemens, MI 48046 | Claim No: 1<br>Original Filed<br>Date: 11/25/2014<br>Original Entered<br>Date: 11/25/2014 | Status:<br>Filed by: CR<br>Entered by: Michael E. Tindall (DISBARRED)<br>Modified: |
|---|---|---|

| Amount claimed: | $28398.53 |
| Secured claimed: | $28398.53 |

**History:**

| | | | |
|---|---|---|---|
| Details | 1-1 | 11/25/2014 | Claim #1 filed by Michael Tindall, Amount claimed: $28398.53 (Tindall (DISBARRED), Michael) |
| | 198 | 01/24/2019 | Objection to Claim Number 1 of Claimant Barbara Duggan. Filed by Attorney Samuel D. Sweet (Sweet, Samuel) Hearing scheduled 3/6/2019 at 09:30 AM at Courtroom, Flint, 226 West Second St.. Response due by 2/27/2019. |

**Description:** (1-1) PERFECTED JUDGMENT LIEN OF B. DUGGAN
**Remarks:**

| Creditor: (23235304)<br>Atlas Acquisitions LLC<br>294 Union St.<br>Hackensack, NJ 07601 | Claim No: 2<br>Original Filed<br>Date: 12/02/2014<br>Original Entered<br>Date: 12/02/2014 | Status:<br>Filed by: CR<br>Entered by: Avi Schild<br>Modified: |
|---|---|---|

| Amount claimed: | $671.77 |
| Secured claimed: | $0.00 |

**History:**

| | | | |
|---|---|---|---|
| Details | 2-1 | 12/02/2014 | Claim #2 filed by Atlas Acquisitions LLC, Amount claimed: $671.77 (Schild, Avi) |

**Description:**
**Remarks:**

| Creditor: (23272908)<br>Discover Bank<br>DB Servicing Corporation | Claim No: 3<br>Original Filed<br>Date: 12/23/2014 | Status:<br>Filed by: CR<br>Entered by: Darlene Slusher |
|---|---|---|

**History:**

| | | | |
|---|---|---|---|
| Details | 3-1 | 12/23/2014 | Claim #3 filed by Discover Bank, Amount claimed: $7589.34 (Slusher, Darlene) |

**Description:**
**Remarks:**

| | | | |
|---|---|---|---|
| PO Box 3025<br>New Albany, OH 43054-3025 | | Original Entered<br>Date: 12/23/2014 | Modified: |

| Amount claimed: | $7589.34 | |
|---|---|---|

History:

| Details | | 3-1 | 12/23/2014 | Claim #3 filed by Discover Bank, Amount claimed: $7589.34 (Slusher, Darlene) |
|---|---|---|---|---|

Description:

Remarks:

| Creditor: (21178415)<br>Russell Collection Agency<br>P.O. Box 7009<br>Flint, MI 48507-0009 | Claim No: 4<br>Original Filed<br>Date: 12/24/2014<br>Original Entered<br>Date: 12/24/2014 | Status:<br>Filed by: CR<br>Entered by: Chris Taylor<br>Modified: |
|---|---|---|

| Amount claimed: | $277.00 | |
|---|---|---|

History:

| Details | | 4-1 | 12/24/2014 | Claim #4 filed by Russell Collection Agency, Amount claimed: $277.00 (Taylor, Chris) |
|---|---|---|---|---|

Description:

Remarks:

| Creditor: (21178404)<br>Mark Goldman & Associates<br>30300 Northwestern Hwy., Ste. 312<br>Farmington, MI 48334 | Claim No: 5<br>Original Filed<br>Date: 02/13/2015<br>Original Entered<br>Date: 02/13/2015 | Status:<br>Filed by: CR<br>Entered by: Marc A. Goldman<br>Modified: |
|---|---|---|

| Amount claimed: | $10416.17 | |
|---|---|---|

History:

| Details | | 5-1 | 02/13/2015 | Claim #5 filed by Mark Goldman & Associates, Amount claimed: $10416.17 (Goldman, Marc) |
|---|---|---|---|---|

Description: (5-1) legal services

Remarks: (5-1) interest to the date of bky filing

## Claims Register Summary

Case Name: Christopher D Wyman
Case Number: 12-32264-dof
Chapter: 7
Date Filed: 05/24/2012
Total Number Of Claims: 5

| Total Amount Claimed* | $47352.81 |
|---|---|
| Total Amount Allowed* | |

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IN RE:
    CHRISTOPHER D. WYMAN
        *Debtor(s),*

ADV. NO: 20-03012

_____\

SAMUEL D. SWEET, Trustee,
        Plaintiff,

CASE NO. 12-32264
CHAPTER 7

v.

MICHAEL E. TINDALL, Individually and as 100% Assignee of
Barbara Duggan

        Defendant.
_____\

## CERTIFICATE OF SERVICE

Defendant, in pro per, hereby certifies that the following were served on Plaintiff Trustee Sweet on March _10_, 2020 by filing through the Court's ECF System.

1. **CLAIMANT'S REPLY TO TRUSTEE'S RESPONSE AND BRIEF, DE18, IN OPPOSITION TO CLAIMANT'S MOTION TO DISMISS AMENDED COUNTER COMPLAINT, DE 10, FOR LACK OF SUBJECT MATTER JURISDICTION   UNDER FRCP 12(b)(1) AND 12(h)(3)**

Dated: 3/9/20

/s/ MICHAEL E. TINDALL
MICHAEL E. TINDALL
18530 MACK AVE., STE 430
DETROIT, MI   48236
(248)250-8819
**Direct Email: met@comcast.net**