# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

IN RE:
    **CHRISTOPHER D. WYMAN**
       *Debtor(s),*

                                **ADV. NO: 20-03012**

\\
**SAMUEL D. SWEET, Trustee,**
    **Plaintiff,**

                                **CASE NO. 12-32264**
                                **CHAPTER 7**

v.

**MICHAEL E. TINDALL, Individually and as 100% Assignee of**
**Barbara Duggan**

    **Defendant.**

                                  \\

## <u>CLAIMANT'S REPLY TO TRUSTEE'S RESPONSE AND BRIEF, DE19, IN OPPOSITION TO CLAIMANT'S MOTION FOR JUDGMENT ON THE PLEADINGS PURSUANT TO FRCP 12(c), DE 16 AND IMPROPER FRCP 56 MOTION FOR JUDGMENT FOR TRUSTEE</u>

MICHAEL E. TINDALL, (hereinafter "Claimant"), Assignee of all [100%] claims of BARBARA DUGGAN ($32,240.34), and a party in interest holding a secured attorney lien ($34,100.00/$21,869.33) against the proceeds of the sale of Realty (hereinafter collectively "**allowed secured claim**"), states:

On March 9, 2020, Trustee Sweet filed his RESPONSE to Claimant's MOTION FOR JUDGMENT ON THE PLEADINGS, DE 16. The RESPONSE is completely incoherent, procedurally improper, and, fails to meet the Trustee's burden of proof.

## I.    A RESPONDENT [SWEET] TO A RULE 12(c) MOTION CANNOT CONVERT THE MOTION TO ONE FOR SUMMARY JUDGMENT UNDER FRCP 56.

According to Trustee Sweet:

> "**As section 12(c) of the Federal Rules of Civil procedure specifically provide [sic] that upon response to a request for Judgment on the pleadings, this matter is to be treated as a Motion For Summary Judgment under Section 56 of the Federal Rules of Civil Procedure**" DE 19, P 3 of 5.

Typos can happen to the best of us, so it is presumed, as set forth below, Trustee Sweet meant *FRCP 12(d)*.

1. Who is Who:

Although seemingly elementary, apparently it is necessary to review the procedural posture of the original motion. Claimant filed the *FRCP 12(c)* motion, and is the movant. Trustee Sweet is responding to that motion, and is the respondent. *FRCP 12(c) and 12(d)* provide, in relevant part, as follows:

> "(c) MOTION FOR JUDGMENT ON THE PLEADINGS. After the pleadings are closed—but early enough not to delay trial—a party **may move for judgment on the pleadings.**
>
> (d) RESULT OF PRESENTING MATTERS OUTSIDE THE PLEADINGS. If, **on a motion** under Rule 12(b)(6) **or 12(c)**, matters outside the pleadings are presented to and not excluded by the court, **the motion must be treated** as one for summary judgment under Rule 56...."

*FRCP 12(d)* requires, for conversion, that matters outside the pleadings be presented "**on motion**". That means the movant must seek to include, with the motion, matters outside the pleadings, presumably as a basis for decision. Claimant's motion did not do so. For reasons made clear below, a Respondent cannot convert a movant's motion to something other than what the movant originally filed.

2. Motion Standard: a procedural train wreck.

A motion under Rule 12(c) for failure to state a claim is subject to the same standards as a Rule 12(b)(6) motion.[1] In deciding whether the complaint states a valid claim for relief, all **well-pleaded facts** must be accepted as true **and the complaint construed in the light most favorable to the plaintiff** [Sweet]. [2] The Court does not, however, accept as true "conclusory allegations, unwarranted factual inferences, or legal conclusions."[3] The Court may consider documents that are "part of the pleadings" (*i.e.,*

---

[1] *In re Great Lakes Dredge & Dock Co. LLC, 624 F.3d 201, 209–10 (5th Cir. 2010) (citing Doe v. MySpace, Inc., 528 F.3d 413, 418 (5th Cir. 2008); Great Plains Trust Co., 313 F.3d at 313 n.8).*
[2] *See MySpace, 528 F.3d at 418.*
[3] *Ferrer v Chevron Corp., 484 F.3d 776, 780 (5th Cir. 2007) (quoting Plotkin v. IP Axess Inc., 407 F.3d 690, 696 (5th Cir. 2005)).*

documents attached to or incorporated in the complaint that are central to plaintiff's claim for relief),[4] as well as matters of public record or subject to judicial notice.[5]

The standard under FRCP 56 is exactly the reverse. Summary judgment is appropriate if there is no genuine issue as to any material fact **and** the moving party [Sweet] is entitled to judgment as a matter of law.[6] Material facts are facts which are defined by substantive law and are necessary to apply the law.[7] The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; **there must be evidence** on which the jury could reasonably find for the plaintiff.[8] In deciding a motion for summary judgment, the court must draw all inferences **in a light most favorable to the non-moving party** [Claimant], but may grant summary judgment when "'the record taken as a whole could not lead a rational trier of fact to find for the non-moving party.'"

The movant [Sweet] has the initial burden of showing "**the absence of a genuine issue of material fact.**"[9] Only if the movant meets this burden, must the non-movant [Claimant] come forward with specific facts showing that there is a genuine issue for trial.[10] Sweet's Response (motion) completely ignores Claimant's Answer and Affirmative Defenses, DE 15. That Answer, Nos. 1-30, denies every factual element of the Complaint supporting both Counts. Nothing in Sweet's Response presents "facts" that counter these denials. Moreover, as set forth below, Sweet is not entitled to Judgment, as a matter of law.

---

[4] *Causey v. Sewell Cadillac–Chevrolet, Inc., 394 F.3d 285, 288 (5th Cir. 2004).* Sweet's email exhibits, attached to DE 16, were attachment to the original Complaint, DE 1, and can already be considered.

[5] *see United States ex rel. Willard v. Humana Health Plan of Tex. Inc., 336 F.3d 375, 379 (5th Cir. 2003); see also Great Plains Trust Co., 313 F.3d at 313 (discussing various characterizations of what documents may be considered on a Rule 12(c) motion).*

[6] *FED. R. CIV. P. 56(a).* **After adequate time for discovery and upon motion, Rule 56 mandates summary judgment against a party who fails to establish the existence of an element essential to that party's case and on which that party bears the burden of proof at trial.** *Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S. Ct. 2548, 2552 (1986)*

[7] *Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).*

[8] *Id. at 252.*

[9] *Celotex at 323, 106 S. Ct. at 2553.*

[10] *Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587, 106 S. Ct. 1348, 1356 (1986).*

## II.     THE STATUTE OF FRAUDS:

In Michigan, the sale or transfer of an interest in land is controlled by the statute of frauds.[11] The statute of frauds, in regards to the sale of an interest in land, is comprised of *MCL 566.106 and MCL 566.108*.[12]. *MCL 566.106* provides:

> "No estate or interest in lands, other than leases for a term not exceeding 1 year, nor any trust **or power over or concerning lands**, or in any manner relating thereto, shall hereafter be created, granted, **assigned, surrendered** or declared, unless by act or operation of law, or by a deed or conveyance **in writing, subscribed by the party** creating, granting, **assigning, surrendering** or declaring the same, or **by some person thereunto by him lawfully authorized <u>by writing."</u>**

And *MCL 566.108* provides:

> "Every contract. . . for **the sale of** any lands, or **any interest in lands, shall be void,** unless the contract, or some note or memorandum thereof be **in writing**, and **signed by the party** by whom the. . . sale is to be made, or **by some person** thereunto by him **lawfully authorized <u>in writing</u>** . . ."

From the face of Trustee Sweet's email Exhibits, there can be no dispute that NONE of the emails were "signed" by Ms. Duggan. Instead, Sweet relies on the "signatures" of Claimant and/or Mr. Benji as her agents. Ignoring, for the moment, that Claimant was neither "acting as" or "in fact" the agent of Ms. Duggan, Sweet has presented NO "**writing**" signed by Ms. Duggan "**lawfully authorizing**" Claimant or Mr. Benji to act as her agent to **assign or surrender** her lien against the realty. Therefore, any contract to do so allegedly contained in the subject emails [Count II of Amended Complaint] is void, as a matter of law. Promissory estoppel [Count I of Amended Complaint] may not be used to avoid the statute of frauds because "**an interest in land cannot be established on the basis of estoppel** . . . ."[13]

### III.     THE UNIFORM ELECTRONIC TRANSACTIONS ACT:

1. <u>Even if it applied [it does not] the UETA does not avoid the Statute of Frauds.</u>

Section 7(4) of the UETA, *MCL 450.837(4)* makes clear exactly what the UETA does when and if it applies. " **(4) If a law requires a signature, an electronic signature**

---

[11] *Zaher v Miotke, 300 Mich App 132, 140; 832 NW2d 266 (2013).*
[12] *Lakeside Oakland Dev, LC v H & J Beef Co, 249 Mich App 517, 524; 644 NW2d 765 (2002).*
[13] *Kitchen v Kitchen, 465 Mich 654, 660; 641 NW2d 245 (2002).*

**satisfies the law."** Nothing in the UETA dispenses with the Statute of Frauds. Sweet's problem is NOT a "signature". Sweet's problem is he has NO written agreement, signed by Ms. Duggan or anyone else, authorizing Claimant or Mr. Benji to act as her agent to **assign or surrender** her lien against the realty. The UETA neither supplies nor dispenses with this requirement; and, therefore, does NOTHING to buttress Sweet's case.

    2.  <u>The UETA, by its terms, does not apply.</u>

Section 5(2) of the UETA, *MCL 450.835* states:

> " **(2) This act applies <u>only</u> to transactions between parties <u>each of which has agreed</u> to conduct transactions by electronic means. Whether the parties agree to conduct a transaction by electronic means is determined <u>from the context and surrounding circumstances, including the parties' conduct.</u>"**

Sweet has not alleged, in his Amended Complaint, and, has presented no evidence whatsoever, of any agreement, by anyone, to conduct a transaction [i.e. **assign or surrender** Ms. Duggan's lien] by electronic means. Therefore, under *FRCP 12(c)* there is nothing to "presume" to be true to Sweet's benefit. Under *FRCP 56*, if we are to "infer" such an agreement, the issue, by statute, is a dispute of material fact foreclosing summary judgment.

Section 9, *MCL 450.839*, provides, in relevant part:

> " **(1) An electronic record or electronic signature is attributable to a person <u>if it is the act of the person</u>**...
>
>  **(2) The effect of an electronic record or electronic signature attributed to a person under subsection (1) is determined from the context and surrounding circumstances at the time of its creation, execution, or adoption, including any agreements of the parties, and otherwise as provided by law.'**

The UETA does nothing to attribute the electronic signature of Claimant or Mr. Benji to Ms. Duggan, and, nothing to supply a written agreement by Ms. Duggan authorizing Claimant or Mr. Benji to act as her agent to **assign or surrender** her lien. Section 9, at best, merely attributes the electronic signatures of Claimant and Mr. Bennji to Claimant and Mr. Benji. For the reasons above stated, this avails Mr. Sweet nothing, under either Count of his Amended Complaint.

For the reasons above stated, Claimant's *FRCP 12(c)* motion for Judgment on the pleadings must be granted. Trustee Sweet's improper attempt to convert Claimant's motion to one for Summary Judgment must be ignored; or, in the alternative, Summary Judgment must be denied because he has utterly failed to satisfy his burden under Rule 56.

Respectfully Submitted,

/S/

Dated: 3/10/20

MICHAEL E. TINDALL
18530 MACK AVE., STE 430
DETROIT, MI 48236
(248)250-8819
**Direct Email: met@comcast.net**

IN RE:
    **CHRISTOPHER D. WYMAN**
        *Debtor(s),*

                               **ADV. NO: 20-03012**

_____\

**SAMUEL D. SWEET, Trustee,**
      **Plaintiff,**

                               **CASE NO. 12-32264**
                               **CHAPTER 7**

**v.**

**MICHAEL E. TINDALL, Individually and as 100% Assignee of**
**Barbara Duggan**

      **Defendant.**

_____\

## CERTIFICATE OF SERVICE

      Defendant, in pro per, hereby certifies that the following were served on Plaintiff Trustee Sweet on March _10_ , 2020 by filing through the Court's ECF System.

    1. **CLAIMANT'S REPLY TO TRUSTEE'S RESPONSE AND BRIEF, DE19, IN OPPOSITION TO CLAIMANT'S MOTION FOR JUDGMENT ON THE PLEADINGS PURSUANT TO FRCP 12(c), DE 16**
                      **AND**
    **IMPROPER FRCP 56 MOTION FOR JUDGMENT FOR TRUSTEE**

Dated: 3/9/20
                    /S/
                    MICHAEL E. TINDALL
                    18530 MACK AVE., STE 430
                    DETROIT, MI  48236
                    (248)250-8819
                    **Direct Email: met@comcast.net**