UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION – FLINT

IN RE:

   CHRISTOPHER D. WYMAN,                        Case No. 12-32264
                                                          Chapter 7 Proceeding
            Debtor.                                    Hon. Daniel S. Opperman
_____/
SAMUEL D. SWEET, Chapter 7 Trustee,

       Plaintiff,

v.                                                                       Adv. Proc. No. 20-3012

BARBARA DUGGAN and
MICHAEL TINDALL,

       Defendants.
_____/

<u>OPINION AND ORDER DENYING DEFENDANT MICHAEL TINDALL'S COMBINED
MOTION AND BRIEF TO DISMISS COUNTER COMPLAINT (DOCKET NO. 13)</u>

      This Adversary Proceeding involves resolution of the status of the secured claim of Barbara Duggan. This secured claim arose from a judgment lien held by Barbara Duggan. As of January 16, 2020, and as subsequently acknowledged by Barbara Duggan in a pleading filed the same day, Michael Tindall is the assignee of all of Ms. Duggan's interest in these proceedings, including the subject secured claim. As determined by this Court in its January 9, 2020 Opinion and Order, this Adversary Proceeding was opened to decide the Plaintiff Trustee's Motion to Declare Secured Claim Satisfied and Lien Released filed in this case.

1

In the instant Motion before the Court, Defendant Tindall asserts that the Plaintiff Trustee lacks standing to bring this action and that the Trustee's claim is moot, and that either or both of these warrant dismissal of this case for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1).[1]

Plaintiff Trustee responds that he has standing as the duly appointed case trustee to object to claims and seek determinations as to claims as part of his administration of this case. He further disputes that this action is moot because there is a live and real claim issue to be determined.

Rule 12(b)(1) provides that lack of subject matter jurisdiction is a basis to dismiss a case, and Rule 12(h)(1) requires dismissal "if the court determines at any time that it lacks subject-matter jurisdiction."

"Because standing is jurisdictional, a dismissal for lack of standing has the same effect as a dismissal for lack of subject matter jurisdiction under Rule 12(b)(1)." *Stalley ex rel. U.S. v. Orlando Reg. Healthcare Sys., Inc.*, 524 F.3d 1229, 1232 (11th Cir. 2008) (quoting *Cone Corp. v. Fla. Dep't of Transp.*, 921 F.2d 1190, 1203 n.42 (11th Cir. 1991)).

In order to demonstrate standing generally, a party must meet three elements:

(1) Actual or threatened injury resulting from the conduct or action of another;

(2) An injury which can be traced to the challenged conduct or action; and

(3) The injury may be redressed by a favorable decision by the court.

*In re Cormier*, 382 B.R. 377, 410 (Bankr. W.D. Mich. 2008).

---

[1] As made applicable to this proceeding by Federal Rule of Bankruptcy Procedure 7012.

Mootness must be examined at every stage of litigation and is also a question of jurisdiction. "' [A] case is moot when the issues represented are no longer 'live' or the parties lack a legally cognizable interest in the outcome.'" *Carras v. Williams*, 807 F.2d 1286, 1289 (6th Cir. 1986) (quoting *Powell v. McCormack*, 395 U.S. 486, 496 (1969)). "Mootness is a jurisdictional issue because '[t]he jurisdiction of federal courts extends only to actual, ongoing cases or controversies.'" *In re Meridian Venture Partners, LLC,* 2013 WL 6489974, at *7 (B.A.P. 6th Cir. Dec. 11, 2013) (quoting *Ohio Citizen Action v. City of Englewood*, 671 F.3d 564, 581 (6th Cir. 2012)).

11 U.S.C. § 704 defines the duties of a chapter 7 bankruptcy trustee. Specifically, Section 704(a)(5) provides that a "trustee shall . . . if a purpose would be served, examine proofs of claims and object to the allowance of any claim that is improper." Clearly, the Trustee here has a duty to examine claims such as the claim at issue here, and, if the facts warrant, seek a determination as to satisfaction of such claim. The potential injury would be to the bankruptcy estate, rather than to the Plaintiff Trustee personally because the claims allowance process impacts potential distribution to creditors of this bankruptcy estate. This bestows the requisite standing upon the Plaintiff Trustee in this case. This is the same reason this case is not moot—Defendant Tindall asserts a secured claim is owed, while the Plaintiff Trustee asserts this secured claim has been satisfied. The Court concludes this is classic example of a live controversy in which both parties have an interest in the outcome.

WHEREFORE, IT IS HEREBY ORDERED that Defendant Michael Tindall's Motion To Dismiss Complaint (Docket No. 13) is DENIED.

**Signed on September 28, 2020**



/s/ Daniel S. Opperman
_____
Daniel S. Opperman
United States Bankruptcy Judge