UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION – FLINT

IN RE:

    CHRISTOPHER D. WYMAN,                            Case No. 12-32264
                                                                                  Chapter 7 Proceeding
                Debtor.                                           Hon. Daniel S. Opperman
_____/
SAMUEL D. SWEET, Chapter 7 Trustee,

        Plaintiff,

v.                                                                                                 Adv. Proc. No. 20-3012

BARBARA DUGGAN and
MICHAEL TINDALL,

        Defendants.
_____/

## OPINION AND ORDER DENYING DEFENDANT MICHAEL TINDALL'S COMBINED MOTION AND BRIEF FOR JUDGMENT ON THE PLEADINGS (DOCKET NO. 16)

       This Adversary Proceeding involves resolution of the status of the secured claim of Barbara Duggan. This secured claim arose from a judgment lien held by Barbara Duggan. As of January 16, 2020, and as subsequently acknowledged by Barbara Duggan in a pleading filed the same day, Michael Tindall is the assignee of all of Ms. Duggan's interest in these proceedings, including the subject secured claim. As determined by this Court in its January 9, 2020 Opinion and Order, this Adversary Proceeding was opened to decide the Plaintiff Trustee's Motion to Declare Secured Claim Satisfied and Lien Released filed in this case.

       In the instant Motion before the Court, Defendant Tindall asserts that judgment on the pleadings, or summary judgment in his favor is appropriate. This Motion is based upon two separate bases. The first is that the statute of frauds requires a writing signed off by the party

1

charged with the agreement that the judgment lien interest in real property was satisfied. Defendant asserts that the required writing does not exist. Second, Defendant Tindall argues that promissory estoppel prohibits the Plaintiff Trustee from asserting this lien has been satisfied because promissory estoppel may not be used to create, terminate or modify an interest in real property. Based upon these two legal bases, no genuine issue of material fact exists, entitling him to summary judgment under Federal Rules of Civil Procedure 12(c) and 56. [1]

Plaintiff Trustee responds, disputing that the statute of frauds applies to the discharge or satisfaction of a judgment lien. For the first time at oral argument, Plaintiff Trustee argued that the judgment lien at issue was discharged under M.C.L.A. § 2809(6)(a). The Trustee argues that, even if the statute of frauds does apply and that § 2809(6)(a) is inapplicable, the emails printed out and attached his response constitute the writing required to satisfy the statute of frauds. Plaintiff Trustee asserts that these emails demonstrate the parties involved agreed the secured claim at issue had been satisfied.

Rule 56(c) provides that summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *See Choate v. Landis Tool Co.*, 486 F. Supp. 774 (E.D. Mich. 1980). The moving party bears the burden of showing the absence of a genuine issue of material fact as to an essential element of the non-moving party's case. *Street v. J.C. Bradford & Co.*, 886 F.2d 1472 (6th Cir. 1989) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986)). The burden then shifts to the nonmoving party once the moving party has met its burden, and the nonmoving party must

---

[1] As made applicable to this proceeding by Federal Rules of Bankruptcy Procedure 7012 and 7056.

then establish that a genuine issue of material fact does indeed exist. *Janda v. Riley-Meggs Indus., Inc.*, 764 F. Supp 1223, 1227 (E.D. Mich. 1991).

Pursuant to M.C.L.A. § 566.132, a writing is required for certain agreements, contracts and promises:

**566.132. Agreements, contracts, or promises for which signed writing required; enforcement**

(1) In the following cases an agreement, contract, or promise is void unless that agreement, contract, or promise, or a note or memorandum of the agreement, contract, or promise is in writing and signed with an authorized signature by the party to be charged with the agreement, contract, or promise:

(a) An agreement that, by its terms, is not to be performed within 1 year from the making of the agreement.

(b) A special promise to answer for the debt, default, or misdoings of another person.

(c) An agreement, promise, or undertaking made upon consideration of marriage, except mutual promises to marry.

(d) A special promise made by a personal representative to answer damages out of his or her own estate.

(e) An agreement, promise, or contract to pay a commission for or upon the sale of an interest in real estate.

(f) An assignment of things in action, whether intended as a transfer for sale, for security, or otherwise.

(g) An agreement, promise, contract, or warranty of cure relating to medical care or treatment. This subdivision does not affect the right to sue for malpractice or negligence.

(2) An action shall not be brought against a financial institution to enforce any of the following promises or commitments of the financial institution unless the promise or commitment is in writing and signed with an authorized signature by the financial institution:

(a) A promise or commitment to lend money, grant or extend credit, or make any other financial accommodation.

(b) A promise or commitment to renew, extend, modify, or permit a delay in repayment or performance of a loan, extension of credit, or other financial accommodation.

(c) A promise or commitment to waive a provision of a loan, extension of credit, or other financial accommodation.

(3) As used in subsection (2), "financial institution" means a state or national chartered bank, a state or federal chartered savings bank or savings and loan association, a state or federal chartered credit union, a person licensed or registered under the mortgage brokers, lenders, and

servicers licensing act, Act No. 173 of the Public Acts of 1987, being sections 445.1651 to 445.1883 of the Michigan Compiled Laws, or Act No. 125 of the Public Acts of 1981, being sections 493.51 to 493.81 of the Michigan Compiled Laws, or an affiliate or subsidiary thereof.

Generally speaking, "'an intent differing from the plain terms of the contract cannot be read into it'". *Hank v. Lamb*, 310 Mich. 81, 88, 16 N.W.2d 671 (1944) (quoting *Edison Sault Electric Co. v. Manistique Pulp & Paper Co.*, 278 Mich. 592, 596, 270 N.W. 799 (1937)).

Verbal statements collateral to and preceding a written agreement, are void under the statute of frauds and are "not to be considered as any part of the agreement of the parties." *Wiseman v. United Dairies, Inc.*, 324 Mich. 473, 490, 37 N.W.2d 174 (1949) (holding that a verbal undertaking of liability by one entity on behalf of another was superseded by the written agreement and void under the statute of frauds).

As a potentially dispositive matter, the Court first addresses the Plaintiff Trustee's argument that that the instant judgment lien was discharged under M.C.L.A. § 600.2809(6). The Court concludes that Plaintiff Trustee is incorrect. This statute provides that a judgment lien is extinguished when "1 or more" of certain documents "are recorded" in the same register of deeds office in which the judgment lien is recorded. These documents include:

(a) A discharge of judgment lien signed by the judgment creditor or the judgment creditor's attorney.

(b) A certified copy of a satisfaction of judgment that has been filed with the court that issued the judgment.

(c) A certified copy of a court order that discharges the judgment lien.

M.C.L.A. § 600.2809(6). This statute has not been complied with because a satisfaction of the judgment lien or order discharging the judgment lien in recordable form does not currently exist

4

and thus has not been recorded.  Such a document is precisely what the Plaintiff Trustee is seeking by way of this Adversary Proceeding.

Next, the Court turns to the statute of frauds issue.  The parties dispute that the statute of frauds applies.  For purposes of deciding the instant Motion, the Court concludes that the statute of frauds applies as an agreement of satisfaction of a secured claim would be considered an "agreement . . . upon the sale of an interest in real estate" under M.C.L.A. § 566.132(1)(e).  The question then becomes whether the agreement here was in writing and signed so as to satisfy the statute of frauds.  The Court has reviewed the emails concludes that they do constitute such a writing.  Specifically, the email from Barbara Duggan's attorney, Elie Bejjani, to the Trustee dated October 9, 2019 is a writing signed by Mr. Bejjani.  This writing states:  "You satisfied the approved secured claim, and the statutory lien was discharged."  Accordingly, the Court concludes that the statute of frauds does not prevent the Trustee from asserting the secured claim of Ms. Duggan, and by assignment, Mr. Tindall, has been satisfied.  Thus, summary judgment is not appropriate as to Count II of Plaintiff Trustee's Amended Complaint, entitled "Contract."

This brings the Court to Defendant Tindall's argument concerning promissory estoppel, which is Count I of Plaintiff Trustee's Amended Complaint.  Defendant Tindall asserts that promissory estoppel may not be used to create, terminate, or modify an interest in real property that would otherwise be barred by the statute of frauds.  This is true, but here, the Court concludes that the statute of frauds has been satisfied by a sufficient writing.  Thus, the doctrine of promissory estoppel may be applied if the facts warrant such. Thus, summary judgment as to this Count are not appropriate as well.

5

20-03012-dof    Doc 43    Filed 09/30/20    Entered 09/30/20 15:14:52    Page 5 of 6

WHEREFORE, IT IS HEREBY ORDERED that Defendant Michael Tindall's Motion for Judgment on the Pleadings (Docket No. 16) is DENIED.

**Not for Publication**

**Signed on September 30, 2020**



/s/ Daniel S. Opperman
Daniel S. Opperman
United States Bankruptcy Judge