UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION – FLINT

IN RE:

    CHRISTOPHER D. WYMAN,                              Case No. 12-32264
                                                               Chapter 7 Proceeding
               Debtor.                                  Hon. Daniel S. Opperman
_____/
SAMUEL D. SWEET, Chapter 7 Trustee,

        Plaintiff,

v.                                                                            Adv. Proc. No. 20-3012

BARBARA DUGGAN and
MICHAEL TINDALL,

        Defendants.
_____/

## OPINION AND ORDER DENYING PLAINTFF TRUSTEE'S MOTION AND BRIEF TO DISMISS DEFENDANT'S COUNTER CLAIMS (DOCKET NO. 24)

This Adversary Proceeding involves resolution of the status of the secured claim of Barbara Duggan. This secured claim arose from a judgment lien held by Barbara Duggan. As of January 16, 2020, and as subsequently acknowledged by Barbara Duggan in a pleading filed the same day, Michael Tindall is the assignee of all of Ms. Duggan's interest in these proceedings, including the subject secured claim. As determined by this Court in its January 9, 2020 Opinion and Order, this Adversary Proceeding was opened to decide the Plaintiff Trustee's Motion to Declare Secured Claim Satisfied and Lien Released, filed in this case.

This is the Plaintiff Trustee's Motion To Dismiss the Counterclaim of Defendant Tindall. In the Counterclaim, Defendant Tindall asserts:

1

    a. The Plaintiff Trustee has forfeited all compensation in this case due to breach of his fiduciary duty, fraud, misconduct or gross neglect under the "faithless servant rule."

    b. The Plaintiff Trustee has breached his fiduciary duty and committed waste and embezzlement, entitling Defendant Tindall to treble damages under M.C.L.A. § 600.2919.

    c. The Plaintiff Trustee has breached his fiduciary duties of loyalty, fidelity and has engaged in self-dealing.

    d. The Plaintiff Trustee has breached his fiduciary duty by intentional nondisclosure of a material fact and asserting a false pretense.

The instant Motion is based upon Federal Rule of Civil Procedure 12(b)(6),[1] asserting that Defendant Tindall's Counterclaim is "simply an attempt to extort funds from the bankruptcy estate or the Trustee individually," and are frivolous as not well grounded in fact or law. The Plaintiff Trustee first argues that there are no specific facts alleged in the Counterclaim to support these four areas. Further, a trustee's application for fees he is otherwise statutorily entitled does not amount to self-dealing. Additionally, all actions taken in this case were within the scope of his duties as case trustee, entitling him to quasi-judicial immunity. Plaintiff Trustee asserts that Defendant Tindall has not stated a claim as to any breach of fiduciary duty because he owes no duty to an individual creditor, such as Defendant Tindall. Further, because the secured claim at issue has been paid in full, Defendant Tindall has not suffered any damages, which is another required element of a breach of fiduciary duty claim.

Defendant Tindall responds that he has stated claims upon which relief can granted for purposes of Rule 12(b)(6). As to the quasi-judicial immunity, Defendant Tindall asserts that

---

[1] Made applicable to this proceeding by Federal Rule of Bankruptcy Procedure 7012.

such is not applicable to Plaintiff Trustee because the asserted actions taken were outside the scope of his authorit`y as a Chapter 7 trustee.

Under Rule 12(b)(6), a party may assert by motion the "failure to state a claim upon which relief can be granted." The United States Supreme Court has held that in order to survive a Rule 12(b)(6) motion to dismiss, the complaint must allege "enough facts to state a claim that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Factual allegations must be enough to raise a right to relief above the speculative level," assuming that all of the complaint's allegations are true. *Id.* at 555 (internal quotations and citations omitted).

In *Ashcroft v. Iqbal*, 556 U.S. 662, 684 (2009), the Supreme Court confirmed that the *Twombly* standard applies in all federal civil actions and not just in antitrust disputes as was the case in *Twombly*. The Supreme Court also emphasized that the assumption that all of the allegations are true does not apply to legal conclusions: "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 678 (citing *Twombly*, 550 U.S. at 555). Moreover, the Supreme Court noted that "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

In sum, while the plausibility standard first set forth by *Twombly* does not require "'detailed factual allegations'" or a showing of probability, *id.* at 678 (quoting *Twombly*, 550 U.S. at 555), "'the complaint must contain either direct or inferential allegations respecting all material elements to sustain a recovery under some viable legal theory,'" *Digeronimo Aggregates, LLC v. Zemla*, 763 F.3d 506, 509 (6th Cir. 2014) (quoting *Handy-Clay v. City of Memphis*, 695 F.3d 531, 538 (6th Cir. 2012)). When deciding a Rule 12(b)(6) motion to dismiss,

the Court "must 'construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff.'" *Wesley v. Campbell*, 779 F.3d 421, 428 (6th Cir. 2015) (quoting *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007)). The defendant has the burden of showing that the plaintiff failed to state a plausible claim for relief. *Id.*

Accepting all allegations of Defendant Tindall in his Counterclaim as true, the Court concludes that Defendant Tindall has stated a claim upon which relief can be granted. Under 11 U.S.C. § 704, the Plaintiff Trustee had and has certain duties to preserve property of the bankruptcy estate. A bankruptcy trustee can be liable in his official capacity or individually for breach of fiduciary duty, specifically, for breach of the duty of loyalty. *See Mosser v. Darrow,* 341 U.S. 267 (1951). A bankruptcy trustee may be liable in his official capacity for acts of negligence, and personally liable for willful and deliberate violations of his fiduciary duties. *Ford Motor Co. v. Weaver*, 680 F.2d 451, 461-62 (6th Cir. 1982). The applicable standard is the exercise of due care, diligence and skill both as to affirmative and negative duties," which is "that of 'an ordinarily prudent man in the conduct of his private affairs under similar circumstances and with a similar object in view.'" *Id.* at 461. The Counterclaim alleges the existence of these duties, a breach of such and damages resulting. Thus, Defendant Tindall's Counterclaim has stated claims for breach of fiduciary duty.[2]

---

[2] The Court notes that while Defendant Tindall may have stated a plausible claim under Rule 12(b)(6), the Plaintiff Trustee's actions in executing the various orders of this Court including the March 13, 2019 Order Granting the sale of the property, transferring the subject judgment lien to the proceeds of that sale, would provide the Trustee with "derived judicial immunity," which would provide an arguable basis for summary judgment for the Plaintiff Trustee as to the Counterclaim. *See LeBlanc v. Salem (Mailman Steam Carpet Cleaning Corp.),* 196 F.3d 1, 8-9 (1st Cir. 1999).

WHEREFORE, IT IS HEREBY ORDERED that Plaintiff Trustee's Motion To Dismiss Defendant Tindall's Counterclaim is DENIED.

**Not for Publication**

**Signed on September 30, 2020**



/s/ Daniel S. Opperman

Daniel S. Opperman
United States Bankruptcy Judge