# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

IN RE:
      **CHRISTOPHER D. WYMAN**
               *Debtor(s),*

                              **ADV. NO: 20-03012**
_____\
**SAMUEL D. SWEET, Individually and as Trustee,**
        **Plaintiff, Counter Defendant**

                             **CASE NO. 12-32264**
                             **CHAPTER 7**
v.

**MICHAEL E. TINDALL, Individually and as 100% Assignee of Barbara Duggan**

        **Defendant, Counter Plaintiff.**
_____\

## COUNTER PLAINTIFF'S RESPONSE TO COUNTER DEFENDANT'S DEFECTIVE MOTION, DE 46 FOR SUMMARY JUDGMENT

    MICHAEL E. TINDALL, (hereinafter "Claimant"), Assignee of all [100%] claims of BARBARA DUGGAN ($32,240.34), and a party in interest holding a secured attorney lien ($34,100.00/$21,869.33) against the proceeds of the Realty (hereinafter collectively "allowed secured claim"), responds to DE 46 dated and filed October 9,2020 as follows:

## BACKGROUND OF THIS MOTION

    Trustee Sweet initiated this Adversary Proceeding by Amended Complaint dated February 7, 2020. DE 10, Exhibit 1. Claimant filed his Answer, Affirmative Defenses and Counter Complaint February 25, 2020, DE 15, Exhibit 2. Sweet denied all Affirmative Defenses March 16, 2020, DE 25, Exhibit 3. Sweet answered the Counter Complaint March 16, 2020,

DE 26, Exhibit 4. Sweet also moved to dismiss the Counter Complaint under *FRCP 12(b)(6)* March 16, 2020, DE 24.

On September 30, 2020, this Court denied Sweet's *FRCP 12(b)(6)* motion by Opinion and Order, DE 44. However, the Court included in DE 44 the following suggestion/direction to Mr. Sweet:

> "The Court notes that while Defendant Tindall may have stated a plausible claim under Rule 12(b)(6), the Plaintiff Trustee's actions in executing the various orders of this Court including the March 13, 2019 Order Granting the sale of the property, transferring the subject judgment lien to the proceeds of that sale, **would provide the Trustee with "derived judicial immunity,"** which would **provide an arguable basis for summary judgment for the Plaintiff Trustee as to the Counterclaim**. *See LeBlanc v. Salem (Mailman Steam Carpet Cleaning Corp.),* 196 F.3d 1, 8-9 (1st Cir. 1999)" DE 44, n2, P4 of 5.

Nine (9) days later, Sweet obediently filed this Motion. Sweet's Motion does not identify the specific claim(s) to which his various arguments are addressed. No Affidavit or other supporting material was filed in support of the motion, as required by FRCP 56(c), other than yet another [ 5th Copy] of Claimant's Disbarment documentation and a copy of the original Real Estate Sales Agreement, between Sweet and Diana Gentry, dated May 17, 2018, that expired – by its express terms – September 17, 2017 [sic 2018]. No explanation is given as to the purpose of attaching the Agreement, or, what argument or representation it is intended to support.[1]

According to Mr. Sweet, "**the facts of this case are not disputed**", DE 45, P 1 of 11; P3 of 11. This despite the numerous denials contained in Claimant's Answer and Affirmative Defenses to his Complaint, Exhibit 2;

---

[1] A copy of a Quit Claim Deed appears to be included as part of the Agreement. Again, however, No explanation is given as to the purpose of including the Deed, or, what argument or representation it is intended to support.

and, his own denials and deemed denials contained in his respective Answers. Exhibits 3 and 4. We are simply told that Sweet "**believes the counter claims are simply an attempt to extort funds from the bankruptcy estate or the Trustee individually**", DE 45, P2 of 11; and, that "**the counter claims are not well grounded in fact or law**" DE 45, P 3 of 11. Again, nothing is referenced or provided to support these factual claims.[2]

For the reasons set forth below, Sweet's motion does not comply with *FRCP 56*, is not properly supported, and, does not satisfy Sweet's initial burden, under *FRCP 56*. Therefore, Sweet's motion does not require a response on the merits by Claimant.

## I.  FRCP 56 STANDARDS:

Motions for summary judgment are governed by *FRCP 56,* made applicable to adversary proceedings through *Fed.R.Bankr.P. 7056*. Summary judgment is appropriate where the movant shows: (a) that there is no genuine dispute as to any material fact; **and**, (b) the movant is entitled to judgment as a matter of law.  **Initially, the moving party bears the burden**

---

[2] Claimant has not compared DE 45 to DE 24 word for word. However, all Sweet's legal arguments appear to be the same [with the addition of the assertion of "derived judicial immunity" suggested by this Court], as set forth above; and, the language – including the reference to "dismissal", DE 45, P 3 of 11- appears substantially identical. It would appear that Mr. Sweet simply re-cycled the same *FRCP 12(b)(6)* MOTION TO DISMISS this Court DENIED, as a summary judgment motion, to comply with this Court's direction.

**of demonstrating the absence of a genuine issue of material fact**.[3]  The

movant meets this **burden** by pointing to an absence of evidence supporting

an essential element as to which the non-moving party will bear the **burden**

of proof at trial.[4] The facts and all reasonable inferences drawn therefrom

must be viewed in the light most favorable to the non-moving party.[5]

> *FRCP 56* provides:
>
> "(a) A party may move for summary judgment, **identifying each claim … or the part of each claim …  on which summary judgment is sought**.
>
> \*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
>
> (c) Procedures.
>
>> (1) Supporting Factual Positions. A party **asserting that a fact cannot be** … genuinely **disputed <u>must</u> support the assertion by:**
>>
>>> (A) **citing to particular parts of materials in the record** … **<u>affidavits</u> or <u>declarations</u>**… or
>>>
>>> (B) **showing that <u>the materials cited do not establish the … presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact</u>**."

---

[3] *Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).*

[4] *Id. at 325.*

[5] *P.N. v. Clementon Bd. of Educ., 442 F.3d 848, 852 (3d Cir. 2006).*

Only if the moving party meets this initial **burden**, does the **burden** then shift to the non-moving party to present specific facts showing that there is a genuine issue for trial.[6]

Sweet's motion does not identify the claim or part of the claim to which any of his various arguments are directed. Sweet has not supported the motion with ANY affidavits or materials whatsoever to support an argument that no genuine dispute of fact exists. Indeed, Sweet's unsupported argument that "**the facts of this case are not disputed**" is directly contradicted by his own various pleadings. Exhibits 3 and 4. Sweet's motion requires no substantive response by Claimant because he has not met his initial burden.

## CONCLUSION:

For the reasons set forth above, Sweet's motion does not meet even minimum standards necessary to satisfy a movant's initial burden under *FRCP 56.* For that reason, no substantive response on the merits is required [or even possible] from Claimant and the motion must be denied. If Sweet desires to comply with this Court's direction and place the legal issue of "**derived judicial immunity**" on the record in this Court to obtain a ruling

---

[6] *See Celotex, 477 U.S. at 324, 106 S.Ct. 2548; Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986); Fed. R. Civ. P. 56(e)(2).*

contrary to *In Re McKenzie, 716 F.3d 404 (2013)*, he must first resolve the

very factual disputes he – himself – created with his own pleadings.[7]

Respectfully Submitted,

_____/S/_____

MICHAEL E. TINDALL

Dated: 10/9/20            18530 MACK AVE., STE 430

DETROIT, MI   48236

(248)250-8819

**Direct Email: [met@comcast.net](mailto:met@comcast.net)**

---

[7] Mr. Sweet has exhausted his opportunity to dispose of the Counter Complaint on purely legal grounds. *FRCP 12(b)* (**A motion asserting any of these defenses <u>must be made before pleading</u> if a responsive pleading is allowed.)** Additionally, immunity [of any kind] is an affirmative defense and can be waived. Generally, it is the duty of the defendant **to plead affirmative defenses**, and the court cannot raise such defenses *sua sponte. F.R.Civ.P. 8(c)(1)* (**"(c) Affirmative Defenses. *In General.* In responding to a pleading, a party must affirmatively state <u>any avoidance</u> or affirmative defense …**)*. Sweet also bears the burden of proof on any such defense. *United States v. Dominguez, 359 F.3d 839, 842 (6th Cir.2004); Orton v. Johnny's Lunch Franchise LLC, 668 F.3d 843, 848-49 (6th Cir 2012)(citing Vance v. Terrazas, 444 U.S. 252, 270 n. 11, 100 S.Ct. 540, 62 L.Ed.2d 461 (1980)).* Sweet pled no Affirmative Defenses, particularly immunity [of any kind] and has now waived the defense. Exhibit 4.

# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION - FLINT

In re:                                          Chapter 7

Christopher D. Wyman,                           Case No. 12-32264-dof

        Debtor.                       Hon. Daniel S. Opperman

_____/

Samuel D. Sweet, Chapter 7 Trustee,

        Plaintiff,                    Adv. Proc. No. 20-3012

v.

Barbara Duggan and
Michael Tindall,

        Defendants.

_____/

## AMENDED COMPLAINT TO DETERMINE CLAIM 1 OF BARBARA DUGGAN AND MICHAEL TINDALL TO BE SATISFIED AND FOR A DETERMINATION OF THE VALIDITY, PRIORITY, OR EXTENT OF A LIEN IN PROPERTY

Samuel D. Sweet, Chapter 7 Trustee of Debtor Christopher D. Wyman, for his Complaint to determine claim 1 of Barbara Duggan and Michael Tindall to be satisfied, states as follows:

## JURISDICTION, VENUE, AND PARTIES

1.    This court has jurisdiction over this matter under 28 U.S.C. §§ 157 and 1334.

2.      This is a core proceeding under 28 U.S.C. § 157(b)(2)(A), (B), and (K).

3.      This is an adversary proceeding under Fed. R. Bankr. P. 7001.

4.      Venue is proper under 28 U.S.C. § 1409.

5.      Debtor filed for relief under Chapter 7 of Title 11 of the United States Code on May 24, 2012 ("Petition Date") in the United States Bankruptcy Court for the Eastern District of Michigan – Flint ("Bankruptcy Court").

6.      Samuel D. Sweet was appointed the duly qualified and acting Chapter 7 trustee in this matter on August 26, 2014.  [Docket No. 149].

7.      Defendants are individuals which reside in Michigan.

8.      The Trustee consents to entry of a final order or judgment by the Bankruptcy Court.

## FACTS

9.      The Trustee incorporates by reference the allegations contained in the previous paragraphs of the Complaint.

10.     On 11/24/2014 Defendant herein filed a claim titled Claim 1 in the full amount of $28,398.53.

2

11.    Claim 1 of Defendant was asserted to be a secured claim based upon a Judgment Lien relative to the real property located at 1011 Jones Road, Howell, Michigan.

12.    In addition to the judgment lien both Michael Tindall and Barbara Duggan filed lis pendens or notice of claim of interest with respect to the Jones Road property in the Livingston County Register of Deeds.

13.    Subsequent to the aforementioned filing of lis pendens the Trustee, Samuel D. Sweet, initiated a sale of the real property pursuant to this Courts order and attended a closing on said property.

14.    Prior to the closing the Trustee requested a payoff from Barbara Duggan and Michael Tindall.  A payoff amount was provided by their counsel, Elie Bejjani, in the amount of $32,288.91 with specific wire instructions for said funds to be forwarded to Mr. Bejjani's Trust Account.

15.    At the closing, the funds were in fact wired to Mr. Bejjani and the Trustee believed that this satisfied said claim in full.

16.    Unfortunately Mr. Tindall and Ms. Duggan have asserted additional funds owed relative to this claim despite the fact that no assertion was made at the time of, or prior to the time the payoff was effectuated.

3

## COUNT I - PROMISSORY ESTOPPEL

17.    The Trustee incorporates by reference the allegations contained in the previous paragraphs of the Complaint.

18.    The Trustee claims that Barbara Duggan/Michael Tindall are bound by Promissory Estoppel and are estopped from asserting any further funds are owed.

19.    Pursuant to Crown Tech. Park v. D&N Bank FSB, 242 Mich App 538 (Mich Ct. App 1999) the elements of Promissory Estoppel are as follows:

a.  there was a promise;

b.   the promisor reasonably should have expected the promise to cause the promisee to act in a definite and substantial manner;

c.   the promisee did in fact rely on the promise by acting in accordance with its terms; and

d.  the promise must be enforceable to avoid injustice.

20.    The payoff request from the Defendant is a promise.  The Defendant provided a full payoff claiming all funds due.  Said payoff constitutes a promise of the amount due Defendants.

21.    Defendants should have realized that the payoff request would

4

cause the Trustee to pay the amount requested.  The Trustee believed that no further funds were due.

22.    Trustee did pay the requested funds to Defendants in conformity with the requested payoff.

23.    It is not proper for a creditor to provide a payoff request and to later claim additional funds are due. Without an enforcement of the promise by Defendants no Debtor can rely upon a payoff request provided by a creditor.

24.    Upon requesting the payoff by the Defendants and the Trustee paying said payoff amount, the Trustee believes that said Defendants are in fact bound by their asserted payoff and as a result can claim no further funds are owed.

## COUNT II - CONTRACT

25.    The Trustee incorporates by reference the allegations contained in the previous paragraphs of the Complaint.

26.    The Trustee invited an offer from Defendants to provide a payoff request for Claim 1.

27.    The Defendants provided an offer in the form of a payoff request.

28.     The Trustee accepted said offer and authorized the Title Company to wire said funds requested.

29.     The parties' agreement was supported by consideration.

30.     The payoff by the Trustee of Defendants claim constitutes a completed contract resolving said claim and deeming it paid in full.

WHEREFORE, the Trustee respectfully requests that the Court enter judgment in favor of the Trustee deeming this claim to be satisfied in full.

Respectfully submitted,


Dated:  February 7, 2020          By:  /s/ Samuel D. Sweet_____
                                  Samuel D. Sweet (P48668)
                                  PO Box 757
                                  Ortonville, MI 48462
                                  Telephone: (248) 236-0985
                                  Email: trusteesweet@hotmail.com

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IN RE:
    **CHRISTOPHER D. WYMAN**
        *Debtor(s),*

ADV. NO: 20-03012

_____\\

**SAMUEL D. SWEET, Trustee,**
        **Plaintiff,**

CASE NO. 12-32264
CHAPTER 7

**v.**

**MICHAEL E. TINDALL, Individually and as 100% Assignee of
Barbara Duggan**

        **Defendant.**

_____\\

## DEFENDANT'S ANSWER, AFFIRMATIVE DEFENSES, COUNTER COMPLAINT AND JURY DEMAND IN RESPONSE TO TRUSTEE SWEET'S FIRST AMENDED COMPLAINT

MICHAEL E. TINDALL, (hereinafter "Claimant"), Assignee of all [100%] claims of BARBARA DUGGAN ($32,240.34), and a party in interest holding a secured attorney lien ($34,100.00/$21,869.33) against the proceeds of the Realty (hereinafter collectively "allowed secured claim"), states:

## ANSWER

1. Admit.

2. Denied.

3. Paragraph 3 recites an allegation of law not requiring answer.

4. Admit.

5. Admit.

6. Admit.

7. Admit.

## FACTS

8. Paragraph 8 recites an allegation of law not requiring answer.

9. Claimant neither admits nor denies the allegations of paragraph 9 as not requiring answer.

10. Admit.

11. Admit.

12. Admit.

13. Admit.

14. Denied. In further answer, Claimant affirmatively states that no such request was made to MICHAEL E. TINDALL and Mr. Benji was not his counsel.

15. Claimant admits the wire transfer of funds described, but denies said wire satisfied the claim, denies Trustee Sweet's allegation of "belief", and, affirmatively states any such belief was unreasonable.

16. Denied.

## COUNT I-PROMISSORY ESTOPPEL

17. Claimant neither admits nor denies the allegations of paragraph 17 as not requiring answer.

18. Denied.

19. Paragraph 19 is an allegation of law not requiring answer.

20. Denied.

21. Denied.

22. Claimant admits partial payment of principal and interest only as to claim No. 1.

23. Denied.

24. Denied.

## COUNT II -CONTRACT

25. Claimant neither admits nor denies the allegations of paragraph 25 as not requiring answer.

26. Denied.

27. Denied.

28. Denied.

29. Denied.

30. Denied.

Wherefore, Defendant respectfully requests Trustee Sweet's Amended Complaint be DISMISSED on the pleadings, under *FRCP 12(c),* and that Defendant be awarded costs and actual attorney fees wrongfully incurred in defending this action under *28 USC 1927.*

## AFFIRMATIVE DEFENSES

Now comes Defendant and for his Affirmative Defenses to Trustee Sweet's Amended Complaint states as follows:

1. Defendant pleads the Affirmative Defense of Statute of Frauds.

2. Defendant pleads the Affirmative Defense of False Pretense.

3. Defendant pleads the Affirmative Defense of no express or implied "promise".

4. Defendant pleads the Affirmative Defense of lack of "reliance".

5. Defendant pleads the Affirmative Defense that any claimed "reliance" was unreasonable.

6. Defendant pleads the Affirmative Defense of waiver, by Trustee Sweet.

7. Defendant pleads the Affirmative Defense of estoppel, by Trustee Sweet.

8. Defendant pleads the Affirmative Defense of "judicial estoppel," by Trustee Sweet.

9. Defendant pleads the Affirmative Defense of Intentional Breach of Fiduciary Duty, and Gross Negligence, by Trustee Sweet both as Trustee, and, as attorney for Trustee.

10. Trustee Sweet's Amended Complaint fails to state a cause of action and Defendant is entitled to Judgment on the pleadings under *FRCP 12(c)*.

11. Trustee Sweet's Amended Complaint is knowingly and intentionally frivolous and was intentionally filed, in violation of *28 USC 1927,* to wrongfully multiply proceedings unreasonably and vexatiously.

## COUNTER COMPLAINT

Now comes Defendant and for his Counter Complaint against Trustee Sweet, individually, states:

1. On August 26, 2014, Samuel Sweet succeeded Michael Mason, as Trustee, in Case No. 12-32264, In re CHRISTOPHER D. WYMAN.

2. At the time of his appointment, the Trustee was represented by; (a) General Counsel, R. GLUSAC; and. (b) Special Counsel, Claimant M. E. TINDALL.

3. On November 17, 2014, by defective "AFFIDAVIT OF DISINTEREST", Sweet purported to be "appointed" attorney for Trustee. Case No. 12-32264, DE 154.

    A. Sweet did not comply with 11 USC 327 governing appointment of counsel for a bankrupt estate;

    B. Sweet did not comply with Fed. R. Bank. 2014 governing mandatory requirements for appointment of counsel for a bankrupt estate;

C. Sweet did not file the mandatory APPLICATION to employ counsel for a bankrupt estate, and, did not state a reason for, necessity for, or, any benefit to the estate from the appointment, as required by law.

D. As set forth in Exhibit 1, Sweet did not comply with the procedure established in the case for appointment of counsel for the bankrupt estate.

E. Sweet did not give notice or opportunity to be heard to any interested party(s) to the bankrupt estate.

F. Sweet did not serve the US Trustee with notice of the proposed appointment, nor did the US Trustee file consent to the appointment of Sweet.

G. Counter Plaintiff is aware that the issue of the validity of Sweet's appointment, as attorney for Trustee, has previously been decided by this Court in Case No. 12-32264. Although not binding in this separate adversary proceeding, Counter Plaintiff nevertheless asserts, pursuant to Fed. R. Bank. 9011(b)(2), that the previous decision by this Court was wrongly decided and should be modified by reversal and the extension and establishment of new law.

4. From November 17, 2014 to and through October 30, 2017, Sweet failed to appear – as attorney for the estate- in any proceeding or as to any issue presented to the Court.

5. Notwithstanding the defects in his appointment, as of November 17, 2014, Sweet, as attorney for the estate, became an agent of the estate and all third party creditors of the estate and assumed the fiduciary duties of loyalty, fidelity, undivided allegiance, good faith and fair

dealing, care, skill, diligence and full disclosure to all creditors, secured and unsecured, both collectively and individually.

6. On May 17, 2018, acting as Trustee, and, as attorney for Trustee, Sweet entered into a written contract, See, Exhibit 2, Case No. 12-32264, DE 176, P 10 of 19, with DIANA GENTRY, an opposing party in litigation whose interests were adverse to the bankrupt estate and its creditors, to take the following action(s) prejudicial and detrimental to the best interests of the secured and unsecured creditors of the estate to whom Sweet owed fiduciary duties in his capacity as Trustee; and, separately in his capacity as attorney for Trustee:

   A. To dismiss valid claims of fraudulent conveyance, preference, fraud and objection and revocation of discharge against GENTRY, her related entities, Debtor, and, related third parties, without recovering assets or profits for the benefit of the estate or its unsecured creditors;

   B. To "remove" the allowed secured lien(s) of Claimant;

   C. To sell the primary asset of the estate, the Realty, for inadequate consideration and without any attempt to market, advertise or obtain a fair and adequate price/value for the property;

   D. To convey/transfer to Gentry certain fraudulently transferred commercial construction equipment valued at a minimum of $50,000.00, previously recovered by special counsel in June 2014, for the benefit of the bankrupt estate and its unsecured creditors, for no consideration.

7. Sweet's agreement and his actions pursuant thereto violated his fiduciary duties, as Trustee, to Claimant and to all unsecured creditors of the bankrupt estate.

8. Sweet's agreement and his actions pursuant thereto violated his fiduciary duties, as attorney for Trustee, to Claimant and to all unsecured creditors of the bankrupt estate.

9. Sweet, both as Trustee and as attorney for Trustee, failed to disclose and actively concealed, from all creditors of the bankrupt estate and from the US Trustee, relevant and material facts and information necessary to reveal both the mismanagement and breach of fiduciary duties inherent in the transaction with Gentry.

10. The transaction with Gentry represented prohibited self-dealing by Sweet, as Trustee; and, as attorney for Trustee.

11. On January 24, 2019, Trustee Sweet belatedly objected to allowed secured claim No. 1, including post-petition attorney fees, secured by the Realty, Case No 12-32264, DE 198, to carry out his illegal agreement with Gentry.

12. On March 13, 2019, this Court approved Trustee Sweet's modified motion to sell the Realty, including the unvalued personal property, for the total amount of $65,000.00, and, ordered all liens transferred to the proceeds of the sale. Case No 12-32264, DE 212.

13. On March 18, 2019, Trustee filed a Complaint, in Adv. Pro. 19-03018, objecting to allowed secured claim No. 1, including post-petition attorney fees. Case No 12-32264, DE 218 to carry out the illegal agreement with Gentry.

14. On March 20, 2019, Trustee Sweet filed a Motion to Surcharge allowed secured claim No. 1, including post-petition attorney fees,

pursuant to Section 506(c), Case No 12-32264, DE 220, to carry out his illegal agreement with Gentry, and, to create excess funds, from proceeds of Claimant's secured collateral, to pay himself Trustee fees and attorney fees. At the time he filed this frivolous motion, Sweet, as Trustee and as attorney for Trustee, knew and/or had every reason to know that he had not made ANY expenditure of funds required by Section 506(c), and, could not satisfy the "benefit of the secured creditor" requirement of Section 506(c), yet failed to disclose this to Claimant and to the unsecured creditors of the estate.

15. On March 20, 2019, Trustee Sweet filed a MOTION TO SUBORDINATE TAX LIENS, Case No. 12-32264, DE 221, to subordinate state tax liens to priority administrative expenses, under Section 724 of the Code, to create excess funds, from the proceeds of Claimant's secured collateral, to pay himself Trustee Fees and attorney fees otherwise prohibited by law. At the time he filed this motion, Sweet, as Trustee and as attorney for Trustee, knew and/or had every reason to know that proceeds of secured collateral could not be used to pay administrative expenses; that his attempt to surcharge secured collateral under Section 506(c) was frivolous; and, that, in any event, Claimant's allowed secured claim was senior to the state tax liens and must be paid before any payment of fees to Sweet, as Trustee or as attorney for Trustee. Trustee Sweet failed to disclose this to Claimant or the unsecured creditors of the bankrupt estate.

16. On March 23, 2019, Trustee Sweet objected to DE 257, Notice of Presentment of Order, purporting to resolve Trustee Sweet's Motion to Surcharge pursuant to Section 506(c) [DE 220], DE 261 and DE 263. No order entered and the motion remains in active dispute.

17. On May 6, 2019, this Court entered its Order, Case No 12-32264, DE 244, subordinating real property tax liens, in the amount of $31,877.64, to administration expenses in Case No 12-32264 **"pursuant to Section 724 of the Bankruptcy Code"**. Case No 12-32264, DE 268.

18. On May 29, 2019, Trustee Sweet sold the Jones Rd. property for $65,000.00. Trustee Sweet paid $32,288.91, as principal and interest toward allowed secured claim No.1, producing a surplus of $32,316.09 in excess collateral proceeds subject to Claimant's liens. Case No 12-32264, DE 268.

19. Trustee Sweet failed to pay the balance of the allowed secured claim from secured proceeds, under *11 USC 506(b),* on May 29, 2019 due to his outstanding surcharge dispute. Case No 12-32264, DE 268. According to Trustee Sweet:

   > **"Further, Tindall claims Duggan is entitled to attorney fees under §506 of the Bankruptcy Code. Duggan had a Judgment Lien. There is no provision for attorney fees in the Judgment Lien Act."** Case No 12-32264, DE 271, No. 7, P1, 7/5/19.

20. On January 9, 2020 this Court determined the Realty was "over secured", under *11 USC 506(b),* thereby requiring payment of post-petition attorney fees from the secured proceeds of sale. Case No 12-32264, DE 316. However, to accommodate Trustee Sweet's belated claim of "**promissory estoppel**", this Court ordered Trustee Sweet to file his Amended Complaint in this adversary by February 7, 2020.

## COUNT I: DECLARATORY JUDGMENT- FORFEITURE OF COMPENSATION, FOR BREACH OF FIDUCIARY DUTY, UNDER THE FAITHLESS SERVANT RULE

21. Defendant incorporates herein, by reference, the allegations contained in paragraphs 1- 20 above.

22. Trustee Sweet, as Trustee and as attorney for Trustee, is a fiduciary to all creditors of the bankrupt estate, both secured and unsecured, and acts as the agent of the creditors.

23. An agent is a person having express or implied authority to represent or act on behalf of another person.

24. A fiduciary/agent owes duties of good faith and loyalty to those on whose behalf he acts, and, is under the duty to use care, skill and diligence, and to act solely for the benefit of the creditors.

25. A fiduciary/agent forfeits all right to compensation because of fraud, breach of fiduciary duty, misconduct or gross neglect in the performance of his duties, under the "faithless servant rule".

Wherefore, Defendant respectfully request this Court grant Judgment, in favor of Defendant and against Trustee Sweet declaring that Trustee Sweet has forfeited all compensation and all claims for compensation in this bankruptcy and all adversary cases due to his various breaches of fiduciary duty and, award Defendant costs and attorney fees wrongfully incurred.

## COUNT II: BREACH OF FIDUCIARY DUTY: WASTE

26. Defendant incorporates by reference herein the allegations contained in paragraphs 1 through 25 above.

27. Trustee Sweet is a fiduciary with the obligation, under *11 USC 704,* to protect and preserve property of the Bankrupt Estate for the benefit of creditors.

28. The Realty has been occupied solely by the Debtor since the filing of the Petition on May 24, 2012.

29. From the date of the Petition, to and through the current date, Debtor has paid noting to continue to occupy the property.

30. Trustee Mason inspected the property in July 2014, on the first occasion that access to the property could be had, and discovered the property was not being maintained and that the Debtor was causing waste to the property and devaluing its value.

31. Despite the continuing damage being caused to the property by the Debtor, Trustee Mason obtained an offer to purchase the Realty [realty only] for $82,000.00 on July 14, 2014, at least $50,000.00 more than the amount of the allowed secured lien.

32. Thereafter, in August – September 2014, Trustee Mason was succeeded by Trustee Sweet.

33. Despite actual knowledge of the continuing decline in the condition of the property, Trustee Sweet intentionally continued to let Debtor occupy the property, without compensation; intentionally took no action to protect the property from further destruction or to preserve its value; and, literally, continued to intentionally ignore the continuing damage and devaluation of the property throughout the five (5) year period 2014 through 2019.

34. Trustee Sweet sold the subject real property and a significant amount of heavy industrial construction equipment, to Gentry Sales, Inc., for $65,000.00 through private sale. Neither the equipment nor the real property has ever been listed with a broker or subjected to other forms of public bidding/auction/sale.

35. In 2017, Trustee Sweet testified, on the record in this Court, that, after inspection of the subject construction equipment, the estimated value of the equipment was $50,000.00.

36. Upon information and belief, and, based on the documented offer obtained in 2014 by Trustee Mason; and, Trustee Sweet's own testimony, the value of the real property only ($65,000 - $50,000 ) had been reduced to a mere $15,000.00 between 2014 and 2019, far less than the amount of the allowed secured lien.

37. Trustee Sweet intentionally suffered waste to the subject real property in the amount of at least $67,000 ($82,000 - $15,000).

38. Trustee Sweet and his bonding company are liable to Defendant for at least $67,000.00 for waste to the real property.

39. *MCL 600.2919* provides, in relevant part:

> "(2)(a) Any guardian … who commits or suffers any waste, during his term or estate, to the lands, tenements or hereditaments, without having a lawful license to do so, is liable for double the amount of actual damages….."

40. As part of the sale of the subject real property, Trustee Sweet conveyed to Gentry Sales industrial construction equipment, valued at $50,000.00 or more, for no consideration whatsoever. This transfer of valuable construction equipment for no consideration constitutes embezzlement by a fiduciary, breach of fiduciary duty to all creditors and conversion under *MCL 600.2919a.*

41. *MCL 600.2919a* provides, in relevant part, as follows:

> "(1) A person damaged **as a result of either** or both of the following may recover **3 times the amount of actual damages sustained, plus costs and reasonable attorney fees:**
>
> (a) Another person's stealing or embezzling property …

(2) The remedy provided by this section is **in addition to** any other right or remedy the person may have at law or otherwise."

Wherefore, Defendant respectfully requests this Court enter Judgment in favor of Defendant and against Trustee Sweet and his bonding company for breach of fiduciary duty and waste, together with statutory double damages; and, embezzlement and breach of fiduciary duty, together with treble damages, costs and attorney fees wrongfully incurred, under *MCL 600.2919a.*

## COUNT III: BREACH OF FIDUCIARY DUTIES OF LOYALTY, FIDELITY AND  AND SELF-DEALING

42. Defendant incorporates herein, by reference, the allegations contained in paragraphs 1-41 above.

43. There are certain well-defined duties and liabilities which a fiduciary/agent owes to his beneficiaries. These include the duties of good faith and loyalty. The fiduciary/agent is also under the duty to use care, skill and diligence, and to refrain from all forms of self-dealing.

44. In addition to forfeiture of all compensation, a beneficiary may recover all damages resulting necessarily, immediately and directly from a fiduciary/agent's breach of fiduciary duties.

45. By entering into a contract to act to the detriment of and against the best interests of a secured creditor holding the allowed secured claim, Trustee Sweet, as Trustee and attorney for Trustee, breached his fiduciary duty of loyalty.

46. By acting for the benefit of Gentry, at the expense of the secured creditor, Trustee Sweet, as Trustee and attorney for Trustee, breached his fiduciary duty of fidelity.

47. By conveying to Gentry valuable construction equipment owned by the bankrupt estate for no consideration, Trustee Sweet violated his fiduciary duties of loyalty and fidelity, and, committed embezzlement by a Trustee and attorney for Trustee.

48. By attempting to misappropriate secured collateral to the illegal payment of Trustee fees and Trustee attorney fees, Trustee Sweet engaged in prohibited self-dealing.

Wherefore, Defendant respectfully requests this Court grant Judgment to Defendant against Trustee Sweet and, award Defendant costs and attorney fees wrongfully incurred.

## COUNT IV: BREACH OF FIDUCIARY DUTY OF FULL DISCLOSURE BY FALSE PRETENSE

49. Defendant incorporates herein by reference the allegations contained in paragraphs 1 through 48 above.

50. A "false pretense" involves an implied misrepresentation or conduct intended to create or foster a false impression. A false pretense has been defined to include a `mute charade,' where the actor's conduct is designed to convey an impression without oral representation.

51. Usually, but not always, a false pretense is the product of multiple events, acts or representations undertaken by an actor which purposely create a contrived and misleading understanding of a transaction.

52. The failure to disclose a material fact can form the basis of either a material misrepresentation or false pretense.

53. That deception takes the form of an intentional nondisclosure of a material fact, or, an implied representation makes no difference.

54. The acts and events above described in paragraphs 6 through 19 above constitute "false pretense", for the benefit of Trustee Sweet, as Trustee and attorney for Trustee, at the expense and to the detriment of Claimant and the unsecured creditors of the bankrupt estate.

Wherefore, Defendant respectfully requests this Court grant Judgment to Defendant against Trustee Sweet and, award Defendant costs and attorney fees wrongfully incurred.

**<u>JURY DEMAND:</u>**

Defendant/Claimant demands trial by jury of all issues so triable.

Defendant/Claimant affirmatively states, in support of this jury demand, that Trustee Sweet's AMENDED COMPLAINT and Claimant's COUNTER COMPLAINT raise/assert related non-core tort claims/counter claims created and arising under Michigan law that exist and are actionable outside of bankruptcy and are not core proceedings under *28 USC 157(2)(A), (B) or (K)*. Defendant/Claimant further states he does not consent to the entry of a final order or judgment, or, the conduct of a jury trial by the Bankruptcy Court.

Respectfully Submitted)

/S/

MICHAEL E. TINDALL
18530 MACK AVE., STE 430
DETROIT, MI 48236
(248)250-8819
**Direct Email: <u>met@comcast.net</u>**

Dated: 2/25/20

**IN RE CHRISTOPHER D. WYMAN**      **CASE NO: 12-32264**

**Debtor(s)**

**ADV. NO. 20-03012**

# EXHIBIT NO:  1

*Exhibit 1*

## CASE NO. 12-32264 DOCKET ENTRIES REGARDING
## APPOINTMENT OF COUNSEL FOR TRUSTEE

05/30/2012  18 (2 pgs)  Application to Employ Bealde Smith PLC as Counsel Filed by Trustee Michael A Mason (Mason, Michael) (Entered: 05/30/2012)

06/12/2012  20 (1 pg)  Notice of Withdrawal *of Application for Approval of Employment of Beadle Smith, PLC* Trustee Michael A Mason (RE: related document(s)18 Application to Employ). (Mason, Michael) (Entered: 06/12/2012)

06/14/2012  21 (2 pgs)  Application to Employ Bernardi, Ronayne & Glusac, P.C. - Rodney M. Glusac as Counsel for the estate Filed by Trustee Michael A Mason (Mason, Michael) (Entered: 06/14/2012)

06/14/2012  22 (1 pg) Declaration Filed by Trustee Michael A Mason (RE: related document(s)21 Application to Employ Bernardi, Ronayne & Glusac, P.C. - Rodney M. Glusac as Counsel for the estate ). (Mason, Michael) (Entered: 06/14/2012)

06/19/2012  39 (1 pg)  Statement of Consent by United States Trustee to the Employment of Bernardi, Ronayne & Glusac, PC as Counsel for the Chapter 7 Trustee Filed by Trustee Michael A Mason. (Mason, Michael) (Entered: 06/19/2012)

06/19/2012  40 (1 pg)  Order Approving Trustee's Employment Of Bernardi, Ronayne And Glusac, P.C. Counsel For The Estate (Related Doc # 21). (kcm) (Entered: 06/19/2012)

07/16/2012  63 (5 pgs)  Application to Employ Michael E. Tindall and the Tindall Law Firm as Special Counsel Filed by Trustee Michael A Mason **(Glusac, Rodney) (Entered: 07/16/2012)**

07/18/2012  66 (1 pg) Concurrence *of Office of U.S. Trustee* Filed by Trustee Michael A Mason (RE: related document(s)63 Application to Employ Michael E. Tindall and the Tindall Law Firm as Special Counsel ). **(Glusac, Rodney) (Entered: 07/18/2012)**

07/18/2012  67 (1 pg)  Order Approving Application For Employment Of Tindall Law Firm As Special Counsel For The Estate. (Related Doc # 63). (KHM) (Entered: 07/18/2012)

07/24/2012  68 (2 pgs)  Affidavit Re: *Declaration of Disinterestedness* Filed by Special Counsel Michael Tindall (RE: related document(s)63 Application to Employ Michael E. Tindall and the Tindall Law Firm as Special Counsel ). **(Mason, Michael)** (Entered: 07/24/2012)

11/17/2014  154 (1 pg)  Affidavit to Employ Trustee's Firm Filed by Attorney Samuel D. Sweet. (Sweet, Samuel) (Entered: 11/17/2014)

IN RE CHRISTOPHER D. WYMAN          CASE NO: 12-32264

Debtor(s)

ADV. NO. 20-03012

# EXHIBIT NO:  2

_Exhibit 2_

PAGE __1__ OF __1__

## ADDENDUM #1.

In reference to the ☒ PURCHASE AGREEMENT, ☐ EXCHANGE AGREEMENT, ☐ LEASE,
☐ COUNTER OFFER- covering the ☒ real property, ☐ business, ☐ premises - commonly
known as __1011     JONES ROAD HOWELL MI 48855__

dated _____ __05/17/18__ _____, between

_____ GENTRY SALES INC _____

and _____ EASTERN MICHIGAN BANKRUPTCY COURT _____

the undersigned parties hereby agree as follows:
1. Offer to be conditionally accepted by SAM SWEET, Eastern Michigan
Bankruptcy Trustee with final approval by Judge Opperman of Eastern
Michigan Bankruptcy Court
2. Upon approval it is agreed that the Eastern Michigan Bankruptcy Court,
Judge Opperman and Sam Sweet will dismiss all cases now pending before the
court that involve DIANA GENTRY, CHRIS WYMAN and GENTRY SALES INC and all
other corporations and DBA'S related to DIANA GENTRY with the following
case numbers of:
Chris Wyman #12-03341, 12-032261 12-03347 and 14-03017
Diana Gentry #12-03340, 12-03337, 14-03017 and 09-36472
Additionally, in case #12-03347, counts II and IV which are to be heard in
the US District Court per Final Pre trial order dated 1/31/2015, Doc 78
will be dismissed.
3. Bankruptcy Trustee will have removed a "Claim of Interest" filed by
BARBARA DUGGAN 5/5/2012 and recorded 5/3/12 in the Livingston County
Register of deeds Liber 2012R-015343
4. Pending final approval of this agreement and purchase agreement SAM
SWEET will have trials scheduled for June 11, 2018 indefinitely adjourned.
5. Upon acceptance of this agreement by Sam Sweet, all restrictions against
Diana Gentry and Gentry Sales Inc to use, move, maintain, repair or any
other incidental activities of any and all kind of the equipment listed in
current bankruptcy court filings shall be removed.
6. Upon acceptance of this agreement by Sam Sweet, Gentry Sales Inc will
order a proper title search on 1011 Jones Road through Select Title Agency,
Brighton, Mi and charge of same to be paid by Bankruptcy Court upon close
of sale.

The herein agreement, upon its execution by both parties, is herewith made an integral part of
the aforementioned Agreement of Sale.

DATED: __5-17-18__ TIME: __5 a.m__   DATED: __6/4/__ TIME: _____

_____ Purchaser   _____ Seller

_____ Purchaser   _____ Seller

Witness _____ Agent   Witness _____ Agent

2/85                                                        Form 4

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IN RE:

    **CHRISTOPHER D. WYMAN**
            *Debtor(s),*

                           **ADV. NO: 20-03012**

_____\

**SAMUEL D. SWEET, Trustee,**
      **Plaintiff,**

                           **CASE NO. 12-32264**
                           **CHAPTER 7**

**v.**

**MICHAEL E. TINDALL, Individually and as 100% Assignee of**
**Barbara Duggan**

            **Defendant.**

_____\

## DEFENDANT'S ANSWER, AFFIRMATIVE DEFENSES, COUNTER COMPLAINT AND JURY DEMAND IN RESPONSE TO TRUSTEE SWEET'S FIRST AMENDED COMPLAINT

    MICHAEL E. TINDALL, (hereinafter "Claimant"), Assignee of all [100%] claims of BARBARA DUGGAN ($32,240.34), and a party in interest holding a secured attorney lien ($34,100.00/$21,869.33) against the proceeds of the Realty (hereinafter collectively "allowed secured claim"), states:

## ANSWER

1. Admit.

2. Denied.

3. Paragraph 3 recites an allegation of law not requiring answer.

4. Admit.

5. Admit.

6. Admit.

7. Admit.

## FACTS

8. Paragraph 8 recites an allegation of law not requiring answer.

9. Claimant neither admits nor denies the allegations of paragraph 9 as not requiring answer.

10. Admit.

11. Admit.

12. Admit.

13. Admit.

14. Denied. In further answer, Claimant affirmatively states that no such request was made to MICHAEL E. TINDALL and Mr. Benji was not his counsel.

15. Claimant admits the wire transfer of funds described, but denies said wire satisfied the claim, denies Trustee Sweet's allegation of "belief", and, affirmatively states any such belief was unreasonable.

16. Denied.

## COUNT I-PROMISSORY ESTOPPEL

17. Claimant neither admits nor denies the allegations of paragraph 17 as not requiring answer.

18. Denied.

19. Paragraph 19 is an allegation of law not requiring answer.

20. Denied.

21. Denied.

22. Claimant admits partial payment of principal and interest only as to claim No. 1.

23. Denied.

24. Denied.

## COUNT II -CONTRACT

25. Claimant neither admits nor denies the allegations of paragraph 25 as not requiring answer.

26. Denied.

27. Denied.

28. Denied.

29. Denied.

30. Denied.

Wherefore, Defendant respectfully requests Trustee Sweet's Amended Complaint be DISMISSED on the pleadings, under *FRCP 12(c),* and that Defendant be awarded costs and actual attorney fees wrongfully incurred in defending this action under *28 USC 1927.*

## AFFIRMATIVE DEFENSES

Now comes Defendant and for his Affirmative Defenses to Trustee Sweet's Amended Complaint states as follows:

1. Defendant pleads the Affirmative Defense of Statute of Frauds.

2. Defendant pleads the Affirmative Defense of False Pretense.

3. Defendant pleads the Affirmative Defense of no express or implied "promise".

4. Defendant pleads the Affirmative Defense of lack of "reliance".

5. Defendant pleads the Affirmative Defense that any claimed "reliance" was unreasonable.

6. Defendant pleads the Affirmative Defense of waiver, by Trustee Sweet.

7. Defendant pleads the Affirmative Defense of estoppel, by Trustee Sweet.

8. Defendant pleads the Affirmative Defense of "judicial estoppel," by Trustee Sweet.

9. Defendant pleads the Affirmative Defense of Intentional Breach of Fiduciary Duty, and Gross Negligence, by Trustee Sweet both as Trustee, and, as attorney for Trustee.

10. Trustee Sweet's Amended Complaint fails to state a cause of action and Defendant is entitled to Judgment on the pleadings under *FRCP 12(c)*.

11. Trustee Sweet's Amended Complaint is knowingly and intentionally frivolous and was intentionally filed, in violation of *28 USC 1927,* to wrongfully multiply proceedings unreasonably and vexatiously.

## COUNTER COMPLAINT

Now comes Defendant and for his Counter Complaint against Trustee Sweet, individually, states:

1. On August 26, 2014, Samuel Sweet succeeded Michael Mason, as Trustee, in Case No. 12-32264, In re CHRISTOPHER D. WYMAN.

2. At the time of his appointment, the Trustee was represented by; (a) General Counsel, R. GLUSAC; and. (b) Special Counsel, Claimant M. E. TINDALL.

3. On November 17, 2014, by defective "AFFIDAVIT OF DISINTEREST", Sweet purported to be "appointed" attorney for Trustee. Case No. 12-32264, DE 154.

   A. Sweet did not comply with 11 USC 327 governing appointment of counsel for a bankrupt estate;

   B. Sweet did not comply with Fed. R. Bank. 2014 governing mandatory requirements for appointment of counsel for a bankrupt estate;

C. Sweet did not file the mandatory APPLICATION to employ counsel for a bankrupt estate, and, did not state a reason for, necessity for, or, any benefit to the estate from the appointment, as required by law.

D. As set forth in Exhibit 1, Sweet did not comply with the procedure established in the case for appointment of counsel for the bankrupt estate.

E. Sweet did not give notice or opportunity to be heard to any interested party(s) to the bankrupt estate.

F. Sweet did not serve the US Trustee with notice of the proposed appointment, nor did the US Trustee file consent to the appointment of Sweet.

G. Counter Plaintiff is aware that the issue of the validity of Sweet's appointment, as attorney for Trustee, has previously been decided by this Court in Case No. 12-32264. Although not binding in this separate adversary proceeding, Counter Plaintiff nevertheless asserts, pursuant to Fed. R. Bank. 9011(b)(2), that the previous decision by this Court was wrongly decided and should be modified by reversal and the extension and establishment of new law.

4. From November 17, 2014 to and through October 30, 2017, Sweet failed to appear – as attorney for the estate- in any proceeding or as to any issue presented to the Court.

5. Notwithstanding the defects in his appointment, as of November 17, 2014, Sweet, as attorney for the estate, became an agent of the estate and all third party creditors of the estate and assumed the fiduciary duties of loyalty, fidelity, undivided allegiance, good faith and fair

dealing, care, skill, diligence and full disclosure to all creditors, secured and unsecured, both collectively and individually.

6. On May 17, 2018, acting as Trustee, and, as attorney for Trustee, Sweet entered into a written contract, See, Exhibit 2, Case No. 12-32264, DE 176, P 10 of 19, with DIANA GENTRY, an opposing party in litigation whose interests were adverse to the bankrupt estate and its creditors, to take the following action(s) prejudicial and detrimental to the best interests of the secured and unsecured creditors of the estate to whom Sweet owed fiduciary duties in his capacity as Trustee; and, separately in his capacity as attorney for Trustee:

   A. To dismiss valid claims of fraudulent conveyance, preference, fraud and objection and revocation of discharge against GENTRY, her related entities, Debtor, and, related third parties, without recovering assets or profits for the benefit of the estate or its unsecured creditors;

   B. To "remove" the allowed secured lien(s) of Claimant;

   C. To sell the primary asset of the estate, the Realty, for inadequate consideration and without any attempt to market, advertise or obtain a fair and adequate price/value for the property;

   D. To convey/transfer to Gentry certain fraudulently transferred commercial construction equipment valued at a minimum of $50,000.00, previously recovered by special counsel in June 2014, for the benefit of the bankrupt estate and its unsecured creditors, for no consideration.

7. Sweet's agreement and his actions pursuant thereto violated his fiduciary duties, as Trustee, to Claimant and to all unsecured creditors of the bankrupt estate.

8. Sweet's agreement and his actions pursuant thereto violated his fiduciary duties, as attorney for Trustee, to Claimant and to all unsecured creditors of the bankrupt estate.

9. Sweet, both as Trustee and as attorney for Trustee, failed to disclose and actively concealed, from all creditors of the bankrupt estate and from the US Trustee, relevant and material facts and information necessary to reveal both the mismanagement and breach of fiduciary duties inherent in the transaction with Gentry.

10. The transaction with Gentry represented prohibited self-dealing by Sweet, as Trustee; and, as attorney for Trustee.

11. On January 24, 2019, Trustee Sweet belatedly objected to allowed secured claim No. 1, including post-petition attorney fees, secured by the Realty, Case No 12-32264, DE 198, to carry out his illegal agreement with Gentry.

12. On March 13, 2019, this Court approved Trustee Sweet's modified motion to sell the Realty, including the unvalued personal property, for the total amount of $65,000.00, and, ordered all liens transferred to the proceeds of the sale. Case No 12-32264, DE 212.

13. On March 18, 2019, Trustee filed a Complaint, in Adv. Pro. 19-03018, objecting to allowed secured claim No. 1, including post-petition attorney fees. Case No 12-32264, DE 218 to carry out the illegal agreement with Gentry.

14. On March 20, 2019, Trustee Sweet filed a Motion to Surcharge allowed secured claim No. 1, including post-petition attorney fees,

pursuant to Section 506(c), Case No 12-32264, DE 220, to carry out his illegal agreement with Gentry, and, to create excess funds, from proceeds of Claimant's secured collateral, to pay himself Trustee fees and attorney fees. At the time he filed this frivolous motion, Sweet, as Trustee and as attorney for Trustee, knew and/or had every reason to know that he had not made ANY expenditure of funds required by Section 506(c), and, could not satisfy the "benefit of the secured creditor" requirement of Section 506(c), yet failed to disclose this to Claimant and to the unsecured creditors of the estate.

15. On March 20, 2019, Trustee Sweet filed a MOTION TO SUBORDINATE TAX LIENS, Case No. 12-32264, DE 221, to subordinate state tax liens to priority administrative expenses, under Section 724 of the Code, to create excess funds, from the proceeds of Claimant's secured collateral, to pay himself Trustee Fees and attorney fees otherwise prohibited by law. At the time he filed this motion, Sweet, as Trustee and as attorney for Trustee, knew and/or had every reason to know that proceeds of secured collateral could not be used to pay administrative expenses; that his attempt to surcharge secured collateral under Section 506(c) was frivolous; and, that, in any event, Claimant's allowed secured claim was senior to the state tax liens and must be paid before any payment of fees to Sweet, as Trustee or as attorney for Trustee. Trustee Sweet failed to disclose this to Claimant or the unsecured creditors of the bankrupt estate.

16. On March 23, 2019, Trustee Sweet objected to DE 257, Notice of Presentment of Order, purporting to resolve Trustee Sweet's Motion to Surcharge pursuant to Section 506(c) [DE 220], DE 261 and DE 263. No order entered and the motion remains in active dispute.

17. On May 6, 2019, this Court entered its Order, Case No 12-32264, DE 244, subordinating real property tax liens, in the amount of $31,877.64, to administration expenses in Case No 12-32264 **"pursuant to Section 724 of the Bankruptcy Code"**. Case No 12-32264, DE 268.

18. On May 29, 2019, Trustee Sweet sold the Jones Rd. property for $65,000.00. Trustee Sweet paid $32,288.91, as principal and interest toward allowed secured claim No.1, producing a surplus of $32,316.09 in excess collateral proceeds subject to Claimant's liens. Case No 12-32264, DE 268.

19. Trustee Sweet failed to pay the balance of the allowed secured claim from secured proceeds, under *11 USC 506(b),* on May 29, 2019 due to his outstanding surcharge dispute. Case No 12-32264, DE 268. According to Trustee Sweet:

    > **"Further, Tindall claims Duggan is entitled to attorney fees under §506 of the Bankruptcy Code. Duggan had a Judgment Lien. There is no provision for attorney fees in the Judgment Lien Act."** Case No 12-32264, DE 271, No. 7, P1, 7/5/19.

20. On January 9, 2020 this Court determined the Realty was "over secured", under *11 USC 506(b),* thereby requiring payment of post-petition attorney fees from the secured proceeds of sale. Case No 12-32264, DE 316. However, to accommodate Trustee Sweet's belated claim of "**promissory estoppel**", this Court ordered Trustee Sweet to file his Amended Complaint in this adversary by February 7, 2020.

## COUNT I: DECLARATORY JUDGMENT- FORFEITURE OF COMPENSATION, FOR BREACH OF FIDUCIARY DUTY, UNDER THE FAITHLESS SERVANT RULE

21. Defendant incorporates herein, by reference, the allegations contained in paragraphs 1- 20 above.

22. Trustee Sweet, as Trustee and as attorney for Trustee, is a fiduciary to all creditors of the bankrupt estate, both secured and unsecured, and acts as the agent of the creditors.

23. An agent is a person having express or implied authority to represent or act on behalf of another person.

24. A fiduciary/agent owes duties of good faith and loyalty to those on whose behalf he acts, and, is under the duty to use care, skill and diligence, and to act solely for the benefit of the creditors.

25. A fiduciary/agent forfeits all right to compensation because of fraud, breach of fiduciary duty, misconduct or gross neglect in the performance of his duties, under the "faithless servant rule".

Wherefore, Defendant respectfully request this Court grant Judgment, in favor of Defendant and against Trustee Sweet declaring that Trustee Sweet has forfeited all compensation and all claims for compensation in this bankruptcy and all adversary cases due to his various breaches of fiduciary duty and, award Defendant costs and attorney fees wrongfully incurred.

## COUNT II: BREACH OF FIDUCIARY DUTY: WASTE

26. Defendant incorporates by reference herein the allegations contained in paragraphs 1 through 25 above.

27. Trustee Sweet is a fiduciary with the obligation, under *11 USC 704,* to protect and preserve property of the Bankrupt Estate for the benefit of creditors.

28. The Realty has been occupied solely by the Debtor since the filing of the Petition on May 24, 2012.

29. From the date of the Petition, to and through the current date, Debtor has paid noting to continue to occupy the property.

30. Trustee Mason inspected the property in July 2014, on the first occasion that access to the property could be had, and discovered the property was not being maintained and that the Debtor was causing waste to the property and devaluing its value.

31. Despite the continuing damage being caused to the property by the Debtor, Trustee Mason obtained an offer to purchase the Realty [realty only] for $82,000.00 on July 14, 2014, at least $50,000.00 more than the amount of the allowed secured lien.

32. Thereafter, in August – September 2014, Trustee Mason was succeeded by Trustee Sweet.

33. Despite actual knowledge of the continuing decline in the condition of the property, Trustee Sweet intentionally continued to let Debtor occupy the property, without compensation; intentionally took no action to protect the property from further destruction or to preserve its value; and, literally, continued to intentionally ignore the continuing damage and devaluation of the property throughout the five (5) year period 2014 through 2019.

34. Trustee Sweet sold the subject real property and a significant amount of heavy industrial construction equipment, to Gentry Sales, Inc., for $65,000.00 through private sale. Neither the equipment nor the real property has ever been listed with a broker or subjected to other forms of public bidding/auction/sale.

35. In 2017, Trustee Sweet testified, on the record in this Court, that, after inspection of the subject construction equipment, the estimated value of the equipment was $50,000.00.

36. Upon information and belief, and, based on the documented offer obtained in 2014 by Trustee Mason; and, Trustee Sweet's own testimony, the value of the real property only ($65,000 - $50,000 ) had been reduced to a mere $15,000.00 between 2014 and 2019, far less than the amount of the allowed secured lien.

37. Trustee Sweet intentionally suffered waste to the subject real property in the amount of at least $67,000 ($82,000 - $15,000).

38. Trustee Sweet and his bonding company are liable to Defendant for at least $67,000.00 for waste to the real property.

39. *MCL 600.2919* provides, in relevant part:

> "(2)(a) Any guardian … who commits or suffers any waste, during his term or estate, to the lands, tenements or hereditaments, without having a lawful license to do so, is liable for double the amount of actual damages….."

40. As part of the sale of the subject real property, Trustee Sweet conveyed to Gentry Sales industrial construction equipment, valued at $50,000.00 or more, for no consideration whatsoever. This transfer of valuable construction equipment for no consideration constitutes embezzlement by a fiduciary, breach of fiduciary duty to all creditors and conversion under *MCL 600.2919a.*

41. *MCL 600.2919a* provides, in relevant part, as follows:

> "(1) A person damaged **as a result of either** or both of the following may recover **3 times the amount of actual damages sustained, plus costs and reasonable attorney fees**:
>
> (a) Another person's stealing or embezzling property …

(2) The remedy provided by this section is **in addition to** any other right or remedy the person may have at law or otherwise."

Wherefore, Defendant respectfully requests this Court enter Judgment in favor of Defendant and against Trustee Sweet and his bonding company for breach of fiduciary duty and waste, together with statutory double damages; and, embezzlement and breach of fiduciary duty, together with treble damages, costs and attorney fees wrongfully incurred, under *MCL 600.2919a.*

## COUNT III: BREACH OF FIDUCIARY DUTIES OF LOYALTY, FIDELITY AND AND SELF-DEALING

42. Defendant incorporates herein, by reference, the allegations contained in paragraphs 1-41 above.

43. There are certain well-defined duties and liabilities which a fiduciary/agent owes to his beneficiaries. These include the duties of good faith and loyalty. The fiduciary/agent is also under the duty to use care, skill and diligence, and to refrain from all forms of self-dealing.

44. In addition to forfeiture of all compensation, a beneficiary may recover all damages resulting necessarily, immediately and directly from a fiduciary/agent's breach of fiduciary duties.

45. By entering into a contract to act to the detriment of and against the best interests of a secured creditor holding the allowed secured claim, Trustee Sweet, as Trustee and attorney for Trustee, breached his fiduciary duty of loyalty.

46. By acting for the benefit of Gentry, at the expense of the secured creditor, Trustee Sweet, as Trustee and attorney for Trustee, breached his fiduciary duty of fidelity.

47. By conveying to Gentry valuable construction equipment owned by the bankrupt estate for no consideration, Trustee Sweet violated his fiduciary duties of loyalty and fidelity, and, committed embezzlement by a Trustee and attorney for Trustee.

48. By attempting to misappropriate secured collateral to the illegal payment of Trustee fees and Trustee attorney fees, Trustee Sweet engaged in prohibited self-dealing.

Wherefore, Defendant respectfully requests this Court grant Judgment to Defendant against Trustee Sweet and, award Defendant costs and attorney fees wrongfully incurred.

## COUNT IV: BREACH OF FIDUCIARY DUTY OF FULL DISCLOSURE BY FALSE PRETENSE

49. Defendant incorporates herein by reference the allegations contained in paragraphs 1 through 48 above.

50. A "false pretense" involves an implied misrepresentation or conduct intended to create or foster a false impression. A false pretense has been defined to include a `mute charade,' where the actor's conduct is designed to convey an impression without oral representation.

51. Usually, but not always, a false pretense is the product of multiple events, acts or representations undertaken by an actor which purposely create a contrived and misleading understanding of a transaction.

52. The failure to disclose a material fact can form the basis of either a material misrepresentation or false pretense.

53. That deception takes the form of an intentional nondisclosure of a material fact, or, an implied representation makes no difference.

54. The acts and events above described in paragraphs 6 through 19 above constitute "false pretense", for the benefit of Trustee Sweet, as Trustee and attorney for Trustee, at the expense and to the detriment of Claimant and the unsecured creditors of the bankrupt estate.

Wherefore, Defendant respectfully requests this Court grant Judgment to Defendant against Trustee Sweet and, award Defendant costs and attorney fees wrongfully incurred.

## **JURY DEMAND:**

Defendant/Claimant demands trial by jury of all issues so triable.

Defendant/Claimant affirmatively states, in support of this jury demand, that Trustee Sweet's AMENDED COMPLAINT and Claimant's COUNTER COMPLAINT raise/assert related non-core tort claims/counter claims created and arising under Michigan law that exist and are actionable outside of bankruptcy and are not core proceedings under *28 USC 157(2)(A), (B) or (K)*. Defendant/Claimant further states he does not consent to the entry of a final order or judgment, or, the conduct of a jury trial by the Bankruptcy Court.

Respectfully Submitted,

/S/

MICHAEL E. TINDALL
18530 MACK AVE., STE 430
DETROIT, MI 48236
(248)250-8819
**Direct Email: met@comcast.net**

Dated: 2/25/20

**IN RE CHRISTOPHER D. WYMAN**     **CASE NO: 12-32264**

**Debtor(s)**

**ADV. NO. 20-03012**

# EXHIBIT NO:  1

*Exhibit 1*

## CASE NO. 12-32264 DOCKET ENTRIES REGARDING
## APPOINTMENT OF COUNSEL FOR TRUSTEE

05/30/2012  18 (2 pgs)  Application to Employ Bealde Smith PLC as Counsel Filed by Trustee Michael A Mason (Mason, Michael) (Entered: 05/30/2012)

06/12/2012  20 (1 pg)  Notice of Withdrawal *of Application for Approval of Employment of Beadle Smith, PLC* Trustee Michael A Mason (RE: related document(s)18 Application to Employ). (Mason, Michael) (Entered: 06/12/2012)

06/14/2012  21 (2 pgs)  Application to Employ Bernardi, Ronayne & Glusac, P.C. - Rodney M. Glusac as Counsel for the estate Filed by Trustee Michael A Mason (Mason, Michael) (Entered: 06/14/2012)

06/14/2012  22 (1 pg) Declaration Filed by Trustee Michael A Mason (RE: related document(s)21 Application to Employ Bernardi, Ronayne & Glusac, P.C. - Rodney M. Glusac as Counsel for the estate ). (Mason, Michael) (Entered: 06/14/2012)

06/19/2012  39 (1 pg)  Statement of Consent by United States Trustee to the Employment of Bernardi, Ronayne & Glusac, PC as Counsel for the Chapter 7 Trustee Filed by Trustee Michael A Mason. (Mason, Michael) (Entered: 06/19/2012)

06/19/2012  40 (1 pg)  Order Approving Trustee's Employment Of Bernardi, Ronayne And Glusac, P.C. Counsel For The Estate (Related Doc # 21). (kcm) (Entered: 06/19/2012)

07/16/2012  63 (5 pgs)  Application to Employ Michael E. Tindall and the Tindall Law Firm as Special Counsel Filed by Trustee Michael A Mason **(Glusac, Rodney) (Entered: 07/16/2012)**

07/18/2012  66 (1 pg) Concurrence *of Office of U.S. Trustee* Filed by Trustee Michael A Mason (RE: related document(s)63 Application to Employ Michael E. Tindall and the Tindall Law Firm as Special Counsel ). **(Glusac, Rodney) (Entered: 07/18/2012)**

07/18/2012  67 (1 pg)  Order Approving Application For Employment Of Tindall Law Firm As Special Counsel For The Estate. (Related Doc # 63). (KHM) (Entered: 07/18/2012)

07/24/2012  68 (2 pgs)  Affidavit Re: *Declaration of Disinterestedness* Filed by Special Counsel Michael Tindall (RE: related document(s)63 Application to Employ Michael E. Tindall and the Tindall Law Firm as Special Counsel ). **(Mason, Michael)** (Entered: 07/24/2012)

11/17/2014  154 (1 pg)  Affidavit to Employ Trustee's Firm Filed by Attorney Samuel D. Sweet. (Sweet, Samuel) (Entered: 11/17/2014)

IN RE CHRISTOPHER D. WYMAN      CASE NO: 12-32264

Debtor(s)

ADV. NO. 20-03012

# EXHIBIT NO:  2

*Exhibit 2*

## ADDENDUM #1

In reference to the ☒ PURCHASE AGREEMENT, ☐ EXCHANGE AGREEMENT, ☐ LEASE, ☐ COUNTER OFFER- covering the ☒ real property, ☐ business, ☐ premises - commonly known as __1011__ __JONES ROAD HOWELL MI 48855__

dated _____ __05/17/18__ _____, between

__GENTRY SALES INC__

and _____ __EASTERN MICHIGAN BANKRUPTCY COURT__

the undersigned parties hereby agree as follows:
1. Offer to be conditionally accepted by SAM SWEET, Eastern Michigan Bankruptcy Trustee with final approval by Judge Opperman of Eastern Michigan Bankruptcy Court
2. Upon approval it is agreed that the Eastern Michigan Bankruptcy Court, Judge Opperman and Sam Sweet will dismiss all cases now pending before the court that involve DIANA GENTRY, CHRIS WYMAN and GENTRY SALES INC and all other corporations and DBA'S related to DIANA GENTRY with the following case numbers of:
Chris Wyman #12-03341, 12-03226, 12-03347 and 14-03017
Diana Gentry #12-03340, 12-03237, 14-03017 and 09-36472
Additionally, in case #12-03347, counts II and IV which are to be heard in the US District Court per Final Pre trial order dated 1/31/2015, Doc 78 will be dismissed.
3. Bankruptcy Trustee will have removed a "Claim of Interest" filed by BARBARA DUGGAN 5/5/2012 and recorded 5/3/12 in the Livingston County Register of deeds Liber 2012R-015343
4. Pending final approval of this agreement and purchase agreement SAM SWEET will have trials scheduled for June 11, 2018 indefinitely adjourned.
5. Upon acceptance of this agreement by Sam Sweet, all restrictions against Diana Gentry and Gentry Sales Inc to use, move, maintain, repair or any other incidental activities of any and all kind of the equipment listed in current bankruptcy court filings shall be removed.
6. Upon acceptance of this agreement by Sam Sweet, Gentry Sales Inc will order a proper title search on 1011 Jones Road through Select Title Agency, Brighton, Mi and charge of same to be paid by Bankruptcy Court upon close of sale.

The herein agreement, upon its execution by both parties, is herewith made an integral part of the aforementioned Agreement of Sale.

DATED: __5-17-18__ TIME: __5am__    DATED: __6/4__ TIME: _____

_____ Purchaser    _____ Seller

_____ Purchaser    _____ Seller

Witness _____ Agent    Witness _____ Agent

2/95

Form 4

# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION - FLINT

IN RE:

CHRISTOPHER D. WYMAN,

        DEBTOR,

_____/

CASE NO. 12-32264-dof
CHAPTER 7
HONORABLE DANIEL S. OPPERMAN

Samuel D. Sweet, Trustee,
        Plaintiff,
v.

Michael E. Tindall, Individually and as 100%
assignee of Barbara Duggan,
        Defendant.

_____/

Adv. No. 20-03012

## **TRUSTEE'S ANSWER TO AFFIRMATIVE DEFENSES**

NOW COMES Trustee, Samuel D. Sweet, ("Trustee"), by and through his counsel, Samuel D. Sweet, PLC, and for his answer to Defendant's Affirmative Defenses states as follows:

1. Denied.
2. Denied.
3. Denied.
4. Denied.
5. Denied.
6. Denied.
7. Denied.
8. Denied.
9. Denied.
10. Denied.
11. Denied.

WHEREFORE Trustee requests that this Honorable Court dismiss the Affirmative Defenses claimed by the Defendant in this case and grant any such further relief that this Court deems just and proper.

Respectfully submitted,

SAMUEL D. SWEET, PLC

By:___/s/ Samuel D. Sweet_____
Samuel D. Sweet (P48668)
Attorneys for Trustee
P.O. Box 757
Ortonville, MI 48462-0757
Dated:__3/16/2020__    (248) 236-0985
ssweet@trusteesweet.us

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION - FLINT

IN RE:

CHRISTOPHER D. WYMAN,

       DEBTOR,

_____/

CASE NO. 12-32264-dof
CHAPTER 7
HONORABLE DANIEL S. OPPERMAN

Samuel D. Sweet, Trustee,
              Plaintiff,
v.

Adv. No. 20-03012

Michael E. Tindall, Individually and as 100%
assignee of Barbara Duggan,
              Defendant.

_____/

## CERTIFICATE OF SERVICE

*The undersigned hereby certifies that a copy of the following:*

       Trustee's Answer to Affirmative Defenses

*was electronically served on the 16th day of March, 2020, upon:*

       Dennis L. Perkins
       Attorney for Debtor
       bkperk@sbcglobal.net
       (Via ECF Only)

       Elie Bejjani
       Attorney for Barbara Duggan
       elie@bejjanilaw.com
       (Via ECF Only)

*was served via First Class Mail, pre-paid postage, on this 16th day of March, 2020, addressed as follows:*

       Christopher D. Wyman
       6241 Grand River Road
       Brighton, MI 48114

       Michael E. Tindall
       18530 Mack Ave., Ste. 430
       Detroit, Michigan 48236

        /s/ Jessica A. Will_____
       SAMUEL D. SWEET, PLC
       Jessica A. Will, Legal Assistant
       P.O. Box 757
       Ortonville, MI 48462-0757
       (248) 236-0985
       jwill@trusteesweet.us

# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

IN RE:
      **CHRISTOPHER D. WYMAN**
            *Debtor(s),*

                               **ADV. NO: 20-03012**

_____\
**SAMUEL D. SWEET, Individually and as Trustee,**
        **Plaintiff, Counter Defendant**

                               **CASE NO. 12-32264**
                               **CHAPTER 7**

v.

**MICHAEL E. TINDALL, Individually and as 100% Assignee of Barbara Duggan**

        **Defendant, Counter Plaintiff.**

_____\

## <u>CERTIFICATE OF SERVICE</u>
## <u>(Modified for PEDUP)</u>

      MICHAEL E. TINDALL, (hereinafter "Claimant"), Assignee of all [100%] claims of BARBARA DUGGAN ($32,240.34), and a party in interest holding a secured attorney lien ($34,100.00/$21,869.33) against the proceeds of the Realty (hereinafter collectively "allowed secured claim"), certifies that Claimant/Defendant/Counter Plaintiff's RESPOONSE TO TRUSTEE'S FRCP 56 MOTION FOR SUMMARY JUDGMENT, DE 45 was submitted for filing through the PEDUP program on October 11, 2020 and will be served on Plaintiff Trustee Sweet through the Court's ECF System on the date and at the time so filed by the Clerk.

Respectfully Submitted,

_/S/_MICHAEL E. TINDALL_
MICHAEL E. TINDALL
18530 MACK AVE., STE 430
DETROIT, MI   48236
(248)250-8819
**Direct Email: met@comcast.net**

Dated: 10/11/20