**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION - FLINT**

IN RE:

CHRISTOPHER D. WYMAN,

        DEBTOR,
_____/

CASE NO. 12-32264-dof
CHAPTER 7
HONORABLE DANIEL S. OPPERMAN

Samuel D. Sweet, Trustee,

        Plaintiff,

v.

Adv. No. 20-03012

Michael E. Tindall, Individually and as 100%
assignee of Barbara Duggan,

        Defendant.
_____/

## TRUSTEE'S MOTION FOR SUMMARY JUDGMENT AND BRIEF PURSUANT TO FRCP 56(b) RELATED TO COUNTER- CLAIMS OF DEFENDANT

**NOW COMES** Trustee, Samuel D. Sweet, ("Trustee"), by and through his counsel, Samuel D. Sweet, PLC, and hereby states as follows:

Facts

The facts of this case are not disputed and a matter of record. The Bankruptcy case of Christopher D. Wyman, Debtor, began with a voluntary Chapter 7 petition on May 24, 2012. See Docket Entry (DE) 1 – 12-32264. Michael Mason (Mason) was appointed the duly qualified and acting Chapter 7 Bankruptcy Trustee just after the filing. DE 8 - 12-32264. Prior to the bankruptcy filing Michael Tindall (Tindall), on behalf of Barbra Duggan (Duggan) obtained a judgment against the Debtor. Subsequent to the entry of said judgment, a Notice of judgment Lien was filed against the real property located at 1011 Jones Rd, Howell, MI.

Just after the filing of this bankruptcy, Tindall was employed by the Trustee as special council. DE 63 - 12-32264. Tindall began an action to avoid a fraudulent transfer from the Debtor to Michelle Pichler (Pichler). DE 1 - 12- 03348. The Adversary Proceeding was brought in the name of Mason and Duggan as Plantiffs. This matter pended for many years and took

many twists and turns. During the pendency of this Case Mason retired and Samuel Sweet was appointed the Chapter 7 Trustee in this matter. DE 150 - 12-32264. Another twist in this Case that should be highlighted and provides this Court with a flavor for this matter, is the time that Tindall was deemed to have committed Fraud on the Court related to a discovery issue. DE 422 - 12-03348. During the pendency of this matter Tindall was disbarred for Fraud and filing frivolous Claims, unrelated to this matter. Exhibit A.

After the disbarment of Tindall, Samuel Sweet began representing the Estate in this and at least 3 other Adversary Proceedings. With respect to Adversary Proceeding No. 12-3348 against Pichler, the matter was resolved by receiving a deed from Pichler on February 23, 2018. Exhibit B. At that point, the property at 1011 Jones Rd, Howell MI became property of the estate.

Trustee then began working on the other Adversary Proceedings in an attempt to resolve same. In June of 2018, an agreement was reached with Diana Gentry and the Debtor to resolve all pending matters. Exhibit C. The real property on Jones Rd was sold to Gentry for $65,000.00 and the remaining Adversary Proceedings were dismissed. DE 212 - 12-32264. To effectuate the agreement to sell, the Trustee filed a Motion to Sell and served the Notice upon all creditors including Barbara Duggan and Michael Tindall. DE 176. (See Exhibit D). Subsequently and after Tindall filed a Notice of Claim of Interest at the Register of Deeds related to the Jones Road property, the Trustee filed an amended motion to transfer said interest to the proceeds of sale under Section 363(f) of the Bankruptcy Code. DE 182. Both Barbara Duggan and Michael Tindall filed objections to said Motion, giving both parties a second bite at the apple. DE 185, 186. A hearing was held related to the objection of the parties and overruled. The Court approved the sale and agreement with Gentry in full. DE 212. The sale of the property closed on May 29, 2019. Upon closing, Duggan/Tindall was paid the full amount of their claim together with interest. As a side note, during the pendency of this sale, Tindall claims to have received a transfer of a portion of the Duggan claim. DE 201 - 12-32264. As such, despite being disbarred, Tindall remains as a litigant in the case.

Legal Analysis

Trustee objects to Tindall's counter-claims and believes they are simply an attempt to extort funds from the bankruptcy estate or the Trustee individually. Tindall was disbarred for exactly this type of action, fraud and frivolous pleadings and appears to be at it again. The

counter-claims are not well grounded in fact or law and should be dismissed. The claims of Tindall are frivolous and fail to identify any facts which could possibly be determined to create a breach of fiduciary duty by the Trustee. Pursuant to FRCP 56(b) made applicable to the proceedings under BRCP 7056(b), there is no material fact in dispute and judgment is applicable for the Trustee as a matter of law.

## Duty

To create a breach of fiduciary duty claim there must first be a duty running to the Plaintiff. Plaintiff in this case is making claim as an individual creditor. Plaintiff claims to be the assignee of Barbara Duggan the claimant and holder of claim number 1 in this case. Pursuant to *Beaty v Hertzberg and Golden PC* 456 Mich 247 (1997) which specifically provided that a Trustee does not owe a duty to an individual creditor in a bankruptcy case. Id at 261, 262. As in *Beaty* the parties here being the Trustee and Duggan/Tindall were adversaries. Claim number 1 was in dispute and Tindall had represented both the estate and Duggan throughout the tortured history of this case. As can be seen, both Tindall and Duggan filed objections to the very motion that they now complain of.

*Beaty* ruled that as adversaries the Plaintiff and the Trustee could not have a fiduciary duty and as such any claim must fail. Id at 261. Further, *Beaty* ruled that as no duty was owed to Plaintiff no claim for breach of that duty could be maintained. Id at 262. As such all negligent based causes of action fail as no tort liability extended where the Trustee did not owe the Plaintiff a duty. Id at 263. The case law in Michigan is well settled in this area and specifically provides that the Trustee does not owe an individual creditor a duty and as such Counts I, II, III, and IV must be dismissed.

## Breach of Duty

Should this court rule that the Trustee owed Plaintiff a duty, Trustee argues that no such breach occurred. The Trustee operated and conducted business at all times under court order and at no time breached any duty owed to any party.

There's no evidence or even indicia of evidence that the Trustee engaged in any self dealing or engaged in activity that constituted a breach of duty. All actions taken by the Trustee were approved by this Court and all creditors had ample opportunity to object to same. In fact, as identified in the facts, both Duggan and Tindall objected to the very motion that they now complain of.

The facts alleged by Tindall in his counter-claim are as follows:

 a. The Trustee entered into agreement with Diana Gentry;

 b. The Trustee failed to disclose this agreement to the Court and creditors, despite the court docket showing the agreement was filed as part of a motion to approve the agreement;

 c. The Trustee filed a Motion to Subordinate Tax Liens and a Motion to Surcharge a secured creditor;

 d. The Trustee sold the Jones Road property and paid claim 1 $32,288.91;

 e. The Trustee failed to claim 1 in its entirety;

 f. The realty or Jones Road property was over secured;

 g. The Debtor did not pay the estate rent to live in the property;

 h. The Trustee failed to list the real or personal property with a Broker;

 i. Trustee Mason received an offer to sell the real property on Jones Road for $82,000.00, despite no offer being provided by the Defendant or Mason;

 j. Samuel Sweet testified before the Bankruptcy Court that the personal property in dispute had a value of approximately $50,000.00.

In response to the facts as identified by Tindall and to clarify that a dispute does not exist with respect to these facts, the Trustee states as follows:

 a. an agreement was entered into between the Trustee and Gentry and filed with this Court [DE 176];

 b. the Trustee did disclose the agreement and provided notice to all creditors in this case and filed a motion to sell and settle various adversary proceedings which was specifically served on Tindall, Elie Bejjani (counsel to Duggan), and Duggan. See DE 176 and Exhibit D;

 c. The Trustee did in fact file a Motion to Subordinate Tax Liens and a Motion to Surcharge certain lien holders;

 d. Jones Road property was sold and claim number 1 was paid $32,288.91;

 e. Claim 1 was paid pursuant to the requested payoff provided by Tindall and Bejjani;

- f. The realty was over secured by a small margin;
- g. The Debtor did not pay the estate to reside in the property as the property was in dispute until Pichler provided a deed to the property creating property of the estate;
- h. the Trustee did not list the real estate with a Broker and could not list the equipment with a Broker as the Trustee did not have possession of the property nor any title to the property;
- i. Whether Mason received an offer years prior to the sale of the property the Trustee argues is irrelevant;
- j. Trustees testimony as to the value of any property is a matter of public record.

As a result, the facts identified by Tindall are not in dispute other than the disclosure of the agreement with the Court which is a matter of public record and can clearly be seen it was disclosed to all creditors including Tindall, Bejjani, and Duggan.

The facts identified by Tindall do not identify a cause of action against the Trustee. Tindall has various allegations of law based upon the facts that don't create a cause of action. Further, the Trustee asserts that claim number 1 has been paid in full.

Should this court rule that claim number 1 is paid in full then Tindall/Duggan has not suffered any damage and cannot maintain a claim against the Trustee on any breach of fiduciary duty claim. As the cases *Haddock v. Nationwide Financial Company* 570 F. Supp 2nd 355 (2008) provides, without damages no breach of duty could exist. The Trustee believes and is born out by this court that assuming the court rules that claim number 1 has been paid in full no breach of duty claim exists.

## Derived Judicial Immunity

A Bankruptcy Trustee is provided derived judicial immunity for acts which occur in his scope of duty as a trustee. Additionally, should trustee obtain court approval for said acts through the Bankruptcy Court, then the Trustee enjoys immunity from suit by third parties. *Grant, Konvalinka, and Harrison PC v. Banks (In Re McKenzie)* 716 F. 3rd 404 (2013). In this case the Trustee entered an agreement with Diana Gentry, filed a motion for approval of said agreement, forwarded the agreement to the parties, and the motion was approved over the objection of the complaining parties herein.

Entering into agreements such as this is exactly part of the Trustee's duties. 11 U.S.C. §704(1). The Trustee was attempting to convert property of the estate to cash for distribution to creditors in this case. Under *McKenzie*, it is clear that a Trustee acting in the scope of his authority and under court order is immune from claims by third parties. As the Sixth Circuit has recognized, "[C]ase law governing personal liability for trustees has been described by several courts as confusing and sometimes contradictory." *Grant, Konvalinka & Harris, PC v. Banks (In re McKenzie)*, 716 F.3d 404, 412 (6th Cir. 2013), *cert. Den.* 571 U.S. 955 (2013) (internal citations omitted).

Nevertheless, all courts that have considered the issues agree that bankruptcy trustees "are entitled to absolute immunity for all actions taken pursuant to court orders." *Baron v. Sherman (In re Ondova Ltd. Co.)*, 914 F.3d 990, 993 (5th Cir. 2019). *Accord, Gross v. Rell*, 695 F.3d 211, 216 (2nd Cir. 2012); *Yadkin Valley Bank & Trust Co. V. McGee (In re Hutchinson)*, 5 F.3d 750, 753 (4th Cir. 1993); *Gregory v. U.S.*, 942 F.2d 1498, 1500 (10th Cir. 1991); *Lunan v. Jones (In re Lunan)*, 489 B.R. 711, 730 (Bankr. E.D. Tenn. 2012). *See McKenzie,* 716 F.3d at 414 ("a trustee may shield himself from personal liability for breach of his fiduciary duties by obtaining prior approval for actions within the scope of his official duties"). Additionally, see *LeBlanc v. Salem (Mailman Steam Carpet Cleaning Corp.)*, 196 F.3d 1, 8-9 (1st Cir. 1999). The Court in *McKenzie* specifically provided that a claim against a Trustee by beneficiaries of the estate for breach of fiduciary duties does not provide the Trustee with quasi-judicial immunity. Id@413. That portion of the courts opinion speaks to the general rule of immunity as a Trustee. Later the Court explains the exception to this rule, when a Trustee is acting pursuant to courts order. Id@414. When a Trustee acts within the scope of his official duties and pursuant to the courts order, the Trustee enjoys absolute immunity. Id@414.

The U.S. Supreme Court in *Mosser v. Darrow* 341, US 267 (1951) specifically stated, ".....there are ways in which a Trustee may protect himself against personal liability." "The practice is well established by which Trustees seek instructions from the Court, given notice to creditors and interested parties, as to matters which involve difficult question of judgment......but had it been authorized, at least the assenting creditor might have found themselves estopped to question the transaction." Id@274.

A Trustee is provided with absolute immunity against a claim for breach of fiduciary duty by first obtaining a court order authorizing the action proposed. In re *Heinsom*, 231 BR 48

(1999), the Court identified an exception to the rule that a Trustee is only immune against third parties for a claim of breach of fiduciary duty. The Court stated, "The only exception to this rule, ie, the only time the Trustee is immune from suit by beneficiaries of the estate, is when the Trustee is acting pursuant to specific instructions from the Court. Id@65.

Further in *LeBlanc* @ 8-9, the Court found that when a Trustee obtained an order and followed said order within the scope of his duties, absolute immunity is provided. In the instant case, the Trustee filed a motion and notice with the Court and settlement agreement attached and served same on the parties, Tindle, Duggan, and Elie Bejjani (Attorney for Duggan). Then upon approval, the Trustee followed the Courts order. As a result, the Trustee should enjoy immunity from these claims.

Release

During one of the many adversary proceedings the parties being Duggan and Mason entered into an agreement with Edward Link. The agreement is attached hereto as Exhibit F. In the agreement the parties provided releases to each other. The Trustee, Duggan, and Link provided releases to each other as part of the transaction which was negotiated. The Trustee received certain rights from Link which specifically were any claims Link may have had to a mortgage on the complained of Jones Road property and any interest he may have had in certain equipment. Duggan received $15,000.00 from Link as funds against her claim. Duggan and Mason both approved the agreement and allowed the transaction to be handled. The transaction provided consideration among the parties and specifically Mason approved the agreement and allowed Duggan to be paid $15,000.00 and did not claim the funds as estate property. This transaction constitutes consideration to Duggan and as such supports the claim of release as identified herein.

WHEREFORE, Trustee prays that this Honorable Court dismiss counts I, II, III, and IV of the Defendant's counter claims and for such other further costs and attorneys fees as required.

Respectfully submitted,

SAMUEL D. SWEET, PLC

By: /s/ Samuel D. Sweet
Samuel D. Sweet (P48668)
Attorneys for Trustee
P.O. Box 757
Ortonville, MI 48462-0757
Dated: 10/13/2020                (248) 236-0985

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION - FLINT

IN RE:

CHRISTOPHER D. WYMAN,

       DEBTOR,
_____/

CASE NO. 12-32264-dof
CHAPTER 7
HONORABLE DANIEL S. OPPERMAN

Samuel D. Sweet, Trustee,
       Plaintiff,

v.

Michael E. Tindall, Individually and as 100%
assignee of Barbara Duggan,
       Defendant.
_____/

Adv. No. 20-03012

## ORDER RELATED TO TRUSTEE'S MOTION FOR SUMMARY JUDGMENT AND BRIEF PURSUANT TO FRCP 56(b) RELATED TO COUNTER- CLAIMS OF DEFENDANT

     This matter having come before this Honorable Court based upon the Trustee's Motion for Summary Judgment and Brief Pursuant to FRCP 56(b) Related to Counter-Claims of Defendant; no objections having been filed to the Trustee's Motion; or any filed objection having been resolved; notice having been provided properly, pursuant to Rule 2002 and 9019 of the Federal Rules of Bankruptcy Procedures; and the Court being fully advised in the premises;

     **IT IS HEREBY ORDERED** that Counter Claims I, II, III, and IV are dismissed with prejudice.

_____
HONORABLE DANIEL S. OPPERMAN
UNITED STATES BANKRUPTCY JUDGE

IN RE:

CHRISTOPHER D. WYMAN,

        DEBTOR,

CASE NO. 12-32264-dof
CHAPTER 7
HONORABLE DANIEL S. OPPERMAN

_____/

Samuel D. Sweet, Trustee,

        Plaintiff,

Adv. No. 20-03012

v.

Michael E. Tindall, Individually and as 100%
assignee of Barbara Duggan,

        Defendant.

_____/

**NOTICE OF REQUIREMENT OF WRITTEN RESPONSE TO TRUSTEE'S MOTION FOR SUMMARY JUDGMENT AND BRIEF PURSUANT TO FRCP 56(b) RELATED TO COUNTER- CLAIMS OF DEFENDANT**

Trustee, Samuel D. Sweet, has filed papers with the Court to related to Trustee's Motion for Summary Judgment and Brief Pursuant to FRCP 56(b) related to Counter-Claims of Defendant.

**Your rights may be affected. You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case. (If you do not have an attorney, you may wish to consult one.)**

If you do not want the Court to allow the Trustee's Motion, or if you want the Court to consider your views on the Motion, within twenty-one (21) days, you or your attorney must:

1. File with the Court a written response or an answer which must comply with F.R.Civ.P. 8(b), (c) and (e) explaining your position pursuant to L.B.R. 9014-1 at:

    Clerk of the United States Bankruptcy Court
    Eastern District of Michigan-Southern Division
    226 West Second Street, Flint, Michigan 48462-0757

If you mail your response to the Court for filing, you must mail it early enough so the Court will **receive** it on or before the date stated above.

    You must also mail a copy to: Samuel D. Sweet, Attorney for Trustee (at the address below)

2. If a response or answer is timely filed and served, the Clerk will schedule a hearing on the motion/objection and you will be served with a notice of the date, time and location of the hearing.

**If you or your attorney do not take these steps, the Court may decide that you do not oppose the relief sought in the motion or objection and may enter an Order granting that relief.**

    SAMUEL D. SWEET, PLC

    /s/ Samuel D. Sweet
    By: Samuel D. Sweet (P 48668)
    Attorneys for Trustee
    P.O. Box 757
    Ortonville, MI 48462-0757
Date Served: 10/13/2020    (248) 236-0985
    ssweet@trusteesweet.us

[1] Response or answer must comply with F.R. Civ. P 8 (b) (c) and (e)

## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION - FLINT

IN RE:

CHRISTOPHER D. WYMAN,

       DEBTOR,
_____/

CASE NO. 12-32264-dof
CHAPTER 7
HONORABLE DANIEL S. OPPERMAN

Samuel D. Sweet, Trustee,
          Plaintiff,

v.

Michael E. Tindall, Individually and as 100% assignee of Barbara Duggan,
          Defendant.
_____/

Adv. No. 20-03012

## CERTIFICATE OF SERVICE

*The undersigned hereby certifies that a copy of the following:*

    Trustee's Motion for Summary Judgment and Brief Pursuant to FRCP 56(b) Related to Counter-Claims of Defendant; Proposed Order; Notice; and Certificate of Service

*was electronically served on the 13th day of October, 2020, upon:*

| | |
|---|---|
| Dennis L. Perkins | Elie Bejjani |
| Attorney for Debtor | Attorney for Barbara Duggan |
| bkperk@sbcglobal.net | elie@bejjanilaw.com |
| (Via ECF Only) | (Via ECF Only) |

*was served via First Class Mail, pre-paid postage, on this 13th day of October, 2020, addressed as follows:*

| | |
|---|---|
| Christopher D. Wyman | Michael E. Tindall |
| 6241 Grand River Road | 18530 Mack Ave., Ste. 430 |
| Brighton, MI 48114 | Detroit, Michigan 48236 |

                    /s/ Jessica A. Will
                    SAMUEL D. SWEET, PLC
                    Jessica A. Will, Legal Assistant
                    P.O. Box 757
                    Ortonville, MI 48462-0757
                    (248) 236-0985
                    jwill@trusteesweet.us