

STATE OF MICHIGAN

# Attorney Discipline Board

GRIEVANCE ADMINISTRATOR,
Attorney Grievance Commission,

    Petitioner,

v                                                                Case No. 14-36-GA

MICHAEL E. TINDALL, P 29090,

    Respondent.
_____/

## ORDER OF DISBARMENT

Issued by the Attorney Discipline Board
Tri-County Hearing Panel #104

Lawrence S. Katz, Chairperson
Dana M. Warnez, Member
Alicia J. Skillman, Member

    This matter is before the panel upon the filing of Formal Complaint 16-36-GA charging that respondent, Michael E. Tindall, has committed acts of professional misconduct warranting discipline. The panel has reported its findings and conclusions as to misconduct and discipline;

**NOW THEREFORE,**

    **IT IS ORDERED** that respondent, Michael E. Tindall, is **DISBARRED** from the practice of law in Michigan **EFFECTIVE SEPTEMBER 20, 2017**, and until further order of the Supreme Court, the Attorney Discipline Board or a hearing panel, and until respondent complies with the requirements of MCR 9.123(B) and (C) and MCR 9.124.

    **IT IS FURTHER ORDERED** that from the effective date of this order and until reinstatement in accordance with the applicable provisions of MCR 9.123, respondent is forbidden from practicing law in any form; appearing as an attorney before any court, judge, justice, board, commission or other public authority; or holding himself out as an attorney by any means.

    **IT IS FURTHER ORDERED** that, in accordance with MCR 9.119(A), respondent shall, within seven days after the effective date of this order, notify all of his active clients, in writing, by registered or certified mail, return receipt requested, of the following:

        1.    the nature and duration of the discipline imposed;

        2.    the effective date of such discipline;

Ex. A

3. respondent's inability to act as an attorney after the effective date of such discipline;

4. the location and identity of the custodian of the clients' files and records which will be made available to them or to substitute counsel;

5. that the clients may wish to seek legal advice and counsel elsewhere; provided that, if respondent was a member of a law firm, the firm may continue to represent each client with the client's express written consent;

6. the address to which all correspondence to respondent may be addressed.

**IT IS FURTHER ORDERED** that in accordance with MCR 9.119(B), respondent must, on or before the effective date of this order, in every matter in which respondent is representing a client in litigation, file with the tribunal and all parties a notice of respondent's disqualification from the practice of law.

**IT IS FURTHER ORDERED** that, respondent shall, within 14 days after the effective date of this order, file with the Grievance Administrator and the Attorney Discipline Board an affidavit of compliance as required by MCR 9.119(C).

**IT IS FURTHER ORDERED** that respondent's conduct after the entry of this order but prior to its effective date, shall be subject to the restrictions set forth in MCR 9.119(D); and respondent's compensation for legal services shall be subject to the restrictions described in MCR 9.119(F).

**IT IS FURTHER ORDERED** that respondent shall, on or before <u>September 20, 2017</u>, pay costs in the amount of <u>$4,631.07</u>. Check or money order shall be made payable to the Attorney Discipline System and submitted to the Attorney Discipline Board [211 West Fort St., Ste. 1410, Detroit, MI 48226] for proper crediting. (See attached instruction sheet.)

**ATTORNEY DISCIPLINE BOARD**
Tri-County Hearing Panel #104

By: _____
Lawrence S. Katz, Chairperson

Dated: August 29, 2017

# Attorney Discipline Board

GRIEVANCE ADMINISTRATOR,
Attorney Grievance Commission,

    Petitioner,

v                                    Case No. 14-36-GA

MICHAEL E. TINDALL, P 29090,

    Respondent.
_____/

## SANCTION REPORT OF TRI-COUNTY HEARING PANEL #104

**PRESENT:**    Lawrence S. Katz, Chairperson
Dana M. Warnez, Member
Alicia J. Skillman, Member

**APPEARANCES:**    Kimberly L. Uhuru, Senior Associate Counsel
for the Attorney Grievance Commission

Michael E. Tindall, Respondent
In Pro Per

### I. EXHIBITS

Petitioner's Ex. 42    Order of Reprimand (By Consent), *Grievance Administrator v Michael E. Tindall*, Case No. 91-212-JC, effective November 12, 1992.

Petitioner's Ex. 43    Order of Discipline Imposing "No Discipline," *Grievance Administrator v Michael E. Tindall*, Case No. 04-39-GA, effective March 15, 2005.

### II. WITNESSES

None.

## III. PANEL PROCEEDINGS

### A. Background and Applicable Law

On June 6, 2017 this panel issued its misconduct report, which found that respondent had engaged in professional misconduct by bringing frivolous proceedings and asserting frivolous issues, in violation of MRPC 3.1. The panel also found that respondent engaged in conduct that involved dishonesty, fraud or misrepresentation, where such conduct reflected adversely on the lawyer's honesty, trustworthiness, or fitness as a lawyer, in violation of MRPC 8.4(b); engaged in conduct that was in violation of the Michigan Rules of Professional Conduct, in violation of MRPC 8.4(a) and MCR 9.104(4); engaged in conduct that was prejudicial to the administration of justice, in violation of MRPC 8.4(c) and MCR 9.104(1); engaged in conduct that exposed the legal profession or the courts to obloquy, contempt, censure, or reproach, in violation of MCR 9.104(2); and engaged in conduct that was contrary to justice, in violation of MCR 9.104(3). We incorporate those findings of fact and conclusions of law into this sanction report.

In deciding the appropriate discipline to be imposed, we are required to employ the American Bar Association Standards for Imposing Lawyer Sanctions (ABA Standards). *Grievance Administrator v Lopatin*, 462 Mich 235; 612 NW2d 120 (2000). Pursuant to ABA Standards 3.0 -9.0, hearing panels and the Attorney Grievance Board examine the duty the respondent violated, the respondent's mental state, and the actual or potential injury caused by the respondent's conduct. Next, the Standards' recommended sanctions are considered based upon the answers to these questions. (*Lopatin*, 462 Mich at 240; ABA Standards, pp 3, 4-5.) Then, aggravating and mitigating factors are to be considered. (*Id.*) Finally, "the Board or a hearing panel may consider whether there are any other factors which may make the results of the foregoing analytical process inappropriate for some articulated reason." (*Grievance Administrator v Frederick A. Petz*, 99-102-GA (ADB 2001), citing *Lopatin*, 462 Mich at 248 n 13.) More specifically, the Court stated in *Lopatin* at page 248:

> We caution the ADB and hearing panels that our directive to follow the ABA standards is not an instruction to abdicate their responsibility to exercise independent judgment. Where, for articulated reasons, the ADB or a hearing panel determines that the ABA standards do not adequately consider the effects of certain misconduct, do not accurately address the aggravating or mitigating circumstances of a particular case, or do not comport with the precedent of the Court or the ADB, it is incumbent on the ADB or the hearing panel to arrive at, and explain the basis for, a sanction or result that reflects this conclusion.

### B. Hearing Panel Proceedings

A hearing was held regarding the disciplinary phase on July 19, 2017. The Grievance Administrator appeared through Senior Associate Counsel Kimberly Uhuru. Respondent appeared on his own behalf. In aggravation, counsel for the Administrator offered Exhibit 42, an Order of Reprimand (By Consent), dated October 21, 1992; and Exhibit 43, an Order of Discipline Imposing "No Discipline," dated February 21, 2005. The exhibits were admitted without objection (Tr 7/19/17, pp 5-6.) Respondent offered no evidence in mitigation. (Tr 7/19/17, p 6.) The parties argued their respective positions and the panel took the matter under advisement (Tr 7/19/17, p 44.)

2

The initial inquiries, pursuant to ABA Standard 3.0, are:

A. *What ethical duty was violated?* (Duty to a client, the public, the legal system, or the profession?)

The duties respondent owed were primarily to the legal system, but also to the public and the legal profession.

B. *What was the lawyer's mental state?* (Did the lawyer act intentionally, knowingly, or negligently?)

"Intent" is defined as "the conscious objective or purpose to accomplish a particular result." "Knowledge" is defined as "the conscious awareness of the nature of the attendant circumstances of the conduct but without the conscious objective or purpose to accomplish a particular result."

"Negligence" is defined as "the failure of a lawyer to heed a substantial risk that circumstances exist or that a result will follow, which failure is a deviation from the standard of care that a reasonable lawyer would exercise in the situation."

Respondent acted intentionally.

C. *What was the extent of the actual or potential injury caused by the lawyer's misconduct?* (Was there a serious or potentially serious injury?)

"Injury" is harm to a client, the public, the legal system, or the profession which results from a lawyer's misconduct. The level of injury can range from "serious" injury to "little or no" injury; a reference to "injury" alone indicates any level of injury greater than "little or no" injury.

"Potential injury" is the harm to a client, the public, the legal system or the profession that is reasonably foreseeable at the time of the lawyer's misconduct, and which, but for some intervening factor or event, would probably have resulted from the lawyer's misconduct.

The panel finds that respondent's actions directly resulted in a significant expenditure of judicial resources and attorney fees. However, there is insufficient evidence of the actual damages incurred. Indeed, the record reflects the failure of opposing parties and counsel to avail themselves of opportunities to obtain sanctions against respondent.

We, therefore, conclude that there was potentially serious injury in this case.

3

## IV. FINDINGS AND CONCLUSIONS REGARDING SANCTIONS

### A. Application of ABA Standards as to the Level of Discipline to be Imposed

The recommended sanction, or presumptive level of discipline, is governed by ABA Standards 4.0 through 8.0.

> The Standards under 4.0 are duties owed to clients. Respondent did not violate any duties owed to his client.

The Standards under 5.0 are duties owed to the public.

> Standard 5.11(b) is applicable, conduct involving intentional dishonesty, fraud, deceit, and misrepresentation, seriously affecting respondent's fitness to practice law. The ABA Standards place this conduct in the disbarment category.
>
> Standards 5.11(a), and 5.2 are not applicable because they cover lawyers in criminal and official/governmental contexts, respectively.

The Standards under 6.0 are duties owed to the legal system.

> Standard 6.1, false statements, fraud and misrepresentation, is applicable as follows: 6.11, involving making a false statement, submitting a false document, and improperly withholding material information with the intent to deceive the court, and having a potentially significant adverse effect on a legal proceeding. The ABA Standards place this conduct in the disbarment category.
>
> Standard 6.2, abuse of the legal system, is applicable as follows: 6.21, involving knowing violation of court orders and rules with the intent to obtain a benefit for the lawyer or another, causing potentially serious injury to a party and potentially serious interference with a legal proceeding. The ABA Standards place this conduct in the disbarment category.
>
> Standards under 6.3 are not applicable because they cover improper communications with individuals in the legal system.

The Standards under 7.0 are duties owed to as a professional.

> Standard 7.1 is applicable, covering knowing conduct as a professional with intent to obtain a benefit for the lawyer or another that causes potentially serious injury to the legal system. The ABA Standards place this conduct in the disbarment category.

The Standards under 8.0 cover prior disciplinary orders.

> Standards 8.1-8.3 are not applicable because they cover the violation of such orders.

4

Thus, the application of Standards 4.0-8.0 indicate disbarment as the appropriate level of discipline.

## B. Application of Aggravating and Mitigating Factors

ABA Standard 9.0 sets forth relevant aggravating and mitigating factors.

1. **9.2 Aggravation.** Definition. Aggravation or aggravating circumstances are any considerations or factors that may justify an increase in the degree of discipline to be imposed. (9.21) Factors which may be considered in aggravation include (9.22):

    (a) Prior disciplinary offenses.

    Petitioner was subject to prior disciplinary proceedings: *See* Petitioner's Exhibit 42, Order of Reprimand (By Consent), ADB Case No. 91-212-JC, dated October 21, 1992, for failure to pay use tax; and Petitioner's Exhibit 43, Order of Discipline Imposing "No Discipline," ADB Case No. 04-39-GA, dated February 21, 2005 for refusing to heed law enforcement directive to stop his motor vehicle. Because the first offense is so remote in time, the second offense involved no discipline, and neither involved the practice of law, they do not weigh in favor of consideration in aggravation. This factor will not be considered.

    (b) Dishonest or selfish motive.

    This factor exists and will be considered.

    (c) A pattern of misconduct.

    This factor exists and will be considered.

    (d) Multiple offenses.

    Respondent engaged in multiple offenses evidencing a similar pattern of behavior over several years. In this sense, factors (c) and (d) represent the same interconnected events. However, the panel is required to consider these as separate factors.

    (e) Obstruction of the disciplinary proceeding by knowingly failing to comply with rules or orders of the disciplinary agency.

    Respondent availed himself of virtually every procedural tool at his disposal, both in the pre-formal hearing and formal hearing stages, as was his right. However, largely because he filed so many papers and raised so many arguments which lacked merit, his efforts met with limited success. And undoubtedly, they were the primary cause

5

of the delay in these proceedings for over 3 years. These actions, in fact, included, but were not limited to, the meritless affirmative defense and motion for summary disposition on grounds of judicial immunity, and the filing of a counterclaim against the Grievance Administrator and his associate counsel, as well as an effort to call the associate counsel as a witness. Throughout the proceedings, respondent's actions often exceeded the limits of spirited advocacy. Nevertheless, because the disciplinary system is bifurcated, and the Grievance Administrator litigates its cases in the form and style of a criminal prosecutor, the system functions best in the context of zealous advocacy on the part of a respondent's counsel. There was a great deal at stake for respondent, and he was fighting for the continued privilege to practice law in the State of Michigan. The preamble to Rule 1.0 of the Michigan Rules of Professional Conduct states:

> "As advocate, a lawyer zealously asserts the client's
> position under the rules of the adversary system."

Perhaps for this reason, there is a high bar for a finding under ABA Standard 9.22(e): that the attorney both "obstruct[ed]" the proceedings and "fail[ed] to comply with [disciplinary] rules or orders." Respondent's papers and arguments certainly increased the workload of the panel and the Board, but we decline to describe it as "obstruction." Further, the panel does not find the failure to comply with a particular rule or order. This factor will not be weighed against respondent in aggravation.

(f)      Submission of false evidence, false statements, or other deceptive practices during the disciplinary process.

Respondent filed numerous papers, and engaged in numerous arguments, many of which were unmeritorious. This 3-year saga is due, in no small part, to respondent's excesses acting in pro per. Nevertheless, like the words and phrases "obstruction" and "knowing fail[ure] to comply with rules and orders," the requirement of "false evidence, false statements, or other deceptive practices" demands a level of lying and deceit not demonstrated in this case. Under the same rationale discussed in Standard 9.22(e) above, we conclude that respondent's papers and arguments do not descend to the required level of "false" or "deceptive." This factor will not be considered.

(g)      Refusal to acknowledge wrongful nature of conduct.

This factor exists and must be considered. Indeed, respondent was emphatic at the sanctions hearing that all of his actions were proper and that he would do the same thing again if given another opportunity:

6

> So to the extent that somebody says 9.22(g) is supposed to make me stand up here and say, "Gee I'm sorry I did what I did," I'm not and I would do it again for a client because I think that's my job. (Tr 7/19/17, p 46.)
>
> Now, so to the extent that 9.22(g) is an issue, I'm afraid I have to bow for that one because you're not going to hear me stand her [sic] and tell you that I did anything wrong and you're not going to hear me stand her [sic] and try to mitigate why I'm guilty by saying oh, gee whiz, my mommy didn't take me for rides in the country on Sunday and that [sic] why I did it wrong. (Tr 7/19/17, p 50.)

(h)  Vulnerability of victim.

This factor is not applicable and will not be considered.

(i)  Substantial experience in the practice of law.

The panel disagrees with the rule which requires that a lengthy career as a practicing lawyer be considered in aggravation, but understands that it is required to do so. This factor is considered.

(j)  Indifference to making restitution.

This factor is not applicable and will not be considered.

2.  9.3  **Mitigation.** Definition. Mitigation or mitigating circumstances are any considerations or factors that may justify a reduction in the degree of discipline to be imposed. (9.31) Factors which may be considered in mitigation include (9.32):

(a)  Absence of a prior disciplinary record.

While the panel is not considering respondent's prior record in aggravation, the record is not unblemished. Accordingly, we do not consider it is mitigation.

(b)  Absence of a dishonest or selfish motive.

This factor is not applicable and will not be considered.

(c)  Serious personal or emotional problems which contributed to the misconduct.

Not addressed in the record and not considered.

7

20-03012-dof    Doc 50-1    Filed 10/13/20    Entered 10/13/20 15:59:58    Page 9 of 16

## V. SUMMARY OF PRIOR MISCONDUCT

| ADB Case No. | Discipline | Effective Date |
| --- | --- | --- |
| 91-212-JC | Reprimand (By Consent) | 11/12/92 |
| 04-39-GA | No Discipline | 3/15/05 |

## VI. ITEMIZATION OF COSTS

Attorney Grievance Commission:
    (See Itemized Statement filed 07/25/17)    $1,000.57
Attorney Discipline Board:
    Hearing held 8/5/14    $ 265.50
    Hearing held 10/11/16    $ 837.00
    Hearing held 1/10/17    $ 720.50
    Hearing held 7/19/17    $ 307.50
Administrative Fee    $1,500.00

                                          **TOTAL:**    **$4,631.07**

ATTORNEY DISCIPLINE BOARD
Tri-County Hearing Panel #104

By: _____
Lawrence S. Katz, Chairperson

Dated: August 29, 2017

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IN RE   **Michael E. Tindall (P29090)**               Misc. No. 17-MC-51481
_____/

## ORDER OF DISBARMENT

The Michigan Attorney Discipline Board has entered an order which revoked the license of Michael E. Tindall to practice law in the State of Michigan effective September 20, 2017.

Accordingly, Michael E. Tindall is (1) permanently removed from the roster of attorneys who have been admitted to practice before the United States District Court and the United States Bankruptcy Court for the Eastern District of Michigan, and (2) precluded from engaging in the practice of law, directly or indirectly, before the United States District Court and the United States Bankruptcy Court for the Eastern District of Michigan pursuant to the Local Rules of this Court.

Reinstatement by the United States District Court is not reciprocal to any reinstatement issued by any Attorney Discipline Board. Local Rule 83.22 governs reinstatement in the United States District Court (see enclosed).

A copy of this Order will be served upon Michael E. Tindall by certified mail, return receipt requested.

s/Denise Page Hood
DENISE PAGE HOOD, Chief Judge
United States District Court

Dated:   October 30, 2017
             Detroit, Michigan

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IN RE  Michael E. Tindall  (P29090)  Misc. No. 17-MC-51481
_____/

## CERTIFICATE OF MAILING

UNITED STATES OF AMERICA  )
                          ) ss
EASTERN DISTRICT OF MICHIGAN )

A copy of the Order of Disbarment in the above-entitled cause was served upon:

Michael E. Tindall
6312 Seven Corners Center, Suite 374
Falls Church, VA 22044-2409

on this date by placing it in an envelope marked certified mail, return receipt requested, and depositing it in a United States Postal Service receptacle in Detroit, Michigan.

s/Charlene R. Gill
Charlene R. Gill
Judicial Assistant to Denise Page Hood, Chief Judge

DATED: October 30, 2017
Detroit, Michigan

| | | |
|---|---|---|
| **MEMBERS**<br>**LOUANN VAN DER WIELE**<br>*CHAIRPERSON*<br>**REV. MICHAEL MURRAY**<br>*VICE-CHAIRPERSON*<br>**DULCE M. FULLER**<br>*SECRETARY*<br>**JAMES A. FINK**<br>**JOHN W. INHULSEN**<br>**JONATHAN E. LAUDERBACH**<br>**BARBARA WILLIAMS FORNEY**<br>**KAREN D. O'DONOGHUE**<br>**MICHAEL B. RIZIK, JR.** | **STATE OF MICHIGAN**<br>**ATTORNEY DISCIPLINE BOARD**<br><br>211 WEST FORT STREET, SUITE 1410<br>DETROIT, MICHIGAN 48226-3236<br>PHONE: 313-963-5553 I FAX: 313-963-5571 | **MARK A. ARMITAGE**<br>**EXECUTIVE DIRECTOR**<br>**WENDY A. NEELEY**<br>*DEPUTY DIRECTOR*<br>**KAREN M. DALEY**<br>*ASSOCIATE COUNSEL*<br>**SHERRY L. MIFSUD**<br>*OFFICE ADMINISTRATOR*<br>**ALLYSON M. PLOURDE**<br>*CASE MANAGER*<br>**OWEN R. MONTGOMERY**<br>*CASE MANAGER*<br>**JULIE M. LOISELLE**<br>*RECEPTIONIST/SECRETARY*<br>www.adbmich.org |

## NOTICE OF DISBARMENT
(Pending Review)

### Case No. 14-36-GA

**Notice Issued: September 21, 2017**

Michael E. Tindall, P 29090, Falls Church, Virginia, by the Attorney Discipline Board Tri-County Hearing Panel #104.

**Disbarred, Effective September 20, 2017**

Based on the evidence presented by the parties at the hearings held in this matter, the hearing panel found that respondent committed the professional misconduct alleged in the formal complaint by bringing frivolous proceedings and asserting frivolous issues, in violation of MRPC 3.1. The panel also found that respondent engaged in conduct that involved dishonesty, fraud or misrepresentation, where such conduct reflected adversely on the lawyer's honesty, trustworthiness, or fitness as a lawyer, in violation of MRPC 8.4(b); engaged in conduct that was in violation of the Michigan Rules of Professional Conduct, in violation of MRPC 8.4(a) and MCR 9.104(4); engaged in conduct that was prejudicial to the administration of justice, in violation of MRPC 8.4(c) and MCR 9.104(1); engaged in conduct that exposed the legal profession or the courts to obloquy, contempt, censure, or reproach, in violation of MCR 9.104(2); and engaged in conduct that was contrary to justice, in violation of MCR 9.104(3).

The panel ordered that respondent be disbarred from the practice of law. Respondent filed a timely petition for review and this matter has been scheduled for hearing before the Attorney Discipline Board. Respondent also filed a request for a stay of discipline which was denied by the Board on September 21, 2017.

*Mark A. Armitage*
Mark A. Armitage
Executive Director

STATE OF MICHIGAN

# Attorney Discipline Board

FILED
ATTORNEY DISCIPLINE BOARD

2017 AUG 29  AM 11: 21

GRIEVANCE ADMINISTRATOR,
Attorney Grievance Commission,

    Petitioner,

v                                          Case No. 14-36-GA

MICHAEL E. TINDALL, P 29090,

    Respondent.
_____/

### ORDER OF DISBARMENT

Issued by the Attorney Discipline Board
Tri-County Hearing Panel #104

Lawrence S. Katz, Chairperson
Dana M. Warnez, Member
Alicia J. Skillman, Member

This matter is before the panel upon the filing of Formal Complaint 16-36-GA charging that respondent, Michael E. Tindall, has committed acts of professional misconduct warranting discipline. The panel has reported its findings and conclusions as to misconduct and discipline;

**NOW THEREFORE,**

**IT IS ORDERED** that respondent, Michael E. Tindall, is **DISBARRED** from the practice of law in Michigan **EFFECTIVE SEPTEMBER 20, 2017**, and until further order of the Supreme Court, the Attorney Discipline Board or a hearing panel, and until respondent complies with the requirements of MCR 9.123(B) and (C) and MCR 9.124.

**IT IS FURTHER ORDERED** that from the effective date of this order and until reinstatement in accordance with the applicable provisions of MCR 9.123, respondent is forbidden from practicing law in any form; appearing as an attorney before any court, judge, justice, board, commission or other public authority; or holding himself out as an attorney by any means.

**IT IS FURTHER ORDERED** that, in accordance with MCR 9.119(A), respondent shall, within seven days after the effective date of this order, notify all of his active clients, in writing, by registered or certified mail, return receipt requested, of the following:

    1.    the nature and duration of the discipline imposed;

    2.    the effective date of such discipline;

3. respondent's inability to act as an attorney after the effective date of such discipline;

4. the location and identity of the custodian of the clients' files and records which will be made available to them or to substitute counsel;

5. that the clients may wish to seek legal advice and counsel elsewhere; provided that, if respondent was a member of a law firm, the firm may continue to represent each client with the client's express written consent;

6. the address to which all correspondence to respondent may be addressed.

**IT IS FURTHER ORDERED** that in accordance with MCR 9.119(B), respondent must, on or before the effective date of this order, in every matter in which respondent is representing a client in litigation, file with the tribunal and all parties a notice of respondent's disqualification from the practice of law.

**IT IS FURTHER ORDERED** that, respondent shall, within 14 days after the effective date of this order, file with the Grievance Administrator and the Attorney Discipline Board an affidavit of compliance as required by MCR 9.119(C).

**IT IS FURTHER ORDERED** that respondent's conduct after the entry of this order but prior to its effective date, shall be subject to the restrictions set forth in MCR 9.119(D); and respondent's compensation for legal services shall be subject to the restrictions described in MCR 9.119(F).

**IT IS FURTHER ORDERED** that respondent shall, on or before <u>September 20, 2017</u>, pay costs in the amount of <u>$4,631.07</u>. Check or money order shall be made payable to the Attorney Discipline System and submitted to the Attorney Discipline Board [211 West Fort St., Ste. 1410, Detroit, MI 48226] for proper crediting. (See attached instruction sheet.)

ATTORNEY DISCIPLINE BOARD
Tri-County Hearing Panel #104

By: _____
Lawrence S. Katz, Chairperson

Dated: August 29, 2017

2

STATE OF MICHIGAN

FILED
ATTORNEY DISCIPLINE BOARD

# Attorney Discipline Board

2017 SEP 21 AM 11:05

GRIEVANCE ADMINISTRATOR,
Attorney Grievance Commission,

Petitioner/Appellee,

v                                                            Case No. 14-36-GA

MICHAEL E. TINDALL, P 29080,

Respondent/Appellant.
_____/

## ORDER DENYING RESPONDENT'S PETITION FOR STAY OF DISCIPLINE

Issued by the Attorney Discipline Board
211 W. Fort Street, Suite 1410, Detroit, Michigan

On August 29, 2017, Tri-County Hearing Panel #104 of the Attorney Discipline Board issued an order disbarring respondent from the practice of law, effective September 20, 2017. On September 18, 2017, respondent filed a petition for review, in accordance with MCR 9.118(A)(1), and a petition for stay of the panel's order, in accordance with MCR 9.115(K).[1] On September 19, 2017, the Grievance Administrator filed a response to respondent's petition for stay, objecting to respondent's request.

The Attorney Discipline Board has considered respondent's request for a stay of the discipline imposed and the Administrator's objection; and the Board is otherwise fully advised;

**NOW THEREFORE,**

**IT IS ORDERED** that respondent's petition for stay of discipline pending review is **DENIED** for the reason that respondent has not established good cause for the granting of that relief.

ATTORNEY DISCIPLINE BOARD

By: _____
Louann Van Der Wiele, Chairperson

DATED: September 21, 2017

---

[1] Respondent's reliance on MCR 9.110(E)(4) and MCR 2.614(D) is misplaced. Review of an order of a hearing panel and a request for a stay of a discipline order are determined exclusively under the provisions of MCR 9.118(A) and MCR 9.115(K).