**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

IN RE:
    CHRISTOPHER D. WYMAN
          *Debtor(s),*
                                    ADV. NO: 20-03012
_____\

SAMUEL D. SWEET, Individually and as Trustee,
    Plaintiff, Counter Defendant
                                    CASE NO. 12-32264
                                    CHAPTER 7
v.

MICHAEL E. TINDALL, Individually and as 100% Assignee of
Barbara Duggan

    Defendant, Counter Plaintiff.
_____\

# CLAIMANT'S 2ND MOTION AND BRIEF TO DISMISS TRUSTEE SWEET'S COMPLAINT DE 10 FOR LACK OF SUBJECT MATTER JURISDICTION

    MICHAEL E. TINDALL, (hereinafter "Claimant"), Assignee of all [100%] claims of BARBARA DUGGAN ($32,240.34), and a party in interest holding a secured attorney lien ($34,100.00/$21,869.33) against the proceeds of the Realty (hereinafter collectively "allowed secured claim"), and moves pursuant to FRCP 12(b) and (h)(3), incorporated in bankruptcy by Rule 7012, to dismiss Trustee Sweets AMENDED COMPLAINT, DE 10 for lack of subject matter jurisdiction and states:

1. *Fed.R.Civ.P. 12(h)(3)*[1] provides that courts have a positive duty to undertake the jurisdictional inquiry: "**Whenever it appears by**

---
[1] "**(3)** *Lack of Subject-Matter Jurisdiction.* **If the court determines at any time that it lacks subject-matter jurisdiction, the court <u>must dismiss</u> the action.**"

**suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court *shall* dismiss the action**."[2]

2. The existence of federal jurisdiction may be questioned at any point in the course of litigation because parties cannot waive the requirement of subject matter jurisdiction.[3] " **It remains open to review at all stages of the litigation**.[4]   Pursuant to *FRCP 12(h)(3),* courts must dismiss the action if it determines at any time that it lacks subject-matter jurisdiction.[5]

3. *FRCP 12(g)(2)* provides, in pertinent part, : "(2) *Limitation on Further Motions*. <u>**Except as provided in Rule 12(h)… (3),** **a party that makes a motion under this rule must not make another motion under this rule …".**</u> Therefore, multiple motions challenging subject matter jurisdiction may be brought.

---

[2] *SJ v. Hamilton County, Ohio,* 374 F. 3d 416 (6th Cir 2004); *Von Dunser v. Aronoff,* 915 F. 2d 1071(6th Cir 1990)(**Challenges to jurisdiction must be addressed by the court**.);*Gilbert v. David,* 235 U.S. 561, 35 S.Ct. 164, 59 L.Ed. 360 (1914) **(*lack of diversity must be addressed, although seven years after suit was instituted*)**; *Morris v. Gilmer,* 129 U.S. 315, 9 S.Ct. 289, 32 L.Ed. 690 (1889)(***court must consider defendant's post-answer affidavit asserting lack of jurisdiction***); *Joyce v. United States,* 474 F.2d 215 (3rd Cir.1973) (***court has no discretion to ignore that lack of jurisdiction***).
[3] *Riggs v. Island Creek Coal Co.,* 542 F. 2d 339 (6th Cir 1976); *American Fire & Casualty Co. v. Finn,* 341 U.S. 6, 71 S.Ct. 534, 95 L.Ed. 702 (1951).
[4] *National Org. for Women v. Scheidler,* 510 U.S. 249, 255, 114 S.Ct. 798, 802, 127 L.Ed.2d 99 (1994).
[5] *Arbaugh v. Y&H Corp.,* 546 U.S. 500, 506, 126 S. Ct. 1235, 163 L. Ed. 2d 1097 (2006)* (**The objection that a federal court lacks subject-matter jurisdiction . . . may be raised by a party, or by a court on its own initiative, <u>at any stage in the litigation</u>, even after trial and the entry of judgment. . . [S]ubject-matter jurisdiction, because it involves a court's power to hear a case, can never be forfeited or waived**"); *In re Lewis,* 398 F.3d 735, 739 (6th Cir.2005).

## FIRST MOTION: DE 13:

4. On February 20, 2020, Clamant brought his first motion to dismiss for lack of jurisdiction and specifically attacked Sweet's lack of Article III "**constitutional standing**" to bring this action. The original motion clearly and specifically stated:

> "**6. Trustee Sweet filed his Amended Complaint, as ordered, DE 10. Claimant now moves pursuant to FRCP 12(b)(1) and 12(h) to dismiss Sweet's Amended Complaint for lack of subject matter jurisdiction due to: (1) lack of Article III standing; and, (2) mootness.** " See also, DE 13, Nos. I 7 and 8.

5. Seven (7) months later, this Court issued DE 42 denying DE 13. Surprisingly, however, DE 42 did not address the issue placed squarely before the Court, "**constitutional standing**".[6] Rather, the Court addressed ONLY "statutory standing", under *11 USC 704(5)*. The Court stated:

> "11 U.S.C. § 704 defines the duties of a chapter 7 bankruptcy trustee. Specifically, **Section 704(a)(5)** provides that a **"trustee shall . . . if a purpose would be served, examine <u>proofs of claims</u> and object to <u>the allowance of any claim</u> that is improper."** Clearly, the Trustee here has a duty to examine claims such as the claim at issue here, and, if the facts warrant, seek a determination as to satisfaction of such claim. The potential injury would be to the bankruptcy estate, rather than to the Plaintiff Trustee personally because the claims allowance

---

[6] *Newsome v. Batavia Local Sch. Dist., 842 F.2d 920, 922 (6th Cir.1988)* (**<u>C</u>onstitutional standing "is always a threshold inquiry" that a court <u>must</u> consider before exercising jurisdiction**); *Johnson v. Economic Dev. Corp. of the County of Oakland, 241 F.3d 501, 507 (6th Cir.2001) (citing Warth v. Seldin, 422 U.S. 490, 498, 95 S.Ct. 2197, 45 L.Ed.2d 343 (1975)).*

process impacts potential distribution to creditors of this bankruptcy estate. This bestows the requisite standing upon the Plaintiff Trustee in this case. This is the same reason this case is not moot— Defendant Tindall asserts a secured claim is owed, while the Plaintiff Trustee asserts this secured claim has been satisfied. The Court concludes this is classic example of a live controversy in which both parties have an interest in the outcome."

6. Even more curious, *Section 704(5)* is limited, by its express terms, to a trustee's "statutory standing" to participate in the claims allowance process, under Section 502 and Bankruptcy Rule 3004. Failure to timely object to allowance of a claim under Section 502 waives any such objection under Rule 3004[7]. Trustee Sweet's failure to object to allowance of the Duggan allowed secured claim and resulting waiver has been previously established in this bankruptcy. See Case No. 12-32264, Doc 196, Exhibit 1; DE 204, Exhibit 2.[8]

7. "**Generally, standing determinations require a <u>two-tiered analysis</u>**."[9] A challenge to "standing" requires a determination of

---

[7] *Pioneer Inv. Serv. Co. v. Brunswick Assocs. Ltd. P'ship, 507 US 380 (1993) at n4* [**Bankruptcy Court may not extend deadline for objecting to proof of claim in Chapter 7 cases**].

[8] Like Trustee Sweet, no creditor or other interested party of the bankruptcy estate timely objected to the Duggan claim and thereby waived any right to object and no "potential injury" exists. Moreover, as Sweet is the sole potential claimant via the subordination order discussed below, no creditor or other interested party has a "potential injury" even no waiver existed.

[9] *Official Comm. of Unsecured Creditors of Grand Eagle Cos. v. Asea Brown Boveri, Inc.* (*In re Grand Eagle Cos.*), *310 B.R. 79, 83-84 n.3 (Bankr. N.D. Ohio 2004) (citing Official Comm. of Unsecured Creditors of America's Hobby Ctr. v. Hudson United Bank* (*In re America's Hobby Ctr.*), 223 B.R. 275, 279 (Bankr. S.D.N.Y. 1998)).

BOTH "**constitutional standing**" and "statutory standing".[10] However, in those cases where "**constitutional standing**" is lacking, "statutory standing" need not be determined, as subject matter jurisdiction does not exist.[11]

8. To have standing to bring a case in bankruptcy court, Trustee Sweet must have and **prove all 3 forms** of "standing"; **(1) Article III's constitutional requirements; (2) federal court prudential standing requirements ("statutory standing"); and (3) the "party in interest" requirements under the Bankruptcy Code**..[12]

---

[10] *Allstate Ins. Co. v. Thrifty Rent-A-Car Sys., Inc..*, 249 F.3d 450, 456 (6th Cir.2001) (**"[A]ny inquiry into a litigant's standing to sue involves examination of both constitutional limitations and prudential restrictions**."); *COMMODITIES EXPORT v. Detroit Intern. Bridge Co.*, 695 F. 3d 518, 525 - Court of Appeals, 6th Cir 2012)*(*To determine whether the district court had an independent jurisdictional basis for the cross-claim, **we must address two issues**: **Article III's case-or-controversy** requirement and **statutory subject-matter jurisdiction**. We consider each *de novo*.

[11] "`**The court must first determine whether the plaintiff has standing under the Constitution** *and then* under certain judicially-engrafted prudential principles, **including whether the plaintiff's claims** fall within the zone of interests to be protected or **regulated by the statute in question**.'" *Id.* (quoting *In re America's Hobby Ctr.*, 223 B.R. at 279)). *In re Isaacs, 569 BR 135( BAP 6th Circuit 2017);* **Statutory standing is not jurisdictional;** as the Supreme Court has explained, "`the absence of a valid (as opposed to arguable) cause of action does not implicate subject-matter jurisdiction, *i.e.,* the court's statutory or constitutional power to adjudicate the case.'" *Lexmark Intern., Inc. v. Static Control Components, Inc.*, ___ U.S. ___, 134 S.Ct. 1377, 1387 n.4, 188 L.Ed.2d 392 (2014).

[12] *Rajamin v. Deutsche Bank Nat'l Tr. Co.*, 757 F.3d 79, 84 (2d Cir. 2014). See *Scott v. Residential Capital, LLC (In re Residential Capital, LLC); No. 14 Civ. 761(ER), 2015 WL 629416, at *3 (S.D.N.Y. Feb. 13, 2015)* ("**To have standing in bankruptcy court, a party must meet three requirements: (1) Article III's constitutional requirements; (2) federal court prudential standing requirements; and (3) the "party in interest"**

## SECOND [INSTANT] MOTION

9. Trustee Sweet's AMENDED COMPLAINT lacks subject matter jurisdiction because it is based on an order entered by this Court to subordinate Michigan ad-valorem property taxes that was entered without judicial power and as a consequence of fraud.

10. On March 20, 2019, Trustee Sweet filed a MOTION FOR SUBORDINATION OF TAX LIENS, Case No. 12-32264 DE 221.

11. On the date Sweet filed DE 221, *11 USC 724(b)* provided in pertinent part:

> "(b) Property in which the estate has an interest **and** that is subject to a lien that is not avoidable under this title (**other than** to the extent that there is a properly perfected unavoidable **tax lien arising in connection with an ad valorem tax on real** or **personal property of the estate**) and that **secures an allowed claim** for a tax, or proceeds of such property, shall be distributed—"

12. On the date Sweet filed DE221, he had actual knowledge:

   A. That Michigan real property taxes are "ad-valorem" taxes.

   B. That "ad-valorem" taxes may **NOT** be subordinated under *11 USC 724*.

   C. That the prohibition against subordinating "ad-valorem" property taxes has existed for 15 years, since 2005.

   D. That no secured claim had been filed, allowed or existed in the Claims Register of this case for real property taxes.

13. Nevertheless and despite this actual knowledge, Sweet signed and filed DE 221, falsely and fraudulently representing that such a secured claim existed and could lawfully be subordinated under *11 USC 724*.

---

**requirements under Section 1109(b) of the Bankruptcy Code**."); *In re Old Carco LLC, 500 B.R. 683, 690 (Bankr. S.D.N.Y. 2013).*

14. On May 6, 2019, this Court entered its Order, Case No 12-32264, DE 244, illegally subordinating real property tax liens for "ad-valorem" taxes, in the amount of $31,877.64, for which no "claim" existed in the Claims Register, as required by *11 USC 502*; no secured claim had been allowed, as required by *11 USC 506*; to administration expenses in this case "**pursuant to Section 724 of the Bankruptcy Code**".

15. A bankruptcy Court has no judicial power to enter an order that exceeds the statutory and/or equitable boundaries of the applicable statute. Any such order entered is void. *Law v. Siegel, ___ U.S. ___, 134 S.Ct. 1188, 188 L.Ed.2d 146 (2014),* (**"[i]t is hornbook law" that bankruptcy courts cannot "override explicit mandates of other sections of the Bankruptcy Code." at 1194**) (**the bankruptcy court exceeded its inherent powers and violated the Code. *Id.* at 1195**.); *In re Baker, 791 F. 3d 677 (6th Cir 2015)* (**Law v. Siegel limits the power of the Bankruptcy Court).**

16 . Entry of an order that exceeds the judicial power of the entering court is an abuse of discretion. *IN RE UNIVERSITY OF MICHIGAN, 936 F. 3d 460, 462-463 (6th Cir 2019)* (federal **courts <u>may only</u> act if they have power to do so. And they only have power if Congress or the Constitution so provides. <u>When courts act beyond that power</u>, as the district judge did here, <u>they abuse their discretion</u>); (Thus, courts must look to Congress for delegations of power and <u>may not</u> expand those delegations "by judicial decree."** *Kokkonen v. Guardian Life Ins. Co. of Am.,* **511 U.S. 375, 377, 114 S.Ct. 1673, 128 L.Ed.2d 391 (1994) … Any power a lower federal court exercises <u>must</u> have some basis in either an act of Congress or the Constitution. Otherwise, <u>it has no basis in law</u>**.); *US v. Tolliver, 949 F. 3d 244, 250 (6th Cir 2020)* (**Judges should interpret the law—we shouldn't redline Congress's work. Indeed, when judges**

**rewrite the words agreed upon by Congress and the President, we aggrandize our power beyond its limits**.)

17. Fifteen (15) years ago, Congress enacted *119 STAT. 124, PUBLIC LAW 109–8, Title VII, Sec 701, APR. 20, 2005, Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 (BAPCPA),* amending section 724(b)(1) to provide that tax liens arising in connection with **ad valorem taxes** will **not** be subordinated under Section 724. Section 724(f) confirms this exclusion "**Notwithstanding the exclusion of ad valorem tax liens under this section…**" Therefore, (a) Sweet's Motion, DE 221, constitutes knowing and intentional fraud; and, (2) this Court's order, DE 244, is an abuse of discretion without judicial power and is absolutely void.

18. A claimed interest arising under an order resulting from fraud and the absence of judicial power does not create the enforceable legal interest required to create "**constitutional standing**".

19. When faced with both a merits motion and a challenge to jurisdiction, a court must consider the jurisdictional challenge first, as the merits motion becomes moot without subject-matter jurisdiction.[13]

20. For the reasons set forth, Trustee Sweet's AMENDED COMPLAINT must be dismissed for lack of subject matter jurisdiction.

                                                                   Respectfully Submitted,

                                                                   _/S/_MICHAEL E. TINDALL___
                                                                   MICHAEL E. TINDALL

Dated: 10/13/20

---

[13] *Moir v. Greater Cleveland Reg'l Transit Auth.*, 895 F.2d 266, 269 (6th Cir. 1990).

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IN RE:
    CHRISTOPHER D. WYMAN
        *Debtor(s)*,
                              ADV. NO:20-03012
_____\

SAMUEL D. SWEET, Trustee,
        Plaintiff,
                              CASE NO. 12-32264
                              CHAPTER 7
v.

BARBRA DUGGAN,
        Defendant.
_____\

## **ORDER**

This matter having come before this Court on Claimant's 2ND MOTION TO DISMISS FOR LACK OF JURISDICTION and the Court being fully advised in the premises:

**IT IS HEREBY ORDERED** that the 2ND MOTION TO DISMISS FOR LACK OF JURISDICTION GRANTED, with prejudice.

**IT IS FURTHER ORDERED** that Trustee Sweet immediately distribute all remaining proceeds from the sale of 1011 Jones Rd., Howell MI in immediately available funds to Claimant MICHAEL E. TINDALL,.

# UNITED STATES BANKRUPTCY COURT
## Eastern District of Michigan

**In re:**

    **CHRISTOPHER D. WYMAN**

**S. SWEET V. DUGGAN**

           **Debtor(s)**     /

Chapter: 7

Case No.: 12-32264

**ADVERSARY NO. 20-3012**

Judge: D. S. OPPERMAN

## NOTICE OF MOTION

Petitioner has filed papers with the court to: 2ND MOTION TO DISMISS FOR LACK OF JURISDICTION

**Your rights may be affected. You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case. (If you do not have an attorney, you may wish to consult one.)**

If you do not want the court to grant the Motion or if you want the court to consider your views on the motion, within __14__ days, you or your attorney must:

1. File with the court a written response or an answer, explaining your position at:[1]

        **United States Bankruptcy Court**
        111 1st St, Bay City, MI
        BAY CITY, MI 48708-5601

If you mail your response to the court for filing, you must mail it early enough so the court will **receive** it on or before the date stated above. All attorneys are required to file pleadings electronically.

You must also mail a copy to:

**MICHAEL E. TINDALL 18530 MACK AVE., STE 430, DETROIT MI 48236**
**SAMUEL D. SWEET, TRUSTEE, PO BOX 757, ORTONVILLE MI 48462**

**If you or your attorney do not take these steps, the court may decide that you do not oppose the relief sought in the motion or objection and may enter an order granting that relief.**

Date: __10/13/20__                Signature: __/S/ MICHAEL E. TINDALL__
                                                               Name: MICHAEL E. TINDALL, in pro per
                                                               Address: 18530 MACK AVE., STE 430
                                                                           DETROIT, MI 48236
                                                                                 (248) 250-8819

---

[1] Response or answer must comply with F. R. Civ. P. 8(b), (c) and (e)

Revised 06/07

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IN RE:
      CHRISTOPHER D. WYMAN
           *Debtor(s),*

_____\

                                CASE NO. 12-32264
                                CHAPTER 7

## **CERTIFICATE OF SERVICE**
## **(Modified for PEDUP)**

      MICHAEL E. TINDALL, (hereinafter "Claimant"), Assignee of all [100%] claims of BARBARA DUGGAN ($32,240.34), and a party in interest holding a secured attorney lien ($34,100.00/$21,869.33) against the proceeds of the Realty (hereinafter collectively "allowed secured claim"), certifies that Claimant/Defendant/Counter Plaintiff's 2ND MOTION TO DISMISS FOR LACK OF JURISDICTION was submitted for filing through the PEDUP program on October 13, 2020 and will be served on Plaintiff Trustee Sweet through the Court's ECF System on the date and at the time so filed by the Clerk.

                                Respectfully Submitted,

                              _/S/_MICHAEL E. TINDALL_
                              MICHAEL E. TINDALL
Dated: 10/13/20            18530 MACK AVE., STE 430
                              DETROIT, MI   48236
                              (248)250-8819
                              **Direct Email: met@comcast.net**