UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IN RE:
    CHRISTOPHER D. WYMAN
        *Debtor(s)*,

                                    ADV. NO: 20-03012
_____\

SAMUEL D. SWEET, Individually and as Trustee,
        Plaintiff, Counter Defendant

                                    CASE NO. 12-32264
                                    CHAPTER 7
v.

MICHAEL E. TINDALL, Individually and as 100% Assignee of
Barbara Duggan

        Defendant, Counter Plaintiff.
_____\

## COUNTER PLAINTIFF'S CORRECTED RESPONSE BRIEF TO COUNTER DEFENDANT'S DEFECTIVE MOTION, DE 46 FOR SUMMARY JUDGMENT

MICHAEL E. TINDALL, (hereinafter "Claimant"), Assignee of all [100%] claims of BARBARA DUGGAN ($32,240.34), and a party in interest holding a secured attorney lien ($34,100.00/$21,869.33) against the proceeds of the Realty (hereinafter collectively "allowed secured claim"), responds to DE 46 dated and filed October 9, 2020 as follows:

### BACKGROUND OF THIS MOTION

Trustee Sweet initiated this Adversary Proceeding by Amended Complaint dated February 7, 2020. DE 10, Exhibit 1. Claimant filed his Answer, Affirmative Defenses and Counter Complaint February 25, 2020, DE 15, Exhibit 2. Sweet denied all Affirmative Defenses March 16, 2020, DE 25, Exhibit 3. Sweet answered the Counter Complaint March 16, 2020,

1

DE 26, Exhibit 4. Sweet also moved to dismiss the Counter Complaint under *FRCP 12(b)(6)* March 16, 2020, DE 24.

On September 30, 2020, this Court denied Sweet's *FRCP 12(b)(6)* motion by Opinion and Order, DE 44. However, the Court included in DE 44 the following suggestion/direction to Mr. Sweet:

> "The Court notes that while Defendant Tindall may have stated a plausible claim under Rule 12(b)(6), the Plaintiff Trustee's actions in executing the various orders of this Court including the March 13, 2019 Order Granting the sale of the property, transferring the subject judgment lien to the proceeds of that sale, **would provide the Trustee with "derived judicial immunity,"** which would **provide an arguable basis for summary judgment for the Plaintiff Trustee as to the Counterclaim**. *See LeBlanc v. Salem (Mailman Steam Carpet Cleaning Corp.),* 196 F.3d 1, 8-9 (1st Cir. 1999)" DE 44, n2, P4 of 5.

Nine (9) days later, Sweet obediently filed this Motion. Sweet's Motion does not identify the specific claim(s) to which his various arguments are addressed. No Affidavit or other supporting material was filed in support of the motion, as required by FRCP 56(c), other than yet another [ 5th Copy] of Claimant's Disbarment documentation and a copy of the original Real Estate Sales Agreement, between Sweet and Diana Gentry, dated May 17, 2018, that expired – by its express terms – September 17, 2017 [sic 2018]. No explanation is given as to the purpose of attaching the Agreement, or, what argument or representation it is intended to support.[1]

According to Mr. Sweet, "**the facts of this case are not disputed**", DE 45, P 1 of 11; P3 of 11. This despite the numerous denials contained in Claimant's Answer and Affirmative Defenses to his Complaint, Exhibit 2;

---

[1] A copy of a Quit Claim Deed appears to be included as part of the Agreement. Again, however, No explanation is given as to the purpose of including the Deed, or, what argument or representation it is intended to support.

and, his own denials and deemed denials contained in his respective Answers. Exhibits 3 and 4. We are simply told that Sweet "**believes the counter claims are simply an attempt to extort funds from the bankruptcy estate or the Trustee individually**", DE 45, P2 of 11; and, that "**the counter claims are not well grounded in fact or law**" DE 45, P 3 of 11. Again, nothing is referenced or provided to support these factual claims.[2]

For the reasons set forth below, Sweet's motion does not comply with *FRCP 56*, is not properly supported, and, does not satisfy Sweet's initial burden, under *FRCP 56*. Therefore, Sweet's motion does not require a response on the merits by Claimant.

### I.   FRCP 56 STANDARDS:

Motions for summary judgment are governed by *FRCP 56,* made applicable to adversary proceedings through *Fed.R.Bankr.P. 7056*. Summary judgment is appropriate where the movant shows: (a) that there is no genuine dispute as to any material fact; **and**, (b) the movant is entitled to judgment as a matter of law. **Initially, the moving party bears the burden**

---

[2] Claimant has not compared DE 45 to DE 24 word for word. However, all Sweet's legal arguments appear to be the same [with the addition of the assertion of "derived judicial immunity" suggested by this Court], as set forth above; and, the language – including the reference to "dismissal", DE 45, P 3 of 11- appears substantially identical. It would appear that Mr. Sweet simply re-cycled the same *FRCP 12(b)(6)* MOTION TO DISMISS this Court DENIED, as a summary judgment motion, to comply with this Court's direction.

**of demonstrating the absence of a genuine issue of material fact**.[3] The movant meets this **burden** by pointing to an absence of evidence supporting an essential element as to which the non-moving party will bear the **burden** of proof at trial.[4] The facts and all reasonable inferences drawn therefrom must be viewed in the light most favorable to the non-moving party.[5]

*FRCP 56* provides:

> "(a) A party may move for summary judgment, **<u>identifying each claim</u> … or the part of each claim … on which summary judgment is sought**.
> \*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
> (c) Procedures.
>
>> (1) Supporting Factual Positions. A party **asserting that a fact cannot be** … genuinely **disputed <u>must</u> support the assertion by:**
>>
>>> (A) **citing to particular parts of materials in the record** … **<u>affidavits</u> or <u>declarations</u>**… or
>>>
>>> (B) **showing that <u>the materials cited do not establish the … presence of a genuine dispute</u>, or that <u>an adverse party cannot produce admissible evidence to support the fact</u>**."

---

[3] *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).
[4] *Id.* at 325.
[5] *P.N. v. Clementon Bd. of Educ.*, 442 F.3d 848, 852 (3d Cir. 2006).

Only if the moving party meets this initial **burden**, does the **burden** then shift to the non-moving party to present specific facts showing that there is a genuine issue for trial.[6]

Sweet's motion does not identify the claim or part of the claim to which any of his various arguments are directed. Sweet has not supported the motion with ANY affidavits or materials whatsoever to support an argument that no genuine dispute of fact exists. Indeed, Sweet's unsupported argument that "**the facts of this case are not disputed**" is directly contradicted by his own various pleadings. Exhibits 3 and 4. Sweet's motion requires no substantive response by Claimant because he has not met his initial burden.

## **CONCLUSION:**

For the reasons set forth above, Sweet's motion does not meet even minimum standards necessary to satisfy a movant's initial burden under *FRCP 56.* For that reason, no substantive response on the merits is required [or even possible] from Claimant and the motion must be denied. If Sweet desires to comply with this Court's direction and place the legal issue of "**derived judicial immunity**" on the record in this Court to obtain a ruling

---

[6] *See Celotex, 477 U.S. at 324, 106 S.Ct. 2548; Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986);* Fed. R. Civ. P. 56(e)(2).

contrary to *In Re McKenzie, 716 F.3d 404 (2013)*, he must first resolve the very factual disputes he – himself – created with his own pleadings.[7]

Dated: 10/9/20

Respectfully Submitted,

/s/ [signature]

MICHAEL E. TINDALL
18530 MACK AVE., STE 430
DETROIT, MI 48236
(248)250-8819
**Direct Email: met@comcast.net**

---

[7] Mr. Sweet has exhausted his opportunity to dispose of the Counter Complaint on purely legal grounds. *FRCP 12(b)* (**A motion asserting any of these defenses must be made before pleading if a responsive pleading is allowed.**) Additionally, immunity [of any kind] is an affirmative defense and can be waived. Generally, it is the duty of the defendant **to plead affirmative defenses**, and the court cannot raise such defenses *sua sponte*. *F.R.Civ.P. 8(c)(1)* (**"(c) Affirmative Defenses. *In General.* In responding to a pleading, a party must affirmatively state any avoidance or affirmative defense …**). Sweet also bears the burden of proof on any such defense. *United States v. Dominguez*, 359 F.3d 839, 842 (6th Cir.2004); *Orton v. Johnny's Lunch Franchise LLC*, 668 F.3d 843, 848-49 (6th Cir 2012)(citing *Vance v. Terrazas*, 444 U.S. 252, 270 n. 11, 100 S.Ct. 540, 62 L.Ed.2d 461 (1980)). Sweet pled no Affirmative Defenses, particularly immunity [of any kind] and has now waived the defense. Exhibit 4.

6