**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION - FLINT**

IN RE:

CHRISTOPHER D. WYMAN,

        DEBTOR,

_____/

CASE NO. 12-32264-dof
CHAPTER 7
HONORABLE DANIEL S. OPPERMAN

SAMUEL D. SWEET, Individually and as Trustee,

        Plaintiff/Counter-Defendant,

v.

MICHAEL E. TINDALL, Individually and as
100% Assignee of Barbara Duggan,

        Defendant/Counter-Plaintiff.

_____/

Adversary Proceeding No. 20-03012-dof

### TRUSTEE'S COMBINED RESPONSE AND BRIEF TO CLAIMANT'S FRCP 56 MOTION AND BRIEF FOR SUMMARY JUDGMENT AS TO TRUSTEE'S AMENDED COMPLAINT DE 10

**NOW COMES** Trustee, Samuel D. Sweet, ("Trustee"), by and through his counsel, Samuel D. Sweet, PLC, and hereby states as follows:

### FACTS

While this may be in fact the first time Michael Tindall and I have agreed on something. Unfortunately Mr. Tindall filed an objection to my motion for summary judgment on exactly this issue and claimed there was a material fact dispute. I believe and apparently Mr. Tindall now believes that there is no genuine issue as to any material fact with respect to this case.

On September 20, 2017 Michael Tindall, was disbarred by the Michigan State Bar. Upon Mr. Tindalls disbarment, Samuel D. Sweet, PLC, acted as counsel for the Trustee in handling this case. The Trustee entered into an agreement with Michelle Pichler by which Ms. Pichler deeded any and all interest in the real property located at 1011 Jones Road, Howell, Michigan to the Bankruptcy Estate. Next the Trustee entered into an agreement with Diana Gentry by which Ms. Gentry would purchase the real property at Jones Road for a specified purchase price and resolve all other outstanding claims as specifically provided in the Motion and documents filed with this court [DE 176]. The motion and documents were served on all parties including Mr. Tindall and

Ms. Duggan [DE 176]. The Trustee subsequently filed an amended motion to specifically transfer the lien of Michael Tindall and Barbara Duggan to the proceeds of sale [DE 182]. Mr. Tindall and Ms. Duggan filed objections to this motion that specifically they did not agree that their liens should be transferred to the proceeds of sale pursuant to Section 363(f) of the Bankruptcy Code. No other objection was filed by the parties. [DE 185, 186].

Upon hearing in this case this Court entered an Order that specifically provided that those liens were transferred to proceeds and that the motion was approved in full [DE 212].

The Trustee in attempting to close the sale of the Jones Road property to Diana Gentry specifically requested pursuant to Exhibit A a payoff from the Duggan secured claim. Both Mr. Tindall and Mr. Bejjani specifically provided a payoff amount and wiring instructions for the payoff of this secured claim. (See Exhibit B). As a result, at the closing of this matter the funds specifically requested were wired to Mr. Bejjani in full and final satisfaction of the claim and secured lien of Ms. Duggan. Attached hereto as Exhibit D is the closing statement which specifically provides the monies transferred to Mr. Bejjani's Trust Account. Additionally, Mr. Bejjani specifically provided that this claim was in fact paid pursuant to an email sent on October 9, 2019 in which he specifically provided that, "you satisfied the approved secured claim, and the statutory lien was discharged." (See Exhibit C).

Only after receiving these funds did Mr. Tindall begin arguing that additional "other" amounts were owed relative to the Duggan claim or secured lien in this matter. Unfortunately the Trustee believes that after these funds were paid and not returned that this claim is deemed satisfied and paid in full.

Tindall is arguing that he did not receive notice of the sale and settlement with Gentry. This is a suprising argument given the Motion, Notice, and full agreement was served upon Tindall, Elie Bejjani, and Barbara Duggan, not once, but twice. Both Tindall and Bejjani on behalf of Duggan filed an objection to the motion and Tindall sent the trustee a letter claiming Rule 11 Sanctions for filing same (Exhibit E). Given the parties clearly received the documents this argument should be dismissed.

### Analysis - Count I - Promissory Estoppel

*Crown Tech. Park v D&N Bank*, 619 N.W. 2nd 66 (Mich.Ct.App. 2000), the elements of promissory estoppel are as follows:

a) There was a promise;

b) The promissor reasonably should have expected the promise to cause the promisee to act in a definite and substantial manner;

c) The promisee did in fact rely on the promise by acting in accordance with its own terms;

d) the promise must be enforced to avoid injustice.

A payoff of a secured claim was requested. Exhibit A. A payoff amount was provided by Defendant. Exhibit B. The Trustee paid the payoff amount requested. Exhibit D. After the payoff was paid Defendant stated that the payoff amount satisfied the claim and the lien was discharged. Exhibit C. At no time was a mistake claimed, nor had Defendant claimed any error in calculation.

The Defendants promised to discharge the lien as the funds were paid. See Exhibit C. It is reasonable to assume that when providing a payoff amount on a secured claim that the obligor would rely on the payoff. The Trustee did pay funds pursuant to the payoff. If Defendant is allowed to later claim additional funds are owed, injustice is present. The Bankruptcy estate has relied upon the written representations by Defendant.

Defendant should be required to honor the unambiguous representations made as to the payoff of the claim in this case. The Defendant is promisorily estopped from claiming otherwise. There are no disputed facts and judgment is proper for the Plaintiff.

### Analysis - Count II - Contract

As specifically identified in the facts above the parties exchanged emails relative to the payoff of certain monies owed to claimant to satisfy said claim. Pursuant to Michigan Uniform Electronic Transactions Act MCL 450.831 et seq. electronic communications constitutes writings and are binding upon the parties which forwarded said electronic communications. Additionally, *Eerdman v Maki*, 226 Mich App 360 (1997) specifically provided that email or text

communications can provide the required elements of a contract. It is the Trustees contention that the emails attached hereto as Exhibits A, B, and C specifically provide the salient terms to form a contract and identify the current breach of contract.

To form a contract in the State of Michigan the parties must have written assent or a meeting of the minds on all essential terms. Eerdman. The meeting of minds required in Eerdman can be specifically identified relative to the performance and acquiescence in the performance of the parties to the terms of the contract. *Sanchez v Eagle Alloy Inc.*, 254 Mich App 651 (2003). In determining the specific terms of the contract courts should use an objection standard to determine that a meeting of the minds has occurred. A court should look at a specific and express words of the parties and visible acts not their subjective states of mind. *Calhoun Co. v Blue Cross Blue Shield of Michigan*, 297 Mich App 1 (2012).

As the emails attached specifically provide, the Trustee requested a payoff amount to be provided. Exhibit A. Elie Bejjani on behalf of Ms. Duggan specifically provided the amount of the payoff and the wiring instructions directly to the title company pursuant to his email attached hereto as Exhibit B. Exhibit D specifically provides that the funds transferred via wire to Mr. Bejjani's Trust Account as requested. Further, Mr. Bejjani specifically provided in the email attached as Exhibit C that the claim was satisfied and the lien discharged and paid in full. Tindall now claims Duggan did not authorize the payment of her claim and Bejjani had no authority to resolve same. "[A] longstanding principle derived from agency law is that a client is bound by the actions and inactions of that client's attorney that occurred within the scope of the attorney's authority." *Carrier Creek Drain Drainage Dist v Land One, LLC*, 269 Mich App 324, 331; 712 NW2d 168 (2005).

As a result, Exhibit A constitutes an offer wherein the Trustee specifically requested a payoff and wiring instructions from the parties. Mr. Bejjani's email which is Exhibit B specifically constitutes the acceptance or providing of the payoff and wiring instructions. Exhibit D specifically provides for consideration and that funds were in fact transferred to Mr. Bejjani. As agreed. Exhibit C specifically provides an admission that in fact the funds were received and that the claim is satisfied and the lien discharged and paid in full. Under Kloian v Dominos Pizza LLC, 273 Mich

App 449, (2006), one can form a contract via emails.

No factual disputes exist.  The parties' emails speak for themselves.  Trustee is entitled to a Judgment deeming the claim to be paid and satisfied and the lien discharged.

The Trustee respectfully requests a Summary Judgment pursuant to FRCP 56(a).  The Trustee has provided facts that are undisputed and that specifically make up the terms of a contract and breach of said contract.  The Trustee requests Judgment on his Complaint and deem this claim satisfied and paid in full.

                                          Respectfully submitted,

                                          SAMUEL D. SWEET, PLC

                                          By:   /s/ Samuel D. Sweet
                                          Samuel D. Sweet (P48668)
                                          Attorneys for Trustee
                                          P.O. Box 757
                                          Ortonville, MI 48462-0757
Dated:  11/4/2020                    (248) 236-0985
                                          ssweet@trusteesweet.us

**UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION - FLINT**

IN RE:

CHRISTOPHER D. WYMAN,

      DEBTOR,
_____/

CASE NO. 12-32264-dof
CHAPTER 7
HONORABLE DANIEL S. OPPERMAN

SAMUEL D. SWEET, Individually and as Trustee,

      Plaintiff/Counter-Defendant,

v.

MICHAEL E. TINDALL, Individually and as
100% Assignee of Barbara Duggan,

      Defendant/Counter-Plaintiff.
_____/

Adversary Proceeding No. 20-03012-dof

## CERTIFICATE OF SERVICE

*The undersigned hereby certifies that a copy of the following:*

    Trustee's Combined Response and Brief to Claimant's FRCP 56 Motion and Brief for Summary Judgment as to Trustee's Amended Complaint DE 10; along with a copy of this Certificate of Service

*was electronically served on the 4th day of November, 2020, upon:*

| | |
|---|---|
| Dennis L. Perkins | Elie Bejjani |
| Attorney for Debtor | Attorney for Barbara Duggan |
| bkperk@sbcglobal.net | elie@bejjanilaw.com |
| (Via ECF Only) | (Via ECF Only) |

*was served via First Class Mail, pre-paid postage, on this 4th day of November, 2020, addressed as follows:*

| | |
|---|---|
| Christopher D. Wyman | Michael E. Tindall |
| 6241 Grand River Road | 18530 Mack Ave., Ste. 430 |
| Brighton, MI 48114 | Detroit, Michigan 48236 |

                    /s/ Jessica A. Will
                    SAMUEL D. SWEET, PLC
                    Jessica A. Will, Legal Assistant
                    P.O. Box 757
                    Ortonville, MI 48462-0757
                    (248) 236-0985
                    jwill@trusteesweet.us