UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IN RE:
      CHRISTOPHER D. WYMAN
          *Debtor(s),*

                               ADV. NO: 20-03012

_____\

SAMUEL D. SWEET, Individually and as Trustee,
      Plaintiff, Counter Defendant

                               CASE NO. 12-32264
                               CHAPTER 7

v.

MICHAEL E. TINDALL, Individually and as 100% Assignee of
Barbara Duggan

          Defendant, Counter Plaintiff.
_____\

## CLAIMANT'S RESPONSE TO SWEET CERTIFICATION OF NON RESPONSE DE 69

      MICHAEL E. TINDALL, (hereinafter "Claimant"), Assignee of all [100%] claims of BARBARA DUGGAN ($32,240.34), and a party in interest holding a secured attorney lien ($34,100.00/$21,869.33) against the proceeds of the Realty (hereinafter collectively "allowed secured claim"), and states:

      The attached CORRECTED CERTIFICATE OF SERVICE reflects Claimant's Corrected Response to Sweet's MOTION FOR SUMMARY JUDGMENT [originally DE 45, stricken, re-filed as DE 50] was filed October 20, 2020 as DE 59.

Respectfully Submitted,

/S/

MICHAEL E. TINDALL

Dated: 11/10/20

18530 MACK AVE., STE 430
DETROIT, MI 48236
(248)250-8819
**Direct Email: met@comcast.net**

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IN RE:

    **CHRISTOPHER D. WYMAN**
    *Debtor(s),*

                             ADV. NO: 20-03012

_____\

**SAMUEL D. SWEET, Individually and as Trustee,**
**Plaintiff, Counter Defendant**

                                    CASE NO. 12-32264
                                    CHAPTER 7

v.

**MICHAEL E. TINDALL, Individually and as 100% Assignee of**
**Barbara Duggan**

          **Defendant, Counter Plaintiff.**
_____\

## CORRECTED CERTIFICATE OF SERVICE
### (Modified for PEDUP)

      MICHAEL E. TINDALL, (hereinafter "Claimant"), Assignee of all

[100%] claims of BARBARA DUGGAN ($32,240.34), and a party in

interest holding a secured attorney lien ($34,100.00/$21,869.33) against the

proceeds of the Realty (hereinafter collectively "allowed secured claim"),

certifies that Claimant/Defendant/Counter Plaintiff's CORRECTED

RESPONSE TO

TRUSTEE'S FRCP 56 MOTION FOR SUMMARY JUDGMENT, DE 45

was submitted for filing through the PEDUP program on October 19, 2020

and will be served on Plaintiff Trustee Sweet through the Court's ECF

System on the date and at the time so filed by the Clerk.

Respectfully Submitted,

_/S/_MICHAEL E. TINDALL_
MICHAEL E. TINDALL
Dated: 10/11/20                    18530 MACK AVE., STE 430
DETROIT, MI 48236
(248)250-8819
**Direct Email: met@comcast.net**

IN RE:

**CHRISTOPHER D. WYMAN**
*Debtor(s),*

CASE NO. 12-32264
CHAPTER 7
HON: D. S. OPPERMAN

\

MICHAEL A. MASON, US
BANKRUPTCY TRUSTEE
And STATE COURT JUDGMNT
CREDITOR BARBARA DUGGAN

                    Plaintiffs

ADVERSARY NO.12-03348

v.

MICHELLE PICHLER, a/k/a MICHELLE GENTRY;
and, EDWARD LINCK

                 Defendants.
\

## RESPONSE TO ORDER TO SHOW CAUSE

    My name is BARBARA DUGGAN, a named Plaintiff in this case. I have

personally appeared in this Bankruptcy Court on numerous occasions over the past 5

years in each of these related cases. I am not an attorney. I have been represented by my

attorney for the past 5 years and have been kept informed on each of these related cases

by telephone, email and copies of documents filed on my behalf. While I understand,

generally, the nature and status of the various matters, I do not claim to understand the

various legal theories involved. I have asked Mr. Tindall to assist me with this response

to the Order to Show cause dated October 13, 2017.

## MY POSITION IN THIS CASE:

    I hold a Judgment against Christopher Wyman in the amount of $28,399.53 plus

statutory interest plus taxable costs and attorney fees. That Judgment is secured by a

perfected Judgment Lien against the real property commonly known as 1011 Jones Rd.,

Howell MI. Therefore, I have an interest in that Default Judgment entered against Pichler

on July 16, 2014. All of this is set forth in Claim No. 1 filed November 25, 2014 in this Court.

I hold damage claims against Michelle Pichler and Edward Linck, as fraudulent transferees of the Jones Rd. property. My "claim" arose, by contract, against WYMAN September 25, 2008. Under the Michigan Uniform Fraudulent Transfer Act ("MUFTA"), *MCL 566.34(1)(a)*, a fraudulent transfer is void as to ANY creditor, without regard to whether the claim arose before or after the transfer.[1] Under *MCL 566.37(1),* my claim against Pichler and Linck - to set aside fraudulent transfers from WYMAN - also arose September 25, 2008; with, my separate and independent claim, against Pichler and Linck, for money damages for aiding and abetting WYMAN's fraud.[2] My independent rights may be litigated in this bankruptcy court.[3]

I also hold a claim against Pichler, as a fraudulent transferee, insider and nominee of WYMAN, for fraud damages caused by the transfer of approximately $109,000.00 in cash/income from WYMAN to Pichler through a bank account at TCF Bank held in the name of CD WYMAN CONTRACTORS throughout the period 2007 through 2012.

A fraudulent transfer is fraud.[4] The law relating to fraud and misrepresentation supplement the provisions of MUFTA.[5] As a defrauded creditor of WYMAN, I may obtain a direct money Judgment against Pichler and Linck, as fraudulent transferees, for assisting WYMAN's fraud.[6] MR. MASON/SWEET is limited to "avoidance claims". He does not have standing to pursue tort/fraud claims that belong to me arising from a fraudulent transfer.[7] My fraud claims include damages for diminution in the value of the

---

[1] *In re Machine Tool Cont. Corp., 381 BR 657 (ED MI 2008).*

[2] *MCL 566.38(2); Regan v. Carrington, 194 Mich App 35, 40 (1992).*

[3] My independent rights are inextricably intertwined with the **"avoidance rights"** asserted by Trustee Mason. Ancillary jurisdiction supports the required nexus to this bankruptcy case under 28 U.S.C. § 1334 and authorizes their exercise in this adversary proceeding. *Waldman v. Stone, 698 F.3d 910 (6th Cir.2012); In re Salem Mortgage Co., 783 F.2d 626, 634 (6ᵗʰ Cir.1986). See also In re Maislin Ind., U.S., Inc., 75 B.R. 170 (Bankr.E. D.Mich.1987); Charles Taunt, Trustee v. Fidelity Bank of Michigan, (In re Petrolia Corp.), 79 B.R. 686 (Bankr.E.D.Mich. 1987); In re Barman, 244 BR 896 (2000)( creditor [Trustee of the Bankruptcy Estate **of a related debtor**] - seeking to recover fraudulent transfers- **had standing in the bankruptcy of a fraudulent transferee**.)*

[4] *Husky Int. Elec. Inc. v. Ritz, 578 US __; 136 S. Ct. 1581 (2016).*

[5] *MCL 566.40.*

[6] *MCL 566.38(2)(* **a direct money Judgment against a fraudulent transferee)** *Regan v. Carrigan, 194 Mich App 35 (1992) (Creditor may* **recover directly against a fraudulent grantee, whether or not the grantee knowingly participated in the fraudulent transaction)**

[7] *5 Collier on Bankruptcy ¶ 544.01 (16th ed. 2011) (footnote omitted) (**Section 544 "does not transform the trustee into a `super creditor.'")**. See, e.g., Hyundai Translead, Inc. v. Jackson Truck & Trailer Repair*

property transferred, exemplary damages, punitive damages, and, attorney fees incurred by me in all other state and federal cases.

I settled my damage claim against Mr. Linck in July 2014 for a one-time payment of $15,000.00. That payment/settlement was solely with Mr. Linck and applied solely to my damages against him. It did not apply to my claims against Pichler or to the Judgment against WYMAN.

My rights in these related cases, particularly this case, have been argued, reargued and reargued, again and again and my "standing" has been repeatedly explained over the last 5 years.

```
BANKRUPTCY      09-36472   DE 88 Filed 08/19/12
ADVERSARY NO. 12-03340, DE 18, November 6, 2012.
ADVERSARY NO. 12-03347, DE 12, October 30, 2012
ADVERSARY NO.12-03348   DE 21, November 1, 2012
ADVERSARY NO.12-03348,  DE 86, April 8, 2013, Nos. 2,3, 11.
ADVERSARY NO.12-03348   DE 153, May 6, 2014
ADVERSARY NO.12-03348   DE 308, November 17, 2014 Nos. 36-39
ADVERSARY NO.12-03348   DE 315-1, December 15, 2014
```

## MY INTENTIONS:

I intend to continue this and all related cases to a final Judgment. I intend to locate and retain replacement counsel to complete these cases. I believe 60 days should be sufficient time to locate and retain replacement counsel. I do not know how long replacement counsel will need to become familiar with the 5 year history of all 7 cases.

BARBARA DUGGAN

*Inc., 419 B.R. 749, 761 (M.D. Tenn. 2009) (***Bankruptcy courts have consistently held that neither §
544(b) nor § 550 authorizes a trustee to pursue conspiracy or `aiding and abetting' state law claims.**").*

# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

IN RE:
      **CHRISTOPHER D. WYMAN**
              *Debtor(s),*

                              **ADV. NO: 20-03012**

_____\
**SAMUEL D. SWEET, Individually and as Trustee,**
        **Plaintiff, Counter Defendant**

                              **CASE NO. 12-32264**
                              **CHAPTER 7**

v.

**MICHAEL E. TINDALL, Individually and as 100% Assignee of Barbara Duggan**

        **Defendant, Counter Plaintiff.**
_____\

## AFFIDAVIT IN SUPPORT OF
## MOTION FOR SUMMARY JUDGMENT

**ELIE BEJJANI ESQ**., being first dully sworn deposes and says:

1. I acted as attorney for MS BARBARA DUGGAN with respect to her lien interest in the realty commonly known as 1011 Jones Rd., Howell MI from approximately January, 2018 through January, 2020. I formally appeared in this and related matters in this Court, as counsel of record to MS BARBARA DUGGAN, on December 17, 2018.

2. At no time, from and after December 17, 2018 to and through the current date have I ever been authorized by MS BARBARA DUGGAN, orally or in writing, to contract, agree, commit, relinquish, transfer, convey or do any other act, action or thing

regarding her lien interest as secured creditor in the real property commonly known as 1011 Jones Rd., Howell MI.

3. At no time, from and after December 17, 2018 to and through the current date have I ever, orally or in writing, contracted, agreed, committed, relinquished, transferred, conveyed or done any other act, action or thing regarding her lien interest as secured creditor in the real property commonly known as 1011 Jones Rd., Howell MI.

4. On July 14, 2018, I formally notified TRUSTEE SAM SWEET, Select Title Agency, Christopher Wyman and Gentry Sales that the principal and interest ONLY due to MS. BARBARA DUGGAN on her lien claim was $31, 227.84. See, Exhibits B and D to attached Exhibit 1. This is/was consistent with 11 USC 502(a) which defines the amount of an outstanding claim as the amount due on the date of the filing of the Petition.

5. On July 14, 2018, MS. DUGGAN'S right to post petition attorney fees, under 11 USC 506, was in active dispute and this Court had not yet determined that her claim was "over secured" as required under that section.

6. On December 18, 2018, I put TRUSTEE SWEET on actual notice that MS BARBARA DUGGAN's secured claim included post-petition attorney fees IN ADDITION TO the [then] amount due for principal and interest of $31,728.79. See Exhibit1

7. On March 13, 2019, this Court ordered all liens, including MS. DUGGAN'S Judgment Lien for principal, interest and post-petition attorney fees transferred to the proceeds of the sale of the realty. Case No 12-32264, DE 212.

8. On May 29, 2019, Trustee Sweet sold the Jones Rd. property for $65,000.00. Trustee Sweet paid $32,288.91, as principal and interest toward allowed secured claim No.1.Trustee Sweet failed to pay the balance of the allowed secured from secured proceeds, under *11 USC 506(b),* on May 29, 2019 due to his outstanding surcharge dispute.

9. On May 29, 2019, TRUSTEE SWEET should have known he was paying principal and interest only; that the claim for post-petition attorney fees remained in dispute under 11 USC 506, that the Court had not yet determined that the property was "over secured"; and, that MS DUGGAN'S remaining claim for post –petition attorney fees remained secured by the remaining proceeds from the sale of the realty.

10. On October 9, 2019, at 5:29PM, I responded to an email demand by TRUSTEE SWEET for privileged attorney/client information regarding disbursement of the proceeds of the May 29, 2019 payment. I told SWEET that he had "**satisfied the approved secured claim**" because he had paid the amount required by 11 USC 502(a), with interest. I told him that the "**statutory lien was discharged**" because the lien had been transferred to proceeds by DE 212 and the required determination under 11 USC 506 had not yet been made by this Court.

11. On January 9, 2020 this Court determined the Realty was "over secured", under *11 USC 506(b).* Case No 12-32264, DE 316.

12. I make this Affidavit from personal knowledge and can personally testify to the facts contained herein if called upon to do so.

**FURTHER DEPONENT SAITH NOT**.

PURSUANT TO 28 USC 1746(2), I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT THIS 1st DAY OF OCTOBER 2020.

_/S/_SIGNED ORIGINAL ON FILE_
ELIE BEJJANI, ESQ.

IN RE:

**CHRISTOPHER D. WYMAN,**                    Case No. 12-32264
                                             Chapter:  7
**Debtor.**                                  Hon. D. S. OPPERMAN

_____/

**SECURED CREDITOR'S MOTION AND BRIEF TO CONDITION SALE OF REAL PROPERTY ON FULL PAYMENT OF ALLOWED SECURED JUDGMENT LIEN UNDER 11 USC 363(E) AND FED R. BANK. 4001(A)(1).**

NOW COMES Secured Creditor, Barbara Duggan ("Duggan"), by and through her attorney, Bejjani Law PLLC,  and brings this Motion, as to Trustee Samuel D. Sweet ("Trustee Sweet") and his agent, Select Title Company of Brighton, MI, and hereby states the following:

1. Duggan is the holder of an allowed secured Judgment Lien secured against the real property located at 1011 Jones Road, Howell, Michigan 48855, (the "Property"), perfected with the Livingston County Register of Deeds on May 3, 2012, recorded at Liber 2012R-15343, et seq. *See* **Exhibit A**.

2. Pursuant to notice by this Court dated November 18, 2014, DE 155, Duggan duly filed her proof of secured claim, as ordered by this Court, on November 25, 2014, Claim No. 1. *See* **Exhibit B**.

3. No objections were filed to Duggan's Proof of Claim, and the claim was allowed bu this Court, under 11 USC §502(a).

4. There is now due and owing to Duggan the sum of $31,728.79, plus costs and attorney fees incurred by Duggan to obtain the requested order and collect the proceeds of her secured lien. 11 U.S.C. § 506 (a). MCL 600.2807(3). **Exhibit C**.

5.  On June 7, 2018, Trustee Sweet filed his Motion to Sell the subject property subject to existing liens, under 11 USC 363(b), and to settle various Adversary Proceedings asserting various statutory and common law damage claims for fraud. DE 176. Duggan's allowed secured lien was not addressed in or by the motion, was not the subject of any of the various adversary proceedings, and, exists independently from those adversary proceedings.

6.  On July 5, 2018, this Court entered its Order GRANTING Trustee Sweet's motion and authorized him to sell the subject real property. DE 123. That order was a final appealable order.

7.  No reconsideration or appeal of this Court's Order was taken, and, that Order is now res judicata as to the Trustee.

8.  Pursuant to MCL 600.2819, Duggan's allowed secured lien against the subject real property remains valid and must be paid in full from first proceeds of the anticipated sale. MCL 600.2801(a)(i); 600.2801(c); 600.2819.

9.  Trustee Sweet has retained Select Title Company of Brighton MI as his agent for issuance of title and the closing of this sale.

10. Duggan has placed Trustee Sweet and Select Title Company on actual notice of the existence of the secured claim and the amount due at closing to discharge the lien. **Exhibit D**.

11. Trustee Sweet has now filed DE 182 to "amend" the previously resolved motion so as to sell the subject real property "free and clear" of Duggan's approved secured lien, **without payment to Duggan from first proceeds of the sale**.

12. In accordance with 11 U.S.C §502(a), such relief not permitted as Trustee Sweet did not request, and this Court did not and could not authorize the sale "free and clear" of a lien allowed by this very court in 2014 before the motion or the order were filed.

13. Concurrence with this motion has been sought from Trustee Sweet on multiple occasions since July 11, 2018 in compliance with E.D. Mich. LBR 9014-1(h) but has been denied.

WHEREFORE, Duggan respectfully requests this Honorable Court issue its Order conditioning the sale of the subject property and directing Trustee Sweet and his agent, Select Title Company of Brighton MI, to pay the full amount of Duggan's approved secured lien together with Duggan's costs and attorney fees incurred in bringing this motion to Duggan's counsel, as directed in **Exhibit C**.

Respectfully Submitted,

**BEJJANI LAW PLLC**
*/s/ Elie Bejjani*
Elie Bejjani (P74626)
Attorney for Secured Creditor
6 Parklane Blvd, Suite 600
Dearborn, MI 48126
(313) 757-0036
elie@bejjanilaw.com

DATED: December 18, 2018

STATE OF MICHIGAN

IN THE 53RD DISTRICT COURT

BARBARA DUGGAN

        Plaintiff

v.

                             CASE NO. 09-4485-GC
                             HON. SUZANNE GEDDIS

CHRIS WYMAN d//b/a CD WYMAN

        Defendant.

_____\

**TINDALL LAW**
BY: MICHAEL E. TINDALL (P29090)
P.O. BOX 46564
MT. CLEMENS, MI 48046
(313) 638-7613
FAX: 815-572-5858
MET@COMCAST.NET

_____\

<u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that the foregoing document was served upon counsel of record herein at their respective addresses on the record on _____, 200___

____ US MAIL     ____ E-FILE/MAIL_____
____ FAX     ____ DELIVERY

_____

<u>**AMENDED JUDGMENT**</u>

**At a session of said Court held in the City of Howell
County of Livingston, State of Michigan on April 2√, 2012**

**PRESENT: Hon.**    **SUZANNE GEDDIS P-35307**
                     DISTRICT COURT JUDGE

This matter having come before this Court on Plaintiff's MOTION TO AMEND

JUDGMENT under MCR 2.612(A)(1); and, it appearing that, due to oversight, Judgment

following Defendants' DEFAULT in this matter was entered only as to Count I of the

Complaint, rather than as to Counts I and II as prayed in the Complaint; and the Court

being otherwise fully advised in the premises:

    **IT IS ORDERED** that Plaintiff's MOTION TO AMEND JUDGMENT be and it

hereby is GRANTED.

**T** **TINDALL LAW**
**ATTORNEYS AND COUNSELLORS**

1

**IT IS FURTHER ORDERED** that the original Judgment entered in this matter is amended, nunc pro tunc, to enter Judgment as to both Counts I and II in the amount of $23,584.12, as prayed in the original Complaint, plus statutory interest from the date of the Complaint and costs as permitted by law.

DISTRICT COURT JUDGE

EXHIBIT A

TINDALL LAW
ATTORNEYS AND COUNSELLORS

2

20-03062-dob Doc 7-2 Filed 11/12/20 Entered 11/12/20 09:20:48 Page 16 of 91
12-32264-dob Doc 7-2 Filed 11/12/20 Entered 11/12/20 09:20:48 Page 9 of 91

**2012R-015343**
**RECORDED ON**
**05/03/2012 08:44:21 AM**
**SALLY REYNOLDS**
**REGISTER OF DEEDS**
**LIVINGSTON COUNTY, MI 48843**
**RECORDING: 40.00**
**REMON: 4.00**
**PAGES: 11**



**STATE OF MICHIGAN**

**IN THE 53RD DISTRICT COURT**

BARBARA DUGGAN

        **Plaintiff**

v.                                **CASE NO. 09-4485-GC**

                                         **HON. SUZANNE GEDDIS**

CHRIS WYMAN d//b/a CD WYMAN

        **Defendant.**

_____\

TINDALL LAW
BY: MICHAEL E. TINDALL (P29090)
P.O. BOX 46564
MT. CLEMENS, MI 48046
(313) 638-7613
FAX: 815-572-5858
MET@COMCAST.NET

_____\

<u>**NOTICE OF CLAIM OF INTEREST**</u>

      Please take notice that Plaintiff/Judgment Creditor claims an interest in the real

property commonly known as 1011 East Jones Rd., Township of Cohoctah, County of

Livingston, State of Michigan, Tax Id No. 02-24-300-007, more fully described in

attached Exhibit 1, by virtue of a Judgment entered in the 53rd District Court,  nunc pro

tunc to January 5, 2010, a copy of which is attached hereto as Exhibit 2.

      While the record owner of the property herein described is shown to be

MICHELLE  PICHLER,  she is merely the fraudulent transferee of Defendant

CHRISTOPHER D. WYMAN a/k/a CHRIS WYMAN, a/k/a CD WYMAN, often doing

<table><tr><td>**T**</td><td>**TINDALL LAW**<br>**ATTORNEYS AND COUNSELLORS**</td><td>1</td></tr></table>

business as CD WYMAN INC, under MCL 566.34, who is, in fact, the true owner of the property. Further, the alleged Mortgage Lien represented by that certain mortgage dated October 17, 2009 at Liber 2010R, Page 002922 to one EDWARD LINK, 1829 HANOVER RD., ANN ARBOR MI 48103, the uncle of CHRISTOPHER D. WYMAN, attached as Exhibit 3, is also fraudulent under MCL 566.34.

Post Judgment proceedings are currently pending in the above matter before the 53rd District Court to nullify and invalidate the fraudulent transfers described above and to subject the subject real property to execution and receivership to satisfy Plaintiff's Judgment.

Respectfully Submitted,
**TINDALL & COMPANY  P.C.**

BY: MICHAEL E. TINDALL  P29090
For the Firm
**P.O. BOX 46564**
**MOUNT CLEMENS,  MI   48046**
**(313) 638-7613**
**(815) 572-5858 (FAX)**
**Direct Email: met@comcast.net**

Dated: 5/2/12
**DRAFTED BY:**
**TINDALL & COMPANY  P.C.**
Attorneys for Plaintiff Judgment Creditor
BY: MICHAEL E. TINDALL  P29090
For the Firm
**P.O. BOX 46564**
**MOUNT CLEMENS,  MI   48046**
**(313) 638-7613**
**(815) 572-5858 (FAX)**
**Direct Email: met@comcast.net**

**T** **TINDALL LAW**
**ATTORNEYS AND COUNSELLORS**

2

B10 (Official Form 10) (04/13)

| UNITED STATES BANKRUPTCY COURT | | **PROOF OF CLAIM** |
|---|---|---|

Name of Debtor:

CHRISTOPHER D. WYMAN

Case Number:

12-32264

NOTE: *Do not use this form to make a claim for an administrative expense that arises after the bankruptcy filing. You may file a request for payment of an administrative expense according to 11 U.S.C. § 503.*

Name of Creditor (the person or other entity to whom the debtor owes money or property):
BARBRA DUGGAN

Name and address where notices should be sent:
BARBARA DUGGAN, C/O MICHAEL E. TINDALL ESQ.
P.O. BOX 46564
MOUNT CLEMENS, MI  48046

Telephone number: (248) 250-8819     email: MET@COMCAST.NET

**COURT USE ONLY**

❐ Check this box if this claim amends a previously filed claim.

**Court Claim Number:**_____
   (*If known*)

Filed on:_____

Name and address where payment should be sent (if different from above):

Telephone number:          email:

❐ Check this box if you are aware that anyone else has filed a proof of claim relating to this claim.  Attach copy of statement giving particulars.

**1. Amount of Claim as of Date Case Filed:**    $_____27,389.24

If all or part of the claim is secured, complete item 4.

If all or part of the claim is entitled to priority, complete item 5.

☑Check this box if the claim includes interest or other charges in addition to the principal amount of the claim. Attach a statement that itemizes interest or charges.

**2. Basis for Claim:**  JUDGMENT-PERFECTED BY JUDGMENT LIEN
   (See instruction #2)

| 3.  Last four digits of any number by which creditor identifies debtor:  4 4 8 5 | 3a.  Debtor may have scheduled account as: 23584.12 (See instruction #3a) | 3b. Uniform Claim Identifier (optional): (See instruction #3b) |
|---|---|---|

**4. Secured Claim** (See instruction #4)
Check the appropriate box if the claim is secured by a lien on property or a right of setoff, attach required redacted documents, and provide the requested information.

**Nature of property or right of setoff:** ☑Real Estate  ❐Motor Vehicle  ❐Other
Describe:

**Value of Property:** $  300,000.00

**Annual Interest Rate**_____%  ❐Fixed  or  ☑Variable
(when case was filed)

Amount of arrearage and other charges, as of the time case was filed, included in secured claim, if any:

$  28,398.53

**Basis for perfection:** JUDGMENT LIEN

**Amount of Secured Claim:**  $  28,398.53

**Amount Unsecured:**  $  0.00

**5. Amount of Claim Entitled to Priority under 11 U.S.C. § 507 (a).  If any part of the claim falls into one of the following categories, check the box specifying the priority and state the amount.**

❐ Domestic support obligations under 11 U.S.C. § 507 (a)(1)(A) or (a)(1)(B).

❐ Wages, salaries, or commissions (up to $12,475*) earned within 180 days before the case was filed or the debtor's business ceased, whichever is earlier – 11 U.S.C. § 507 (a)(4).

❐ Contributions to an employee benefit plan – 11 U.S.C. § 507 (a)(5).

❐ Up to $2,775* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U.S.C. § 507 (a)(7).

❐ Taxes or penalties owed to governmental units – 11 U.S.C. § 507 (a)(8).

❐ Other – Specify applicable paragraph of 11 U.S.C. § 507 (a)(__).

Amount entitled to priority:

$_____

*Amounts are subject to adjustment on 4/01/16 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.*

**6. Credits.** The amount of all payments on this claim has been credited for the purpose of making this proof of claim. (See instruction #6)

**7. Documents:** Attached are **redacted** copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, security agreements, or, in the case of a claim based on an open-end or revolving consumer credit agreement, a statement providing the information required by FRBP 3001(c)(3)(A). If the claim is secured, box 4 has been completed, and **redacted** copies of documents providing evidence of perfection of a security interest are attached. If the claim is secured by the debtor's principal residence, the Mortgage Proof of Claim Attachment is being filed with this claim. *(See instruction #7, and the definition of "redacted".)*

DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.

If the documents are not available, please explain:　JUDGMENT ATTACHED. PERFECTED LIEN DOCUMENTS DELIVERED TO TRUSTEE

**8. Signature:** (See instruction #8)

Check the appropriate box.

☐ I am the creditor.　☑ I am the creditor's authorized agent.　☐ I am the trustee, or the debtor, or their authorized agent. (See Bankruptcy Rule 3004.)　☐ I am a guarantor, surety, indorser, or other codebtor. (See Bankruptcy Rule 3005.)

I declare under penalty of perjury that the information provided in this claim is true and correct to the best of my knowledge, information, and reasonable belief.

Print Name:　MICHAEL E. TINDALL ESQ
Title:　ATTORNEY AT LAW
Company:　TINDALL LAW, COUNSEL FOR CREDITOR
Address and telephone number (if different from notice address above):　(Signature)　(Date)

Telephone number:　email:

*Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.*

---

## INSTRUCTIONS FOR PROOF OF CLAIM FORM

*The instructions and definitions below are general explanations of the law. In certain circumstances, such as bankruptcy cases not filed voluntarily by the debtor, exceptions to these general rules may apply.*

**Items to be completed in Proof of Claim form**

**Court, Name of Debtor, and Case Number:**
Fill in the federal judicial district in which the bankruptcy case was filed (for example, Central District of California), the debtor's full name, and the case number. If the creditor received a notice of the case from the bankruptcy court, all of this information is at the top of the notice.

**Creditor's Name and Address:**
Fill in the name of the person or entity asserting a claim and the name and address of the person who should receive notices issued during the bankruptcy case. A separate space is provided for the payment address if it differs from the notice address. The creditor has a continuing obligation to keep the court informed of its current address. See Federal Rule of Bankruptcy Procedure (FRBP) 2002(g).

**1. Amount of Claim as of Date Case Filed:**
State the total amount owed to the creditor on the date of the bankruptcy filing. Follow the instructions concerning whether to complete items 4 and 5. Check the box if interest or other charges are included in the claim.

**2. Basis for Claim:**
State the type of debt or how it was incurred. Examples include goods sold, money loaned, services performed, personal injury/wrongful death, car loan, mortgage note, and credit card. If the claim is based on delivering health care goods or services, limit the disclosure of the goods or services so as to avoid embarrassment or the disclosure of confidential health care information. You may be required to provide additional disclosure if an interested party objects to the claim.

**3. Last Four Digits of Any Number by Which Creditor Identifies Debtor:**
State only the last four digits of the debtor's account or other number used by the creditor to identify the debtor.

**3a. Debtor May Have Scheduled Account As:**
Report a change in the creditor's name, a transferred claim, or any other information that clarifies a difference between this proof of claim and the claim as scheduled by the debtor.

**3b. Uniform Claim Identifier:**
If you use a uniform claim identifier, you may report it here. A uniform claim identifier is an optional 24-character identifier that certain large creditors use to facilitate electronic payment in chapter 13 cases.

**4. Secured Claim:**
Check whether the claim is fully or partially secured. Skip this section if the

claim is entirely unsecured. (See Definitions.) If the claim is secured, check the box for the nature and value of property that secures the claim, attach copies of lien documentation, and state, as of the date of the bankruptcy filing, the annual interest rate (and whether it is fixed or variable), and the amount past due on the claim.

**5. Amount of Claim Entitled to Priority Under 11 U.S.C. § 507 (a).**
If any portion of the claim falls into any category shown, check the appropriate box(es) and state the amount entitled to priority. (See Definitions.) A claim may be partly priority and partly non-priority. For example, in some of the categories, the law limits the amount entitled to priority.

**6. Credits:**
An authorized signature on this proof of claim serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

**7. Documents:**
Attach redacted copies of any documents that show the debt exists and a lien secures the debt. You must also attach copies of documents that evidence perfection of any security interest and documents required by FRBP 3001(c) for claims based on an open-end or revolving consumer credit agreement or secured by a security interest in the debtor's principal residence. You may also attach a summary in addition to the documents themselves. FRBP 3001(c) and (d). If the claim is based on delivering health care goods or services, limit disclosing confidential health care information. Do not send original documents, as attachments may be destroyed after scanning.

**8. Date and Signature:**
The individual completing this proof of claim must sign and date it. FRBP 9011. If the claim is filed electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what constitutes a signature. If you sign this form, you declare under penalty of perjury that the information provided is true and correct to the best of your knowledge, information, and reasonable belief. Your signature is also a certification that the claim meets the requirements of FRBP 9011(b). Whether the claim is filed electronically or in person, if your name is on the signature line, you are responsible for the declaration. Print the name and title, if any, of the creditor or other person authorized to file this claim. State the filer's address and telephone number if it differs from the address given on the top of the form for purposes of receiving notices. If the claim is filed by an authorized agent, provide both the name of the individual filing the claim and the name of the agent. If the authorized agent is a servicer, identify the corporate servicer as the company. Criminal penalties apply for making a false statement on a proof of claim.

# Barbara Duggan v. Chris Wyman d/b/a CD Wyman
## Case No. 09-4485-GC

| Date | Description | Interest Period | Days | Int Rate | Int Amount | Balance |
|------|-------------|-----------------|------|----------|-----------|---------|
| | | | | | | |
| 11/25/2014 | Perfected Lien Balance | | | | | $28,398.53 |
| | | 11/25/2014-12/31/2014 | 36 | 2.622% | $73.44 | $28,471.97 |
| | | 01/01/2015-06/30/2015 | 181 | 2.678% | $378.11 | $28,850.08 |
| | | 07/01/2015-12-31-2015 | 184 | 2.468% | $358.94 | $29,209.01 |
| | | 01/01/2016-06/30/2016 | 182 | 2.571% | $374.45 | $29,583.47 |
| | | 07/01/2016-12-31-2016 | 184 | 2.337% | $348.52 | $29,931.99 |
| | | 01/01/2017-06/30/2017 | 181 | 2.426% | $360.09 | $30,292.08 |
| | | 07/01/2017-12-31-2017 | 184 | 2.902% | $443.15 | $30,735.23 |
| | | 01/01/2018-06/30/2018 | 181 | 2.984% | $454.80 | $31,190.03 |
| 12/17/2018 | | 07/01/2018-07/12/2018 | 171 | 3.687% | $538.76 | $31,728.79 |
| | | | | | | |
| | Total | | | | $3,330.26 | $31,728.79 |
| | | | | | | |
| | | | | | | |



# BEJJANI LAW PLLC

ELIE BEJJANI, ATTORNEY AT LAW

**(313) 757.0036**
6 Parklane Blvd, Suite 600
Dearborn, MI 48126
Fax (313) 447.2430
elie@bejjanilaw.com

JULY 11, 2018

Samuel D Sweet
Samuel D Sweet PLC
PO Box 757
Ortonville, MI 48462

**Re:    Sale of 1011 E Jones Road, Howell, Michigan 48855-9298**

Dear Mr. Sweet,

Please be advised that Barbara Duggan ("**Duggan**") has retained our firm to pursue the collection of a secured judgment lien against Debtor Christopher D. Wyman ("**Wyman**") through the sale of 1011 Jones Road, Howell, Michigan 48855, Tax Id No. 470224300007 (the "**Property**").

Duggan holds a secured interest in the Property by virtue of a Judgment entered in the 53rd District Court, Case No. 09-4485-GC, *Barbara Duggan v. Chris Wyman d/b/a CD Wyman*, entered on April 24, 2012, nunc pro tunc to January 5, 2010, which is attached as **Exhibit 1**. The Judgment, along with the Notice of Claim of Interest, was recorded with the Livingston County Register of Deeds on May 3, 2012, which is attached as **Exhibit 2**. Lastly, the Judgment was timely filed and remains valid, as a Proof of Claim in Wyman's pending Chapter 7 Bankruptcy proceeding, Case No. 12-32264. **Exhibit 3,** Proof of Claim.

Duggan's lien holds priority over any other claims of interest on the Property, pursuant to 11 U.S.C. § 507 (a), and is entitled to first proceeds from the undergoing sale. The lien is also perfected and secured by the Property. The current balance of the Judgment is **$31,227.84**, which includes statutory interest to date. *See* **Exhibit** 4, Judgment Balance Computation.

You are hereby notified of our client's outstanding interest in the Property and demand payment of $31,227.84 from the proceeds of the sale at closing. We request that you provide the date, time, and location of the closing, in which we will attend. We anticipate a check be issued at closing, made out to Bejjani Law PLLC Lawyers' Trust Account, in the amount of $31,227.84 to fully satisfy Wyman's debt owed to Duggan. We anticipate full cooperation from all parties regarding this matter. If to the contrary, then all parties will suffer great consequences.

Our client has endured several years of litigation regarding this dispute and will continue until all debts are paid in full without compromise. Our firm will promptly file and record a Satisfaction of Judgment upon receipt of the entire payment.

Thank you for your anticipated cooperation in this regard. Please contact our office with any concerns regarding this matter.

Sincerely,


Elie Bejjani, Esq.
BEJJANI LAW PLLC

Enclosures (4)

cc:    Select Title Agency
        Christopher D. Wyman
        Gentry Sales Inc.

EXHIBIT D

2

20-03042-dof   Doc 187   Filed 11/13/20   Entered 11/13/20 08:39:49   Page 23 of 91
12-32264-dof   Doc 187   Filed 11/13/18   Entered 11/13/18 28:51:59   Page 32 of 97

## Sale of 1011 E Jones Road, Howell, Michigan 48855-9298

1 message

**Elie Bejjani, Esq.** <elie@bejjanilaw.com>          Wed, Jul 11, 2018 at 8:14 PM
To: trusteesweet@hotmail.com, ssweet@trusteesweet.us, jwill@trusteesweet.us, ss125@trustesolutions.net

Mr. Sweet,

Please see the attached correspondence.

Thank you.

Sincerely,


Elie Bejjani


## Attorney Elie Bejjani

Bejjani Law PLLC
6 Parklane Blvd., Suite 600
Dearborn, Michigan 48126
Telephone: (313) 757-0036
Fax: (313) 447-2430
Email: elie@bejjanilaw.com

**UNAUTHORIZED USE, FORWARDING, OR COPYING OF THIS MESSAGE IS STRICTLY PROHIBITED.** This email is covered by the Electronic Communications Privacy Act, 18 U.S.C. §§ 2510-2521 and is legally privileged. This e-mail message and any files transmitted with it are also subject to the attorney-client privilege and attorney work-product doctrine, and contain confidential information intended only for the person(s) to whom this email message is addressed. If you have received this e-mail message in error, please notify the sender immediately by telephone (313) 757-0036 or e-mail and destroy the original message without making a copy. **SETTLEMENT COMMUNICATIONS.** This email may contain an offer to compromise or contain a negotiation to compromise or settle a disputed fact or claim. Therefore, this communication is protected pursuant to MRE 408 and FRE 408.

**Sweet.pdf**
2807K



## Sale of 1011 E Jones Road, Howell, Michigan 48855-9298

1 message

**Elie Bejjani, Esq.** <elie@bejjanilaw.com>
To: Close@selecttitleagency.com

Wed, Jul 11, 2018 at 8:14 PM

Please see the attached correspondence.

Thank you.


Sincerely,


Elie Bejjani


## Attorney Elie Bejjani

Bejjani Law PLLC
6 Parklane Blvd., Suite 600
Dearborn, Michigan 48126
Telephone: (313) 757-0036
Fax: (313) 447-2430
Email: elie@bejjanilaw.com

**UNAUTHORIZED USE, FORWARDING, OR COPYING OF THIS MESSAGE IS STRICTLY PROHIBITED.** This email is covered by the Electronic Communications Privacy Act, 18 U.S.C. §§ 2510-2521 and is legally privileged. This e-mail message and any files transmitted with it are also subject to the attorney-client privilege and attorney work-product doctrine, and contain confidential information intended only for the person(s) to whom this email message is addressed. If you have received this e-mail message in error, please notify the sender immediately by telephone (313) 757-0036 or e-mail and destroy the original message without making a copy. **SETTLEMENT COMMUNICATIONS.** This email may contain an offer to compromise or contain a negotiation to compromise or settle a disputed fact or claim. Therefore, this communication is protected pursuant to MRE 408 and FRE 408.

 **Select Title Company.pdf**
2807K


UNITED STATES
POSTAL SERVICE

Date: July 17, 2018

Elie Bejjani:

The following is in response to your July 17, 2018 request for delivery information on your Certified Mail™ item number 70163010000065423248.  The delivery record shows that this item was delivered on July 16, 2018 at 12:27 pm in 6870 GRAND RIVER RD BRIGHTON, MI 48114. The scanned image of the recipient information is provided below.

Signature of Recipient :

Address of Recipient :

Thank you for selecting the Postal Service for your mailing needs.

If you require additional assistance, please contact your local Post Office or postal representative.

Sincerely,
United States Postal Service



U.S. Postal Service™
CERTIFIED MAIL® RECEIPT
Domestic Mail Only

For delivery information, visit our website at www.usps.com®.

BRIGHTON, MI 48114

| Certified Mail Fee | $3.45 | |
| Extra Services & Fees (check box, add fee as appropriate) | | |
| ☐ Return Receipt (hardcopy) | $0.00 | |
| ☒ Return Receipt (electronic) | $0.00 | Postmark |
| ☐ Certified Mail Restricted Delivery | $0.00 | Here |
| ☐ Adult Signature Required | $0.00 | |
| ☐ Adult Signature Restricted Delivery | | |
| Postage | $1.42 | |
| Total Postage and Fees | $6.37 | |

Sent To     Select Title Company
Street and Apt. No.  6870 Grand River
City, State, ZIP+4  Brighton, MI 48114

7016 3010 0000 6542 3248

JUL 17 2018

07/12/2018

# USPS Tracking®

FAQs  ›  (http://faq.usps.com/?articleId=220900)

Track Another Package  ✚



**Tracking Number:** 70163010000065423231

Remove ✕

**On Time**

**Expected Delivery on**

# SATURDAY
# 14 JULY 2018 ⓘ

by
**8:00pm** ⓘ

## Available for Pickup

July 14, 2018 at 8:41 am
Available for Pickup
ORTONVILLE, MI 48462

Get Updates ⌄

---

Text & Email Updates                                                                         ⌄

---

Return Receipt Electronic                                                                    ⌃

✓ **Confirmation**

You requested this information prior to the delivery of your item. When your Proof of Delivery record is
complete, it will be provided.

Your confirmation will be sent to the following:

elie@bejjanilaw.com

---

**Tracking History**                                                                         ⌃

**July 14, 2018, 8:41 am**
Available for Pickup
ORTONVILLE, MI 48462
Your item arrived at the ORTONVILLE, MI 48462 post office at 8:41 am on July 14, 2018 and is ready for pickup.

**July 14, 2018, 8:16 am**
Arrived at Unit
ORTONVILLE, MI 48462

**July 13, 2018, 10:39 am**
Departed USPS Regional Facility
PONTIAC MI DISTRIBUTION CENTER

**July 12, 2018, 11:50 pm**
Arrived at USPS Regional Facility
PONTIAC MI DISTRIBUTION CENTER

**July 12, 2018, 4:01 pm**
USPS in possession of item
DEARBORN HEIGHTS, MI 48127

**Product Information** ⌄

See Less ⌃

# Can't find what you're looking for?

Go to our FAQs section to find answers to your tracking questions.

**FAQs (http://faq.usps.com/?articleId=220900)**

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

IN RE:
        **CHRISTOPHER D. WYMAN**
                        *Debtor(s),*

                                                **ADV. NO: 20-03012**

_____\
**SAMUEL D. SWEET, Individually and as Trustee,**
                **Plaintiff, Counter Defendant**

                                                **CASE NO. 12-32264**
                                                **CHAPTER 7**
v.

**MICHAEL E. TINDALL, Individually and as 100% Assignee of**
**Barbara Duggan**

                **Defendant, Counter Plaintiff.**
_____\

# AFFIDAVIT IN SUPPORT OF
# MOTION FOR SUMMARY JUDGMENT

MICHAEL E. TINDALL, (hereinafter "Claimant"), Assignee of all [100%] claims of BARBARA DUGGAN ($32,240.34), and a party in interest holding a secured attorney lien ($34,100.00/$21,869.33) against the proceeds of the Realty (hereinafter collectively "allowed secured claim"), being first dully sworn deposes and says:

1. I acted as attorney for MS BARBARA DUGGAN from approximately March 2012 through October 13, 2017.

2. On or about December 18, 2018, I appeared in this and related adversary matters, pro per, as an interested party on my own behalf.

3. I am now the Assignee/holder of 100% of all claims of MS. BARBARA DUGGAN in this and related matters.

4. At no time, from and after March 2012 to and through the current date have I ever been authorized by MS BARBARA DUGGAN, orally or in writing, to contract, agree, commit, relinquish, transfer, convey or do any other act, action or thing regarding her lien interest as secured creditor in the real property commonly known as 1011 Jones Rd., Howell MI.

5. At no time, from and after March 2012 to and through the current date have I ever, orally or in writing, contracted, agreed, committed, relinquished, transferred, conveyed or done any other act, action or thing regarding her lien interest as secured creditor in the real property commonly known as 1011 Jones Rd., Howell MI.

6. On December 18, 2018, Trustee Sweet was put on actual notice of each of the following through the filing of DE 185 in Case No. 12-32264, See Exhibit 1 and Exhibit 3:

    1. That a prior offer had been made for 1011 Jones Rd substantially greater than the amount he proposed to sell the property for. Ex. 1,No. 1B; Ex.3, P10,Nos. 14,17.

    2. That the personal property he proposed to give to Diana Gentry, for no additional consideration under the Real Estate Agreement, had a value of at least $50,000.00. Ex. 1,No. 1B

    3. That the amount of Ms. Duggan's allowed secured claim for Judgment principal and interest **did not include** her post-petition attorney fees. Nos. 5D and 5E(iv); Exhibit 3, Nos. 4, 8, 10.

7. On December 19, 2018, through the filing of DE 190 in Case No. 12-32264, See Exhibit 2, Trustee Sweet was put on actual notice that the amount of Ms. Duggan's allowed secured claim for

Judgment principal and interest **did not include** her post-petition attorney fees. Nos. 4, 10.

8. In May, 2019, Trustee Sweets request for payoff and the subsequent response to that request was limited to Judgment principal and interest and specifically **did not include** Ms. Duggan's post-petition attorney fees, as her right to post-petition attorney fees, under 11 USC 506, was subject to active dispute by Trustee Sweet in this Court; and, this Court had not yet determined that her allowed secured claim was "over secured" under Section 506.

9. In May, 2019, Trustee Sweet could not, and, did not reasonably rely on the payoff amount given to him as including Ms. Duggan's claim for post-petition attorney fees. Case No. 12-32264, DE 190, Exhibit2, No. 4 and Exhibit 6C; Exhibit 3, Nos. 4,8,10.

10. I make this Affidavit from personal knowledge and can personally testify to the facts contained herein if called upon to do so.

**FURTHER DEPONENT SAITH NOT.**


**PURSUANT TO 28 USC 1746(2), I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT THIS   12th  DAY OF OCTOBER 2020.**



_/S/_SIGNED ORIGINAL ON FILE_
MICHAEL E. TINDALL

**IN RE CHRISTOPHER D. WYMAN**     **CASE NO: 12-32264**

**Debtor(s)**

**ADV. NO. 20-03012**

# EXHIBIT NO:  1

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IN RE:
    CHRISTOPHER D. WYMAN
        *Debtor(s),*

CASE NO. 12-32264
CHAPTER 7

_____\

## OBJECTION TO IMPROPER MOTION, DE 182

Now comes MICHAEL E. TINDALL, appearing ***pro per***, and as a party in interest states the following as his OBJECTION to DE 182, TRUSTEE'S **"AMENDED MOTION"**.

1. On June 7, 2018, Trustee filed a Motion, DE 176, to sell real property under *11 USC 363(b)*, subject to existing liens.

    A. No request, under *11 USC 363(f),* to sell free and clear of liens, was made.

    B. The subject sale provided for the sale of the real property for $65,000.00 [despite a prior offer dated July 15, 2014 for $82,000 see attachment to Exhibit B], and, purported to include the additional transfer of machinery and equipment owned by the Trustee that he valued, in open court, at a minimum of $50,000.00. DE 176, Addendum I, No. 5.

    C. The transaction was to close on or before September 15, 2018. Neither the Sale Agreement, nor this Court's Order

approving it, authorized any extension. See, Case No. 14-03017, DE 123.

D. The Purchaser failed to close the transaction, as agreed. See, Exhibit A.

2. On July 5, 2018, this Court entered its Order approving the proposed sale, as requested, under *11 USC 363(b)*. See, Case No. 14-03017, DE 123.

   A. This Court's Order is/was a "final appealable Order." *Winget v. JP Morgan Chase Bank NA, 537 F.3d 578 (6th Cir 2008); In re Frontier, 315 BR 829, 834 (WD MI 2004).*

   B. No motion to reconsider the entered order was filed within the time period imposed by Fed. R. Bank 9023.

   C. No appeal was taken from the entered order within the time period imposed by Fed. R. Bank 8002.

   D. The order is now "*res judicata*" as to the Trustee. *Winget, supra.*

3. No federal or local rule authorizes the "amendment" of a "motion" that has already been resolved, and, that has ripened into a final appealable order; particularly where, as here, that order is now *res judicata* against the Trustee following expiration of the applicable appeal period.

   A. DE 182 failed to comply with Fed. R. Bank. 2002

   B. Fed.R. Bankr. P. 2002(c)(1). **requires the sale notice to "include** the time and place of any public sale, **the terms and conditions of any private sale** and the time fixed for filing objections. The notice of a proposed use, sale, or lease of property, including real estate, is sufficient if it generally describes the property."

4. This Court therefore lacks the authority to consider DE 182 and to grant the relief requested. *Law v. Siegel, ___ US ___; 134 S.Ct. 1188, 1194; 188 L.Ed2d 146 (2014)*(**The court lacks authority to grant relief contrary to the express provisions of the Bankruptcy Code.**)

5. DE 182 is also both meritless and frivolous, based on the existing/established record in this Court; and, the applicable law, both of which are within the actual knowledge of the Trustee. *Lundstead v. JRV Holdings LLC, 225 F.Supp 3d 622, 626-7 (ED MI 2016)*; See, Exhibit B.

   A. Liens "ride through" bankruptcy unaffected, unless the lien is disallowed or avoided. *Johnson v. Home State Bank, 501 US 78 (1991)*. The first priority Judgment Lien in this case was "allowed" by this Court and may not now be contested, See Exhibit B; and, the attorney's lien was created by the retention approved by this Court's order. See, *Lundstead* (**contingent fee attorney lien created upon execution of retention agreement**).

   B. The validity and extent of a lien against property is determined by state law. *Butner v. US, 440 US 48, 55 (1979); In re Omega Grp. Inc., 16 F.3d 1443, 1450 (6th Cir 1994)*.

   C. This Court's own record clearly reflects that the recited mortgage to Linck was discharged by this Court:

      (i)   "Turning to the fraudulent conveyance claims, the Court first finds that the mortgage given by the Debtor to Mr. Linck was discharged. To the extent that Mr. Linck claims that this mortgage still exists, the Discharge of Mortgage clearly indicates that the mortgage was

released and satisfied." Case No. 12-03348, DE 66, 3/8/13, P4.

(ii) Even if this Court had NOT ruled the Linck mortgage discharged, this Court's record clearly reflects that Trustee took all right title and interest of Linck in the subject realty, by Quit Claim Deed dated June 20, 2014, expressly approved by this Court on the record as part of the settlement with Linck. See, Exhibit C.

(iii) Under Michigan law, the doctrine of "merger of title" operates to eliminate the alleged mortgage interest. **Merger of Title - The absorption of a lesser estate into a larger estate. Merger is the absorption of a lesser estate by a greater estate, and takes place when two distinct estates of greater and lesser rank meet in the same person or class of persons at the same time without any intermediate estate.'** *US Leather, Inc. v. Mitchell Mfg. Group, Inc., 276 F.3d 782, 787-789 (C.A.6, 2002)[applying Mich law]; HERITAGE VILL. ASS'N v. WARREN FIN. ACQ., 305 Mich. App. 92, 850 NW 2d 649, 656 (2014); von Meding v Strahl, 319 Mich. 598 , 605; 30 NW2d 363 (1948)*; Dimoff v Laboroff, 296 Mich. 325, 328; 296 N.W. 275 (1941). *See Anderson v Thompson, 225 Mich 155, 159; 195 NW 689 (1923)* **(generally speaking, when the holder of a real estate mortgage becomes the owner of the fee, the mortgage interest or estate is merged into the fee estate).**

D. Under Michigan law, both Judgment Liens and attorney liens are valid and enforceable. *Thomas v. Dutkavich, 290 Mich App 393; 803 NW2d 352 (2010); Lundstead, supra.*

(i) A Judgment Lien attaches to the property at the time the notice is recorded. *Thomas, at 358.*

<blockquote>

*(ii)* A Judgment Lien remains attached to the property and cannot be discharged by the sale of that property until paid in full. *Thomas, at 359*

*(iii)* Accordingly, even after a successful conveyance to a vendee that takes fee simple title, without full payment to the lienholder, the lien continues to be an encumbrance on the property despite the new ownership and is not dischargeable except on full payment. *Thomas, at 361.*

</blockquote>

E. An attorney's Lien attaches to real estate where:

(i) the parties have an express agreement providing for a lien,

(ii) the attorney obtains a judgment for the fees; or

(ii) **special equitable circumstances exist to warrant imposition of a lien.** *George v. Sandor M. Gelman PC., 201 Mich App 474, 478; 506 NW2d 583 (1993)*

<blockquote>

*(iv)* The attorney lien exists as part of the equitable power of the Court to deal with its docket. Special equitable circumstances exist where the attorney has been appointed/retained by the court itself. *Kysor Ind. Corp. v. DM Liquidating Co., 11 Mich App 438, 446; 161 NW2d 452 (1968).* The lien is not lost by a transfer of possession of the property to the court, or, to another person, such as a trustee, for special purposes under court authority or order. *Id at 446* The lien is paramount to the rights of the client and his creditors, and only

</blockquote>

5

voluntary release by the attorney will defeat the lien. *Id at 446.*

F.  For the reasons stated, Trustee cannot meet his burden of establishing an objective factual or objective legal basis to dispute the validity of the liens. *In re Octagon Roofing, 123 BR 589, 590 (BND Ill 1991).* Mere allegations of "bona fide dispute" are insufficient. *Id.; Winget, supra; In re DSC Ltd., 486 F.3d 940 (6th Cir 2007).*

Wherefore, the undersigned respectfully requests this Court dismiss DE 182, without hearing, as this Court has no authority to entertain the improper motion or to grant the relief it requests.

Respectfully Submitted,

/S/

MICHAEL E. TINDALL
18530 MACK AVE., STE 430
DETROIT, MI   48236
(248)250-8819
**Direct Email: met@comcast.net**

Dated: 12/18/18

# EXHIBIT A

**From:** dgrooms@selecttitleagency.com [mailto:dgrooms@selecttitleagency.com]
**Sent:** Friday, September 14, 2018 4:42 PM
**To:** 'MET'
**Subject:** RE: 1011 E Jones Rd., Howell MI 48855-9298

Hello,
Closing date has been extended out to December 5, 2018. Once we have the necessary approvals and items to clear title and the closing is scheduled, we will reach out to you. Thank you.


*Sincerely,*
*Dawn M. Grooms*
*Escrow Manager*
*Select Title Company*
*6870 Grand River*
*Brighton, MI 48114*
*Ph 810-220-1370*
*Fax 810-885-5333*


**Note: All funds due for closing in excess of $20,000.00 must be wired to Select Title prior to closing**

**Additionally: In order to provide accurate closing figures to our clients and customers, please allow <u>48 hours for processing</u> preliminary and/or final Closing Disclosure requests.**

**Contact email addresses:**
New orders: <u>order@selecttitleagency.com</u>
Title revisions, CPL's, Prelim CD/HUD's etc: <u>revision@selecttitleagency.com</u>
Pre-Closing Department: <u>preclose@selecttitleagency.com</u>
Scheduling Department: <u>schedule@selecttitleagency.com</u>
Closing Department: <u>close@selecttitleagency.com</u>
Final Policies: <u>policy@selecttitleagency.com</u>

## WARNING!  INTERNET FRAUD ADVISORY

*Wire fraud and email hacking and phishing attacks are on the rise!*
**ALWAYS** confirm our wire transfer instructions by phone with a known staff member before sending any funds.
**NEVER** respond to any random emails that claim to contain revised wire transfer instructions, even if they appear to be sent by our company



# EXHIBIT B

| From: | MET <met@comcast.net> |
| --- | --- |
| Sent: | Thursday, August 02, 2018 9:13 AM |
| To: | Samuel D. Sweet (trusteesweet@hotmail.com) |
| Subject: | Duggan Lien on 1011 Jones Rd. |
| Attachments: | consent judgment.pdf; signed settlement docs.pdf; 1011 _Jones_Road_Offer_to_Purchase.pdf; sweet attachments 1-6.pdf |

# MICHAEL E. TINDALL

Good morning Sam:

Mr. Elie Bejjani contacted me last week concerning Ms. Duggan's allowed secured claim/ lien against first proceeds of the approved sale, under LBR 6002(a). He requested information and my testimony to support a proposed motion. I agreed to provide the facts you requested directly, as my testimony would be an admission by the estate.

1. Ms. Duggan's allowed secured claim is based on a Judgment entered April 24, 2012.

2. A state court injunction prohibiting Wyman from transferring the property also entered.

3. Wyman transferred the property to Pichler April 24, 2012, pre-petition, in violation of the injunction.

4. The Judgment Lien was perfected May 3, 2012, also pre-petition.

5. The Judgment Lien need not relate to a dispute over the property; and, even extends to property acquired after the Judgment enters. MCL 600.2801(a)(i); 2801(c); 2803.

6. No court order is required to perfect a Judgment Lien. MCL 600.2803.

7. The Wyman /Pichler, preferential transfer was timely challenged by Mr. Mason, under Section 547, well within the 2yr limitation period of Section 546(a)(1)(A).

8. The limitation applicable to Section 547 expired May 26, 2014.

9. Court-ordered mediation occurred in the Wyman/Pichler/Linck matter in April 2014. That mediation was unsuccessful.

10. In June 2014, a settlement was achieved with Linck only. See, attached Nos. 1,2.

11. The Linck settlement produced a payment of $15,000 [roughly a 30% discount] by Linck to Duggan solely to settle Duggan's damage claims of $18,739.80 against Linck for fraud. See attached Nos. 2A, 3.

12. Linck's payment was not for damage claims against Wyman or Pichler, and, was not a payment toward the secured claim/lien against the property. See attached 2, 2A.

13. The Linck only settlement was specifically approved, on the record in open court, as applicable to Linck only. See settlement documents attached. The attached Judgment was entered. See, Judgment attached.

14. In July 2014, the attached $81,000 cash offer for the property was received. See, Offer attached.

15. Trustee Mason specifically recognized the validity of the Duggan secured lien, authorized Ms. Duggan to accept the offer, See attached No. 4, and, agreed to convey the property to her, subject to the full amount of her secured lien. See, attached No. 5.

16. The sale could not be completed due to the Pichler/Toll "stay", later dissolved by the dismissal of Toll's appeal to the District Court.

17. I discussed all of this with you, in Detroit - at the District Court hearing to withdraw reference, in October 2014. Rod Gluzack also discussed this with you in September 2014. See attached No. 6.

18. Proof of the secured claim was filed with the Bankruptcy Court, as ordered, November 25, 2014, after you become trustee.

19. No objections were filed, as required by the applicable rules, and the secured claim was allowed under Sections 502(a), 506(a), and, Rules 3001(f), 3002(c) and 3007(a).

20. The allowed secured claim cannot now be disputed, by anyone; takes priority over all other claims against the property MCL 600.2807(2); and, clouds title to the property until paid in full. MCL 600.2811, 2819.

I assured Mr. Bejjani that filing a motion should not be necessary. Any confusion over these events must result due to them occurring during Mr. Mason's tenure as trustee before you succeeded him.

If there are further questions, let me know.

**MICHAEL E. TINDALL**
met@comcast.net

# MET

**From:**          Rodney Glusac <rodg@brgpc.com>
**Sent:**           Monday, September 08, 2014 11:57 AM
**To:**              MET
**Cc:**              Sweet, Samual
**Subject:**       Wyman

Mike

FYI Sam Sweet and I briefly discussed this matter this morning. He will be reviewing the pleadings, etc., and will probably schedule a conference call with us shortly.

Rod

Rodney M. Glusac, Esq.
Bernardi, Ronayne & Glusac, P.C.
1058 Maple Street
Suite 100
Plymouth, Michigan 48170
Telephone:       (734) 416-1780
Facsimile:        (734) 416-1785
rodg@brgpc.com

This message is intended only for the use of the individual or entity to which it has been sent and may contain information that is privileged, confidential, and exempt from disclosure under applicable law. If the reader of this message is not the intended recipient or the employee or agent responsible for delivering this message to the intended recipient, you are notified that any dissemination, distribution, or copying of this message and any attachments is strictly prohibited. If you have received this message in error, please e-mail the sender and destroy all copies of this message and any attachment. Thank you.



# OFFER TO PURCHASE REAL ESTATE

1. **THE UNDERSIGNED** hereby offers and agrees to purchase the following land situated in the ___ TOWNSHIP ___ of ___ COHOCTAH ___ ___ LIVINGSTON ___ County, Michigan, described as follows: SEC 34 & SEC 33, T4N-R4E, COM SW 1/4 COR OF SEC 34; T3838-46-19N L398.63 FT; TO N63-01-36E 183.17 FT being commonly known as ___ 1011 ___ JONES ___ together with all improvements and appurtenances, if any, now in or on the premises (unless specifically excepted herein), including all buildings, fixtures, built in appliances, all window treatments including hardware, attached floor coverings, attached fireplace doors, screens, gas logs, garage door opener and controls, screens, storm windows and doors, landscaping, fences and mailboxes, all ceiling fans, alarm system, radio and television antennas, rotors and controls, water softener (unless rented), water pumps, pressure tanks, fuel in tank, incinerator, if any, and gas, oil and mineral rights owned by Seller and to pay therefor the sum of ___ Eighty-Two Thousand ___ Dollars ($ ___ 82,000.00 ___) subject to the existing building and use restrictions, easements of record and zoning ordinances, if any, providing said restrictions, easements and zoning ordinances do not unreasonably restrict the Purchaser's intended use of the property; upon the following conditions:

**THE SALE TO BE CONSUMMATED BY:** ☒A ☐B ☐C ☐D OR ☐E

**A.** **CASH SALE.** Delivery of the usual Warranty Deed conveying a marketable title. Payment of purchase money is to be made by cash, cashier's or certified check.

**B.** **CASH SALE WITH NEW MORTGAGE.** Delivery of the usual Warranty Deed conveying a marketable title. Payment of purchase money is to be made by cash, cashier's or certified check. This agreement is contingent upon the Purchaser being able to secure a ___ mortgage in the amount of $ ___ and $ ___ down plus mortgage costs, prepaid items, and adjustments in cash. Purchaser agrees to apply for such mortgage at his own expense within ___ calendar days from Seller's acceptance of this offer to purchase, or from the date Purchaser receives an acceptable inspection report pursuant to Paragraph 26 below if applicable, and execute the mortgage as soon as the mortgage application is approved and a necessary information required to process the loan application and to make a good faith effort to obtain said mortgage. If a firm commitment for such mortgage cannot be obtained within ___ calendar days from the date of Seller's acceptance of the Seller's written option, this offer may be declared null and void and the deposit shall be returned to Purchaser forthwith.

**C.** **MORTGAGE ASSUMPTION (SIMPLE) OR LAND CONTRACT ASSIGNMENT.** If the holder of the Mortgage or Land Contract agrees, Purchaser will assume and pay the existing Mortgage loan or Land Contract according to its terms. Purchaser will pay to Seller the difference between the sales price and the existing balance of approximately $ ___. Accordingly, Seller shall deliver a Warranty Deed which may be subject to such Mortgage or a Quit Claim Deed in the case of a Land Contract and, if applicable, a Land Contract Assignment. Purchaser will reimburse Seller at closing for any funds held in escrow by the lender or Seller, as the case may be Purchaser has been provided with a copy of said Mortgage or Land Contract and understands the terms thereof.

**D.** **SALE TO EXISTING MORTGAGE - REQUALIFICATION REQUIRED.** Delivery of the usual Warranty Deed conveying a marketable title, subject to a mortgage. Payment of the purchase money is to be made by cash, cashier's or certified check less the amount owing upon an existing mortgage now on the premises, with accrued interest to date of consummation, held by ___ upon which there is unpaid the sum of approximately $ ___ with present interest ___ percent, which mortgage requires present monthly payments of $ ___ which payments ☐ DO ☐ DO NOT include prepaid taxes and ☐ DO ☐ DO NOT include prepaid insurance. If existing mortgage is a balloon mortgage it must be paid in full or renegotiated with lender on or before ___. The existing mortgage requires an application by Purchaser to qualify for said assumption. Purchaser agrees to apply for such mortgage at its own expense within ___ calendar days from Seller's acceptance of this offer, or from the date Purchaser receives an acceptable inspection report pursuant to Paragraph 26 below if applicable. Purchaser agrees to promptly comply with lender's request for necessary information required to process the requalification loan application and to make a good faith effort to obtain said mortgage. If a firm commitment for such mortgage cannot be obtained within ___ calendar days from date of Seller's acceptance, at the Seller's written option, this offer may be declared null and void and the deposit returned to Purchaser forthwith. If the Seller has any accumulated funds held in escrow for the payment of any prepaid items the Purchaser agrees to reimburse the Seller upon proper assignment of same. At closing, the Purchaser shall assume and agree to pay the existing mortgage according to its stated terms.

**E.** **SALE ON LAND CONTRACT.** Payment of the sum of $ ___ , by cash, cashier's or certified check and the execution of a Land Contract in the amount of $ ___ on a universally accepted title company form acknowledging payment of that sum and calling for the payment of the remainder of the purchase money within ___ years from the date of closing of the Contract in monthly payments of not less than $ ___ each which include interest payments at the rate of ___ percent per annum and which ☐ DO ☐ DO NOT include prepaid taxes and which ☐ DO ☐ DO NOT include prepaid insurance.

2. The Seller shall deliver and the Purchaser shall accept possession of said property subject to the rights of the following tenants: ___ N/A ___ ___ N/A ___ (see additional conditions for description of tenant information, if applicable). If the Seller occupies the property it shall be vacated on or before ___ days after closing. Commencing the day after closing through the day of vacating the property as agreed, Seller shall pay the sum of $ ___ .00 per day. The Broker shall retain from the amount due Seller at closing the sum of $ ___ .00 as security for said occupancy charge, paying to the Purchaser the amount due him and returning to the Seller the unused portion as determined by days from property is vacated and keys surrendered to Broker. Broker has no obligation implied or otherwise for seeing that the premises are vacated on the date specified or for the condition of the premises, etc., but is only acting as an escrow agent for holding the occupancy escrow funds.

3. The Broker is hereby authorized to make this offer and the deposit of $ ___ 3,500.00 ___ in the form of cash, cashier's check, certified check, personal check, promissory note shall be held by him according to the State of Michigan Statutes and Regulations (Act No. 299, P.A. of 1980 Sect. 2512 (1)(g)) and applied on the purchase price if the sale is consummated.

4. **APPLICABLE TO V.A. OR F.H.A. SALES ONLY:** It is expressly agreed that notwithstanding any other provisions of this contract, the Purchaser shall not be obligated to complete the purchase of the property described herein or to incur any penalty by forfeiture of earnest money deposits or otherwise unless the Purchaser has been given in accordance with HUD/FHA or VA requirements a written statement by the Federal Housing Commissioner, Secretary of Veterans Affairs, or a direct endorsement/authorized automatic lender setting forth the appraised value of the property of not less than $ ___. The Purchaser shall have the privilege and option of proceeding with the consummation of the contract without regard to the amount of the appraised valuation. The appraised valuation is arrived at to determine the maximum mortgage the Department of Housing and Urban Development or Department of Veterans Affairs will insure. HUD/FHA/VA and the Direct Endorsement/Authorized Automatic Lender do not warrant the value nor the condition of the property. The Purchaser should satisfy himself/herself that the price and condition of the property are acceptable.

5. It is further understood between Purchaser and Seller that the additional personal property listed herein has a value of $ ___ .00

6. **ADDITIONAL OFFERS.** Upon Seller's written acceptance of the terms of any Offer to Purchase, Realtor/Broker will not be required to present any other offers received after the date of acceptance, unless otherwise provided in this contract.

7. **SELLER'S DISCLOSURE:** Purchaser ☐ has ☒ has not received a copy of a Seller's Disclosure Statement setting forth certain conditions involving the property, and Seller acknowledges that said Statement is true and accurate to the best of Seller's knowledge.

8. **AGENCY:** By our signatures below, the parties hereby acknowledge that the Selling Broker and Salesperson(s) are designated agents of the ___ Buyer and/or Seller. Buyer and Seller acknowledge that this ☐ is ☐ is not an in-house transaction in which the Buyer and Seller are each represented by different designated agents within. If this is an in-house transaction the Broker and/or all named Supervisory Brokers are acting as Dual Agents.

**ADDITIONAL CONDITIONS, if any: (Use reverse side if needed)**
CONTINGENT UPON PURCHASERS SATISFACTORY HOME INSPECTION/WALK THROUGH. INSPECTION/WALK THROUGH TO BE COMPLETED WITHIN 48 HOURS AFTER COURT APPROVAL/ACCEPTANCE. CONTINGENT UPON PURCHASERS SATISFACTORY REVIEW OF TITLE WORK. CONTINGENT UPON APPROVAL OF OFFER BY THE COURT.

**NOTE:** GENERAL CONDITIONS of sale printed on reverse side are incorporated and made a part hereof. Purchaser and Seller shall initial the reverse side of this agreement.
By the execution of this instrument, the Purchaser acknowledges receipt of a copy of this agreement.

**IN THE PRESENCE OF:**

| | |
|---|---|
| Witness | _____ L.S. |
| | Purchaser |
| Witness | _____ L.S. |
| Dated 7-15-14 | MARCIA RIDDLE/RISON CONSTRUCTION Purchaser |
| | Address 910 S ORTONVILLE RD #200 ORTONVILLE MI |

**BROKER'S ACKNOWLEDGEMENT OF DEPOSIT**

Received from the above named Purchaser the deposit money above mentioned which will be applied as indicated in Paragraphs 3' above and 1', reverse, or will be returned forthwith to him if this foregoing offer and deposit is declined.

Broker By ___ N/A ___

**ACCEPTANCE:** By affixing Seller(s) signature(s) hereto, the Seller(s) accepts this offer and acknowledges receipt of a copy hereof. Seller further agrees that the Broker has procured said offer and has brought about this sale and agrees to pay Broker for services rendered a commission as set forth in the Listing Contract for sale of the property, or in the absence of said Listing Contract, a commission of ___ 0 ___ percent of the sale price stated above.

**IN THE PRESENCE OF:**

| | |
|---|---|
| Witness | _____ L.S. |
| Witness | CHRISTOPHER D WYMAN - TRUSTEE Seller |
| Dated | FOR MICHAEL MASON BANKRUPT Estate - case No. |
| | Address 12-32204 |

The undersigned Purchaser hereby acknowledges receipt of a copy of the Seller's signed acceptance of the foregoing Offer to Purchase.

Dated ___

_____ L.S.
Purchaser

## GENERAL CONDITIONS OF SALE

9. As evidence of title, Seller agrees to furnish Purchaser at the time of closing, a commitment for a Policy of Title Insurance without standard exceptions in an amount not less than the purchase price, bearing date later than the acceptance hereof and guaranteeing the title to the condition required for the performance of this offer. Said Commitment of Title Insurance shall be converted to a Policy of Title Insurance subsequent to closing and forwarded to Purchaser as soon as all necessary documents have been processed and recorded to cause the issuance of a Policy of Title Insurance.

10. If this offer is accepted by Seller and title can be conveyed in the condition required hereunder, the Purchaser agrees to complete the sale within ten days after the issuance of the Commitment for Title Insurance. However, if the sale is to be consummated in accordance with Paragraph B or D, then closing will be as soon as the mortgage application is approved and a closing date can be obtained from the lender. The location of closing shall be determined by the Listing Broker or lending institution, if applicable.

11. If objection to title is made, based upon a written opinion of Purchaser's attorney that the title is not in the condition required for performance hereunder, the Seller shall have thirty days from the date he is notified in writing of the particular defects claimed, either to (1) make a good faith effort to remedy the title defect(s) or (2) obtain a Title Commitment (insuring over said defect(s). The Purchaser agrees to complete the sale within ten days following delivery of the reissued Title Commitment. If the Seller is unable to remedy the title or obtain Title Insurance within the time specified, the deposit shall be refunded forthwith to Purchaser in full termination of this agreement, unless Purchaser elects to proceed with the sale accepting such title as Seller is able to convey.

12. In event of default by the Purchaser hereunder, the Seller may, at his option, elect to enforce the terms hereof or declare a forfeiture hereunder and retain the deposit as liquidated damages. In event of default by the Seller hereunder, the Purchaser may, at his option, elect to enforce the terms hereof, or demand and be entitled to an immediate refund of his entire deposit in full termination of this agreement.

13. All taxes and assessments which have become a lien upon the land, whether recorded or not recorded, at the date of closing shall be paid by the Seller. Excepting, however, those taxes which, pursuant to Michigan Public Act 80 of 1994 became a lien on December 31 of the year prior to the date of this agreement, and which first become due and payable on a date subsequent to the date of closing. Current taxes, if any, shall be prorated and adjusted as of the date of closing in accordance with the DUE DATE basis of the municipality or taxing unit in which the property is located on a 365 day basis. Interest, rents, insurance, condominium or association dues or fees shall be prorated and adjusted in a like manner. Broker may retain from the amount due Seller at closing, a minimum of two hundred ($200.00) dollars for water charges. (Based upon water usage of the community.) When the final water bill or reading is received, all water adjustments shall be made through the day of ☒ closing ☐ occupancy.

14. Purchaser and Seller hereby acknowledge notice of the fact that Broker may accept a fee or consideration with regard to the placement of an abstract, loan or mortgage, life, fire, theft, flood, title or other casualty or hazard insurance arising from this transaction and expressly consent thereto as required by Michigan Law. Purchaser shall pay the cost of recording the deed and/or security interests, all mortgage loan closing costs required by mortgagee.

15. By the execution of this agreement, the Purchaser acknowledges that he has examined the above described premises and is satisfied with the physical condition of structures thereon and is purchasing said real estate in an "AS IS CONDITION" and that neither the Seller nor Broker make any warranties as to the land and structure being purchased or the condition thereof. Purchaser acknowledges that he has inspected the premises covered hereby and that he is satisfied with its condition. Seller agrees to maintain the premises in the same condition as exists at time of acceptance of this offer until possession is delivered to Purchaser. In the event property herein has been winterized, it shall be the obligation and expense of the Seller to de-winterize same prior to closing.

16. Purchaser shall have the right to a walk-through inspection of the premises being purchased within twenty-four hours prior to closing in order to determine, among other things, if the premises and any personal property and equipment being purchased have been maintained and are in no worse condition at the time of closing than they were at the time this agreement was accepted by the Seller, normal wear and tear excepted.

17. It is understood and agreed between both Purchaser and Seller herein that in the event a balloon note or payment shall become due in any of the above methods of financing, or that in the event Purchaser elects to finance subject property through an Adjustable Rate Mortgage and future interest rates increase to the displeasure of Purchaser, that Broker(s) herein shall be held harmless of any wrongdoing or liability with regard to the possible "lack of availability" of favorable financing when said note or balloon payment becomes due or future adjustments occur in mortgage interest rates.

18. At all times under this agreement where certain time constraints are set forth, the parties have agreed that TIME IS OF THE ESSENCE and that no extensions of said time limits are expected or agreed to unless specifically agreed to in writing.

19. This is a legal and binding document, and both Purchaser and Seller acknowledge that they have been advised to consult an attorney to protect their interests in this transaction. Where the transaction involves financial and tax consequences, the parties acknowledge that they have been advised to seek the advice of their accountant or financial advisor.

20. This agreement supersedes any and all understandings and agreements and constitutes the entire agreement between the parties hereto and Broker (other than the listing/commission agreement) and no oral representations or statements shall be considered a part hereof.

21. If two or more persons execute this agreement as Purchaser or Seller their obligations hereunder shall be joint and several and the covenants herein shall bind and inure to the benefit of the personal representatives, administrators, successors and assigns of the respective parties. Whenever any words, including pronouns, are used herein in the masculine gender, they shall be construed as though they were also used in the feminine or neuter gender in all cases where they would so apply. Whenever any words, including pronouns, are used herein in the singular or plural form, they shall be read and construed in the plural or singular respectively, whenever they would so apply.

22. RISK OF LOSS. The Seller is responsible for any damage to the property, except for normal wear and tear, until the closing. If there is damage, the Purchaser has the option to cancel this agreement and the deposit shall be refunded to the Purchaser or he can proceed with the closing and either:
   a. require that the Seller repair the damage before the closing; or
   b. deduct from the purchase price a fair and reasonable estimate of the cost to repair the property.

23. Purchaser and Seller acknowledge that no representations, promises, guaranties, or warranties of any kind including, but not limited to, representations as to the condition of the premises were made by the Broker, his/her sales persons, other cooperating sales persons or persons associated with Broker.

24. In consideration of the Broker's effort to obtain the Seller's approval, it is understood that this offer is irrevocable by the Purchaser for five (5) days from the date hereof, and if not accepted by the Seller within that time, the deposit shall be returned forthwith to the Purchaser. If the offer is accepted by the Seller, the Purchaser agrees to complete the purchase of said property within the time indicated above.

25. Purchasers ☒ DO ☐ DO NOT choose to have property privately inspected at their expense. (Note: Inspections required by FHA, VA, other lenders or municipalities are not made for, nor should they be relied upon by Purchasers.) If property is to be privately inspected, the following clause shall govern: Sellers shall permit an inspector(s) of Purchaser's choosing to have access to the property for the purpose of inspecting and reporting upon the general physical condition of the property, and its plumbing, heating and electrical systems, air quality and verification of square footage. Purchaser assumes liability for any damage to Sellers property caused by such inspection. The inspection shall be concluded within _____ calendar days after acceptance of this offer. If the inspection discloses any defects in the property which results in the Purchasers having substantial cause to be dissatisfied with the current physical condition of the property and its systems, they shall notify the Sellers, in writing, within three calendar days following the inspection. Failure to notify Sellers of such defects within this time period shall constitute a waiver of this paragraph by the Purchasers and they shall take the property "AS IS."
   If Sellers are notified of defects, they shall have ____ calendar days to (a) repair or provide for repair to the satisfaction of the Purchaser, or (b) declare their unwillingness to repair, in which case this Agreement shall be null and void and Purchaser's deposit shall be returned.
   Purchasers acknowledge that the Salesperson(s) have recommended that Purchasers obtain a private inspection.

26. ☐ ARBITRATION. Any claim or demand of Seller(s), Purchaser(s), Broker(s), or Agent(s) or any of them, arising out of this Offer To Purchase but limited to any dispute over the disposition of any earnest money deposits or arising out of or related to the physical condition of any property covered by this Offer To Purchase, including without limitation, claims of fraud, misrepresentation, warranty and negligence, shall be settled in accordance with the rules, then in effect, adopted by the American Arbitration Association and the Michigan Association of REALTORS®. This is a separate voluntary agreement, between the Purchaser(s), Seller(s), and/or Broker(s). Failure to agree to arbitrate does not affect the validity of this Offer To Purchase. A judgment of any circuit court shall be rendered upon the award of arbitrations, MCL 600.5001; MSA 27A.5001, as amended, and the applicable court rules, MCR 3.602, as amended. The terms of this Offer To Purchase that survive the closing.
   The parties acknowledge that they understand that, by agreeing to binding arbitration, they have given up their right to a jury in court and they understand the arbitration process and that the award of the arbitrator is final and conclusive and not appealable except for limited due process reasons as set forth in the Michigan law and court rules herein before set forth.

   ☒ The parties do not wish to agree at this time to arbitrate any future disputes.

27. FACSIMILE AUTHORITY. It is agreed by the parties that offers, acceptances and notices required hereunder can be delivered by Facsimile (Fax) copy to the parties or their agents provided, a hard copy (originally signed copy) is mailed or delivered in a timely manner and the date and time of receipt of the Fax shall be the date and time of said offer, acceptance or notice.

28. In the event Seller makes any written change to any of the terms and conditions of the offer presented by Purchaser, such changed terms and conditions shall require acceptance by the Purchaser by initialing each change before such date and time. Noon at _____ 7/31/14 _____, unless earlier withdrawn in writing, and

29. The following ADDENDUM(S) are attached hereto and made a part hereof: _____ N/A

ADDITIONAL CONDITIONS:
SELLER TO CREDIT PURCHASER $5,000.00 TOWARDS REAL ESTATE COMMISSIONS ETC. SELLER TO CREDIT PURCHASER $4,700.00 TOWARDS WELL AND ARSENIC WATER ISSUES PER THE ATTACHED WELL INFORMATION FROM LIVINGSTON COUNTY. CLOSING WITHIN 30 DAYS OF COURT APPROVAL. EARNEST MONEY DEPOSIT SHALL BE MAILED TO TRUSTEE UPON COURT APPROVAL/ACCEPTANCE OF OFFER. CASE NO. 12-32264 - MICHAEL MASON BANKRUPT ESTATE.

30. ATTORNEY REVIEW AND APPROVAL. Buyer Initial ☐ Yes ☐ No Seller Initial ☐ Yes ☐ No. This offer is contingent upon the review and approval by legal counsel of the buyer and/or the seller within _____ calendar days. Unless either attorney objects in writing in care of the listing or selling broker within the specified time frame, this contingency shall be deemed conclusively waived and removed from this offer to purchase. If either party objects within the specified time frame in writing in care of this listing or selling broker, then this transaction may be cancelled null and void and neither party shall have any further obligation to each other and the selling broker is authorized to release any and all earnest money deposited back to the buyer.

The parties hereto have read the GENERAL CONDITIONS of this contract and have affixed their initials as acknowledgement and acceptance:

Purchaser(s) initials: _____ MM _____      Seller(s) initials: _____ _____

CASH ONLY IF ALL CHECK LOCK SECURITY FEATURES LISTED ON BACK INDICATE NO TAMPERING OR COPYING

**Rison Construction, L.L.C.**
910 S. Ortonville Road, Ste. 200
Ortonville, MI 48462
(248) 627-2188

OXFORD BANK
Ortonville, Michigan 48462
74-433/724

10080

7/15/2014

PAY TO THE
ORDER OF   Christopher D Wyman, Trustee                                    $ **3,500.00

Three Thousand Five Hundred and 00/100*********************************************** DOLLARS

Christopher D Wyman, Trustee
for Michael Mason Bankrupt Estate
Case No. 12-32264

MEMO  EMD for 1011 Jones Rd, Howell, MI

⑈010080⑈  ⑆072404333⑆  40⑈0568⑈7⑈

---

Rison Construction, L.L.C.                                                    10080

Christopher D Wyman, Trustee
                                                        7/15/2014
Date        Type    Reference          Original Amt.    Balance Due    Discount        Payment
7/15/2014   Bill                          3,500.00        3,500.00                      3,500.00
                                                                    Check Amount       3,500.00

Oxford Bank          EMD for 1011 Jones Rd, Howell, MI                                 3,500.00

**IN RE CHRISTOPHER D. WYMAN**     **CASE NO: 12-32264**

**Debtor(s)**

**ADV. NO. 20-03012**

# EXHIBIT NO:  2

# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION - FLINT

IN RE:

    **CHRISTOPHER D. WYMAN,**        Case No. 12-32264
                                Chapter:  7
    **Debtor.**                        Hon. D. S. OPPERMAN

_____/

## SECURED CREDITOR'S MOTION AND BRIEF TO CONDITION SALE OF REAL PROPERTY ON FULL PAYMENT OF ALLOWED SECURED JUDGMENT LIEN UNDER 11 USC 363(E) AND FED R. BANK. 4001(A)(1).

NOW COMES Secured Creditor, Barbara Duggan ("Duggan"), by and through her attorney, Bejjani Law PLLC,  and brings this Motion, as to Trustee Samuel D. Sweet ("Trustee Sweet") and his agent, Select Title Company of Brighton, MI, and hereby states the following:

1. Duggan is the holder of an allowed secured Judgment Lien secured against the real property located at 1011 Jones Road, Howell, Michigan 48855, (the "Property"), perfected with the Livingston County Register of Deeds on May 3, 2012, recorded at Liber 2012R-15343, et seq. *See* **Exhibit 6A**.

2. Pursuant to notice by this Court dated November 18, 2014, DE 155, Duggan duly filed her proof of secured claim, as ordered by this Court, on November 25, 2014, Claim No. 1. *See* **Exhibit 6B**.

3. No objections were filed to Duggan's Proof of Claim, and the claim was allowed by this Court, under 11 USC §502(a).

4. There is now due and owing to Duggan the sum of $31,728.79, <mark>plus costs and attorney fees incurred by Duggan to obtain the requested order and collect the proceeds of her secured lien. 11 U.S.C. § 506 (a).</mark> MCL 600.2807(3). **Exhibit 6C**.

5. On June 7, 2018, Trustee Sweet filed his Motion to Sell the subject property subject to existing liens, under 11 USC 363(b), and to settle various Adversary Proceedings asserting various statutory and common law damage claims for fraud. DE 176. Duggan's allowed secured lien was not addressed in or by the motion, was not the subject of any of the various adversary proceedings, and, exists independently from those adversary proceedings.

6. On July 5, 2018, this Court entered its Order GRANTING Trustee Sweet's motion and authorized him to sell the subject real property. DE 123. That order was a final appealable order.

7. No reconsideration or appeal of this Court's Order was taken, and, that Order is now res judicata as to the Trustee.

8. Pursuant to MCL 600.2819, Duggan's allowed secured lien against the subject real property remains valid and must be paid in full from first proceeds of the anticipated sale. MCL 600.2801(a)(i); 600.2801(c); 600.2819. *In Re Knight*, No. 16-584 (Bank, D. SC. November 6, 2017), See **Exhibit 6E.**

9. Trustee Sweet has retained Select Title Company of Brighton MI as his agent for issuance of title and the closing of this sale.

10. Duggan has placed Trustee Sweet and Select Title Company on actual notice of the existence of the secured claim and the amount due at closing to discharge the lien. **Exhibit 6D**.

11. Trustee Sweet has now filed DE 182 to "amend" the previously resolved motion so as to sell the subject real property "free and clear" of Duggan's approved secured lien, **without payment to Duggan from first proceeds of the sale**.

12. In accordance with 11 U.S.C §502(a), such relief not permitted as Trustee Sweet did not request, and this Court did not and could not authorize the sale "free and clear" of a lien allowed by this very court in 2014 before the motion or the order were filed.

13. Concurrence with this motion has been sought from Trustee Sweet on multiple occasions since July 11, 2018 in compliance with E.D. Mich. LBR 9014-1(h) but has been denied.

WHEREFORE, Duggan respectfully requests this Honorable Court issue its Order conditioning the sale of the subject property and directing Trustee Sweet and his agent, Select Title Company of Brighton MI, to pay the full amount of Duggan's approved secured lien together with Duggan's costs and attorney fees incurred in bringing this motion to Duggan's counsel, as directed in **Exhibit 6C**.

Respectfully Submitted,

**BEJJANI LAW PLLC**
*/s/ Elie Bejjani*
Elie Bejjani (P74626)
Attorney for Secured Creditor
6 Parklane Blvd, Suite 600
Dearborn, MI 48126
(313) 757-0036
elie@bejjanilaw.com

DATED: December 19, 2018

# Barbara Duggan v. Chris Wyman d/b/a CD Wyman
## Case No. 09-4485-GC

| Date | Description | Interest Period | Days | Int Rate | Int Amount | Balance |
|------|-------------|-----------------|------|----------|-----------|---------|
| | | | | | | |
| 11/25/2014 | Perfected Lien Balance | | | | | $28,398.53 |
| | | 11/25/2014-12/31/2014 | 36 | 2.622% | $73.44 | $28,471.97 |
| | | 01/01/2015-06/30/2015 | 181 | 2.678% | $378.11 | $28,850.08 |
| | | 07/01/2015-12-31-2015 | 184 | 2.468% | $358.94 | $29,209.01 |
| | | 01/01/2016-06/30/2016 | 182 | 2.571% | $374.45 | $29,583.47 |
| | | 07/01/2016-12-31-2016 | 184 | 2.337% | $348.52 | $29,931.99 |
| | | 01/01/2017-06/30/2017 | 181 | 2.426% | $360.09 | $30,292.08 |
| | | 07/01/2017-12-31-2017 | 184 | 2.902% | $443.15 | $30,735.23 |
| | | 01/01/2018-06/30/2018 | 181 | 2.984% | $454.80 | $31,190.03 |
| 12/17/2018 | | 07/01/2018-07/12/2018 | 171 | 3.687% | $538.76 | $31,728.79 |
| | | | | | | |
| | | | | | | |
| | **Total** | | | | $3,330.26 | **$31,728.79** |
| | | | | | | |
| | | | | | | |



**IN RE CHRISTOPHER D. WYMAN**     **CASE NO: 12-32264**

**Debtor(s)**

**ADV. NO. 20-03012**

# EXHIBIT NO:  3

In re:

  **CHRISTOPHER D. WYMAN,**    Case No. 12-32264
                 Chapter:  7
  **Debtor.**           Hon. D. S. OPPERMAN

_____/


# SECURED CREDITOR'S MOTION AND BRIEF TO CONDITION SALE OF REAL PROPERTY ON FULL PAYMENT OF ALLOWED SECURED JUDGMENT LIEN UNDER 11 USC 363(E) AND FED R. BANK. 4001(A)(1).

NOW COMES Secured Creditor, Barbara Duggan ("Duggan"), by and through her attorney, Bejjani Law PLLC,  and brings this Motion, as to Trustee Samuel D. Sweet ("Trustee Sweet") and his agent, Select Title Company of Brighton, MI, and hereby states the following:

1. Duggan is the holder of an allowed secured Judgment Lien secured against the real property located at 1011 Jones Road, Howell, Michigan 48855, (the "Property"), perfected with the Livingston County Register of Deeds on May 3, 2012, recorded at Liber 2012R-15343, et seq. *See* **Exhibit A**.

2. Pursuant to notice by this Court dated November 18, 2014, DE 155, Duggan duly filed her proof of secured claim, as ordered by this Court, on November 25, 2014, Claim No. 1. *See* **Exhibit B**.

3. No objections were filed to Duggan's Proof of Claim, and the claim was allowed bu this Court, under 11 USC §502(a).

4. There is now due and owing to Duggan the sum of $31,728.79, plus costs and attorney fees incurred by Duggan to obtain the requested order and collect the proceeds of her secured lien. 11 U.S.C. § 506 (a). MCL 600.2807(3). **Exhibit C**.

5. On June 7, 2018, Trustee Sweet filed his Motion to Sell the subject property subject to existing liens, under 11 USC 363(b), and to settle various Adversary Proceedings asserting various statutory and common law damage claims for fraud. DE 176. Duggan's allowed secured lien was not addressed in or by the motion, was not the subject of any of the various adversary proceedings, and, exists independently from those adversary proceedings.

6. On July 5, 2018, this Court entered its Order GRANTING Trustee Sweet's motion and authorized him to sell the subject real property. DE 123. That order was a final appealable order.

7. No reconsideration or appeal of this Court's Order was taken, and, that Order is now res judicata as to the Trustee.

8. Pursuant to MCL 600.2819, Duggan's allowed secured lien against the subject real property remains valid and must be paid in full from first proceeds of the anticipated sale. MCL 600.2801(a)(i); 600.2801(c); 600.2819.

9. Trustee Sweet has retained Select Title Company of Brighton MI as his agent for issuance of title and the closing of this sale.

10. Duggan has placed Trustee Sweet and Select Title Company on actual notice of the existence of the secured claim and the amount due at closing to discharge the lien. Exhibit D.

11. Trustee Sweet has now filed DE 182 to "amend" the previously resolved motion so as to sell the subject real property "free and clear" of Duggan's approved secured lien, **without payment to Duggan from first proceeds of the sale**.

12. In accordance with 11 U.S.C §502(a), such relief not permitted as Trustee Sweet did not request, and this Court did not and could not authorize the sale "free and clear" of a lien allowed by this very court in 2014 before the motion or the order were filed.

13. Concurrence with this motion has been sought from Trustee Sweet on multiple occasions since July 11, 2018 in compliance with E.D. Mich. LBR 9014-1(h) but has been denied.

WHEREFORE, Duggan respectfully requests this Honorable Court issue its Order conditioning the sale of the subject property and directing Trustee Sweet and his agent, Select Title Company of Brighton MI, to pay the full amount of Duggan's approved secured lien together with Duggan's costs and attorney fees incurred in bringing this motion to Duggan's counsel, as directed in **Exhibit C**.

Respectfully Submitted,

**BEJJANI LAW PLLC**
*/s/ Elie Bejjani*
Elie Bejjani (P74626)
Attorney for Secured Creditor
6 Parklane Blvd, Suite 600
Dearborn, MI 48126
(313) 757-0036
elie@bejjanilaw.com

DATED: December 18, 2018

STATE OF MICHIGAN

IN THE 53RD DISTRICT COURT

BARBARA DUGGAN

        Plaintiff

v.

CHRIS WYMAN d//b/a CD WYMAN

        Defendant.

_____\\

CASE NO. 09-4485-GC
HON. SUZANNE GEDDIS

TINDALL LAW
BY: MICHAEL E. TINDALL (P29090)
P.O. BOX 46564
MT. CLEMENS, MI 48046
(313) 638-7613
FAX: 815-572-5858
MET@COMCAST.NET

_____\\

CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing document was served upon counsel of record herein at their respective addresses on the record on _____, 200\_\_\_

\_\_\_\_ US MAIL  \_\_\_\_ E-FILE/MAIL\_\_\_\_
\_\_\_\_ FAX  \_\_\_\_ DELIVERY

**AMENDED JUDGMENT**

**At a session of said Court held in the City of Howell
County of Livingston, State of Michigan on April 24, 2012**

**PRESENT: Hon.** SUZANNE GEDDIS P-35307
DISTRICT COURT JUDGE

This matter having come before this Court on Plaintiff's MOTION TO AMEND JUDGMENT under MCR 2.612(A)(1); and, it appearing that, due to oversight, Judgment following Defendants' DEFAULT in this matter was entered only as to Count I of the Complaint, rather than as to Counts I and II as prayed in the Complaint; and the Court being otherwise fully advised in the premises:

**IT IS ORDERED** that Plaintiff's MOTION TO AMEND JUDGMENT be and it hereby is GRANTED.

**IT IS FURTHER ORDERED** that the original Judgment entered in this matter is amended, nunc pro tunc, to enter Judgment as to both Counts I and II in the amount of $23,584.12, as prayed in the original Complaint, plus statutory interest from the date of the Complaint and costs as permitted by law.

DISTRICT COURT JUDGE

EXHIBIT A

**2012R-015343**
**RECORDED ON**
**05/03/2012 08:44:21 AM**
**SALLY REYNOLDS**
**REGISTER OF DEEDS**
**LIVINGSTON COUNTY, MI 48843**
**RECORDING: 40.00**
**REMON: 4.00**
**PAGES: 11**



Tx:604189

8 0 8 9 0 6 7

**STATE OF MICHIGAN**

**IN THE 53RD DISTRICT COURT**

BARBARA DUGGAN

     **Plaintiff**

v.             CASE NO. 09-4485-GC
             HON. SUZANNE GEDDIS

CHRIS WYMAN d//b/a CD WYMAN

     **Defendant.**

_____\

TINDALL LAW
BY: MICHAEL E. TINDALL (P29090)
P.O. BOX 46564
MT. CLEMENS, MI 48046
(313) 638-7613
FAX: 815-572-5858
MET@COMCAST.NET

_____\

## NOTICE OF CLAIM OF INTEREST

  Please take notice that Plaintiff/Judgment Creditor claims an interest in the real

property commonly known as 1011 East Jones Rd., Township of Cohoctah, County of

Livingston, State of Michigan, Tax Id No. 02-24-300-007, more fully described in

attached Exhibit 1, by virtue of a Judgment entered in the 53rd District Court, nunc pro

tunc to January 5, 2010, a copy of which is attached hereto as Exhibit 2.

  While the record owner of the property herein described is shown to be

MICHELLE PICHLER, she is merely the fraudulent transferee of Defendant

CHRISTOPHER D. WYMAN a/k/a CHRIS WYMAN, a/k/a CD WYMAN, often doing

**T**   **TINDALL LAW**
   **ATTORNEYS AND COUNSELLORS**     1

business as CD WYMAN INC, under MCL 566.34, who is, in fact, the true owner of the property. Further, the alleged Mortgage Lien represented by that certain mortgage dated October 17, 2009 at Liber 2010R, Page 002922 to one EDWARD LINK, 1829 HANOVER RD., ANN ARBOR MI 48103, the uncle of CHRISTOPHER D. WYMAN, attached as Exhibit 3, is also fraudulent under MCL 566.34.

Post Judgment proceedings are currently pending in the above matter before the 53rd District Court to nullify and invalidate the fraudulent transfers described above and to subject the subject real property to execution and receivership to satisfy Plaintiff's Judgment.

Respectfully Submitted,
**TINDALL & COMPANY P.C.**

BY: *Michael E. Tindall* /s/
MICHAEL E. TINDALL P29090
For the Firm
**P.O. BOX 46564**
**MOUNT CLEMENS, MI 48046**
**(313) 638-7613**
**(815) 572-5858 (FAX)**
**Direct Email: met@comcast.net**

Dated: 5/2/12
**DRAFTED BY:**
**TINDALL & COMPANY P.C.**
Attorneys for Plaintiff Judgment Creditor
BY: MICHAEL E. TINDALL P29090
For the Firm
**P.O. BOX 46564**
**MOUNT CLEMENS, MI 48046**
**(313) 638-7613**
**(815) 572-5858 (FAX)**
**Direct Email: met@comcast.net**

**T** **TINDALL LAW**
**ATTORNEYS AND COUNSELLORS**

2

B10 (Official Form 10) (04/13)

| UNITED STATES BANKRUPTCY COURT | **PROOF OF CLAIM** |
|---|---|

| Name of Debtor: <br> CHRISTOPHER D. WYMAN | Case Number: <br> 12-32264 | |
|---|---|---|

NOTE: *Do not use this form to make a claim for an administrative expense that arises after the bankruptcy filing. You may file a request for payment of an administrative expense according to 11 U.S.C. § 503.*

Name of Creditor (the person or other entity to whom the debtor owes money or property):
BARBRA DUGGAN

**COURT USE ONLY**

Name and address where notices should be sent:
BARBARA DUGGAN, C/O MICHAEL E. TINDALL ESQ.
P.O. BOX 46564
MOUNT CLEMENS, MI 48046

Telephone number: (248) 250-8819     email: MET@COMCAST.NET

❏ Check this box if this claim amends a previously filed claim.

**Court Claim Number:** _____
  (*If known*)

Filed on: _____

Name and address where payment should be sent (if different from above):

Telephone number:          email:

❏ Check this box if you are aware that anyone else has filed a proof of claim relating to this claim. Attach copy of statement giving particulars.

**1. Amount of Claim as of Date Case Filed:**     $          27,389.24

If all or part of the claim is secured, complete item 4.

If all or part of the claim is entitled to priority, complete item 5.

☑ Check this box if the claim includes interest or other charges in addition to the principal amount of the claim. Attach a statement that itemizes interest or charges.

**2. Basis for Claim:**   JUDGMENT-PERFECTED BY JUDGMENT LIEN
  (See instruction #2)

| **3. Last four digits of any number** by which creditor identifies debtor: <br> 4 4 8 5 | **3a. Debtor may have scheduled account as:** <br> 23584.12 <br> (See instruction #3a) | **3b. Uniform Claim Identifier (optional):** <br> (See instruction #3b) |
|---|---|---|

**4. Secured Claim (See instruction #4)**
Check the appropriate box if the claim is secured by a lien on property or a right of setoff, attach required redacted documents, and provide the requested information.

**Nature of property or right of setoff:** ☑Real Estate  ❏Motor Vehicle  ❏Other
Describe:

**Value of Property: $**  300,000.00

**Annual Interest Rate** _____ % ❏Fixed  or  ☑Variable
(when case was filed)

Amount of arrearage and other charges, as of the time case was filed, included in secured claim, if any:

$     28,398.53

**Basis for perfection:**  JUDGMENT LIEN

**Amount of Secured Claim:**  $    28,398.53

**Amount Unsecured:**  $         0.00

**5. Amount of Claim Entitled to Priority under 11 U.S.C. § 507 (a).** If any part of the claim falls into one of the following categories, check the box specifying the priority and state the amount.

❏ Domestic support obligations under 11 U.S.C. § 507 (a)(1)(A) or (a)(1)(B).

❏ Wages, salaries, or commissions (up to $12,475*) earned within 180 days before the case was filed or the debtor's business ceased, whichever is earlier – 11 U.S.C. § 507 (a)(4).

❏ Contributions to an employee benefit plan – 11 U.S.C. § 507 (a)(5).

❏ Up to $2,775* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U.S.C. § 507 (a)(7).

❏ Taxes or penalties owed to governmental units – 11 U.S.C. § 507 (a)(8).

❏ Other – Specify applicable paragraph of 11 U.S.C. § 507 (a)(__).

Amount entitled to priority:

$ _____

*Amounts are subject to adjustment on 4/01/16 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.*

**6. Credits.** The amount of all payments on this claim has been credited for the purpose of making this proof of claim. (See instruction #6)

**7. Documents:** Attached are **redacted** copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, security agreements, or, in the case of a claim based on an open-end or revolving consumer credit agreement, a statement providing the information required by FRBP 3001(c)(3)(A). If the claim is secured, box 4 has been completed, and **redacted** copies of documents providing evidence of perfection of a security interest are attached. If the claim is secured by the debtor's principal residence, the Mortgage Proof of Claim Attachment is being filed with this claim. *(See instruction #7, and the definition of "redacted".)*

DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.

If the documents are not available, please explain:　JUDGMENT ATTACHED. PERFECTED LIEN DOCUMENTS DELIVERED TO TRUSTEE

**8. Signature:** (See instruction #8)

Check the appropriate box.

☐ I am the creditor.　　☑ I am the creditor's authorized agent.　　☐ I am the trustee, or the debtor, or their authorized agent. (See Bankruptcy Rule 3004.)　　☐ I am a guarantor, surety, indorser, or other codebtor. (See Bankruptcy Rule 3005.)

I declare under penalty of perjury that the information provided in this claim is true and correct to the best of my knowledge, information, and reasonable belief.

Print Name:　MICHAEL E. TINDALL ESQ
Title:　ATTORNEY AT LAW
Company:　TINDALL LAW, COUNSEL FOR CREDITOR
Address and telephone number (if different from notice address above):

(Signature)　　　　(Date) 11/25/14

Telephone number:　　　　email:

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

---

## INSTRUCTIONS FOR PROOF OF CLAIM FORM

*The instructions and definitions below are general explanations of the law. In certain circumstances, such as bankruptcy cases not filed voluntarily by the debtor, exceptions to these general rules may apply.*

### Items to be completed in Proof of Claim form

**Court, Name of Debtor, and Case Number:**
Fill in the federal judicial district in which the bankruptcy case was filed (for example, Central District of California), the debtor's full name, and the case number. If the creditor received a notice of the case from the bankruptcy court, all of this information is at the top of the notice.

**Creditor's Name and Address:**
Fill in the name of the person or entity asserting a claim and the name and address of the person who should receive notices issued during the bankruptcy case. A separate space is provided for the payment address if it differs from the notice address. The creditor has a continuing obligation to keep the court informed of its current address. See Federal Rule of Bankruptcy Procedure (FRBP) 2002(g).

**1. Amount of Claim as of Date Case Filed:**
State the total amount owed to the creditor on the date of the bankruptcy filing. Follow the instructions concerning whether to complete items 4 and 5. Check the box if interest or other charges are included in the claim.

**2. Basis for Claim:**
State the type of debt or how it was incurred. Examples include goods sold, money loaned, services performed, personal injury/wrongful death, car loan, mortgage note, and credit card. If the claim is based on delivering health care goods or services, limit the disclosure of the goods or services so as to avoid embarrassment or the disclosure of confidential health care information. You may be required to provide additional disclosure if an interested party objects to the claim.

**3. Last Four Digits of Any Number by Which Creditor Identifies Debtor:**
State only the last four digits of the debtor's account or other number used by the creditor to identify the debtor.

**3a. Debtor May Have Scheduled Account As:**
Report a change in the creditor's name, a transferred claim, or any other information that clarifies a difference between this proof of claim and the claim as scheduled by the debtor.

**3b. Uniform Claim Identifier:**
If you use a uniform claim identifier, you may report it here. A uniform claim identifier is an optional 24-character identifier that certain large creditors use to facilitate electronic payment in chapter 13 cases.

**4. Secured Claim:**
Check whether the claim is fully or partially secured. Skip this section if the claim is entirely unsecured. (See Definitions.) If the claim is secured, check the box for the nature and value of property that secures the claim, attach copies of lien documentation, and state, as of the date of the bankruptcy filing, the annual interest rate (and whether it is fixed or variable), and the amount past due on the claim.

**5. Amount of Claim Entitled to Priority Under 11 U.S.C. § 507 (a).**
If any portion of the claim falls into any category shown, check the appropriate box(es) and state the amount entitled to priority. (See Definitions.) A claim may be partly priority and partly non-priority. For example, in some of the categories, the law limits the amount entitled to priority.

**6. Credits:**
An authorized signature on this proof of claim serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

**7. Documents:**
Attach redacted copies of any documents that show the debt exists and a lien secures the debt. You must also attach copies of documents that evidence perfection of any security interest and documents required by FRBP 3001(c) for claims based on an open-end or revolving consumer credit agreement or secured by a security interest in the debtor's principal residence. You may also attach a summary in addition to the documents themselves. FRBP 3001(c) and (d). If the claim is based on delivering health care goods or services, limit disclosing confidential health care information. Do not send original documents, as attachments may be destroyed after scanning.

**8. Date and Signature:**
The individual completing this proof of claim must sign and date it. FRBP 9011. If the claim is filed electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what constitutes a signature. If you sign this form, you declare under penalty of perjury that the information provided is true and correct to the best of your knowledge, information, and reasonable belief. Your signature is also a certification that the claim meets the requirements of FRBP 9011(b). Whether the claim is filed electronically or in person, if your name is on the signature line, you are responsible for the declaration. Print the name and title, if any, of the creditor or other person authorized to file this claim. State the filer's address and telephone number if it differs from the address given on the top of the form for purposes of receiving notices. If the claim is filed by an authorized agent, provide both the name of the individual filing the claim and the name of the agent. If the authorized agent is a servicer, identify the corporate servicer as the company. Criminal penalties apply for making a false statement on a proof of claim.

EXHIBIT B

# Barbara Duggan v. Chris Wyman d/b/a CD Wyman
## Case No. 09-4485-GC

| Date | Description | Interest Period | Days | Int Rate | Int Amount | Balance |
|------|-------------|-----------------|------|----------|-----------|---------|
| | | | | | | |
| 11/25/2014 | Perfected Lien Balance | | | | | $28,398.53 |
| | | 11/25/2014-12/31/2014 | 36 | 2.622% | $73.44 | $28,471.97 |
| | | 01/01/2015-06/30/2015 | 181 | 2.678% | $378.11 | $28,850.08 |
| | | 07/01/2015-12-31-2015 | 184 | 2.468% | $358.94 | $29,209.01 |
| | | 01/01/2016-06/30/2016 | 182 | 2.571% | $374.45 | $29,583.47 |
| | | 07/01/2016-12-31-2016 | 184 | 2.337% | $348.52 | $29,931.99 |
| | | 01/01/2017-06/30/2017 | 181 | 2.426% | $360.09 | $30,292.08 |
| | | 07/01/2017-12-31-2017 | 184 | 2.902% | $443.15 | $30,735.23 |
| | | 01/01/2018-06/30/2018 | 181 | 2.984% | $454.80 | $31,190.03 |
| 12/17/2018 | | 07/01/2018-07/12/2018 | 171 | 3.687% | $538.76 | $31,728.79 |
| | | | | | | |
| | Total | | | | $3,330.26 | $31,728.79 |
| | | | | | | |
| | | | | | | |



**BEJJANI LAW PLLC**

ELIE BEJJANI, ATTORNEY AT LAW

**(313) 757.0036**
6 Parklane Blvd, Suite 600
Dearborn, MI 48126
Fax (313) 447.2430
elie@bejjanilaw.com

JULY 11, 2018

Samuel D Sweet
Samuel D Sweet PLC
PO Box 757
Ortonville, MI 48462

Re: **Sale of 1011 E Jones Road, Howell, Michigan 48855-9298**

Dear Mr. Sweet,

Please be advised that Barbara Duggan ("**Duggan**") has retained our firm to pursue the collection of a secured judgment lien against Debtor Christopher D. Wyman ("**Wyman**") through the sale of 1011 Jones Road, Howell, Michigan 48855, Tax Id No. 470224300007 (the "**Property**").

Duggan holds a secured interest in the Property by virtue of a Judgment entered in the 53rd District Court, Case No. 09-4485-GC, *Barbara Duggan v. Chris Wyman d/b/a CD Wyman*, entered on April 24, 2012, nunc pro tunc to January 5, 2010, which is attached as **Exhibit 1**. The Judgment, along with the Notice of Claim of Interest, was recorded with the Livingston County Register of Deeds on May 3, 2012, which is attached as **Exhibit 2**. Lastly, the Judgment was timely filed and remains valid, as a Proof of Claim in Wyman's pending Chapter 7 Bankruptcy proceeding, Case No. 12-32264. **Exhibit 3,** Proof of Claim.

Duggan's lien holds priority over any other claims of interest on the Property, pursuant to 11 U.S.C. § 507 (a), and is entitled to first proceeds from the undergoing sale. The lien is also perfected and secured by the Property. The current balance of the Judgment is **$31,227.84**, which includes statutory interest to date. *See* **Exhibit** 4, Judgment Balance Computation.

You are hereby notified of our client's outstanding interest in the Property and demand payment of $31,227.84 from the proceeds of the sale at closing. We request that you provide the date, time, and location of the closing, in which we will attend. We anticipate a check be issued at closing, made out to Bejjani Law PLLC Lawyers' Trust Account, in the amount of $31,227.84 to fully satisfy Wyman's debt owed to Duggan. We anticipate full cooperation from all parties regarding this matter. If to the contrary, then all parties will suffer great consequences.

Our client has endured several years of litigation regarding this dispute and will continue until all debts are paid in full without compromise. Our firm will promptly file and record a Satisfaction of Judgment upon receipt of the entire payment.

Thank you for your anticipated cooperation in this regard. Please contact our office with any concerns regarding this matter.


Sincerely,



Elie Bejjani, Esq.
BEJJANI LAW PLLC

Enclosures (4)

cc:     Select Title Agency
        Christopher D. Wyman
        Gentry Sales Inc.

EXHIBIT D

# Sale of 1011 E Jones Road, Howell, Michigan 48855-9298

1 message

**Elie Bejjani, Esq.** <elie@bejjanilaw.com>
Wed, Jul 11, 2018 at 8:14 PM
To: trusteesweet@hotmail.com, ssweet@trusteesweet.us, jwill@trusteesweet.us, ss125@trustesolutions.net

Mr. Sweet,

Please see the attached correspondence.

Thank you.

Sincerely,


Elie Bejjani


## Attorney Elie Bejjani

Bejjani Law PLLC
6 Parklane Blvd., Suite 600
Dearborn, Michigan 48126
Telephone: (313) 757-0036
Fax: (313) 447-2430
Email: elie@bejjanilaw.com


**UNAUTHORIZED USE, FORWARDING, OR COPYING OF THIS MESSAGE IS STRICTLY PROHIBITED.** This email is covered by the Electronic Communications Privacy Act, 18 U.S.C. §§ 2510-2521 and is legally privileged. This e-mail message and any files transmitted with it are also subject to the attorney-client privilege and attorney work-product doctrine, and contain confidential information intended only for the person(s) to whom this email message is addressed. If you have received this e-mail message in error, please notify the sender immediately by telephone (313) 757-0036 or e-mail and destroy the original message without making a copy. **SETTLEMENT COMMUNICATIONS.** This email may contain an offer to compromise or contain a negotiation to compromise or settle a disputed fact or claim. Therefore, this communication is protected pursuant to MRE 408 and FRE 408.

**Sweet.pdf**
2807K

# Sale of 1011 E Jones Road, Howell, Michigan 48855-9298

1 message

**Elie Bejjani, Esq.** <elie@bejjanilaw.com>
To: Close@selecttitleagency.com

Wed, Jul 11, 2018 at 8:14 PM

Please see the attached correspondence.

Thank you.

Sincerely,

Elie Bejjani

## Attorney Elie Bejjani

Bejjani Law PLLC
6 Parklane Blvd., Suite 600
Dearborn, Michigan 48126
Telephone: (313) 757-0036
Fax: (313) 447-2430
Email: elie@bejjanilaw.com

UNAUTHORIZED USE, FORWARDING, OR COPYING OF THIS MESSAGE IS STRICTLY PROHIBITED. This email is covered by the Electronic Communications Privacy Act, 18 U.S.C. §§ 2510-2521 and is legally privileged. This e-mail message and any files transmitted with it are also subject to the attorney-client privilege and attorney work-product doctrine, and contain confidential information intended only for the person(s) to whom this email message is addressed. If you have received this e-mail message in error, please notify the sender immediately by telephone (313) 757-0036 or e-mail and destroy the original message without making a copy. SETTLEMENT COMMUNICATIONS. This email may contain an offer to compromise or contain a negotiation to compromise or settle a disputed fact or claim. Therefore, this communication is protected pursuant to MRE 408 and FRE 408.

 **Select Title Company.pdf**
2807K



**UNITED STATES POSTAL SERVICE**

Date: July 17, 2018

Elie Bejjani:

The following is in response to your July 17, 2018 request for delivery information on your Certified Mail™ item number 70163010000065423248. The delivery record shows that this item was delivered on July 16, 2018 at 12:27 pm in 6870 GRAND RIVER RD BRIGHTON, MI 48114. The scanned image of the recipient information is provided below.

Signature of Recipient :

Address of Recipient :

Thank you for selecting the Postal Service for your mailing needs.

If you require additional assistance, please contact your local Post Office or postal representative.

Sincerely,
United States Postal Service



# USPS Tracking®

FAQs  ›  (http://faq.usps.com/?articleId=220900)

Track Another Package  **+**

**Tracking Number:** 70163010000065423231

Remove ✕

**On Time**

**Expected Delivery on**

# SATURDAY
# 14 JULY 2018 ⓘ

by
**8:00pm** ⓘ

## Available for Pickup

July 14, 2018 at 8:41 am
Available for Pickup
ORTONVILLE, MI 48462

**Get Updates** ⌄

**Text & Email Updates**  ⌄

**Return Receipt Electronic**  ⌃

✅ **Confirmation**

You requested this information prior to the delivery of your item. When your Proof of Delivery record is complete, it will be provided.

Your confirmation will be sent to the following:

elie@bejjanilaw.com

**Tracking History**  ⌃



**July 14, 2018, 8:41 am**
Available for Pickup
ORTONVILLE, MI 48462
Your item arrived at the ORTONVILLE, MI 48462 post office at 8:41 am on July 14, 2018 and is ready for pickup.

**July 14, 2018, 8:16 am**
Arrived at Unit
ORTONVILLE, MI 48462

**July 13, 2018, 10:39 am**
Departed USPS Regional Facility
PONTIAC MI DISTRIBUTION CENTER

**July 12, 2018, 11:50 pm**
Arrived at USPS Regional Facility
PONTIAC MI DISTRIBUTION CENTER

**July 12, 2018, 4:01 pm**
USPS in possession of item
DEARBORN HEIGHTS, MI 48127

**Product Information** ⌄

See Less ⌃

# Can't find what you're looking for?

Go to our FAQs section to find answers to your tracking questions.

**FAQs (http://faq.usps.com/?articleId=220900)**

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IN RE:

**CHRISTOPHER D. WYMAN**
*Debtor(s),*

ADV.NO: 20-03012

\
**SAMUEL D. SWEET, Individually and as Trustee,**
**Plaintiff, Counter Defendant**

CASE NO. 12-32264
CHAPTER 7

v.

**MICHAEL E. TINDALL, Individually and as 100% Assignee of**
**Barbara Duggan**

**Defendant, Counter Plaintiff.**
\

## AFFIDAVIT IN SUPPORT OF
## MOTION FOR SUMMARY JUDGMENT

**BARBARA DUGGAN** being first dully sworn deposes and says:

1. I was the holder of a secured Judgment Lien against real property commonly known as 1011 Jones Rd., Howell MI from approximately May 2012 through 2019.

2. I Assigned 100% of all my claims of in this and all related matters in 2019 [50%] and 2020 [50%] to MICHAEL E. TINDALL.

3. At no time, from and after March 2012 to and through the current date have I ever authorized anyone, including MICHAEL E. TINDALL or ELIE BEJJANI, orally or in writing, to contract, agree, commit, relinquish, transfer, convey or do any other act, action or thing regarding my lien interest as secured creditor in the real property commonly known as 1011 Jones Rd., Howell MI.

4. At no time, from and after March 2012 to and through the current date have I ever, orally or in writing, contracted, agreed, committed, relinquished, transferred, conveyed or done any other act, action or thing regarding my lien interest as secured creditor in the real property commonly known as 1011 Jones Rd., Howell MI., other than the Assignment(s) above described to MICHAEL E. TINDALL.

5. I make this Affidavit from personal knowledge and can personally testify to the facts contained herein if called upon to do so.

**FURTHER DEPONENT SAITH NOT.**

PURSUANT TO 28 USC 1746(2), I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT THIS 2nd DAY OF OCTOBER 2020.

_/S/_SIGNED ORIGINAL ON FILE_
BARBARA DUGGAN

2

IN RE:
    CHRISTOPHER D. WYMAN
        *Debtor(s),*

                              ADV. NO: 20-03012

                      \

SAMUEL D. SWEET, Individually and as Trustee,
    Plaintiff, Counter Defendant

                              CASE NO. 12-32264
                              CHAPTER 7

v.

MICHAEL E. TINDALL, Individually and as 100% Assignee of
Barbara Duggan

        Defendant, Counter Plaintiff.
                               \

## CLAIMANT'S BRIEF IN OPPOSITION TO DE 46 TRUSTEE SWEET'S MOTION FOR SUMMARY JUDGMENT AS TO COUNTS I AND II OF SWEET'S AMENDED COMPLAINT DE 10

    MICHAEL E. TINDALL, (hereinafter "Claimant"), Assignee of all [100%] claims of BARBARA DUGGAN ($32,240.34), and a party in interest holding a secured attorney lien ($34,100.00/$21,869.33) against the proceeds of the Realty (hereinafter collectively "allowed secured claim"), hereby responds to DE 46 as follows.

### STATEMENT OF FACTS:

    Barbara Duggan ("Duggan"), a secured state court lien creditor with a perfected Judgment Lien, Claim No.1, appeared in this bankruptcy case in May, 2012. Duggan subsequently became a Co-Plaintiff with Trustee Mason in numerous adversary proceedings (a) to recover fraudulent transfers from Debtor Wyman and Diana Gentry for the benefit of their respective bankruptcy estates; (b) to recover damages – including post judgment

attorney fees – under Michigan law; and, (3) to object to discharge(s) of Wyman and Gentry. Duggan and Trustee Mason were never opponents or adversaries.

Over the five (5) year period, May 2012 through October 2017, Duggan consistently and repeatedly asserted and maintained both her "standing", as a secured creditor, and, her claim to post-petition attorney fees no less than nine (9) separate times. See, Exhibit 1, Case No 12-03348, DE 410, P 3 of 3.

Trustee Mason was succeeded by Trustee Sweet ("Sweet") on August 26, 2014. Sweet, by law and "in fact", had full knowledge of all acts and events known to Trustee Mason regarding Duggan's claims. See, Exhibit 3, PP 15, No. 17 and 16 of 42. From August 2014 through October, 2017, Sweet knew of and did not oppose Duggan's claims to her secured Judgment Lien, or, her claim to post-petition attorney fees. See, Exhibit 2, P 1 of 17, Nos. 2 and 3.

In approximately June 2018, Sweet entered into a real estate sale contract to sell 1011 Jones Rd., Howell MI to Dianna Gentry at a clearly inadequate price more than $30,000.00 less than previously offered to Trustee Mason in June 2014 by an arms-length buyer. Additionally, the contract with Gentry proposed to transfer to Gentry certain construction equipment [recovered by Trustee Mason in 2014], valued by Sweet at $50,000.00, for no consideration. DE 45-3. The contract executed by Sweet and proposed to the Court for approval stated:

> **"3. Bankruptcy Trustee will have removed a "Claim of Interest" Filed by BARBARA DUGGAN 5/5/2012 and recorded 5/3/12 In Livingston County Register of deeds Liber 2012R-015343"** DE45-3, P7 of 14.

Sweet did not disclose to Duggan, his Co-Plaintiff, the terms of the agreement, the consideration, valuations or marketing efforts for the real estate or the personal property. Sweet did not obtain from Duggan, as his Co-Plaintiff, consent to settle/compromise any of the adversary proceedings recited in the sale agreement. Sweet did not disclose to Duggan that he was discussing settlement, before executing the sales agreement; and, he did not disclose to Duggan that he had contractually bound himself to Gentry to "remove" her lien from the property. Finally, Sweet did not comply with *Fed. R. Bank. 2002* and did not supply to Duggan or any other creditors the required information regarding settlement of adversary proceedings so that they could elect to continue the various adversary proceedings in place of Sweet.

The sale transaction was scheduled to close in September, 2018. DE 45-3. Nothing in the sales agreement or the order approving it permitted any extension of the agreement and no extension was sought or given by the Court. Duggan, through new counsel, sought to have Sweet place both the real estate and personal property on the market and properly market both for full value. Sweet refused. Instead, he let the real property sit, for another (9) months, wasting away while Gentry had already taken possession [and was presumably using] the construction equipment. Sweet then began a campaign to invalidate Duggan's Judgment Lien, and, her claim to post-petition attorney fees.

First, Sweet brought a motion to "amend" his June 2018 MOTION TO SELL that had already expired. DE 182, 185, 186 and 190. Next, Sweet attempted to belatedly object to Duggan's allowed secured claim - some 3.5 years AFTER the time to object expired and the secured claim was approved. DE 198. Sweet filed the first of two (2) adversary proceedings to

invalidate Duggan's allowed secured claim. DE 217. Next, Sweet filed a fraudulent motion to surcharge Duggan's allowed secured claim, DE 220, despite actual knowledge that he had made no payment or disbursement from the bankruptcy estate that could qualify for a surcharge. DE 238. Finally Sweet filed a fraudulent motion to subordinate Michigan ad-valorem real property taxes to administration expenses [his own fees] under Section 724, DE 221, despite actual knowledge that (a) ad-valorem taxes could not be subordinated under Section 724; and, (b) no allowed secured claim for Michigan property taxes existed, as required by Section 724. See, Claims Register.

On July 14, 2018, Duggan's new counsel, Mr. Bejjani, anticipating Sweet's attempts to defraud Duggan of all or part of the proceeds secured by her Judgment Lien and her post-petition attorney fees, put Sweet, Select Title and Gentry on actual notice that principal and interest **ONLY** on the Judgment Lien was $31, 227.84, under Section 502. He also gave notice that Duggan continued to claim post-petition attorney fees and costs **in addition** to principal and interest. See, Exhibit 2. Thereafter, Sweet received additional notice to the same effect on December 18, 2018 and December 19, 2018. See, Exhibits 2 and 3.

On May 19, 2019, Sweet requested a payoff. He already knew the amount he was told was principal and interest **ONLY**. On that date, Sweet had already separately disputed Duggan's right to post-petition attorney fees, under Section 506. The Court did not decide Duggan's claim was "over secured", thereby entitling Duggan to post-petition attorney fees, until January 9, 2020.

## ARGUMENT:

### I. DISPUTE OF MATERIAL FACT:

Sweet's AMENDED COMPLAINT, DE 10; his FRCP 12(b)(6) MOTION TO DISMISS; and, his Affidavit, DE 18, all make allegations of fact. NONE are supported by exhibits or references to the record. Moreover, as set forth below, each contradicts the other "*inter-sae*". Claimant's Exhibits, 1-4, do establish record facts and verified disclosures that simply cannot be "genuinely" disputed. Sweet's allegations are completely unsupported by ANY **significant probative admissible evidence**. Moreover, Exhibits 1, 2, 3, and 4 clearly demonstrate that Sweet's allegations are knowingly and intentionally false. Like his various prior motions and attempts to attack Duggan's allowed secured claim, this AMENDED COMPLAINT is fraudulent.

## II. CLAIMANT IS ENTITLED TO JUDGMENT, AS A MATTER OF LAW

Since movant has affirmatively pled the affirmative defense of the Statute of Frauds under FRCP 8, the applicable standard/burden [1] for this motion requires Claimant to, again, review the Statute of Frauds.

### A. Statute of Frauds.

Movant moved for judgment on the pleadings, under *FRCP 12(c)*. The Court denied the motion. DE 43. The standard to be met in deciding a Rule 12(c) motion is the same as on a motion, under Rule 12(b)(6) ; the party against whom the relief is sought is given the benefit of every inference and doubt. Nevertheless, using a standard applicable to *FRCP 56* motions, [2] the Court ruled:

> "Next, the Court turns to the statute of frauds issue. The parties dispute that the statute of frauds applies. For purposes of deciding the instant Motion, the Court concludes that the

---

[1] Movant therefore bears the burden of proof at trial.

[2] See, P 2, supra at n3.

[text obscured/redacted] appropriate as to Count II of Plaintiff Trustee's Amended Complaint, entitled "Contract." DE 43, P 4 of 5

*MCL 556.132(1)(e)* provides:

**"566.132. Agreements, contracts, or promises for which signed writing required; enforcement**

**(1)** In the following cases **an agreement, contract, or promise is void** unless that agreement, contract, or promise, or a **note or memorandum of the agreement, contract, or promise is in writing and signed with an authorized signature by the party to be charged with the agreement, contract, or promise:** ...

(e)**An agreement, promise, or contract *to pay a commission*** for or upon the sale of an interest in real estate." DE43, P3 of 6

An **"agreement, contract or promise to pay a commission for or upon the sale of an interest in real estate"** is clearly not the same as "**an agreement ... upon the sale of an interest in real estate**". Neither Sweet's Amended Complaint nor ANY of his papers recite or allege a "**commission**"

in connection with the **"transaction"** or contract he alleges; and, he does not allege an agreement, promise or contract to pay one.

Whether the statute of frauds bars enforcement of a contract is a question of law reviewed de novo."[3] The statute of frauds was designed to prevent disputes like this, as to what the oral contract, sought to be enforced, was.[4] MCR 566.132(1) is the "general" statutory statute of frauds. However, more specific statutory provision, such as MCL 556.108 and 108, control the more general provision.[5] More importantly, statutory provisions are to be read together and harmonized to the extent possible.[6] The requirements of MCL 566.106 and 566.108 must be applied *in addition to* the general rules in MCL 566.132(1).

Michigan courts have consistently ruled the sale, transfer, termination or release of land or an interest in land is controlled by M.C.L. *§ 566.106 and M.C.L. § 566.108.*[7] Not a single Michigan case holds that *MCL 566.132(1)* controls over *566.106 and/or 108* where a transfer/release of an interest in real estate [rather than a "commission agreement"] is involved. Simply put, a contract for the sale of an interest in real property must, to survive a challenge under the statue of frauds, (1) be in writing and (2) be signed by the seller or **someone lawfully authorized by the seller in**

---

[3] *Kloian v Domino's Pizza, LLC,* 273 Mich App 449, 458; 733 NW2d 766 (2006).

[4] *In re Rudell Estate,* 286 Mich App 391, 407; 780 NW2d 884 (2009).

[5] *Jones v Enertel, Inc,* 467 Mich 266, 270; 650 NW2d 334 (2002).

[6] *World Book, Inc v Dep't of Treasury,* 459 Mich 403, 416; 590 NW2d 293 (1999).

[7] *Zurcher v. Herveat,* 238 Mich.App. 267, 276-77, 605 N.W.2d 329 (1999); *Zaher v Miotke,* 300 Mich App 132, 140; 832 NW2d 266 (2013); *Lakeside Oakland Dev, LC v H & J Beef Co,* 249 Mich App 517, 524; 644 NW2d 765 (2002).

writing.[8] A writing transferring an interest in land must be certain and definite with regard to the parties, property, consideration, premises, and time of performance.[9] To satisfy Michigan's statute of frauds, **"the document must have `substantial probative value in establishing the contract' and must reduce `the essential terms' of the agreement to writing"**[10]

Regardless of which Statute of Frauds provision is applied, all provisions require that any alleged writing bear an **"authorized signature"** by the person to be charged. Perhaps more surprising than the conclusion in DE 43- that *MCL 566.132* somehow prevails over section *106 and 108* - are the following:

1. That on an email communication, dated October 9, 2019, five (5) months **AFTER** the alleged transaction occurred, can be all or part of **"the writing"** forming **"the contract"** to do that transaction in the first place; and,

2. That Mr. Bejanii was **"authorized"** to convey or release Duggan's interest in real estate, regardless of which statute of frauds section is applied. DE 21, PP 4, 5 of 7.[11]

---

[8] *Zurcher at 277.*
[9] *McFadden v Imus, 192 Mich App 629, 633; 481 NW2d 812 (1992).*
[10] *Blackward Properties, LLC v. Bank of America, 476 F. App'x 639, 641 (6th Cir. 2012)*
[11] **"Sweet's Response (motion) completely ignores Claimant's Answer and Affirmative Defenses, DE 15. That Answer, Nos. 1-30, denies every factual element of the Complaint supporting both Counts. Nothing in Sweet's Response presents "facts" that counter these denials."** DE 21, P3 of 7; **"Sweet has presented NO "writing" signed by Ms. Duggan "lawfully authorizing"** Claimant or Mr. Benji to act as her agent to **assign or surrender** her lien against the realty. Id., P 4 of 5; **"Sweet's problem is he has NO written agreement, signed by Ms. Duggan or anyone else,**

Sweet's AMENDED COMPLAINT does NOT allege "authorization" by Duggan to transfer or release her interest in 1011 Jones Rd.; and, none of his papers filed in this case to date contain ANY "evidence" of such authorization by Duggan.

### B. No Valid Contract:

No matter whether the Statute of Frauds applies at all, or, which section applies,[12] any alleged contract to transfer/release an interest in land must satisfy all required elements of a binding contract. A valid contract requires: "(1) parties **competent** to contract, (2) a proper subject matter, (3) legal consideration, (4) mutuality of agreement, and (5) mutuality of obligation."[13]

For a contract to be formed there must be an offer, acceptance, and mutual assent, being a meeting of the minds, to **all essential terms.**[14] A contract does not exist without mutual assent.[15] In addition, the acceptance must be unambiguous and in strict conformance with the offer for a contract to form.[16] According to Sweet:

> "The Trustee **invited an offer** from Defendants to provide a payoff request for Claim 1." **COMP 26**

---

authorizing Claimant or Mr. Bejanii to act as her agent to **assign or surrender her lien against the realty.**" Id., P 5 of 5.

[12] The Statute of Frauds governs how one proves that the alleged contract existed and what its terms are. *In re Rudell Estate, supra n. 14.*

[13] *Innovation Ventures v Liquid Mfg, 499 Mich 491, 508; 885 NW2d 861 (2016); AFT Mich v Michigan, 497 Mich 197, 235; 866 NW2d 782 (2015).*

[14] *Kloian v. Domino's Pizza, LLC, 273 Mich. App. 449, 452-3 (2006).*

[15] *Calhoun Co v Blue Cross Blue Shield of Michigan, 297 Mich App 1, 13; 824 NW2d 202 (2012).*

[16] *Kloian, at 452-453.*

"The Defendants **provided an offer** in the form of a payoff request." **COMP 27**

"The Trustee **accepted said offer** and authorized the Title Company to wire said funds requested." **COMP 28**
*********************************

"Exhibit A **constitutes an offer** wherein the Trustee specifically requested a payoff and wiring instructions from the parties." DE 19, P3 of 5

"Mr. Bejjani's email which is Exhibit B specifically **constitutes the acceptance** or providing of the payoff and wiring instructions." DE 19, P3 of 5

"*Exhibit D **specifically provides for consideration** and that funds were in fact transferred to Mr. Bejjani.*" DE 19, P3 of 5

"Exhibit C **specifically provides an admission** that in fact the funds were received and that the claim is satisfied and the lien discharged and paid in full." DE 19, P3 of 5

Sweet, himself, cannot keep straight whether he "invited" an offer, or, made the offer himself; who "accepted" the alleged offer; much less what the specific terms of the alleged contract were.[17]

Sweet's alleged contract is even more obscure on the issue of consideration. To have consideration there must be a "**bargained-for exchange**," which entails "**a benefit on one side, or a detriment suffered, or service done on the other**".[18] Valid consideration for a contract cannot be presumed merely because two parties receive benefit from each other.

---

[17] Thus, the reason the Statute of Frauds exists - in the first place - and is so rigidly enforced.
[18] *Innovation Ventures, 499 Mich at 508; General Motors Corp v Dep't of Treasury, 466 Mich 231, 238; 644 NW2d 734 (2002).*

Rather, a "bargained-for exchange" is required. The essence of consideration, therefore, is legal detriment that has been bargained for and exchanged for the promise.[19]

Michigan applies the **"preexisting duty rule"** to determining consideration. Under the **preexisting duty rule**, it is well settled that doing what one is legally bound to do is not consideration for a new promise.[20] Consideration is "[s]ome **right, interest, profit or benefit accruing to one party, or some forbearance, detriment, loss, or responsibility given, suffered, or undertaken by the other.**"[21] A contract, based on "consideration" the promisee was bound to do already, fails for lack of consideration.[22] This rule also bars a modification of an existing obligation when the purported consideration for the modification consists of the performance or promise to perform that which one party was already required to do.[23]

According to Sweet, payment of funds [principal and interest ONLY] represented "consideration" for Duggan's release of lien, and, [presumably] the waiver of her claim for pre-petition attorney fees.[24] Yet, Sweet was

---

[19] *Higgins v Monroe Evening News, 404 Mich 1, 20; 272 NW2d 537 (1978) (MOODY, J. joined by WILLIAMS and COLEMAN, JJ.).*
[20] *Puett v. Walker, 332 Mich. 117, 122, 50 N.W.2d 740 (1952); 46th Circuit Trial Court v. Crawford County, 476 Mich. 131, 719 NW 2d 553 (2006);Yerkovich v. AAA, 461 Mich. 732, 740-1, 610 N.W.2d 542 (2000); Detroit Trust Co. v. Struggles, 289 Mich. 595, 599, 286 N.W. 844 (1939).*
[21] *Sands Appliance Servs, Inc v Wilson, 463 Mich 231, 242; 615 NW2d 241 (2000).*
[22] *Puett v. Walker, 332 Mich. 117, 122, 50 N.W.2d 740 (1952).*
[23] *Borg-Warner Acceptance Corp. v. Dep't of State, 433 Mich. 16, 22, n. 3, 444 N.W.2d 786 (1989).*
[24] Sweet does not explain how this is possible, under federal and local bankruptcy rules, since his dispute over Duggan's claim for post-petition

already obligated to pay the principal and interest of the Judgment Lien under Michigan law [Judgment Lien Statute] and federal bankruptcy law [allowed secured claim, Section 502]. Sweet's payment was performance of a preexisting duty. It cannot, as a matter of law, be consideration for a new contract.

Last, but certainly not least, Sweet's sworn allegations, and, the conflict between them and his Amended Complaint, reveal the complete absence of "**mutuality of agreement**" and "**mutuality of obligation**". Sweet, himself, cannot keep straight **who** allegedly **agreed to what**. Moreover, since Sweet was already bound to make the payment he now claims is "new consideration", under his version of the alleged contract he agreed to nothing new and he undertook no new obligation.

For all these reasons, even if the Statute of Frauds is ignored, Sweet's allegations fail to establish a legally binding contract.

C. Promissory Estoppel:

According to DE 43:

"Defendant Tindall asserts that promissory estoppel may not be used to create, terminate, or modify an interest in real property that would otherwise be barred by the statute of frauds. This is true, **but here, the Court concludes that the statute of frauds has been satisfied by a sufficient writing. Thus, the doctrine of promissory estoppel may be applied if the facts warrant such.** Thus, **summary judgment** as to this Count are not appropriate as well." DE 43, P4 of 5.

Promissory estoppel is a mutually exclusive, **alternative theory**, of obligation/liability where no contract exists.[25] If a contract is proved to exist,

---

attorney fees was already before the Court, and, none of the rules for "settlement" of that dispute were followed.

[25] *State Bank of Standish v Curry, 442 Mich 76; 500 NW2d 104 (1993)*(A promisee can **plead** the doctrine of promissory estoppel **as a ground for**

the contract is enforced.[26] If no contract is proved to exist, promissory estoppel may alternatively apply to impose a legal obligation on the alleged promisor due to the reasonable and justifiable reliance of the promisee.[27]

The elements of a promissory estoppel claim consist of: (1) a promise; (2) that the promisor should **reasonably have expected** to induce action of a definite and substantial character on the part of the promisee; (3) that, **in fact, produced reliance or forbearance of that nature;** (4) in circumstances requiring enforcement of the promise if injustice is to be avoided.[28] To be actionable, the promise must be clear and definite.[29]

A promise is a manifestation of **intention to act or refrain from acting** in a specific way, so made as to justify a promisee in understanding that a commitment has been made. The promise must be definite and clear,

---

recovery in addition to a breach of contract theory as **alternative or inconsistent theories based on the same set of facts.**); *Novak v. Nationwide Mut. Ins. Co.*, 235 Mich.App. 675, 686, 599 N.W.2d 546, 552 (1999) (**"[P]romissory estoppel is a distinct cause of action.").**
[26] *General Aviation, Inc. v. Cessna Aircraft Co.*, 915 F.2d 1038, 1042 (6th Cir. 1990)( **promissory estoppel *cannot* lie when the consideration for the express and implied agreement are the same.**);
[27] *H J Tucker &Ass'n, Inc v Allied Chucker and Engineering Co*, 234 Mich App 550, 574; 595 NW2d 176(1999)(**Where the technical requirements of a contract are lacking, promissory estoppel can be utilized to prevent an injustice for an individual who has relied on clear promises.**); *Huhtala v Travelers Inc Co*, 401 Mich 118, 257 NE2d 640 (1977)(**Promissory estoppel will not be enforced where the promise is inconsistent with a contract between the parties.**).
[28] *Gason v. Dow Corning Corp.*, 674 F. App'x 551, 558-59 (6th Cir. 2017); *Leila Hosp. & Health Ctr. v. Xonics Med. Sys., Inc.*, 948 F.2d 271, 275 (6th Cir. 1991).
[29] *DBI Investments, LLC v. Blavin*, 617 F. App'x 374, 385 (6th Cir. 2015). *Zaremba Equip, Inc v Harco Nat'l Ins Co*, 280 Mich App 16, 41; 761 NW2d 151 (2008).

and the reliance on it must be reasonable.[30] Promissory estoppel must be cautiously applied, and only when **"the facts are unquestionable and the wrong to be prevented undoubted."**[31] Promissory estoppel may not be used to avoid the statute of frauds because "an interest in land" cannot be established on the basis of estoppel.[32]

A promissory estoppel claim requires reliance,[33] and such reliance must be reasonable.[34] A further limitation on the doctrine of estoppel is that **the acceptance of a benefit the party is entitled to in any event <u>does not bring about the operation of estoppel</u>. The payment of a valid and undisputed past-due debt cannot be the basis of an estoppel, and an acceptance of a portion of that to which a party is entitled, unless it is done by way of compromise and settlement or accord and satisfaction, is not a bar to the subsequent assertion of a claim for the balance, especially where such acceptance is accompanied by an express reservation of rights or where it is manifest that the party does not intend to surrender them.**[35]

---

[30] *Zaremba Equip, Inc v Harco Nat'l Ins Co*, 280 *Mich App 16, 41; 761 NW2d 151 (2008) Ho v. General Motors Corp., 661 F. Supp. 618, 619 (E.D. Mich. 1987)* (**"Neither assurances, the course of dealing between the parties, nor affirmative acts of assistance constitute a definitive promise.**), *affd, 852 F.2d 1287 (6th Cir.1988)*

[31] *Novak v Nationwide Mut Ins Co*, 235 *Mich App 675, 687; 599 NW2d 546 (1999)*.

[32] *Kitchen v Kitchen*, 465 *Mich 654, 660; 641 NW2d 245 (2002)*.

[33] *Gason supra; Leila Hosp. & Health Ctr. supra,*

[34] *Zaremba Equip., Inc. v. Harco Nat'l Ins. Co., 280 Mich. App. 16, 39, 761 N.W.2d 151, 165 (2008)*.

[35] *28 Am Jur 2d, Estoppel and Waiver, § 60, pp 680, 681.* See, also, *Grand Trunk Western R. Co. v. H.W. Nelson Co., Inc. 116 F2d 823 (6th Cir 1941); Knoop v. Penn Eaton Motor Oil Company, Inc., 331 Mich 693 (1951)*.

As Sweet, himself, clearly demonstrates above, in his Complaint vs sworn allegations, his alleged promise is by no means **"definite and clear"** and even his various filings do not agree on who offered what, who accepted what, or, who agreed to what. As Exhibits 2 and 3 conclusively demonstrate, Sweet knew exactly what he was paying on May 29, 2019, knew he was disputing post-petition attorney fees before the Court, knew the Court had not yet determined Duggan's lien was "over secured", under Section 506, and, was legally obligated to pay the amount he paid on May 29, 2019 under any circumstances.

None of the various emails Sweet relies on **"manifest an intention to act or refrain from acting in a specific way"**. They simply confirm a fact; the amount due under a pre-existing debt Sweet was already obligated to pay. Moreover, the October 9, 2019 email, relied on in DE 43, did not even exist at May 29, 2019 when Sweet alleges the "promise/contract" was made. Sweet could not and did not reasonably rely on Mr. Bejjani's emails to make the payment he was already legally obligated to pay. If there was any reliance by Sweet whatsoever, it was not **"reasonable"** because – in addition to all the reasons stated- he had and has produced no evidence that Duggan authorized the release of her interest. Even absent the Statute of Frauds, no attorney representing a client in a dispute over an interest in realty is presumed to also have authority to convey, transfer or terminate the disputed realty interest itself. That is why settlements in federal court must be in writing and are frequently placed on the record in open court.

### D. 11 USC 506:

According to Sweet's Affidavit:

> **"The Trustee claims that this *"tacking"* of attorney fees
> onto the claim that was previously paid off *is improper and
> not allowable in the bankruptcy court*'.** DE 18, PP 5-6 of 9.

This single sworn statement reveals exactly what Sweet's contrived, frivolous Amended Complaint is really designed to accomplish. Sweet is trying to avoid 11 USC 506(b) so that his lower priority, unsecured, administration expenses [his fees] will be paid ahead and instead of higher priority, secured, post-petition attorney fees under Section 506.

Section 506 provides for exactly the **"tacking"** Sweet swears is **"improper"** and **"not allowable in the bankruptcy court"**. The allowed secured claim, under Section 502, is the amount owed at the date of the Petition. Post-petition attorney fees are an **"add on"** to the original claim, made after the court determines the claim is "over secured".[36] This entire adversary proceeding is nothing more than yet another fraudulent attempt by Sweet to comply with his promise to Gentry and attack Duggan's secured claim for his own benefit. For Sweet, a fiduciary bound to put Duggan's interests ahead of his own, it is self-dealing.

**WHEREFORE,** Claimant respectfully requests that this Court:

A. DENY Sweet's Motion for Summary Judgment, DE 46

---

[36] *In re Gift, 469 BR 800, 804 (MD Tenn 2012)*(the over secured creditor, **having a claim allowed in an amount pursuant to section 502 as of the date of the petition, looks to section 506(b) for what amounts may be added on** because it is over secured)(Because Metro's claim is measured "as of the date of the filing of the petition," Metro is entitled to interest, penalties, attorney fees, and costs that accrued prepetition **as part of their allowed secured claim** pursuant to section 502(b)(2).); *In re Dow Corning Corp., 456 F. 3d 668, 681 (6th Cir 2006)* (Claims for post-petition **legal fees may also be allowed for creditors who hold claims which are over secured.**)

B. GRANT Plaintiffs' Motion, DE 55, for Summary Judgment as to DE 10.

C. ENTER its Order requiring Trustee Sweet of remaining proceeds from the sale of 1011 Jones Rd., Howell MI to Claimant.

D. GRANT Claimant such other and further relief, as Claimant is entitled, including sanctions, under 28 USC 1927.

Respectfully Submitted,

/S/ MICHAEL E. TINDALL
MICHAEL E. TINDALL
18530 MACK AVE., STE 430
DETROIT, MI 48236
(248)250-8819
**Direct Email: met@comcast.net**

Dated: 11/10/20

# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

IN RE:
    **CHRISTOPHER D. WYMAN**
        *Debtor(s),*

_____\

                **CASE NO. 12-32264**
                **ADV, 20-03012**
                **CHAPTER 7**

## CERTIFICATE OF SERVICE
### (Modified for PEDUP)

MICHAEL E. TINDALL, (hereinafter "Claimant"), Assignee of all [100%] claims of BARBARA DUGGAN ($32,240.34), and a party in interest holding a secured attorney lien ($34,100.00/$21,869.33) against the proceeds of the Realty (hereinafter collectively "allowed secured claim"), certifies that Claimant/Defendant/Counter Plaintiff's RESPONSE TO TRUSTEE SWEET'S FRCP 56 MOTION FOR SUMMARY JUDGMENT, DE 46 was submitted for filing through the PEDUP program on November 10, 2020 and will be served on Plaintiff Trustee Sweet through the Court's ECF System on the date and at the time so filed by the Clerk.

           Respectfully Submitted,

           /S/ MICHAEL E. TINDALL
           MICHAEL E. TINDALL
Dated: 11/10/20       18530 MACK AVE., STE 430
           DETROIT, MI  48236
           (248)250-8819
           **Direct Email: met@comcast.net**

IN RE:

    **CHRISTOPHER D. WYMAN**
          *Debtor(s),*

_____\

                     **CASE NO. 12-32264**
                     **ADV, 20-03012**
                     **CHAPTER 7**

## <u>CERTIFICATE OF SERVICE</u>
## <u>(Modified for PEDUP)</u>

    MICHAEL E. TINDALL, (hereinafter "Claimant"), Assignee of all

[100%] claims of BARBARA DUGGAN ($32,240.34), and a party in

interest holding a secured attorney lien ($34,100.00/$21,869.33) against the

proceeds of the Realty (hereinafter collectively "allowed secured claim"),

certifies that Claimant/Defendant/Counter Plaintiff's RESPONSE TO

TRUSTEE SWEET'S CERTIFICATE OF NON RESPONSE was

submitted for filing through the PEDUP program on November 10, 2020 and

will be served on Plaintiff Trustee Sweet through the Court's ECF System

on the date and at the time so filed by the Clerk.

                     Respectfully Submitted,

                     /S/ MICHAEL E. TINDALL_
                     MICHAEL E. TINDALL
Dated: 11/10/20            18530 MACK AVE., STE 430
                     DETROIT, MI  48236
                     (248)250-8819
                     **Direct Email: <u>met@comcast.net</u>**