UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION – FLINT

IN RE:

CHRISTOPHER D. WYMAN,                  Case No. 12-32264
                                                                          Chapter 7 Proceeding
         Debtor.                                        Hon. Daniel S. Opperman
_____/
SAMUEL D. SWEET, Chapter 7 Trustee,

         Plaintiff,

v.                                                                                                  Adv. Proc. No. 20-3012

BARBARA DUGGAN and
MICHAEL TINDALL,

         Defendants.
_____/

## OPINION AND ORDER GRANTING PLAINTIFF TRUSTEE SAMUEL D. SWEET'S MOTION FOR SUMMARY JUDGMENT (DOCKET NO. 46)

Before the Court is the Plaintiff Trustee Samuel D. Sweet's Motion for Summary Judgment in this Adversary Proceeding, in which the Trustee seeks a determination that the secured claim of Barbara Duggan has been satisfied in full. In the instant Motion, the Plaintiff Trustee argues that there is no genuine issue of material fact as to both the contract and promissory estoppel counts of his Complaint. This Motion is based upon an email dated October 9, 2019 to Plaintiff from Barbara Duggan's counsel at the time, Elie Bejjani, as well as emails preceding it. The October 9, 2019 email states, in part:

> You satisfied the approved secured claim, and the statutory lien was discharged. Once these funds were wired, as you describe, per order of the court in satisfaction of the approved secured lien/claim, they ceased to be assets of the estate, or, to affect the administration of the estate. Any subsequent distribution

1

of these funds, by me, as directed by my client, is outside the scope of Rule 2004
and would be privileged in any event.

Michael Tindall, as the assignee of all of Ms. Duggan's interest in these proceedings, including the subject secured claim, opposes the Trustee's Motion, arguing that the Motion is not properly supported by the facts, which remain in dispute. Additionally, Mr. Tindall raised an issue at oral argument that under 11 U.S.C. § 506(b), he is entitled to his attorney fees as part of this secured claim, which are disputed, thus precluding summary judgment.

Rule 56(c) provides that summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *See Choate v. Landis Tool Co.*, 486 F. Supp. 774 (E.D. Mich. 1980). The moving party bears the burden of showing the absence of a genuine issue of material fact as to an essential element of the non-moving party's case. *Street v. J.C. Bradford & Co.*, 886 F.2d 1472 (6th Cir. 1989) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986)). The burden then shifts to the nonmoving party once the moving party has met its burden, and the nonmoving party must then establish that a genuine issue of material fact does indeed exist. *Janda v. Riley-Meggs Indus., Inc.*, 764 F. Supp 1223, 1227 (E.D. Mich. 1991).

Under Michigan law, "there must be a meeting of the minds, or mutual assent, on all the material terms of the contract before an enforceable contract is formed," which is to be judged by an objective standard by an analysis of the parties words and visible acts. *Kamalnath v. Mercy Mem. Hosp. Corp.*, 487 N.W.2d 499, 503 (Mich. Ct. App. 1992). The Court is to consider all relevant circumstances when making the determination whether a meeting of the minds occurred,

"including all writings, oral statements, and other conduct by which the parties manifested their intent." *Barber v. SMH (US), Inc.*, 509 N.W.2d 791, 794 (Mich. Ct. App. 1993).

The well-settled law of contract interpretation requires the court to examine the plain language of the contract at issue. If the contract language is clear, the court must enforce the contract according to its plain meaning. *Clevenger v. Allstate Ins. Co.*, 443 Mich. 646, 654, 505 N.W.2d 553, 557 (1993). A party's alleged "reasonable expectations" cannot supersede the unambiguous language of the contract. *Wilkie v. Auto-Owners Ins. Co.,* 469 Mich. 41, 60, 664 N.W.2d 776, 786 (2003). If the contract is ambiguous, then the court should look to extrinsic evidence to determine the intent of the parties. *Id*. at 786.

The elements of promissory estoppel are: "(1) a promise, (2) that the promisor should reasonably have expected to induce action of a definite and substantial character on the part of the promise, and (3) that in fact produced reliance or forbearance of that nature in circumstances such that the promise must be enforced if injustice is to be avoided." *Klein v. HP Pelzer Automotive Systems, Inc.*, 306 Mich. App. 67, 83, 854 N.W.2d 521 (2014) (quoting *Novak v. Nationwide Mut. Ins. Co.*, 235 Mich. App. 675, 686-87, 599 N.W.2d 546 (1999)).

The Trustee's Motion for Summary Judgment cannot be granted as to Count I, based on promissory estoppel. The Court finds no genuine issue of fact that a promise was made; however, issues of fact exist as to the promisor's reasonable expectations whether such promise would induce action. Here, the promisor was Elie Bejjani and the promisee was the Trustee. While it can be presumed that reasonable reliance was expected by Elie Bejjani to induce action due to the promise made, Elie Bejjani's reasonable expectations are subjective issues of fact.

Summary Judgment is, however, should be granted as to Count II, the Trustee's contract count. The email from the Trustee requested a payoff amount from Elie Bejjani, as well as

3

confirmation from Mr. Bejjani that the payoff amount would satisfy the secured claim in full. Mr. Bejjani unambiguously provided the payoff information and confirmation that the secured claim was satisfied and paid in full.

Finally, the Court has considered Michael Tindall's argument that summary judgment is not appropriate because his attorney fees remain in dispute. Mr. Tindall argues that under 11 U.S.C. § 506(b), his reasonable attorney fees, while disputed, remain owing. The Trustee responds that any attorney fees Mr. Tindall may claim are due and owing are a separate issue for purposes of this secured claim because the decision to close on this sale was made based upon the payoff figure provided by Mr. Bejjani, on behalf of the secured claimant, Ms. Duggan.

The Court agrees with Mr. Tindall that his attorney fees are in dispute, but such has no impact in this Adversary Proceeding. This Court determined its September 23, 2019 Opinion in the Christopher Wyman bankruptcy case, Case No. 12-32264, that Mr. Tindall's fees were governed by 11 U.S.C. § 328, and that he was entitled to "no more than $21,869.33, less whatever amount is attributable to the Trustee's efforts to complete the sale of assets and subordination of claims." While Mr. Tindall filed a Motion to Modify/Alter/Amend that Opinion, the Court denied such by Order entered on November 6, 2019. Thus, the amount of attorney fees Mr. Tindall may be entitled to is a separate issue, which is governed by 11 U.S.C. § 328, not Section 506. The ultimate amount that Mr. Tindall may be awarded is to be determined in the Wyman bankruptcy case once the issues in this Adversary Proceeding are decided.

WHEREFORE, IT IS HEREBY ORDERED that Plaintiff Trustee Samuel Sweet's Motion for Summary Judgment (Docket No. 46) limited to Count II, Contract, is GRANTED.

**Not for Publication**

**Signed on March 17, 2021**



/s/ Daniel S. Opperman

Daniel S. Opperman
United States Bankruptcy Judge