UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION – FLINT

IN RE:

CHRISTOPHER D. WYMAN,            Case No. 12-32264
                                                           Chapter 7 Proceeding
         Debtor.                                  Hon. Daniel S. Opperman
_____/

SAMUEL D. SWEET, Chapter 7 Trustee,

         Plaintiff,

v.                                                                   Adv. Proc. No. 20-3012

BARBARA DUGGAN and
MICHAEL TINDALL,

         Defendants.
_____/

## OPINION AND ORDER GRANTING PLAINTIFF/COUNTER-DEFENDANT TRUSTEE SAMUEL D. SWEET'S MOTION FOR SUMMARY JUDGMENT RELATED TO COUNTER-CLAIMS (DOCKET NO. 50)

This is the Trustee's Motion for Summary Judgment as to Defendant/Counter-Claimant Michael Tindall's Counter-Claims. On September 30, 2020, the Court entered an Opinion and Order at Docket No. 44, denying the Trustee's Motion to Dismiss Defendant/Count-Claimant's Counter-Claims. That Opinion and Order summarized the Counter-Claims of Defendant as:

a. The Plaintiff Trustee has forfeited all compensation in this case due to breach of his fiduciary duty, fraud, misconduct or gross neglect under the "faithless servant rule."

b. The Plaintiff Trustee has breached his fiduciary duty and committed waste and embezzlement, entitling Defendant Tindall to treble damages under M.C.L.A. § 600.2919.

1

c. The Plaintiff Trustee has breached his fiduciary duties of loyalty, fidelity and has engaged in self-dealing.

d. The Plaintiff Trustee has breached his fiduciary duty by intentional nondisclosure of a material fact and asserting a false pretense.

The Court concluded in the September 30, 2020 Opinion and Order that the Trustee's Motion To Dismiss under Federal Rule of Civil Procedure 12(b)(6), made applicable to this adversary proceeding by Federal Rule of Bankruptcy Procedure 7012, must be denied because Counter-Claimant Tindall had stated plausible claims for breach of fiduciary duty. The Opinion and Order stated, in part:

> Accepting all allegations of Defendant Tindall in his Counterclaim as true, the Court concludes that Defendant Tindall has stated a claim upon which relief can be granted. Under 11 U.S.C. § 704, the Plaintiff Trustee had and has certain duties to preserve property of the bankruptcy estate. A bankruptcy trustee can be liable in his official capacity or individually for breach of fiduciary duty, specifically, for breach of the duty of loyalty. *See Mosser v. Darrow,* 341 U.S. 267 (1951). A bankruptcy trustee may be liable in his official capacity for acts of negligence, and personally liable for willful and deliberate violations of his fiduciary duties. *Ford Motor Co. v. Weaver*, 680 F.2d 451, 461-62 (6th Cir. 1982). The applicable standard is the exercise of due care, diligence and skill both as to affirmative and negative duties," which is "that of 'an ordinarily prudent man in the conduct of his private affairs under similar circumstances and with a similar object in view.'" *Id.* at 461. The Counterclaim alleges the existence of these duties, a breach of such and damages resulting. Thus, Defendant Tindall's Counterclaim has stated claims for breach of fiduciary duty.

The Court noted in Footnote 2 at the end of the above paragraph:

> The Court notes that while Defendant Tindall may have stated a plausible claim under Rule 12(b)(6), the Plaintiff Trustee's actions in executing the various orders of this Court including the March 13, 2019 Order Granting the sale of property, transferring the subject judgment lien to the proceeds of that sale, would provide the Trustee with "derived judicial immunity," which would provide an arguable basis for summary judgment for the Plaintiff Trustee as to the Counterclaim. *See LeBlanc v. Salem (Mailman Steam Carpet Cleaning Corp.)*, 196 F.3d 8-9 (1st Cir. 1999).

The Trustee makes two arguments in his Motion for Summary Judgment.  The first is that there can be no breach of fiduciary duty claim if the alleged damages from such claim have been paid in full, which is the relief sought in his Adversary Proceeding Complaint.  The second is that the Trustee has derived judicial immunity for his actions in furtherance of his duties as a trustee.

Rule 56(c) provides that summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *See Choate v. Landis Tool Co.*, 486 F. Supp. 774 (E.D. Mich. 1980). The moving party bears the burden of showing the absence of a genuine issue of material fact as to an essential element of the non-moving party's case. *Street v. J.C. Bradford & Co.*, 886 F.2d 1472 (6th Cir. 1989) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986)). The burden then shifts to the nonmoving party once the moving party has met its burden, and the nonmoving party must then establish that a genuine issue of material fact does indeed exist. *Janda v. Riley-Meggs Indus., Inc.*, 764 F. Supp 1223, 1227 (E.D. Mich. 1991).

The Court will address the Trustee's derived judicial immunity argument first because it is dispositive.  The Court concludes that the Trustee was acting with derived judicial immunity when he sold the subject property in accordance with the Court's March 13, 2019 Order approving such and took actions relating to such sale.  There is no issue of material fact that the Trustee was acting under a Court Order when taking the actions that are the subject of the Counter-Claims.

Because the Court grants summary judgment to the Trustee, concluding all actions taken concerning the sale of the subject property and related actions are protected by derived judicial immunity, it need not address any additional damages claimed by Mr. Tindall his Counter-Claims.

WHEREFORE, IT IS HEREBY ORDERED that Plaintiff/Counter-Defendant Trustee Samuel Sweet's Motion for Summary Judgment (Docket No. 50) is GRANTED as to Defendant/Counter-Claimant Michael Tindall's Counter-Claims.

**Not for Publication**

**Signed on March 17, 2021**

/s/ Daniel S. Opperman

**Daniel S. Opperman**
**United States Bankruptcy Judge**