UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION – FLINT

IN RE:

   CHRISTOPHER D. WYMAN,                                 Case No. 12-32264
                                                                          Chapter 7 Proceeding
              Debtor.                                          Hon. Daniel S. Opperman
_____/

SAMUEL D. SWEET, Chapter 7 Trustee,

      Plaintiff,

v.                                                                                 Adv. Proc. No. 20-3012

BARBARA DUGGAN and
MICHAEL TINDALL,

      Defendants.
_____/


OPINION AND ORDER DENYING DEFENDANT/COUNTER-CLAIMANT
MICHAEL TINDALL'S MOTION FOR SUMMARY JUDGMENT
AS TO AMENDED COMPLAINT (DOCKET NO. 55)

      This Motion for Summary Judgment can best be characterized as strikingly similar to a previous motion filed early on in this case by Mr. Tindall at Docket No. 16, which the Court denied in its Opinion and Order dated September 30, 2019, at Docket No. 43. It can also be considered a Cross-Motion for Summary Judgment of the Trustee's Summary Judgment Motion filed at Docket No. 46. In the instant Motion, Mr. Tindall raises the same arguments—statute of frauds, contract, and promissory estoppel. Additionally, Mr. Tindall cites 11 U.S.C. §506 as a basis for summary judgment.

1

The Trustee responds that because Mr. Tindall agrees there are no material facts in dispute and based upon the arguments in his own Motion for Summary Judgment filed at Docket No. 46, his Motion should be granted and Mr. Tindall's instant Motion should be denied.

Rule 56(c) provides that summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *See Choate v. Landis Tool Co.*, 486 F. Supp. 774 (E.D. Mich. 1980). The moving party bears the burden of showing the absence of a genuine issue of material fact as to an essential element of the non-moving party's case. *Street v. J.C. Bradford & Co.*, 886 F.2d 1472 (6th Cir. 1989) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986)). The burden then shifts to the nonmoving party once the moving party has met its burden, and the nonmoving party must then establish that a genuine issue of material fact does indeed exist. *Janda v. Riley-Meggs Indus., Inc.*, 764 F. Supp 1223, 1227 (E.D. Mich. 1991).

In cases in which the parties have filed cross-motions for summary judgment, the court must consider each motion separately on its merits, since each party, as a movant for summary judgment, bears the burden to establish both the nonexistence of genuine issues of material fact and that party's entitlement to judgment as a matter of law. *Lansing Dairy v. Espy*, 39 F.3d 1339, 1347 (6th Cir. 1994); *Markowitz v. Campbell* (*In re Markowitz*), 190 F.3d 455, 463 n.6 (6th Cir. 1999). That both the Trustee and Mr. Tindall simultaneously argue there are no genuine issues of material fact, the Court considers each Motion and the respective burdens each Movant carries independently.

The Court has denied the statute of frauds and promissory estoppel arguments for summary judgement in its September 30, 2019 Opinion and Order. Specifically, as to the statute of frauds issue, the Court concluded that the agreement/emails at issue do constitute a writing to satisfy the statute of frauds. Accordingly, the Court concluded that the statute of frauds does not prevent the Trustee from asserting the secured claim of Ms. Duggan, and by assignment, Mr. Tindall has been satisfied.

As to the promissory estoppel argument, the Court held that because the statute of frauds had been satisfied by a sufficient writing, the doctrine of promissory estoppel was a claim the Trustee could validly assert in his Amended Complaint. However, for the reasons stated in this Court's Opinion and Order Granting the Trustee's Motion for Summary Judgment, entered contemporaneously with this Opinion and Order, the promissory estoppel count was not considered by this Court for summary judgment purposes.

Finally, the Court rejects Mr. Tindall's contract Section 506 arguments for the reasons stated in this Court's contemporaneous Opinion and Order Granting the Trustee's Motion for Summary Judgment.

WHEREFORE, IT IS HEREBY ORDERED that Defendant/Counter-Claimant Michael Tindall's Motion for Summary Judgment (Docket No. 55) is DENIED.

**Not for Publication**

**Signed on March 17, 2021**



/s/ Daniel S. Opperman
**Daniel S. Opperman**
**United States Bankruptcy Judge**