UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION – FLINT

IN RE:

CHRISTOPHER D. WYMAN,  Case No. 12-32264
 Chapter 7 Proceeding
    Debtor.  Hon. Daniel S. Opperman
_____/

SAMUEL D. SWEET, Chapter 7 Trustee,

    Plaintiff,

v.  Adv. Proc. No. 20-3012

BARBARA DUGGAN and
MICHAEL TINDALL,

    Defendants.
_____/

## OPINION AND ORDER DENYING DEFENDANT/COUNTER-CLAIMANT MICHAEL TINDALL'S CORRECTED 2ND MOTION AND BRIEF TO DISMISS AMENDED COMPLAINT FOR LACK OF SUBJECT MATTER JURISDICTION (DOCKET NO. 60)

In an Opinion and Order dated September 30, 2020 (Docket No. 42), the Court denied Defendant/Counter-Claimant Michael Tindall's Motion to Dismiss the Plaintiff Trustee's Amended Complaint for Lack of Subject Matter Jurisdiction. That Opinion and Order addressed Mr. Tindall's argument that the Trustee lacks standing to pursue this action:

> 11 U.S.C. § 704 defines the duties of a chapter 7 bankruptcy trustee. Specifically, Section 704(a)(5) provides that a "trustee shall . . . if a purpose would be served, examine proofs of claims and object to the allowance of any claim that is improper." Clearly, the Trustee here has a duty to examine claims such as the claim at issue here, and, if the facts warrant, seek a determination as to satisfaction of such claim. The potential injury would be to the bankruptcy estate, rather than to the Plaintiff Trustee personally because the claims allowance process impacts potential distribution to creditors of this bankruptcy estate. This bestows the requisite standing upon the Plaintiff Trustee in this case. This is the same reason this case is not moot—Defendant Tindall asserts a secured claim is

1

owed, while the Plaintiff Trustee asserts this secured claim has been satisfied. The Court concludes this is classic example of a live controversy in which both parties have an interest in the outcome.

Rule 12(b)(1) provides that lack of subject matter jurisdiction is a basis to dismiss a case, and Rule 12(h)(1) requires dismissal "if the court determines at any time that it lacks subject-matter jurisdiction."

"Because standing is jurisdictional, a dismissal for lack of standing has the same effect as a dismissal for lack of subject matter jurisdiction under Rule 12(b)(1)." *Stalley ex rel. U.S. v. Orlando Reg. Healthcare Sys., Inc.*, 524 F.3d 1229, 1232 (11th Cir. 2008) (quoting *Cone Corp. v. Fla. Dep't of Transp.*, 921 F.2d 1190, 1203 n.42 (11th Cir. 1991)).

In order to demonstrate standing generally, a party must meet three elements:

(1) Actual or threatened injury resulting from the conduct or action of another;

(2) An injury which can be traced to the challenged conduct or action; and

(3) The injury may be redressed by a favorable decision by the court.

*In re Cormier*, 382 B.R. 377, 410 (Bankr. W.D. Mich. 2008).

The instant Motion asserts that the Court did not address his argument properly the first time—his argument being that the Trustee lacks "constitutional standing," and the Court only addressed the Trustee's statutory standing.

First, the Court reiterates its conclusion that the Trustee has statutory standing as derived from federal statute under 11 U.S.C. § 704. Second, the Court concludes that the Trustee has "constitutional," or Article III standing, because the Trustee is the proper party to request an adjudication of this satisfaction of secured claim issue in the furtherance of his duties. *United*

*States v. 1998 BMW "I" Convertible*, 235 F.3d 397, 399 (8th Cir. 2000) (quoting *Flast v. Cohen*, 392 U.S. 83, 99-100 (1968))("[T]he question is whether the person whose standing is challenged is a proper party to request an adjudication of a particular issue."). Accordingly, denies Mr. Tindall's Motion to Dismiss as the Trustee has standing to bring this Adversary Proceeding.

WHEREFORE, IT IS HEREBY ORDERED that Defendant Michael Tindall's Motion To Dismiss Complaint (Docket No. 60) is DENIED.

**Not for Publication**

**Signed on March 17, 2021**

/s/ Daniel S. Opperman
**Daniel S. Opperman**
**United States Bankruptcy Judge**