UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION – FLINT

IN RE:

   CHRISTOPHER D. WYMAN,                   Case No. 12-32264
                                                                                       Chapter 7 Proceeding
              Debtor.                              Hon. Daniel S. Opperman
_____/
SAMUEL D. SWEET, Chapter 7 Trustee,

              Plaintiff,

v.                                                                                Adv. Proc. No. 20-3012

BARBARA DUGGAN and
MICHAEL TINDALL,

              Defendants.
_____/

OPINION AND ORDER DENYING DEFENDANT/COUNTER-CLAIMANT
MICHAEL TINDALL'S MOTION TO MODIFY/ALTER/AMEND OPINIONS/ORDERS
DATED MARCH 17, 2021 (DOCKET NO. 85)

On March 17, 2021, the Court entered five Opinions and Orders in this Adversary Proceeding. To summarize the impact of these decisions:

(1) The Court granted summary judgment to the Plaintiff Trustee, and concluded there is no genuine issue of material fact that the secured claim of Barbara Duggan has been paid in full. This conclusion was based upon the contract count, which is Count II of Plaintiff Trustee's Adversary Proceeding Complaint. The Court also denied Defendant's Motion to Dismiss for lack of subject matter jurisdiction.

(2) The Court granted Plaintiff's and denied Defendant's summary judgment motions, the end result being the dismissal of Defendant's counter claims against Plaintiff.

1

Defendant/Counter-Claimant Michael Tindall filed the instant Motion to Modify/Alter/Amend these Opinions and Orders asserting they were based upon "clear 'manifest' errors of law resulting from the 'disregard, misapplication, or failure to recognize/apply controlling precedent.'" Mr. Tindall bases his Motion on Federal Rule of Civil Procedure 59(e), which is made applicable to this Adversary Proceeding by Federal Rule of Bankruptcy Procedure 9023. First, he asserts that this Court must first decide his Motion filed in the Christopher Wyman bankruptcy case, Case No. 12-32264, at Docket No. 328, which is his Motion to vacate the Court's Order granting the Trustee's motion for subordination of tax liens. Mr. Tindall takes the position that the Opinions and Orders entered on March 17, 2021 depended on the validity of the underlying Order subordinating the tax liens, entered on May 6, 2019 at Docket No. 244 in the Wyman case, and it was error for this Court to proceed in this way. Second, he asks this Court to declare these Opinions and Orders "void" as non-core matters over which this Court lacks jurisdiction. Specifically, Mr. Tindall asserts that both the Amended Complaint and Counter Complaint are non-core state law claims involving breach of contract and promissory estoppel as to the Amended Complaint; and breach of fiduciary duty, forfeiture of compensation, false pretense fraud, statutory waste and statutory conversion as to the Counter Complaint.

On June 29, 2021, Mr. Tindall filed a pleading entitled "Suggestion of Subsequently Decided Controlling Authority," citing to decisions from the Sixth Circuit Court of Appeals and the United States Supreme Court. Mr. Tindall asserts that these decisions support his position that Trustee Sweet lacks Article III standing in this Adversary Proceeding.

The granting of a Rule 59(e) motion "is an extraordinary remedy and should be used sparingly." This is because a motion pursuant to Rule 59(e) "serve[s] the narrow purpose of

allowing a party 'to correct manifest errors of law or fact or to present newly discovered evidence.'" *Pequeno v. Schmidt (In re Pequeno)*, 240 Fed. Appx. 634, 636 (5th Cir. 2007) (internal citations and footnotes omitted). *See also Hansen v. Moore (In re Hansen)*, 368 B.R. 868 (B.A.P. 9th Cir. 2007).

The instant Motion was timely filed. For the following reasons, the Court finds no basis under Federal Rule of Civil Procedure 59(e) to modify or declare "void" the March 17, 2021 Opinions and Orders.

The Court first addresses the issue of jurisdictional standing argument raised by Mr. Tindall. He argues that this Court has not decided a motion challenging this Court's jurisdiction in the bankruptcy case of Christopher Wyman, Case No. 12-32264. The Court has reviewed the pleading filed by Movant in that case at Docket No. 328, as well as the pleadings connected with such and the only issue of standing raised connected with that Motion is the standing of Mr. Tindall. The Court has entered an order contemporaneous with this Opinion and Order denying Movant's motion in that case, finding that Mr. Tindall lacks the requisite standing to contest the May 6, 2019 Order Subordinating the tax liens. That determination did not involve a question of jurisdiction to decide that motion; rather, it only impacted Mr. Tindall's right to file such and object to the Order of Subordination. Even if Mr. Tindall is continuing to dispute the Trustee's standing in this case, for reasons discussed below, this argument continues to fail.

Next, the Court turns to Mr. Tindall's argument that both the Amended Complaint and Counter Complaint involve non-core state law claims, which this Court lacks jurisdiction to decide. A proceeding is considered "core" only if it "invokes a substantive right created by federal bankruptcy law or one which could not exist outside of bankruptcy." *Sanders Confectionery Prod., Inc. v. Heller Financial, Inc.*, 973 F.2d 474, 483 (6th Cir. 1992). "Claims

that arise under the Bankruptcy Code or arise in a bankruptcy case are core matters; claims that relate to a bankruptcy case, but do not arise in a bankruptcy case or under the Bankruptcy Code are non-core." *WRT Creditors Liquidation Trust v. C.I.B.C. Oppenheimer Corp.*, 75 F. Supp. 2d 596, 606 (S.D. Tex. 1999) (internal quotations omitted).  While Mr. Tindall denies these are core proceedings, the Court concludes that they are core.  Regarding the Amended Complaint, the following subsections of 28 U.S.C. § 157(b)(2) apply to the Trustee's breach of contract and promissory estoppel counts which ultimately seek a determination that a lien on property of the bankruptcy estate has been fully satisfied:

    (A) matters concerning the administration of the estate;

    (B) allowance or disallowance of claims against the estate . . . .

    \* \* \* \*

    (K) determinations of the validity, extent, or priority of liens

These subsections support that the Amended Complaint is a core proceeding.

Next the Court turns to the Counter Complaint alleging the Trustee breached of fiduciary duty in various ways, seeking relief against Trustee Sweet individually.  The Court concludes it had jurisdiction to decide and grant the Trustee's Motion for Summary Judgment as to the Counter Complaint.  The Trustee would normally be entitled to immunity from these claims, and the actions alleged by Mr. Tindall were all directly connected with the carrying out of his duties as the case trustee.  While these claims may not directly concern the administration of the bankruptcy estate, it was nevertheless appropriate for this Court to exercise jurisdiction over the Counter Complaint because the issue of the Trustee's immunity from such claims was implicated. *See, e.g., Grant, Konvalinka & Harrison, PC v. Banks et al. (In re McKenzie)*, 716 F.3d 404, 424 (6th Cir. 2013) (bankruptcy court did not abuse its discretion in concluding that "strong possibility" of Trustee being entitled to immunity in claims brought against him in his personal capacity warranted retaining jurisdiction).

4
20-03012-dof    Doc 91    Filed 09/20/21    Entered 09/20/21 16:16:36    Page 4 of 5

Finally, the Court has considered the two decisions Mr. Tindall directed this Court to consider through his most recent pleading. As to the submission of these, it appears that Mr. Tindall is resurrecting his argument that the Trustee lacks standing to pursue this action. For the reasons previously stated in its March 17, 2021 Opinion and Order Denying Mr. Tindall's Motion to Dismiss (Docket No. 81), the Court finds no manifest error of fact or law or newly discovered evidence as to its conclusion that the Trustee has both statutory and Article III standing to bring this action. The first case, *Bearden et al. v. Ballad Health et al.*, 967 F.3d 513 (6th Cir. 2020), is distinguishable because while a plaintiff generally may lack standing in the absence of sufficient injury in fact, the Court has concluded that standing may also exist by statute or under Article III of the Constitution. The Plaintiff Trustee's standing is derived by both statute and Article III, making the injury in fact argument moot. In the second case, the United States Supreme Court in *Transunion, LLC v. Ramirez*, 141 S. Ct. 2190, 2203 (2021) also reiterated the fundamental principal of standing--that a plaintiff must show "that he suffered an injury in fact that is concrete, particularized, and actual or imminent." Again, Plaintiff Trustee has bases for standing independent of injury in fact, making these cases inapplicable to the instant case.

WHEREFORE, IT IS HEREBY ORDERED that Mr. Tindall's above-titled Motion is DENIED.

**Signed on September 20, 2021**



/s/ Daniel S. Opperman
_____
**Daniel S. Opperman**
**United States Bankruptcy Judge**