UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IN RE:
    CHRISTOPHER D. WYMAN
             *Debtor(s),*

ADV. NO: 20-03012

_____\
SAMUEL D. SWEET, Individually and as Trustee,
    Plaintiff, Counter Defendant

CASE NO. 12-32264
CHAPTER 7

v.

MICHAEL E. TINDALL, Individually and as 100% Assignee of
Barbara Duggan

    Defendant, Counter Plaintiff.
_____\

## CLAIMANT'S REPLY SUPPORTING DE 92

MICHAEL E. TINDALL, (hereinafter "Claimant"), Assignee of all [100%] claims of BARBARA DUGGAN ($32,240.34); and, an independent party in interest holding a separate secured attorney lien ($34,100.00/$21,869.33) against the proceeds of the Realty (hereinafter "allowed secured claim"), and for this REPLY states:

1. On November 4, 2022, Sweet filed DE 94 in this matter, purporting to respond to DE 92. He failed, utterly.

2. Nothing in the purported Response addressed the improper closing of this case, without notice, leaving issues remaining.

3. Instead, Sweet's Response set forth a litany of "gas-lit word salad" all addressing "**core vs noncore**" matters, under 28 USC 157 and 11 USC 704; NONE of which is relevant to the issue raised in DE

1

95, CONSTITUTIONAL AUTHORITY TO ENTER FINAL JUDGMENT, under Article III.

4. The "original claims" began [in different form against different persons] in state court and were, necessarily, removed to bankruptcy court. Once there, they "ripened" into claims against Sweet due to his own **intentionally** fraudulent and incompetent actions constituting "waste", a state law statutory claim [MCL 600.2919(2)(a) for double damages]; state law common law **intentional** "fraud" and "breach of fiduciary duty"; and, a state law statutory claim [MCLA 600.2919a] for **intentional** conversion. To claim, as Sweet attempts to do, in DE 94 that **"although clothed in state law, they specifically relate to the Trustee's duty as identified in the Bankruptcy Code"** is simply another attempt to perpetrate **intentional** fraud upon this court and the creditors [secured and unsecured] of this bankruptcy estate. See, Case No. 12-32264, DE 375. As set forth below, in ns 7 and 8, ALL claims for liability against a bankruptcy trustee sound in state law. There is NO basis for liability of a bankruptcy trustee under the Bankruptcy Code.

5. Next, Sweet states that the District Court, in Case No. 19-11756, held these **"counter claims were "core" matters pursuant to 28 USC 157"**. True enough.[1] Yet, the issue presented here is NOT

---

[1] Currently, the weight of authority favors a finding that a conversion claim is **"non-core** "for statutory purposes. *See e.g., Deitz v. Spangenberg, 2013 WL 883464, at \*5 (Mar. 8, 2013); In re Jumuna Real Estate, LLC, 357 B.R. 324, 332 (E.D. Pa. 2006); In re Windsor Comm. Grp., Inc., 79 B.R. 210, 211 (E.D. Pa. 1987); In re Naturally Beautiful Nails, Inc., 252 B.R. 574, 576 (Bankr. M.D. Fla. 2000) In re Haugen, 120 B.R. 124, 126 (D.N.D. 1990); In*

2

how these claims may or may not be classified under the statute. Rather, the issue is whether this Court has CONSTITUTIONAL AUTHORITY to enter a final judgment, under Article III.

6. As set forth in significant detail in *Waldman v. Stone, 698 F.3d 910 (6th Cir 2012)* (citing substantially and relying on *Stern v. Marshall, 564 US 462 (2011)*), the SIXTH CIRCUIT clearly distinguished between **"statutory authority"** under 28 USC 157, and, **"constitutional authority"** under Article III. They are two completely separate matters.

> "Congress has granted bankruptcy judges differing authority depending on whether a claim in bankruptcy is "core" or not. 28 U.S.C. § 157" …And this objection — that the bankruptcy court acted beyond its **statutory authority** under § 157 — can be forfeited." At 916-7
>
> *************
>
> "Waldman's more serious argument is that the bankruptcy court lacked **constitutional authority** to enter judgment on Stone's claims… And Waldman contends that the bankruptcy court exercised Article III "judicial Power" when it entered final judgment here. Thus, Waldman concludes, the judgment against him was entered in violation of the Constitution….

---

*re CIS Corp., 172 B.R. 748, 758 (S.D.N.Y. 1994); Meadowlands Comm. V. Banker's Trust Co., 79 B.R. 198, 200 (D.N.J. 1987); In re Reda, Inc., 60 B.R. 178, 181 (Bankr. N.D.Ill. 1986).* Similarly, like the conversion claim, the majority of courts have considered a claim for breach of fiduciary duty **"non-core"** for statutory purposes. *See In re Michigan REIT, 87 B.R. 447, 453 (E.D. Mich. 1988); see also, Diamond Mort. Corp. v. Sugar, 913 F.2d 1233, 1239 (7th Cir. 1990); In re Jumuna Real Estate, LLC, 357 B.R. 324, 332 (E.D. Pa. 2006); McCord v. Papantoniou, 316 B.R. 113, 121 (E.D.N.Y. 2004); In re Delaware & Hudson Rwy., 122 B.R. 887, 894 (D.Del. 1991); Johnson v. State Farm Mut. Ins. Co., 65 B.R. 650, 651 (Bankr. D.Colo. 1986).* Although not an issue raised on appeal, as pointed out by Judge Hood on the District Court, the Sixth Circuit nevertheless categorized a claim for breach of fiduciary duty as a **"non-core"** claim. *In re Cannon, 277 F.3d 838, 846 (6th Cir. 2002).*

Waldman's objection thus implicates not only his personal rights, but also the structural principle advanced by Article III. And that principle is not Waldman's to waive. "AT 918[2]

**************

"The adjudication of so-called private rights — historically described as "**the liability of one individual to another under the law as defined**" — is part of the judicial Power reserved to Article III courts under the Constitution. *Stern, 131 S.Ct. at 2612*. Bankruptcy courts therefore cannot enter final judgments as to claims involving liability between individuals, unless the claim falls within the so-called "public rights" exception to Article III. *Id.* at 2610." AT 918

7. In *Waldman,* Stone was the "**debtor in possession**", the functional and fiduciary Chapter 11 equivalent to Sweet in this Chapter 7. *11 USC 1107*[3]. The "**proceeding**" in which the "**claims**" were asserted was THE fundamental bankruptcy "claims allowance process",[4]

---

[2] *Spierer v. Federated Dep't. Stores, Inc. (In re Federated Dep't. Stores, Inc.), 328 F.3d 829, 833 (6th Cir. 2003)* ("**That the Spierers failed to suggest while in bankruptcy court that the stay was imposed in violation of Article III is irrelevant**").

[3] *11 USC 1107(a)*("a debtor in possession shall have all the rights, other than the right to compensation under section 330 of this title, and powers, and **shall perform all the functions and duties**, except the duties specified in sections 1106(a)(2), (3), and (4) of this title, of a trustee serving in a case under this chapter.);*11 USC 1106(a)(1)(* " (a) A trustee shall— (1) perform the duties of the trustee, as specified in paragraphs (2), (5), (7), (8), (9), (10), (11), and (12) **of section 704(a);**) ;*Ford Motor Credit Co. v. Weaver, 680 F. 2d 451, 461 (6th Cir 1982)* (**A debtor in possession has all the title and exercises all the powers of a trustee who is appointed under the Bankruptcy Act**).

[4] "*Stern* thus provides a summary of the law in this area: When a debtor pleads **an action under federal bankruptcy law and seeks disallowance of a creditor's proof of claim against the estate** — as in *Katchen* — the bankruptcy court's authority is at its constitutional maximum. 131 S.Ct. at 2617-18." *Waldman at 919*

4

just as "fundamental" as [and indeed part of] "administration" of the bankrupt estate. Nevertheless, *Waldman* clearly held that when a claim **arises only under state-law**, as in *Northern Pipeline;* not "necessarily be resolved in the claims allowance process [,]" 131 S.Ct. at 2618; **then the bankruptcy court is constitutionally prohibited from entering final judgment.** *Stern* at 2614. *Waldman* at 919. Waldman therefore "divided" statutory "CORE CLAIMS" between "**disallowance**" claims, and, "**affirmative**" claims seeking money damages,[5] ruling that, as in Stern and this case, the bankruptcy court had no constitutional power to enter a final judgment and must submit findings of fact and conclusions of law to the district court.[6]

8. Finally, Sweet recites the true basis for his Response. DE 94, No. 4. Because HE [identity of defendant] is a bankruptcy trustee; and, because HE committed his **intentional** acts of fraud, conversion, and, breach of fiduciary duty in the process of administering a

---

[5] "In contrast, **Stone's affirmative claims <u>sought money damages arising from the fraud</u>** that Waldman perpetrated on Stone. Like Vickie's counterclaim in *Stern*, those <u>claims</u> **arose exclusively under state law and <u>existed without regard to any bankruptcy proceeding.</u>** *See* 131 S.Ct. at 2618 ("Vickie's claim ... **is in no way derived from or dependent upon bankruptcy law**"). And the affirmative claims were not a part of Stone's effort to restructure his relations with his creditors in bankruptcy; rather, **they only sought money damages...**"*Waldman at 921.*

[6] "Stone's affirmative claims are based on Kentucky law, not federal bankruptcy law; and he could have filed them as easily before he declared bankruptcy as afterward. Nor do the claims fall within the types of proceedings listed as core in § 157(b)(2). Stone's affirmative claims are just ordinary state-law claims for fraud. Thus they are only "related to" the bankruptcy estate, which means the bankruptcy court may submit proposed findings of fact and conclusions of law for them. 28 U.S.C. § 157(c)(1)." *Waldman, at 921-22.*

5

bankruptcy estate [identity of process]; the substantive right to be free/compensated of/for **intentional** fraud, conversion and breach of fiduciary duty could not exist outside of bankruptcy and this Court has constitutional authority to enter final judgment under Article III. This directly contradicts the holdings of BOTH *Waldman*, and, *In re McKenzie, 716 F.3d 404 (6th Cir 2013)*.

> A.*WALDMAN*: "**But Stone's affirmative claims are not core**. "**Whether a proceeding is core is determined on a claim-by-claim basis.** ...A core proceeding either invokes a substantive right **created by** federal bankruptcy law **or** one which could not exist outside of the bankruptcy." Neither is true here" at 921.

*Waldman* says NOTHING about WHO the defendant is, or, where that defendant committed his illegal acts. There is no "federal" cause of action for intentional fraud, conversion, or breach of fiduciary duty under federal law.[7] *11 USC 704* lists specific fiduciary duties

---

[7] *28 U.S.C. § 959(b)* states: "(b) Except as provided in section 1166 of title 11, a **trustee, receiver or manager appointed in any cause pending in any court of the United States**, including a debtor in possession, **shall manage and operate the property in his possession as such trustee, receiver or manager according to the requirements of the valid laws of the State in which such property is situated**, in the same manner that the owner or possessor thereof would be bound to do if in possession thereof."

*In re Wall Tube & Metal Products, 831 F.2d 118 (6th Cir. 1987)(*We believe that whether a trustee is liquidating, managing or reorganizing the debtor's estate, his efforts under the Code remain the same — the consolidation and distribution of the estate's assets to the benefit of the creditors. As such, that the trustee in this case is liquidating the estate rather than reorganizing it is inconsequential, especially in the critical context of the public's welfare. In either case, an environmental hazard

6

imposed on a bankruptcy trustee. Section 704 is NOT exclusive, but is supplemented by common law. Section 704 also does NOT provide the basis for trustee liability for breach of the fiduciary duties imposed by statute or by the common law. [8]

---

on the estate's property is within the control of the trustee.); *In re Brown, 851 F. 3d 619 (6th Cir 2017).*
[8] *In re Hutchinson, 5 F. 3d 750, 752 (4th Cir 1993)*(Although the Bankruptcy Code imposes specific duties on bankruptcy trustees, *see, e.g.*, 11 U.S.C. § 704 (Supp. II 1978) (amended 1984 & 1986), <u>the Code does not explicitly make trustees liable for breach of those duties</u>. The source of trustee liability lies in the Supreme Court's decision in *Mosser v. Darrow, 341 U.S. 267, 272, 71 S.Ct. 680, 682, 95 L.Ed. 927 (1951)*, and its progeny.); *In re Big Rivers Elec. Corp., 355 F. 3d 415, 432-33 (6th Cir 2004)*(In incorporating the equitable duties of trustees into the Bankruptcy Code and in applying them to bankruptcy trustees and examiners, Congress followed a well-trodden path. The National Legislature frequently legislates against the backdrop of common law and equitable principles, and the federal courts have often looked to these traditions in determining the contours of a trustee's or another fiduciary's duties... An examiner's duties in a bankruptcy proceeding, then, flow from the Code, the Federal Rules of Bankruptcy Procedure and the common law, including the once-distinct principles of equity.); *In re Markos Gurnee P'ship, 182 B.R. 211, 219 (Bankr. N.D. Ill. 1995 )*(Beyond the statutory duties, <u>bankruptcy trustees owe to the beneficiaries of the estate the usual common law trust duties</u>, such as the duty of loyalty, which proscribes self-dealing.); *Mosser v. Darrow, 341 U.S. 267, 271, 71 S.Ct. 680, 682, 95 L.Ed. 927 (1951)* ("Equity tolerates in bankruptcy trustees no interest adverse to the trust."); *Young v. United States, 535 U.S. 43, 53, 122 S.Ct. 1036, 152 L.Ed.2d 79 (2002)*("[T]he Bankruptcy Code *incorporates* traditional equitable principles."); *Commodity Futures Trading Comm'n v. Weintraub, 471 U.S. 343, 355 (1985)(same); Wolf v. Weinstein, 372 U.S. 633, 650, 83 S.Ct. 969, 10 L.Ed.2d 33 (1963)* ("If, therefore — as seems beyond dispute from the very terms of the statute — the trustee is himself a fiduciary within the meaning of [the statute], logic and consistency would certainly suggest that those who perform similar tasks and incur like obligations to the

7

B. *McKENZIE:* A bankruptcy trustee is liable personally only for acts **willfully and deliberately** in violation of his fiduciary duties." *Ford Motor Credit Co. v. Weaver, 680 F.2d 451, 462 (6th Cir.1982); see also In re Heinsohn, 231 B.R. at 65 n. 10* (describing split over whether trustee may incur personal liability for negligent or only willful breach of fiduciary duty). At 413

10. The fact that Sweet is a bankruptcy trustee does not impede, obstruct or immunize him from liability for intentional violations of state laws. The fact that Sweet committed these intentional violations during the course of administrating a bankruptcy estate does not prevent his being held accountable under state liability laws. Federal bankruptcy law does not create a cause of action against a bankruptcy trustee or impose "liability" on the trustee for his intentional acts. See, ns 7,8 supra. Therefore, the claims against Sweet are ALL creatures of state common and statutory law, and, this Court has no Article III constitutional authority to enter final judgment in this matter.

Respectfully Submitted,

/s/
MICHAEL E. TINDALL
18530 MACK AVE., STE 430
DETROIT, MI 48236
(248)250-8819
Direct Email: met@comcast.net

Dated: 11/16/22

---

creditors and shareholders should not be treated differently under the statute for this purpose.").

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IN RE:
    CHRISTOPHER D. WYMAN
           *Debtor(s),*

ADV. NO: 20-03012

_____\\

SAMUEL D. SWEET, Trustee,
        Plaintiff,

CASE NO. 12-32264
CHAPTER 7

v.

MICHAEL E. TINDALL, Individually and as 100% Assignee of
Barbara Duggan

        Defendant.
_____\\

## CERTIFICATE OF SERVICE
(Modified for PEDUP)

Defendant, in pro per, hereby certifies that

## CLAIMANT'S REPLY SUPPORTING DE 92

was submitted for filing through the PEDUP program on November 2, 2022 and will be served on Plaintiff Trustee Sweet by the Clerk's filing through the Court's ECF System on the date and at the time so filed by the Clerk.

/s/
MICHAEL E. TINDALL
18530 MACK AVE., STE 430
DETROIT, MI 48236
(248)250-8819
Direct Email: met@comcast.net

Dated: 11/16/2022

1