UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION - FLINT

IN RE:

CHRISTOPHER D. WYMAN,
    Debtor.
_____/

Case No. 12-32264-dof
Chapter 7 Proceeding
Hon. Daniel S. Opperman

SAMUEL D. SWEET,
    Plaintiff/Counter-Defendant,

v.

BARBARA DUGGAN AND
MICHAEL E. TINDALL,
    Defendants/Counter-Plaintiffs.
_____/

Adversary Proceeding
Case No. 20-03012-dof

## OPINION REGARDING NOTICE OF UNRESOLVED ISSUES AND IMPROPER CLOSING OF CASE

### Introduction

The Clerk of the Court closed this Adversary Proceeding on December 6, 2021 after the Court issued an Opinion and Order Denying Defendant/Counter-Claimant, Michael Tindall's Motion to Modify/Alter/Amend Opinions/Orders dated March 17, 2021. About one year later, Mr. Tindall filed a Notice of Unresolved Issues and Improper Closing of Case, the Plaintiff responded and Mr. Tindall filed a Reply. For the reasons stated in this Opinion, the Court denies the relief sought by Mr. Tindall.

### Jurisdiction

This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334 and 157(a). This is a core proceeding under 28 U.S.C. § 157(b)(2)(A) (matters concerning the administration of the estate).

1

Findings of Fact

This Court does not write on an empty slate in this case. It issued an Opinion on March 17, 2021 Granting Plaintiff's Motions for Summary Judgment related to his Complaint and the Counter-Complaint filed against him, as well as denying like Motions for Summary Judgment filed by Defendants/Counter-Plaintiffs. Subsequently, Mr. Tindall filed a Motion to Modify/Alter/Amend these Opinions and Orders. The Court denied this Motion on September 20, 2021. That Opinion states:

OPINION AND ORDER DENYING DEFENDANT/COUNTER-CLAIMANT
MICHAEL TINDALL'S MOTION TO MODIFY/ALTER/AMEND
OPINIONS/ORDERS DATED MARCH 17, 2021 (DOCKET NO. 85)

On March 17, 2021, the Court entered five Opinions and Orders in this Adversary Proceeding. To summarize the impact of these decisions:

(1) The Court granted summary judgment to the Plaintiff Trustee, and concluded there is no genuine issue of material fact that the secured claim of Barbara Duggan has been paid in full. This conclusion was based upon the contract count, which is Count II of Plaintiff Trustee's Adversary Proceeding Complaint. The Court also denied Defendant's Motion to Dismiss for lack of subject matter jurisdiction.

(2) The Court granted Plaintiff's and denied Defendant's summary judgment motions, the end result being the dismissal of Defendant's counter claims against Plaintiff.

Defendant/Counter-Claimant Michael Tindall filed the instant Motion to Modify/Alter/Amend these Opinions and Orders asserting they were based upon "clear 'manifest' errors of law resulting from the 'disregard, misapplication, or failure to recognize/apply controlling precedent.'" Mr. Tindall bases his Motion on Federal Rule of Civil Procedure 59(e), which is made applicable to this Adversary Proceeding by Federal Rule of Bankruptcy Procedure 9023. First, he asserts that this Court must first decide his Motion filed in the Christopher Wyman bankruptcy case, Case No. 12-32264, at Docket No. 328, which is his Motion to vacate the Court's Order granting the Trustee's motion for subordination of tax liens. Mr. Tindall takes the position that the Opinions and Orders entered on March 17, 2021 depended on the validity of the underlying Order subordinating the tax

2

liens, entered on May 6, 2019 at Docket No. 244 in the Wyman case, and it was error for this Court to proceed in this way. Second, he asks this Court to declare these Opinions and Orders "void" as non-core matters over which this Court lacks jurisdiction. Specifically, Mr. Tindall asserts that both the Amended Complaint and Counter Complaint are non-core state law claims involving breach of contract and promissory estoppel as to the Amended Complaint; and breach of fiduciary duty, forfeiture of compensation, false pretense fraud, statutory waste and statutory conversion as to the Counter Complaint.

On June 29, 2021, Mr. Tindall filed a pleading entitled "Suggestion of Subsequently Decided Controlling Authority," citing to decisions from the Sixth Circuit Court of Appeals and the United States Supreme Court. Mr. Tindall asserts that these decisions support his position that Trustee Sweet lacks Article III standing in this Adversary Proceeding.

The granting of a Rule 59(e) motion "is an extraordinary remedy and should be used sparingly." This is because a motion pursuant to Rule 59(e) "serve[s] the narrow purpose of allowing a party 'to correct manifest errors of law or fact or to present newly discovered evidence.'" *Pequeno v. Schmidt (In re Pequeno)*, 240 Fed. Appx. 634, 636 (5th Cir. 2007) (internal citations and footnotes omitted). *See also Hansen v. Moore (In re Hansen)*, 368 B.R. 868 (B.A.P. 9th Cir. 2007).

The instant Motion was timely filed. For the following reasons, the Court finds no basis under Federal Rule of Civil Procedure 59(e) to modify or declare "void" the March 17, 2021 Opinions and Orders.

The Court first addresses the issue of jurisdictional standing argument raised by Mr. Tindall. He argues that this Court has not decided a motion challenging this Court's jurisdiction in the bankruptcy case of Christopher Wyman, Case No. 12-32264. The Court has reviewed the pleading filed by Movant in that case at Docket No. 328, as well as the pleadings connected with such and the only issue of standing raised connected with that Motion is the standing of Mr. Tindall. The Court has entered an order contemporaneous with this Opinion and Order denying Movant's motion in that case, finding that Mr. Tindall lacks the requisite standing to contest the May 6, 2019 Order Subordinating the tax liens. That determination did not involve a question of jurisdiction to decide that motion; rather, it only impacted Mr. Tindall's right to file such and object to the Order of Subordination. Even if Mr. Tindall is continuing to dispute the Trustee's standing in this case, for reasons discussed below, this argument continues to fail.

Next, the Court turns to Mr. Tindall's argument that both the Amended Complaint and Counter Complaint involve non-core state law claims, which this Court lacks jurisdiction to decide. A proceeding is considered "core" only if it "invokes a substantive right created by federal bankruptcy law or one which could not exist outside of bankruptcy." *Sanders Confectionery Prod., Inc. v. Heller Financial, Inc.*, 973 F.2d 474, 483 (6th Cir. 1992). "Claims that arise under the

3

Bankruptcy Code or arise in a bankruptcy case are core matters; claims that relate to a bankruptcy case, but do not arise in a bankruptcy case or under the Bankruptcy Code are non-core." *WRT Creditors Liquidation Trust v. C.I.B.C. Oppenheimer Corp.*, 75 F. Supp. 2d 596, 606 (S.D. Tex. 1999) (internal quotations omitted). While Mr. Tindall denies these are core proceedings, the Court concludes that they are core. Regarding the Amended Complaint, the following subsections of 28 U.S.C. § 157(b)(2) apply to the Trustee's breach of contract and promissory estoppel counts which ultimately seek a determination that a lien on property of the bankruptcy estate has been fully satisfied:

(A) matters concerning the administration of the estate;

(B) allowance or disallowance of claims against the estate . . . .

\* \* \* \*

(K) determinations of the validity, extent, or priority of liens

These subsections support that the Amended Complaint is a core proceeding.

Next the Court turns to the Counter Complaint alleging the Trustee breached of fiduciary duty in various ways, seeking relief against Trustee Sweet individually. The Court concludes it had jurisdiction to decide and grant the Trustee's Motion for Summary Judgment as to the Counter Complaint. The Trustee would normally be entitled to immunity from these claims, and the actions alleged by Mr. Tindall were all directly connected with the carrying out of his duties as the case trustee. While these claims may not directly concern the administration of the bankruptcy estate, it was nevertheless appropriate for this Court to exercise jurisdiction over the Counter Complaint because the issue of the Trustee's immunity from such claims was implicated. *See, e.g., Grant, Konvalinka & Harrison, PC v. Banks et al. (In re McKenzie)*, 716 F.3d 404, 424 (6th Cir. 2013) (bankruptcy court did not abuse its discretion in concluding that "strong possibility" of Trustee being entitled to immunity in claims brought against him in his personal capacity warranted retaining jurisdiction).

Finally, the Court has considered the two decisions Mr. Tindall directed this Court to consider through his most recent pleading. As to the submission of these, it appears that Mr. Tindall is resurrecting his argument that the Trustee lacks standing to pursue this action. For the reasons previously stated in its March 17, 2021 Opinion and Order Denying Mr. Tindall's Motion to Dismiss (Docket No. 81), the Court finds no manifest error of fact or law or newly discovered evidence as to its conclusion that the Trustee has both statutory and Article III standing to bring this action. The first case, *Bearden et al. v. Ballad Health et al.*, 967 F.3d 513 (6th Cir. 2020), is distinguishable because while a plaintiff generally may lack standing in the absence of sufficient injury in fact, the Court has concluded that

4

standing may also exist by statute or under Article III of the Constitution. The Plaintiff Trustee's standing is derived by both statute and Article III, making the injury in fact argument moot. In the second case, the United States Supreme Court in *Transunion, LLC v. Ramirez*, 141 S. Ct. 2190, 2203 (2021) also reiterated the fundamental principal of standing--that a plaintiff must show "that he suffered an injury in fact that is concrete, particularized, and actual or imminent." Again, Plaintiff Trustee has bases for standing independent of injury in fact, making these cases inapplicable to the instant case.

WHEREFORE, IT IS HEREBY ORDERED that Mr. Tindall's above-titled Motion is DENIED.

The Clerk of the Court then closed this case.

On November 2, 2022, Mr. Tindall filed a Notice of Unresolved Issues and Improper Closing of Case. He argues this Court does not have jurisdiction to enter a final judgment and that this adversary proceeding should not have been closed.

Applicable Authorities

Rule 8002. Time for Filing Notice of Appeal

(a) In General.

  (1) *Fourteen-Day Period*. Except as provided in subdivisions (b) and (c), a notice of appeal must be filed with the bankruptcy clerk within 14 days after entry of the judgment, order, or decree being appealed.

. . .

  (5) *Entry Defined.*

    (A) A judgment, order, or decree is entered for purposes of this Rule 8002(a):

      (i) when it is entered in the docket under Rule 5003(a), or

      (ii) if Rule 7058 applies and Rule 58(a) F.R.Civ.P. requires a separate document, when the judgment, order, or decree is entered in the docket under Rule 5003(a) and when the earlier of these events occurs:

- The judgment, order, or decree is set out in a separate document; or

- 150 days have run from entry of the judgment, order, or

5

20-03012-dof    Doc 97    Filed 02/27/23    Entered 02/27/23 16:50:39    Page 5 of 6

decree in the docket under Rule 5003(a).

(B) A failure to set out a judgment, order, or decree in a separate document when required by Rule 58(a) F.R.Civ.P. does not affect the validity of an appeal from that judgment, order, or decree.

Analysis

Bankruptcy Rule of Procedure 8002 governs the timing of appeals and generally allows a party to appeal fourteen days after entry of the judgment, order, or decree. That time may be extended.

Under any reading of the Rule, Mr. Tindall's styled Notice is untimely. This Court ruled as early as March 17, 2021 that he was not entitled to summary judgment and, by virtue of granting Plaintiff's Motions for Summary Judgment, relief should be granted against him. Likewise, the Court addressed his Motion to Modify/Alter/Amend the March 17, 2021 Opinions and Orders by way of an Opinion and Order dated September 20, 2021. This latest Opinion and Order addressed all issues before the Court and this Adversary Proceeding was closed on December 6, 2021.

The time to contest the Court's Opinions and Orders has passed. Mr. Tindall's instant action of labelling his pleading as a Notice does not change the nature of his relief. He seeks to question and reverse decisions of this Court. While he may have the right to do so, that avenue is to appeal, which is unavailable to him because time has passed.

For these reasons, the Court DENIES the relief requested by Mr. Tindall and enters an Order consistent with this Opinion.

**Not for Publication**

**Signed on February 27, 2023**



/s/ Daniel S. Opperman

**Daniel S. Opperman**
**United States Bankruptcy Judge**